FILED

2003 NOV -5  A 11: 30

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS  DE COEUR, LTD. | : CIVIL ACTION NO. |
| Plaintiff, | : 302 CV 1454 (RNC) |
| | : |
| v. | : |
| | : |
| LE PAPILLON, LTD. | : |
| | : |
| Defendant, | : NOVEMBER 4, 2003 |

## JOINT STATUS REPORT

Pursuant to the Court's order dated August 4, 2003, the parties hereby submit the following joint status report in with Rule 16(c).

1.    Formulation and Simplification of the Issues:

A.    Issues Proposed by Plaintiff

1) when did defendant first learn of the alleged defect in its fitment;

2) when, if at all, did defendant first learn that its fitments were not properly retaining the roller balls;

3) to what extent did defendant provide plaintiff with information pertaining to the types of containers suitable for use with its fitments;

4) what measures did defendant take to ensure that the fitment was molded within appropriate specifications;

5) what measures did defendant take to supervise the work performed by its molders;

6) what did defendant do to test the performance of its fitments prior to shipping them to its customers;

7) when and how did the defendant advise plaintiff of other similar complaints it received regarding the fitments;

8) when did defendant first become aware that its fitments would not function properly in plaintiff's packaging and when did defendant notify plaintiff of this information;

9) what measures defendant took in maintaining the mold;

10) to what extent defendant performed routine maintenance check on the mold to ensure proper performance;

11) to what extent variations can occur in the molding process;

12) to what extent does defendant's counterclaim state a cause of action upon which the court may grant the relief requested;

13)  to what extent did defendant warn plaintiff of the potential dangers, if any, posed by its product.

B.    Issues Proposed by Defendant

1)  to what extent did plaintiff consult defendant with regard to the container it intended to use with defendant's rollerballs and fitments (collectively the "Fitments") or whether the container was suitable for use with the Fitments;

2) when did plaintiff first show defendant the container that plaintiff used or intended to use with the Fitments;

3) what did plaintiff do to test the container and Fitments prior to shipping it to its customers;

4) to what extent did plaintiff warn its customers of the potential dangers, if any, posed by its product;

5) how, if at all, did the Fitments differ from those previously sold to plaintiff by Covipak;

6) to what extent, if at all, did the Fitments deviate from the specifications plaintiff had provided to defendant;

7) was such deviation the proximate cause of injury to the users of plaintiff's product;

8) to what the extent was the alleged flexibility of plaintiff's containers when combined with the Fitments the proximate cause of any injury to plaintiff's customers;

9) what was the proximate cause of the injuries to plaintiff's customers;

10) did plaintiff perform any tests that showed that the Fitments were not suitable for their intended use;

11) to what extent did plaintiff ask defendant whether its containers were suitable for their intended use;

12) what did plaintiff do to recall its product or stop manufacturing, shipping or promoting its product when it learned of the injuries to its customers;

13) when did plaintiff learn that any of the users of its product sustained or could sustain injury from the use of its product;

14) when and how did plaintiff advise defendant of such fact;

15) were the Fitments manufactured by Covipak involved in the injuries to the users of plaintiff's product;

16) whether plaintiff lost its products' liability insurance (or sustained any other legally cognizable damages) because of a defect in the Fitments or for some other reason such as those identified by Travelers in writing.

2.   The  Necessity  and  Desirability  of  Amendment  to  the Pleadings:

The Parties do not find it necessary to make any amendments to the pleadings at this point in time.

3.   Possibility  of  Obtaining  Admissions  of  Fact  and  of Documents to Avoid Unnecessary Proof:

While  discovery  is  still  ongoing,  the  parties  believe  that admissions  of  fact  may  be  obtained  on  certain  issues,  and,  when appropriate,  they  anticipate  stipulating  to  the  authenticity  of certain documents.

4.   Avoidance of Unnecessary Proof and Cumulative Evidence:

As  discovery  is  still  ongoing,  the  Parties  are  unable  to address this issue.

4

5.    The Appropriateness and Timing of Summary Adjudication:

At this point of discovery, summary adjudication is not appropriate. Defendant believes that summary adjudication is appropriate and intends to move for summary judgment at the completion of discovery. Plaintiff believes that summary adjudication may be appropriate on certain issues, including the counterclaim, and may so move at the conclusion of discovery.

6.    Control and Scheduling of Discovery:

The Parties see no reason to deviate from the present scheduling order at this time.

7.    Identification of Witnesses and Documents, the Need and Schedule for Filing and Exchanging Pretrial Briefs:

As discovery is still ongoing, the Parties are unable to address this issue.

8.    The Advisability of Referring Matters to a Magistrate Judge:

The Parties had started settlement discussions and Plaintiff requests referral to a Magistrate Judge in an effort to move the parties toward settlement. Defendant suggests that referral to a

magistrate judge is premature until plaintiff produces evidence of a nexus between anything defendant did or should have done and the damages allegedly sustained by plaintiff. Plaintiff believes such a nexus exists and has been established by discovery.

9. Settlement and Use of Special Procedures to Assist in Resolving the Dispute:

As stated above, the Parties have started settlement discussions, and Plaintiff requests a settlement conference with a Magistrate Judge. Defendant believes that the involvement of a Magistrate Judge would be premature.

10. Form and Substance of the Pretrial Order:

Although discovery is still ongoing, the Parties anticipate following the standard pretrial order pursuant to the local rules.

11. The Disposition of Pending Motions:

There are currently no motions pending before the Court.

12. The Need for Adopting Special Procedures:

At this time, the Parties do not believe there is any need to adopt special procedures for managing the issues involved in this case.

13.  Order for a Separate Trial Pursuant to Rule 42(b):

At this time in discovery, the Parties do not believe an order for a separate trial pursuant to Rule 42(b) is necessary.

14.  Order Directing the Presentation of Evidence Early

The Parties do not believe an order directing the parties to present evidence early in the trial is applicable at this point.

15.  Order Establishing a Reasonable Limit on the Time Allowed for Presenting Evidence:

At this time, the Parties do not believe that an order is needed to establish a limit on the time allowed for presenting evidence at this point.

16.  Such Other Matters That May Facilitate the Disposition of the Action:

There are no other matters other than those already presented which the parties believe will help facilitate the disposition of this action.

THE PLAINTIFF
PARFUMS DE COEURS, LTD.

By _____
Richard E. Castiglioni (ct072820)
Jonathan M. Shapiro (ct24075)
DISERIO MARTIN O'CONNOR &
CASTIGLIONI, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800

Peter D. Clark (ct06484)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, Connecticut 06484

THE DEFENDANT
LE PAPILLON, LTD.

By _____
Michael T. Ryan (CT05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Robert N. Chan
Robson Ferber Frost Chan & Essner LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been mailed, postage prepaid, this 4th day of November, 2003, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (CT05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark (ct06484)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, Connecticut 06484

_____
Jonathan M. Shapiro

H:\LIT\JMS\Parfum\21090.status report.november.doc

9