FILED

2004 MAR 10 P 2: 03

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR, LTD. | : CIVIL ACTION NO. |
| | : 302 CV 1454 (RNC) |
| Plaintiff, | : |
| v. | : |
| LE PAPILLON, LTD. | : |
| Defendant, | : MARCH 9, 2004 |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

The United States District Court for the District of Connecticut presents its compliments to the appropriate judicial authority of Quebec, Canada, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter. This matter is currently scheduled to be placed on the trial ready list for November 2004.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Quebec, Canada

5

compel the below named individuals to give evidence and produce documents as described below:

Guy Mercier
23 Rue La Flamme
St. Damien-de-Buckland J0R 2Y0, Quebec
Canada

Custodian of Record
Optiplast, Inc.
226 Rue Commerciale
St. Damien, Bell. QC G0R 2Y0

Daniel Labonte
6475 Fabre Street
Charlesbourg G1H6J7, Quebec

**BACKGROUND**

Plaintiff manufactures perfume fragrances and produced a line of fragrances in Glitter Roll-On containers for retail sale. The Glitter Roll-On bottles are topped with a two part dispensing mechanism consisting of a roller ball and collar fitment (collectively "dispensing mechanism"). Customers apply the product through the use of this dispensing mechanism. In the summer 2001, Plaintiff began receiving complaints from customers alleging that the roller balls were "popping out" of

6

the fitments resulting in injury. Plaintiff filed this product liability action for breach of contract, breach of express and implied warranties and indemnification alleging that the fitments sold by Defendant were defective and failed to conform to specification.

At the time Plaintiff's damages were sustained, Defendant owned the multi-cavity mold used to create the assembled fitments, and sold the assembled fitments to Plaintiff. Furthermore, during the relevant time period, Optiplast performed the molding operation of the assembled fitments on behalf of Defendant. Guy Mercier and Daniel Labonte were both employed by Optiplast during the relevant time period. This request is governed by Section 43 of the Canada Evidence Act and Article 9-20 of the Special Procedures Act in Quebec.

## SCOPE OF EXAMINATION

The witnesses will be examined on the following topics:

1. The molding operation performed at Optiplast, Inc., to create the fitment that is the subject matter of this litigation and related quality assurance issues.

2. The multi-cavity mold used to create the fitment including its origins.

3. The maintenance and care of the multi-cavity mold used to create the fitment.

4. The relationship and interactions between the Defendant and any of its representatives, and Optiplast, Inc.

5. The relationship and interactions between Optiplast, Inc. and Luc Duchesne.

6. Interactions between any purchasers of the fitment and Optiplast, Inc.

**REQUEST FOR PRODUCTION**

**I.  DEFINITIONS**

1. "Document" includes all writings, drawings, graphs, reports, charts, electronic mail, photographs, phonorecords, videotapes, audiotapes and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or nonidentical copy is a separate document within the meaning of this term.

## II. PRODUCTION REQUESTS

1. Copies of all documents relating in any way to the multi-cavity mold, dispensing mechanism, collar fitment or roller ball owned by Covipak and subsequently by Le Papillon, Ltd. A copy of a diagram of the fitment is attached hereto as Exhibit A.

2. Copies of any and all communications or documents relating to communications by, concerning, between or among Bonne Bell and Optiplast, Inc. Ltd. regarding the multi-cavity mold, dispensing mechanism, collar fitment or roller ball owned by Covipak and subsequently by Le Papillon, Ltd.

3. Copies of any and all communications or documents relating to communications by, concerning, between or among Optiplast, Inc., Covipak, Le Papillon, Ltd., Bonne Bell, or Kaufman Container, or any other purchaser of the collar fitment regarding the multi-cavity mold, dispensing mechanism, collar

fitment or roller ball originally owned by Covipak and subsequently by Le Papillon, Ltd.

4. All notes, memoranda and/or correspondence taken regarding the multi-cavity mold, dispensing mechanism, collar fitment or roller ball owned by Covipak and subsequently by Le Papillon, Ltd.

5. All documents relating to any tests or analyses which were performed on the multi-cavity mold, dispensing mechanism, collar fitment or roller ball owned by Covipak and subsequently by Le Papillon, Ltd.

6. All documents relating to any quality assurances measures or maintenance performed on the multi-cavity mold, dispensing mechanism, collar fitment or roller ball owned by Covipak and subsequently by Le Papillon, Ltd.

**RECIPROCITY**

The United States District Court for the District of Connecticut is willing to provide similar assistance to the judicial authorities of Canada should the need arise in the future.

```
                                    _____
                                    U.S. Magistrate Judge
                                    Judge Donna F. Martinez
                                    U.S. District Court for the
                                    District of Connecticut
                                    Hartford, Connecticut 06103
                                    United States of America
```

Dated at Hartford, Connecticut, United States of America, this 10th day of March, 2004.

11

Exhibit A

