UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PARFUMS DE COEUR, LTD. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 3:02 cv 1454 (RNC) |
| | : | |
| LE PAPILLON, LTD. | : | |
| | : | |
| Defendant. | : | March 23, 2004 |

**OBJECTION TO SUBPOENA OF NON-PARTY FEDERAL INSURANCE CO.**

The defendant, Le Papillon, Ltd., ("Le Papillon") by counsel and pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 45(c)(2)(B), hereby objects to the subpoena and annexed document request served on non-party Federal Insurance Co. (Exhibit A). Le Papillon objects, for among other reasons detailed herein, because compliance with the subpoena would require the production and/or disclosure of privileged communications and/or documents and of protected attorney work product and material prepared in anticipation of litigation and/or trial without demonstration of the "substantial need" and inability to obtain equivalent materials by other means without "undue hardship", as required by Fed. R. Civ. P. 26(b)(3).

## SCHEDULE A

### I.    DEFINITIONS

1.    "Document" includes all writings, drawings, graphs, reports, statements, charts, letters, electronic mail, memorandum, photographs, phonorecords, videotapes, audiotapes and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.  A draft or nonidentical copy is a separate document within the meaning of this term.

**OBJECTION**:    Le Papillon objects to plaintiff's Definitions insomuch as they are unilaterally created with no legal authority and are not authorized by the Fed. R. Civ. P., the D. Conn L. Civ. R. or General Statutes.

### II.    PRODUCTION REQUESTS

1.    Copies of all non-privileged documents relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

**OBJECTION**:    Le Papillon objects to this document request on the grounds that it seeks information which is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. The defendant also objects on the ground

that the request is vague, overly broad, non-specific, unduly burdensome and

seeks privileged attorney-client communications.  Finally, the defendant

objects on the ground that the request seeks protected attorney work product,

material prepared in anticipation of litigation and/or trial and the attorney's

mental impressions and processes, conclusions, opinions and beliefs,

statements, theories, analysis, and personal recollections. Attached as Exhibit

B is a Privilege Log.

2.    Copies of all non-privileged documents relating in any way to any investigation

conducted in connection with your handling of claims or potential claims noticed or

filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced

and sold to Parfums de Coeur, Ltd.

**OBJECTION**:    Le Papillon objects to this document request on the grounds that it seeks

information which is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. The defendant also objects on the ground

that the request is vague, overly broad, non-specific, unduly burdensome and

seeks privileged attorney-client communications.  Finally, the defendant

objects on the ground that the request seeks protected attorney work product, material prepared in anticipation of litigation and/or trial and the attorney's mental impressions and processes, conclusions, opinions and beliefs, statements, theories, analysis, and personal recollections.

3.   Copies of any and all communications or documents relating to communications relating in any way to any investigation conducted in connection with your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

**OBJECTION**:    Le Papillon objects to this document request on the grounds that it is incomprehensible and seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The defendant also objects on the ground that the request is vague, overly broad, non-specific, unduly burdensome and seeks privileged attorney-client communications.  Finally, the defendant objects on the ground that the request seeks protected attorney work product, material prepared in anticipation of litigation and/or trial and the attorney's mental impressions

and processes, conclusions, opinions and beliefs, statements, theories, analysis, and personal recollections.

4. Copies of any and all non-privileged communications or documents relating to communications between you and any other insurers relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

**OBJECTION**: Le Papillon objects to this document request on the grounds that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The defendant also objects on the ground that the request is vague, overly broad, non-specific, unduly burdensome and seeks privileged attorney-client communications. Finally, the defendant objects on the ground that the request seeks protected attorney work product, material prepared in anticipation of litigation and/or trial and the attorney's mental impressions and processes, conclusions, opinions and beliefs, statements, theories, analysis, and personal recollections.

5. Copies of any and all non-privileged communications or documents relating to communications relating in any way to your handling of claims or potential claims

noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

**OBJECTION**:    Le Papillon objects to this document request on the grounds that it seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The defendant also objects on the ground that the request is vague, overly broad, non-specific, unduly burdensome and seeks privileged attorney-client communications. Finally, the defendant objects on the ground that the request seeks protected attorney work product, material prepared in anticipation of litigation and/or trial and the attorney's mental impressions and processes, conclusions, opinions and beliefs, statements, theories, analysis, and personal recollections.

6.    Copies of any and all non-privileged communications or documents relating to communications between you and Le Papillon, Ltd., relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

**OBJECTION**:    Le Papillon objects to this document request on the grounds that it seeks information which is irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence. The defendant also objects on the ground

that the request is vague, overly broad, non-specific, unduly burdensome and

seeks privileged attorney-client communications.   Finally, the defendant

objects on the ground that the request seeks protected attorney work product,

material prepared in anticipation of litigation and/or trial and the attorney's

mental impressions and processes, conclusions, opinions and beliefs,

statements, theories, analysis, and personal recollections.


THE DEFENDANT,
LE PAPILLON, LTD.


By:_____
Jeffrey C. Nagle, Esq., (CT 15792)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT   06905
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Jonathan M. Shapiro, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

_____
Jeffrey C. Nagle, Esq.

I:\Procases\720.123\ObjectionToSubpoena032204.wpd
720.123