UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR LTD<br>    plaintiff | NO.: 3:02 cv 1454 (RNC) |
| v. | |
| LE PAPILLON LTD<br>    defendant. | MARCH 23, 2004 |

### MOTION TO QUASH/MOTION FOR PROTECTIVE ORDER

Pursuant to Fed.R.Civ.Pro. 45(c)(3)(A) and Fed.R.Civ.Pro. 26(c), the undersigned movant, Federal Insurance Company, L.L.C., hereby moves to quash the attached subpoena (Exhibit A) and moves for a protective order regarding the deposition of a Federal Insurance Company agent currently scheduled to occur on March 30, 2004 at 10:00 a.m. at the law offices of plaintiff's counsel. Federal Insurance Company moves to quash the subpoena on the grounds that the subpoena is overly broad and vague, subjects the movant to undue burden, does not provide a reasonable time to comply, and may require the disclosure of privileged or otherwise protected documents. Additionally, in connection with the motion to quash, Federal Insurance Company moves for a protective order with regard to the deposition of its agent scheduled to occur on March 30, 2004.[1]

---

[1] A certification is attached as Exhibit B.

First, a motion to quash is appropriate when the subpoena creates an undue burden on the deponent. *See* FED R. CIV. P. 45(c)(3)(A)(iv). "Whether a subpoena imposes upon a witness an 'undue burden' depends on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed. In addition, the status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding expense and inconvenience'." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44 (S.D.N.Y. 1996).

Attorney Shapiro, counsel for the plaintiff, has served upon Federal Insurance Company a subpoena attached as Exhibit A along with a request for production. The subpoena and production request is overbroad in that it requests documents relating "in any way" to the handling, investigation, and communications of claims or potential claims noticed or filed by the movant's insured/defendant, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd. Each of the six production requests are overly broad and vague, unduly burdensome, and unlimited in time or scope.

Specifically, the plaintiff's first production request seeks "[c]opies of all non-privileged documents relating in any way to [Federal Insurance Company's] handling of claims or potential claims noticed or filed by [the] insured, Le Papillon, Ltd., regarding

the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd." This request is overly broad and vague, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the plaintiff fails to specify with particularity the documents requested and fails to limit the time and scope of its request.

The plaintiff's second request seeks "copies of all non-privileged documents relating in any way to any investigation conducted with [Federal Insurance Company] handling of claims or potential claims noticed or filed by [the] insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd." Again, an all-encompassing request for documents related in *any way* to *any* investigation is vague, overly broad and unduly burdensome. Furthermore, this request seeks information that is irrelevant to the present case and not reasonably calculated to the discovery of admissible evidence.

The third request is for "[c]opies of any and all communications or documents relating to communications relating in any way to any investigation conducted in connection with your handling of claims or potential claims noticed or filed by [the] insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd." This request may not only encompass protected attorney work product, but also seeks information which is irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence. Additionally, this request, as worded, is not understandable, and is vague, overly broad and unduly burdensome.

The fourth request seeks "[c]opies of any and all non-privileged communications or documents relating to communications between you and any other insurers relating in any way to [Federal Insurance Company's] handling of claims or potential claims noticed or filed by [the] insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd." Again, by making an unlimited request for any and all documents or communications, this request is overly broad, vague and imposes an undue burden on the movant. In addition, this request encompasses information irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

The fifth request seeks "[c]opies of any and all non-privileged communications or documents relating to communications relating in any way to [Federal Insurance Company's] handling of claims or potential claims noticed or filed by [the] insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd." This request is overly broad and vague, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the plaintiff fails to specify with particularity the documents requested and fails to limit the time and scope of its request.

The last request seeks "[c]opies of any and all non-privileged communications or documents relating to communications between [Federal Insurance Company's] and Le Papillion, Ltd., relating in any way to your handling of claims or potential claims noticed or filed by [the] insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd." As with the plaintiff's other requests, this request is overly broad and vague, unduly burdensome and requests information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the plaintiff fails to specify with particularity the documents requested and fails to limit the time and scope of its request.

Additionally, a motion to quash is appropriate if the subpoena fails to allow a reasonable time for compliance. *See* FED R. CIV. P. 45(c)(3)(A)(i). Upon information and belief, Federal Insurance Company was served with the subpoena on March 8, 2004 and an agent of Federal Insurance Company was commanded to appear for a deposition and produce the requested documents on March 30, 2004 at the plaintiff's counsel's office in Stamford, Connecticut. Even assuming the subpoena does not create an undue burden, which the movant denies, the movant has not been given a reasonable time to comply with the request. A request of the movant to obtain all documents sought by the plaintiff, which are not readily accessible and determinable, in a period of just over two weeks is unreasonable.

Third, the subpoena and production request may encompass disclosure of privileged or other protected matter and as such are subject to a motion to quash. *See* FED R. CIV. P. 45(c)(3)(A)(iii). The overly broad production requests encompass documents that may be protected by the attorney client privilege and work product doctrine. As the requests are currently worded, protected documents that would have nothing to do with this litigation could be responsive to this request. Accordingly, said information would not be subject to disclosure.

WHEREFORE, the movant respectfully requests that the motion to quash the subpoena and motion for protective order be granted.

        THE MOVANT
        FEDERAL INSURANCE COMPANY

By_____
Jennifer J. Cavalier
Federal Bar No: ct 24646
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000
jcavalier@nuzzo-roberts.com

This is to certify that on March 23, 2004, a true copy of the foregoing Motion to Quash/Motion for Protective Order was mailed via first class postage prepaid mail to:

Jonathan M. Shapiro
Diserio Martin O'Connor & Castiglioni
One Atlantic St.
Stamford, CT 06901

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Jeffrey Nagle, Esq.
Ryan Ryan Johnson & Deluca LLP
80 Fourth St.
P.O. Box 3057
Stamford, CT 06905-3057

Jennifer J. Cavalier
Federal Bar No: ct 24646
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000
jcavalier@nuzzo-roberts.com

\\fp\nuzzo\wp\403002\261\Mot Quash 03-23-04.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF __New Jersey__

RECEIVED
MAR 0 0 2004
CORP.SECY.OFFICE

Parfums de Coeur, Ltd.   v.   Le Papillon, Ltd.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:02 CV 1454 (RNC)
(D.Conn.)

TO: Federal Insurance Company through its agent most knowledgable regarding the documents and matters set forth on the attached Schedule A
15 Mountain View Road, Warren, NJ 07061

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Diserio Martin et al., One Atlantic Street, Stamford, CT 06901 | 3/30/04 10:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Diserio Martin et al., One Atlantic Street, Stamford, CT 06901 | 3/30/04 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] (Attorney for Plaintiff) | 2/27/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

Jonathan M. Shapiro, Diserio Martin O'Connor & Castiglioni, One Atlantic St., Stamford CT 06901   (203)358-0800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT A

03/18/04 THU 16:07 FAX 906 903 3820          GENERAL COUNSEL                             ☒003
MAR-4-2004 04:48P FROM:                                     TO:19066652232           P:5/7

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

I. DEFINITIONS

1. "Document" includes all writings, drawings, graphs, reports, statements, charts, letters, electronic mail, memorandum, photographs, phonorecords, videotapes, audiotapes and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or nonidentical copy is a separate document within the meaning of this term.

II. PRODUCTION REQUESTS

1. Copies of all non-privileged documents relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

2. Copies of all non-privileged documents relating in any way to any investigation conducted in connection with your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

3. Copies of any and all communications or documents relating to communications relating in any way to any investigation

conducted in connection with your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

4. Copies of any and all non-privileged communications or documents relating to communications between you and any other insurers relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

5. Copies of any and all non-privileged communications or documents relating to communications relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

6. Copies of any and all non-privileged communications or documents relating to communications between you and Le Papillon, Ltd. relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

## CERTIFICATION

Pursuant to Fed. R. Civil Proc. 26(c), the movant represents a call was placed to plaintiff's counsel, Attorney Jonathan Shapiro, and a voice mail message left, on March 23, 2004 prior to the filing of this motion to discuss the subpoena and attached requests for production.

THE MOVANT
FEDERAL INSURANCE COMPANY

By _____
Jennifer J. Cavalier
Federal Bar No: ct 24646
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000
jcavalier@nuzzo-roberts.com

## EXHIBIT B

\\fp\nuzzo\wp\403002\261\certification.doc