PARFUMS DE COEUR, LTD.              : CIVIL ACTION NO.
                                    : 302 CV 1454 (RNC)
    Plaintiff,                      :
                                    :
v.                                  :
                                    :
LE PAPILLON, LTD.                   :
                                    :
    Defendant,                      : APRIL 12, 2004

### PLAINTIFF'S RESPONSE TO FEDERAL INSURANCE COMPANY'S MOTION TO QUASH/MOTION FOR PROTECTIVE ORDER

Plaintiff, PARFUMS DE COEUR, LTD., ("Plaintiff" or "PARFUMS") respectfully requests this Court to enter an Order denying FEDERAL INSURANCE COMPANY'S, LLC, Motions to Quash and Motion for Protective Order. In support thereof, Plaintiff responds as follows:

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff manufactures perfume fragrances and produces a line of fragrances in Glitter Roll-On containers for retail sale. Customers apply the product through the use of a roller ball applicator. In the summer 2001, Plaintiff began receiving numerous

1

from customers alleging that the roller balls were "popping out" of the fitments which, along with the perfume product, would hit the customer in the eye resulting in injury. At a meeting in January 2002, the President of Defendant, Watson Warriner, met with Plaintiff at its office and assured Plaintiff that he had insurance in place that would cover Defendant's damages and that he would be responsible for all damages. For some reason unknown to Plaintiff, Defendant reneged on his representations and this action ensued. Plaintiff brought claims for breach of contract, breach of express and implied warranties and indemnification alleging that the fitments sold by Defendant, LE PAPILLON, LTD. ("PAPILLON"), were defective. Defendant substantially denied Plaintiff's allegations, raised special defenses and counterclaimed against Plaintiff seeking indemnification on the basis that Plaintiff's choice of packaging was the cause of the fitments failing to retain the roller balls. Specifically, PAPILLON sought a declaration indemnifying it for any costs it suffered as a result PARFUMS' alleged negligence including legal fees incurred or increased insurance costs.

On March 24, 2004, as a result of substantial discovery,

2

PLAINTIFF requested leave of this Court to amend its complaint to add a claim for contribution and a claim under the Connecticut Unfair Trade Practice Act ("CUTPA"). The additional counts are both based on the same basic set of facts alleged in the original complaint. Plaintiff's claim under CUTPA was revealed as a direct result of discovery in this case. In its CUTPA claim, Plaintiff alleges that Defendant received complaints from another one of its customers, KAUFMAN CONTAINERS ("KAUFMAN"), indicating that the roller balls were coming out of the fitments. Plaintiff further alleges that after receiving notification from KAUFMAN, PAPILLON worked with them to solve the problems KAUFMAN's customer, BONNE BELL, was experiencing with the roller ball fitments. It is conceivable that there is information germane to this allegation in FEDERAL's files as there is testimony that Defendant paid damages to BONNE BELL and/or KAUFMAN.

At all times thereafter, Defendant kept its knowledge and the extent of the problems it experienced with its fitments secret from PARFUMS despite the fact that PARFUMS notified Defendant of similar problems. Defendant further kept secret from Plaintiff the findings of a consultant it hired to examine the mold and molding

3

process. In particular, Defendant's consultant determined that the mold core pins which make the fitment were very inconsistent cavity to cavity and that two of the cavities were below specification. (See Exhibit "A").

On February 27, 2004, Plaintiff issued a subpoena to the Federal Insurance Company, LLC, from the District of New Jersey pursuant to Fed. R. Civ. P. 45 seeking the production of documents and the deposition of its agent most knowledgeable about said documents. On March 23, 2004, FEDERAL filed with this Court its Motion to Quash and Motion for Protective Order. As will be illustrated below, FEDERAL's Motion to Quash and Motion for Protective Order should be denied in their entirety.

II. ARGUMENT[1]

A. **FEDERAL'S MOTIONS SHOULD BE DENIED SINCE THIS COURT DOES NOT HAVE JURISDICTION TO HEAR FEDERAL'S MOTIONS.**

Plaintiff issued its subpoena pursuant to Fed. R. Civ. P. 45(3)(B) which allows an attorney to issue a subpoena on behalf of "a court for a district in which a deposition or production is compelled by subpoena, if the deposition or production pertains to

---

[1] Plaintiff has cited to the law of the Third Circuit on the grounds that this Motion should have been filed in the

4

an action pending in a court in which the attorney is authorized to practice." Rule 45(c)(3)(A) further provides that "on timely motion, *the court by which a subpoena was issued* shall quash or modify the subpoena" if it fails to allow reasonable time to comply, requires the disclosure of privileged or protected information or subjects a person to an undue burden. FEDERAL has improperly filed its motions before this court. Plaintiff issued its subpoena from the District of New Jersey pursuant to Rule 45(3)(B). Any motion to quash or motion for protective order filed on behalf of FEDERAL should have been filed in the District of New Jersey. Accordingly, FEDERAL's motions should be denied and the depositions should proceed.

**B.   FEDERAL HAS FAILED TO SATISFY ITS BURDEN.**

Even if this Court were to find that FEDERAL appropriately filed its Motions with this Court, this Court should still deny FEDERAL's Motions to Quash and Motion for Protective Order. FEDERAL claims that this Court should either quash the subpoena or enter a protective order on grounds that the subpoena is vague, overly broad and imposes an undue burden on FEDERAL, seeks

---

District of New Jersey.

irrelevant information, seeks materials that are protected by the attorney-client privilege and work product doctrine and fails to allow reasonable time to comply.

As a general matter, in the context of discovery, the party resisting production bears the burden of establishing lack of relevancy or undue burden. See, e.g., Gutierrez v. Johnson & Johnson, Inc., 2002 U.S.Dist.LEXIS 15418 citing Flora v. Hamilton, 81 F.R.D. 576 (M.D.N.C. 1978) (see Exhibit "A"). It is also well-established that a party wishing to obtain an order for protection must demonstrate "good cause" for the issuance of that order. See Fed. R. Civ. P. 26(c); see also, Smith v. Bic Corp., 869 F.2d 194, 199 (3rd Cir. 1989). Good cause is established by a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure. See Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3rd Cir. 1984). Additionally, federal courts should not provide a shield to potential claims by entering broad protective orders that prevent public disclosure of relevant information. Glenmade Trust Co. v. Thompson, 56 F.3d 476, 483 (3rd Cir. 1995).

In determining whether good cause exists, the Court considers various factors. These factors include: 1) whether disclosure will

violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose; 3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether sharing the information will promote fairness and efficiency; 6) whether a party benefiting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public. Id.

FEDERAL has not demonstrated good cause under the Glenmade factors for the issuance of a protective order nor has it adequately demonstrated that the subpoena creates an undue burden mandating the quashing of the subpoena. FEDERAL has simply made bald assertions that the information sought imposes an undue burden and are irrelevant without any evidentiary basis (via affidavit or otherwise) to support its contention. FEDERAL has not described what efforts it has undertaken to comply with the subpoena, what efforts would be required to comply with the subpoena or if it has taken any measures to ascertain how many documents may exist to determine if compliance was possible.

Moreover, the documents and information sought are relevant

and the time period is not overly broad in scope. Relevancy is to be broadly construed and discovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action. See, e.g., Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Plaintiff's Complaint alleges that the fitments sold by PAPILLON to PARFUMS were defective and failed to conform to specification. Additionally, Plaintiff's Amended Complaint alleges that PAPILLON had knowledge of defects with its fitments, but failed to notify Plaintiff of its knowledge.

During the relevant time period of PAPILLON's sale of the fitments to PARFUMS, FEDERAL was their general liability insurer. Any information it possesses regarding the condition of the fitments is highly relevant to Plaintiff's claims as is any information FEDERAL possesses regarding PAPILLON's knowledge of the condition of the fitment. Such information would include claims history, recall issues, investigations related to the fitment and communications with PAPILLON regarding the same.

For example, Plaintiff is familiar with at least one other claim related to the fitment in which Le Papillon paid monies to Kaufman Container directly as a result of the problems it

8

experienced with the fitment. As discussed, PAPILLON kept its knowledge with respect to the problems KAUFMAN experienced with the fitment and its subsequent investigation secret from Plaintiff. Any information regarding this claim as well as other claims that may have been filed is certainly relevant.

Additionally, any information regarding claims history, recall issues, investigations related to the fitment and communications with PAPILLON is also relevant to PAPILLON's counterclaim for indemnification. Indeed, Defendant has already taken the deposition of Plaintiff's insurance carrier on similar issues related to Plaintiff's claims.

The document request is not unreasonably limited in time. PAPILLON purchased the tool used to create the fitment in November 2000 and Plaintiff first purchased fitments from Defendant in February 2001. At most, Plaintiff only seeks information from the date of PAPILLON's purchase of the tool.

FEDERAL also contends that the documents subpoenaed may contain information protected by the attorney client privilege and work product doctrine. The party asserting a privilege bears the burden of proving its applicability. See, e.g., In re Grand Jury Investigation, 918 F.2d 374, 385 n.15 (3rd Cir. 1990). FEDERAL's

9

motion papers have done nothing more than make a blanket statement that the attorney client privilege and work product doctrine <u>may</u> be applicable without any showing of what type of documents they might be or are claiming is protected. Additionally, pursuant to the Local Rule 34.1 for the District of New Jersey, "[w]hen any privilege is claimed, the party asserting it shall indicate, as to the information requested, whether any such documents exist." FEDERAL has also failed to comply with this requirement.

Finally, on or about March 11, 2004, prior to FEDERAL's filing of this motion, counsel for Plaintiff, Jonathan Shapiro, was contacted by Cythia Sheward of FEDERAL. (see Affidavit of Jonathan M. Shapiro attached hereto as Exhibit "B"). During said conversation, Mr. Shapiro represented to Ms. Sheward that Plaintiff was willing to work with FEDERAL as to the date of the deposition and the production of documents, and was willing to entertain a stipulated protective order should FEDERAL feel that was necessary. Plaintiff next contact with FEDERAL was the filing of its current pending motions. Thus, Plaintiff's counsel did not have the opportunity to speak to FEDERAL's counsel prior to the filing of its motions.

Since that time, Plaintiff's counsel and FEDERAL's counsel

10

have spoken, but have been unable to resolve their differences as of this date. In their conversations, Plaintiff's counsel reiterated its willingness to enter into a stipulated protective order if FEDERAL deemed it necessary and to find a convenient date for the deposition of FEDERAL's representative. Plaintiff's counsel has also expressed their position as to the relevancy of the document requests. However, as of this date, FEDERAL has maintained that the documents sought are not relevant.

### III. CONCLUSION

Not only has FEDERAL improperly filed its papers before this Court in violation of the Federal Rules, it has also failed to provide this Court with specific examples of good cause warranting the issuance of protection or to demonstrate that the subpoena does indeed constitute an undue burden. FEDERAL cannot make bald assertions that certain information is protected and irrelevant and expect this Court to order protection on such general statements.

**WHEREFORE**, for all the foregoing reasons, Plaintiff respectfully requests this Court to enter an order denying FEDERAL's motions and ordering compliance with the subpoena as served.

THE PLAINTIFF
PARTICULAR HARBOR,

By /s/ _____
Richard E. Castiglioni (ct072820)
Jonathan M. Shapiro (ct24075)
Diserio Martin O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
(203) 358-0800

# CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been mailed, postage prepaid, this 12th day of April, 2004, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (ct05685)
Jeffrey C. Nagle
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark (ct06484)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, Connecticut 06484

Jennifer Cavalier (ct24646)
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410

_____
Jonathan M. Shapiro

H:\LIT\JMS\Parfum\21090.opposition to motion for protective order.doc

13