==================================================================

UNITED STATES DISTRICT COURT

───────────────────District of Connecticut───────────────────

PARFUMS DE COEUR, LTD

      Plaintiff,

v.                                                             Civil Action No:  3:02 CV 1454 (RNC)

LE PAPILLON LTD

      Defendant.                           April 16, 2004

## OBJECTION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT

The undersigned Defendant, Le Papillon, Ltd. ("Papillon"), by counsel, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12 and Local Civil Rules of the U.S. District Court for the District of Connecticut ("D. Conn. L. Civ. R.") 7(a) objects to Plaintiff's Request for Leave to Amend the Complaint.

The proposed First Amended Complaint seeks to add two counts. In Count Six, plaintiff seeks to add a cause of action sounding in common-law contribution and in Count Seven, a claim for a violation of the Connecticut Unfair Trade Practice Act ("CUTPA"). The Request To Amend should be denied because Connecticut common-law does not permit contribution. While General

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

Statutes §52-572h does alter the common-law by permitting contribution between joint tort-feasors in negligence actions, this is not a negligence action and there are no tort-feasors involved. This is an action sounding in breach of contract and breach of warranty (express and implied) brought pursuant to the Uniform Commercial Code ("UCC") and Title 42a of the General Statutes. Therefore, the Connecticut common-law rule prohibiting contribution governs this action. In addition, the Complaint should not be amended to add a CUTPA claim because it is barred by the applicable statute of limitations pursuant to General Statutes § 42-110g(f). Further, the CUTPA claim is necessarily based on distinct and different facts than the breach of contract and breach of warranty claims, and as a result, the CUTPA claim does not relate back to the original complaint.

In support of this motion, the Defendant files the attached Memorandum of Law.

                             THE DEFENDANT,
                             LE PAPILLON, LTD.


By: _____
    Jeffrey C. Nagle, Esq. (15792)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Juris No. 52525
    Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 16, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Mark Rosso/Watson C. Warriner, Jr.
Le Papillon, LTD
12 Albany Street
New Brunswick, NJ 08901

James Storar
TRS Technical Service
P.O. Box 546
Buena, NJ 08310

                                                  _____
                                                  Jeffrey C. Nagle, Esq.

==================================================================

## UNITED STATES DISTRICT COURT

———————————————District of Connecticut———————————————

PARFUMS DE COEUR, LTD

       Plaintiff,

v.                                                       Civil Action No: 3:02 CV 1454 (RNC)

LE PAPILLON LTD

       Defendant.                       April 16, 2004

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND THE COMPLAINT

**I.    FACTUAL AND PROCEDURAL BACKGROUND:**

Plaintiff Parfums de Coeur ("Parfums"), commenced this action by service of a Complaint on or about July 23, 2002. Plaintiff's Complaint named Defendant Le Papillon ("Papillon") as sole Defendant. Issue was joined by service of Papillon's Answer on or about September 25, 2002. In Plaintiff's July 23, 2002 Complaint Plaintiff has alleged that it is a Connecticut corporation engaged in the business of producing perfume fragrances including fragrances that are packaged in glitter roll-on bottles for retail sale. Plaintiff alleged further that Papillon is a New Jersey corporation engaged in the business of producing and selling assembled ball and collar fitments for use with bottles.

4

Parfums' Complaint states that its glitter roll-on bottles are topped with two part dispensing mechanisms consisting of roller balls and collar fitments ("the mechanisms") that enable consumers to apply the fragrances.

Plaintiff alleges that on or about February 16, 2001, it entered into a contract with Papillon pursuant to which Plaintiff purchased "the mechanisms" from Papillon to be used on top of its glitter roll-on bottles. However, Plaintiff's Complaint alleges that in June 2001, Parfums began receiving complaints and claims from consumers of its glitter roll-on products that the roller ball supplied by Papillon would burst out of the fitment when pressure was applied to the bottle. Based on the foregoing allegations, Plaintiff served its initial Complaint which contained Five Counts alleging: breach of contract; breach of express warranty; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; and contractual indemnity. Defendant's Answer denied the material allegations contained in Plaintiff's July 23, 2002 Complaint.

On or about March 24, 2004, Plaintiff served a Request for Leave to Amend the Complaint and a proposed First Amended Complaint seeking to add two Counts to the initial pleading; Count Six for common-law contribution and Count Seven for an alleged CUTPA violation. For the following reasons, Papillon objects to the proposed amendment of the Complaint.

II.   **COMMON-LAW CONTRIBUTION:**

Common-law does not permit contribution between joint tort-feasors. Gomeau v. Forrest, 176 Conn. 523, 524 (1979).

"In 1973, General Statutes §52-572h, entitled Negligence actions. Doctrines applicable, became effective. The central purpose of the act was to replace the harsh rule that contributory negligence was a complete defense in negligence cases with the rule that contributory negligence merely operates to diminish the amount recovered as damages in proportion to the percentage of negligence attributable to the person recovering." Id. at 525 (footnotes omitted; internal quotations omitted).

While it is true that there is an exception to the common-law bar to contribution among joint tort-feasors in negligence actions, that exception is not applicable to the facts in this action.

General Statutes §52-572h commonly known as Connecticut's "comparative negligence statute" affords a right of contribution among *joint tort-feasors in negligence actions* in favor of parties who, pursuant to 52-572h(g) pay more than their proportionate share of a judgment following plaintiff's unsuccessful efforts to enforce the judgment and collect from a liable defendant. However, a party seeking contribution may only recover the amount that it paid in excess of its proportionate share of the judgment.

"The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." Crotta v. Home Depot, Inc., 249 Conn. 634, 639-40 (1999). "Contribution is a payment made by each, or by any, of several having a common interest or liability of his share

in the loss suffered, or in the money necessarily paid by one of the parties on behalf of others." Id. at 639. "[C]ontribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697 (1997).

In Gomeau, the court held that General Statutes §52-572h does not abrogate the common-law rule which precludes contribution between joint tort-feasors - it only modified the doctrine of contributory negligence and abolished the doctrines of last clear chance and assumption of risk. Gomeau, at 525-26.

Furthermore, General Statutes §52-572h(j) reiterates the principal that General Statutes §52-572h did not alter the common-law rule which prohibits contribution between joint tort-feasors. Skuzinski, at 701. Therefore, §52-572h(j) preserves the Connecticut common-law rule precluding contribution.

Since the instant action *is not a negligence action there are no tort-feasors.* Therefore, there is no statutory right to contribution pursuant to General Statutes §52-572h and the common-law prohibition against contribution controls. This is not a products liability action either, but rather an action alleging a breach of contract and breach of express and implied warranty pertaining to the sale of goods. Therefore, this action is governed by the Uniform Commercial Code ("UCC") Article Two and Title 42a of the General Statutes.

"[General Statutes] §52-572h(c) explicitly provides for apportionment of liability only among

7

those parties from whom the *plaintiff* is entitled to recover damages." Crotta, at 639. "The contribution defendant must be a *tort-feasor*, and *originally liable to the plaintiff.* If there was never any such liability . . . then there is no liability for contribution. Id. at 640 (emphasis added).

Since Parfums seeks contribution from Papillon for claims in which Papillon was not a party, there has been no finding of liability against Papillon and therefore no common liability as between Parfums and Papillon. The plaintiffs in the underlying actions for which plaintiff seeks contribution are not entitled to recover damages from Papillon regardless of whatever legal theories those actions were premised upon. Accordingly, Parfums cannot seek contribution from Papillon for any amounts paid, or to be paid, on those claims because Papillon was not originally liable to those plaintiffs and therefore was not jointly bound to pay any of those plaintiffs.

"As a general proposition . . . a tort-feasor compelled to discharge a liability for a tort cannot recover contribution from a joint tort-feasor whose participation therein gave the injured person no cause of action against him, since the element of common liability of both tort-feasors to the injured person, essential to the right of contribution is lacking . . . ." Id.

Parfums' claims for breach of express warranty (General Statutes § 42a-2-313) and breach of implied warranty of merchantability (General Statutes § 42a-2-314) and breach of implied warranty of fitness for a particular purpose (General Statutes § 42a-2-315) do not afford Plaintiff a right of contribution because they are not negligence actions, nor do they involve any tort-feasors.

Additionally, General Statutes §52-572h(h)(2) mandates that "an action for contribution shall

be brought within two years after the party seeking contribution has made the final payment in excess of such party's proportionate share of the claim." Since Parfums seeks contribution for claims "it has discharged and will discharge," the Request For Leave To Amend should be denied as it improperly seeks contribution for claims that have not been previously satisfied and for allegedly satisfied claims without any indication of the dates upon which those claims were satisfied.

For all of the foregoing reasons, it is respectfully submitted that plaintiff's Request For Leave To Amend the Complaint and add as Count Six a cause of action for common-law contribution be denied.

### III. CONNECTICUT UNFAIR TRADE PRACTICE ACT

Plaintiff's Request for Leave to Amend the Complaint to add as Count Seven a claim based upon an alleged violation of CUTPA should be denied as untimely.

CUTPA, General Statutes §42-110b(a) provides: "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

"Trade or commerce is defined as the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state." Nastro v. D'Onofrio, 263 F. Supp. 2d 446, 457 (D. Conn. 2003).

"It is well settled in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice

9

is unfair: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common-law, or otherwise – whether, in other words, it is within at least the penumbra of some common-law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers [competitors, or other businessmen]." Journal Publishing Co. Inc. v. The Hartford Courant Co., 261 Conn. 673, 695 (2002).

"A party seeking to recover damages under CUTPA must meet two threshold requirements. First, he must establish that the conduct at issue constitutes an unfair or deceptive trade practice. . . . [S]econd, he must present evidence providing the court with the basis for a reasonable estimate of the damages suffered." Jacques All Trades Corp. v. Brown, 42 Conn. App. 124, 130 (1996).

"The statute of limitations for a CUTPA claim is three years. A CUTPA violation occurs when the misrepresentation is made and the statute of limitations commences running the moment the act or omission complained of occurs." Timmons v. City of Hartford, 283 F. Supp. 2d 712, 719 (D. Conn. 2003) (citation omitted).

Plaintiff's proposed First Amended Complaint alleges that on February 16, 2001, Plaintiff entered into a contract with Papillon pursuant to various purchase orders, whereby Plaintiff purchased from Papillon "the mechanisms" to be used on its glitter roll-on bottles. Pursuant to the three year statute of limitations, under General Statutes § 42-110g(f) the Plaintiff had until February 16, 2004 to allege a CUTPA claim stemming from the contract at issue. Since Plaintiff's Request

for Leave to Amend and First Amended Complaint were served on or about March 24, 2004, Plaintiff's CUTPA claim is time-bared by General Statutes §42-110g(f). Accordingly, the Request For Leave To Amend to add a CUTPA claim as Count Seven should be denied.

## IV. TOLLING OF THE STATUTE OF LIMITATIONS

### A. Fraudulent Concealment - General Statutes § 52-595

In Count Seven of the proposed Amended Complaint, plaintiff asserts that in June, 2001/July, 2001, Papillon received "complaints" from its customer/non-party Kaufman Containers indicating that roller balls were coming out of fitments. See Plaintiff's proposed First Amended Complaint at Count Seven, paragraph sixteen. On the basis of that allegation, plaintiff asserts that Papillon "kept this knowledge and the extent of the problem secret from Parfums." Id. at Count Seven, paragraph nineteen. This allegation is Plaintiff's attempt to toll the CUTPA statute of limitations by alleging fraudulent concealment of the cause of action by Papillon.

General Statutes §52-595 provides:

> If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.

Plaintiff's attempt to toll the running of the CUTPA statute of limitations is legally deficient because fraudulent concealment does not toll the CUTPA statute of limitations.

"Our higher courts have already addressed the statute of limitations claim on the CUTPA

11

count. In Fichera v. Mine Hill Corp., 207 Conn. 204, 212 (1988), the court held that the statutory language of § 42-110g(f) precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred. The period of limitations for claims brought under CUTPA begins on the date that the unfair practice occurs. Even claims of fraudulent concealment do not toll the CUTPA statute. Since CUTPA violations are defined in General Statutes § 42-110b to include deceptive acts or practices in the conduct of any trade or commerce, it is evident that the legislature intended that the perpetrators of such fraudulent practices, as well as other CUTPA violators, should be permitted to avail themselves of the statute of limitations defense provided by § 42-110g(f)." Ives v. NMTC, Inc., 46 Conn. Sup. 235 (1999) (internal quotations omitted).[1]

Since the instant Request For Leave To Amend was not served until March 24, 2004, and the allegation of fraudulent concealment does not toll the CUTPA statute of limitations, the proposed CUTPA claim is untimely and therefore that claim should not be added to this action.

**B.    Relation Back Doctrine**

The relation back doctrine is not beneficial to Plaintiff in its attempt to amend the Complaint to add an untimely CUTPA claim.

---

[1] In Fichera, the Connecticut Supreme Court noted that in trade conspiracy cases, "Federal Courts have required for tolling the statute of limitations some affirmative misconduct by the defendants designed to prevent discovery. . . . [M]ere nondisclosure or denial . . . does not constitute fraud or deceit for tolling purposes. Fichera, at 215.

"The relation back doctrine has been well established by this Court. A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitled the plaintiff to relief. . . . [A] right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . [A] change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . [I]t is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . [O]ur relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend stale claims." Alswanger v. Smego, 257 Conn. 58, 64-65 (2001) (citations omitted).

In the context of the relation back doctrine, where a plaintiff's proposed amendment forces a defendant to "gather different facts, evidence and witnesses to defend the amended claim," the trial Court should disallow the amendment to the complaint. Id. at 67.

In the instant action, Count Seven of Plaintiff's proposed Amended Complaint which

13

attempts to assert a CUTPA violation, presents both an entirely new and different factual situation and a new and different cause of action. On this basis it does not relate back to the initial Complaint and based upon the allegations contained in the initial Complaint, Papillon did not receive fair notice that a CUTPA claim was being alleged.

Plaintiff's initial complaint contained five causes of action: breach of contract; breach of express warranty (General Statutes §42a-2-313); breach of implied warranty of merchantability (General Statutes §42a-2-314); breach of implied warranty of fitness for a particular purpose (General Statutes §42a-2-315); and contractual indemnification. However, in Count Seven of plaintiff's proposed First Amended Complaint, plaintiff has alleged a CUTPA violation. The viability of this claim will depend upon different facts, evidence and witnesses than is required under the law for plaintiff to establish its *prima facie* showing of breach of contract, breach of warranty (express or implied) or to meet its burden on the contractual indemnity claim.

Specifically, Plaintiff will have to establish that the defendant engaged in unfair methods of competition or unfair or deceptive acts or practices in the conduct of its trade or in commerce. Further, Plaintiff will have to establish that the act or practice was deceptive or unfair pursuant to the criteria set forth in the cigarette rule by the Federal Trade Commission, none of which would have been necessary for Plaintiff's breach of contract and breach of warranty claims.

In paragraph sixteen of Count Seven of the proposed First Amended Complaint, the Plaintiff asserts for the first time that in or about late June/early July 2001 Defendant received complaints

14

from its customer, Kaufman Containers indicating that roller balls were coming out of the fitments. In paragraph seventeen of Count Seven, Plaintiff asserts for the first time that as a result of the foregoing, Kaufman rejected thousands of mechanisms and in paragraph eighteen of Count Seven, Plaintiff asserts that after receiving this notification in June/early July 2001, Papillon worked with Kaufman Containers to solve the problem with the mechanisms.  Thereafter, in paragraph nineteen of Count Seven Plaintiff asserts for the first time that despite possessing knowledge of the widespread problems Kaufman and Kaufman's customer Bonnie Bell experienced, Defendant kept this knowledge and the extent of the problems secret from the plaintiff.

       The Plaintiff has also asserted for the first time in Count Seven at paragraph twenty-one and twenty-two that Papillon, despite possessing knowledge that Parfums was experiencing a problem similar to Kaufmann and Bonnie Bell, kept this knowledge and the extent of the problems secret from Parfums.  Parfums also asserts for the first time that on or about August 2, 2001, it sent Papillon  samples of the containers it was using with the "mechanisms" and the results of testing done by its filler which showed widely inconsistent ball retention in the mechanisms supplied by the defendant.  Further, Plaintiff asserts that it requested the defendant's assistance in solving the ball retention problem.  Plaintiff asserts for the first time in Count Seven that the Defendant, despite this knowledge kept this secret from Parfums.  Similarly, in paragraph twenty-four of Count Seven plaintiff alleges for the first time that after losing the Bonnie Bell business, Defendant engaged the services of a consultant to examine its mold and molding process.  Plaintiff asserts further that the determination was made that the mold core pins were inconsistent cavity to cavity and two cavities

were below specification. Plaintiff asserts that because of the inconsistencies in the cavities of the mold, defendant could not produce consistent parts and that Papillon kept this information secret from Parfums. These are all new factual allegations in support of a new cause of action that does not relate back to Plaintiff's initial Complaint.

In light of the fact that Count Seven of Plaintiff's proposed Amended Complaint alleges different facts than those alleged in the initial Complaint, and those different facts relate to a different cause of action requiring different facts, evidence and witnesses to support it, Count Seven of the proposed First Amended Complaint does not relate back to the original complaint. Therefore, the Request For Leave To Amend the Complaint should be denied as the CUTPA claim is time barred by General Statutes §42-110g(f).

                            THE DEFENDANT,
                            LE PAPILLON, LTD.

By:_____
    Jeffrey C. Nagle, Esq. (15792)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Juris No. 52525
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Mark Rosso/Watson C. Warriner, Jr.
Le Papillon, LTD
12 Albany Street
New Brunswick, NJ 08901

James Storar
TRS Technical Service
P.O. Box 546
Buena, NJ 08310

_____
Jeffrey C. Nagle, Esq.

I:\Procases\720.123\OBJECTION041204.WPD