UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR LTD<br>　　　plaintiff | NO.: 3:02 cv 1454 (RNC) |
| v. | |
| LE PAPILLON LTD<br>　　　defendant. | APRIL 21, 2004 |

<u>FEDERAL INSURANCE COMPANY'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO QUASH/MOTION FOR PROTECTIVE ORDER</u>

Pursuant to D. Conn. L. Civ. R. 7(d), FEDERAL INSURANCE COMPANY (hereinafter "Federal") submits the following brief in reply to Plaintiff's Response to Federal Insurance Company's Motion to Quash/Motion for Protective Order dated April 12, 2004.

I.   <u>This Court Has Jurisdiction To Hear Federal's Motion to Quash/Motion for Protective Order.</u>

In its' response, the plaintiff claims that because it issued a subpoena from the District of New Jersey, this Court does not have jurisdiction to hear Federal's Motion to Quash/Motion for Protective Order (Pl.'s Response at 4-5).

Fed. R. Civ. P. 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, **the court in which the action is pending or alternatively, on matters relating to a deposition, the court in which the district where the**

> **deposition is to be taken** may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had;

(Emphasis added)

First, this action is pending in the District Court of Connecticut. Additionally, the subpoena orders the deposition of a Federal representative to take place at plaintiff's counsel's office in Stamford, Connecticut. Under Fed. R. Civ. P 45(a)(2), a subpoena for attendance at a deposition *shall* issue from the court for the district designated by the notice of deposition as the district in which the deposition was to occur. (Emphasis added). Therefore, the subpoena issued by the plaintiff should have been issued from this Court and not from the District Court of New Jersey. Accordingly, this Court, as the court in which the action is pending **and** the court in the district where the deposition is to be taken, has jurisdiction pursuant to Fed. R. Civ. P. 26(c) to hear Federal's Motion to Quash/Motion for Protective Order and to grant the relief requested therein.

Moreover, district courts from other jurisdictions have recognized that the court in which a particular action is pending is often better situated to resolve discovery disputes and have permitted the transfer of a non-party's motion to quash from the court issuing the subpoena to the court where the action is pending. Pactel Personal Communications v. JMB Realty Corporation, 133 F.R.D. 137, 139 (E.D. Missouri 1990); United States v.

Star Scientific, Inc., 205 F.Supp.2d 482 (D. Maryland 2002). These courts have found that discovery issues are often best decided by the court most familiar with the facts of the case and the posture of the parties. Id.

Here, this Court is undoubtedly the court most familiar with the present action. As such, this Court is in the best position to evaluate Federal's claims of relevancy, undue burden, and privilege involved in this discovery dispute. Moreover, Fed. R. Civ. P. 26(c) provides clear authority for this Court to hear Federal's Motion to Quash/Motion for Protective Order and to grant the relief sought therein. Accordingly, the District Court for the District of Connecticut is the proper court to hear and decide Federal's Motion to Quash/Motion for Protective Order.

## II.     Federal Has Shown Good Cause Why Its Motions Should be Granted.

Contrary to any assertion by the plaintiff in its Response, Federal has shown good cause why its Motion to Quash/Motion for Protective Order should be granted. (See Pl.'s Response at pp. 5-11). As more specifically set forth below, the plaintiff's subpoena is overly broad and vague, seeks information irrelevant and immaterial to the present action, and may encompass material protected by the work-product doctrine. Additionally, through its Subpoena the plaintiff is attempting to circumvent the discovery process and obtain information through the defendant's insurer when that information would be more easily accessible through discovery against the defendant.

Federal Rule of Civil Procedure 26(b)(1) states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed.R.Civ.P. 26(b)(1). Under this standard, "information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery." In re PE Corporation Securities Litigation, 2003 WL 23329188 (D.Conn. 2003)(attached as Exhibit A). "Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." Tottenham v. Trans World Gaming, 2002 WL 1967023 at *2 (S.D.N.Y. 2002) (internal quotation marks and citations omitted)(attached as Exhibit B). "[D]iscovery requests based on pure speculation and conjecture are not permitted." Id. (internal quotation marks and citations omitted). Furthermore, the party issuing the subpoena must meet the initial burden of showing that the documents it seeks are relevant and necessary to the action. Quotron Systems, Inc. v. Automatic Data Processing, Inc., 141 F.R.D. 37, 41 (S.D.N.Y. 1992).

As demonstrated in Federal's Motion to Quash/Motion for Protective Order, the six production requests accompanying the plaintiff's subpoena seek information irrelevant to the issues presented in this case. First, it must be noted that the operative complaint only alleges claims for breach of contract, breach of express and implied warranties and indemnification against LE PAPILLON for the alleged sale of defective

fitments. In essence, the plaintiff alleges that it had a contract with LE PAPILLON for the purchase of roller ball and collar fitments and that LE PAPILLON breached its contract, as well as express and implied warranties, by providing defective roller ball and collar fitments to the plaintiff. The plaintiff's subpoena, which requests copies of **all** documents and/or communications relating in **"any way"** to the handling, investigation, and communications between Federal and LE PAPILLON and Federal and other insurers, of claims or potential claims noticed or filed by Federal's insured/defendant, LE PAPILLON, regarding the roller-ball fitments it produced, is irrelevant and immaterial. The documents requested in the plaintiff's subpoena have no bearing on the issue of whether the specific roller ball and collar fitments provided by LE PAPILLION to the plaintiff were defective and/or whether LE PAPILLON breached its contract, or any express or implied warranty, with the plaintiff.

While the plaintiff has sought leave to amend its complaint to allege a claim under the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA") based on the defendant's alleged failure to notify the plaintiff of the defects after allegedly receiving a similar complaint from one other party, the plaintiff's request for leave to amend was filed on March 24, 2004, after the Movant filed its Motion to Quash/Motion for Protective Order. Moreover, the defendant, LE PAPILLON, has objected to the plaintiff's request for leave to amend and as such, the CUTPA claim is not yet a part of

this action. In fact, the basis of the defendant's objection to the plaintiff's request for leave to amend is that the CUTPA claim is time barred by the three year statute of limitations set forth in Connecticut General Statutes § 42-110g(f) and because the CUTPA claim is based on distinct and different facts than the breach of contract and breach of warranty claims, the CUTPA claim does not relate back to the original complaint. *See* Le Papillon's Objection to Plaintiff's Request for Leave to Amend the Complaint and Memorandum of law dated April 16, 2004. Accordingly, the CUTPA claim may ultimately not be part of the complaint. Therefore, allowing the plaintiff to conduct a searching inquiry into the claims file of the defendant to support a CUTPA claim not yet part of the action, and to which likely will never be a part of the action, and based solely upon an alleged similar complaint by one other party is the type of "fishing expedition" that the Federal Rules of Civil Procedure forbid and which should not be permitted by this court.

Furthermore, even if it is assumed that plaintiff is permitted to inquire into the defendant's claims file to support its purported CUTPA claim, the scope of the plaintiff's subpoena is overbroad and seeks information irrelevant to the plaintiff's claim. In its Response, the plaintiff claims that these all encompassing requests are relevant to the issue of whether the defendant/insured had knowledge of defects with its fitment, but failed to notify the plaintiff of its knowledge. (Pl.'s Response at p. 8). However, the

information that the plaintiff seeks, which includes claims history, recall issues, investigations related to the fitment and communications between Federal and the defendant and Federal and other insurers regarding the same, goes well beyond the issue of defendant's knowledge of alleged defects and constitutes nothing more than a fishing expedition in hopes to discover additional instances of alleged wrongdoing beyond the one instance alleged by the plaintiff in its Response. (Pl.'s Response at p. 8); See Tottenham v. Trans World Gaming, supra; see also Wasserstein v. Swern & Company, 84 N.J. 1, 200 A.2d 783 (1964)(Appellate court reversed the trial court's denial of a motion to quash a subpoena served upon two agents of the defendant's insurance carrier requiring them to produce "all records of any and all claims made in any[way] relating or pertaining to escalators" as the request was found to be irrelevant, immaterial, unreasonable and oppressive). Furthermore, the plaintiff is able to ascertain the information contained in the subpoena with greater ease through discovery on LE PAPILLON.

"Discovery is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." Tottenham, supra (internal quotation marks and citations omitted). "[D]iscovery requests based on pure speculation and conjecture are not permitted." Tottenham, supra (internal quotation marks and citations omitted). The plaintiff's discovery requests seeking **all** documents and/or

communications relating in **"any way"** to the handling, investigation, and communications of claims or potential claims noticed or filed by the defendant regarding the roller-ball fitments it produced and sold to the plaintiff on the sole basis of one alleged complaint made to the defendant by a third-party is the type of speculative request that the Federal Rules of Civil Procedure forbid and which should not be permitted by this Court.

Additionally, the production requests are overly broad, vague, and unduly burdensome. As currently worded, compliance with these requests will encompass numerous documents and would place an enormous and unjustified burden on the Movant to produce.

Finally, the documentation requested by the plaintiff seeks information protected by the work-product privilege. It is well established that documents prepared in "anticipation of litigation or for trial by or for [a] party or by or for that ... party's representative (including the party's attorney, consultant, surety, indemnitor, insurer, or agent)" need not be disclosed absent a "showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). "In determining whether claims files qualify for work product protection, it is necessary to distinguish between documents prepare in the

ordinary course of the insurer's business (which by its nature, involves claim investigation and analysis) and documents prepared in anticipation of litigation." <u>Tudor Insurance Company v. McKenna Associates</u>, 2003 WL 21488058 (S.D.N.Y. 2003)(internal quotation marks and citations omitted)(attached as Exhibit C).

Because of the all encompassing nature of the plaintiff's requests, it is impossible for the Movant to set forth with any specificity the documents entitled to work-product protection or the attorney-client privilege. Undoubtedly these broad requests, which the plaintiff characterizes as seeking "claims history, recall issues, investigations related to the fitment and communications with LE PAPILLON regarding the same," would encompass documentation and material prepared in anticipation of litigation, and protected by the attorney-work product doctrine and/or the attorney-client privilege. (Pl.'s Response at p. 8). However, without further clarity in its request, the Movant can not set forth with specificity what documents that might be or are claimed to be protected.

WHEREFORE, for the reasons set forth more fully within the Movant's Motion to Quash/Motion for Protective Order and Reply, the Movant respectfully requests that this Court grant the Movant's Motion to Quash/Motion for Protective Order.

        THE MOVANT
        FEDERAL INSURANCE COMPANY

        By_____
        Jennifer J. Cavalier
        Federal Bar No: ct 24646
        NUZZO & ROBERTS, L.L.C.
        One Town Center
        P.O. Box 747
        Cheshire, Connecticut 06410
        (203) 250-2000
        jcavalier@nuzzo-roberts.com

    This is to certify that on April 21, 2004, a true copy of the foregoing Reply to Plaintiff's Response to Motion to Quash/Motion for Protective Order was mailed via first class postage prepaid mail to:

Jonathan M. Shapiro
Diserio Martin O'Connor & Castiglioni
One Atlantic St.
Stamford, CT 06901

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, L.L.P.
530 Fifth Avenue
New York, NY 10036-5101

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Jeffrey Nagle, Esq.
Ryan, Ryan, Johnson & Deluca L.L.P.
80 Fourth St.
P.O. Box 3057
Stamford, CT 06905-3057

Jennifer J. Cavalier
Federal Bar No. ct 24646
NUZZO & ROBERTS, L.L.C.
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410
(203) 250-2000
jcavalier@nuzzo-roberts.com

\\fp\nuzzo\wp\403002\261\Reply Obj Prot Order 04-21-04.doc