FILED

2004 APR 28  A 11: 00

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR, LTD. | : CIVIL ACTION NO. |
| | : 302 CV 1454 (RNC) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LE PAPILLON, LTD. | : |
| | : |
| Defendant, | : APRIL 27, 2004 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT**

Plaintiff, Parfums De Coeur, Ltd, pursuant to D. Conn. L. Civ. R. 7(d), submits the following brief in reply to Defendant's Objection to Plaintiff's Request for Leave to Amend the Complaint.

**I.    PLAINTIFF MAY MAINTAIN AN ACTION FOR CONTRIBUTION.**

"The right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation." Crotta v. Home Depot, Inc., 249 Conn. 634, 639-40 (1999) (citations omitted). "Contribution is a payment made by each, or by any, of

1

several having a common interest or liability of his share in the loss suffered, or in the money necessarily paid by one of the parties on behalf of others. . . . The contribution defendant must be a tort-feasor, and originally liable to the plaintiff. If there was never any such liability . . . then there is no liability for contribution." Id. at 639-40.

Not only does Conn. Gen. Stat. § 52-572h affords a right of contribution among joint tortfeasors, but the Products Liability Act, Conn. Gen. Stat. § 52-572m et seq., also allows contribution among joint tortfeasors.

While the bulk of Plaintiff's claims are primarily based on its contractual rights under the Uniform Commercial Code, the allegations contained in Plaintiff's contribution claim are based on negligence and product liability principles. Specifically, Plaintiff alleges that "PAPILLON breached its duty to safely sell and distribute the Mechanism giving rise to the condition whereby the roller balls would come out of the fitments, and consumers were thereby injured."

Furthermore, Plaintiff alleges that the actions of PAPILLON have caused "personal injuries" and that "PARFUMS has discharged and will discharge, by payment of the common liability of PARFUMS

and PAPILLON, for injuries caused by PAPILLON's placement of the defective Mechanisms into the stream of commerce." Again, these are allegations based on negligence and product liability principles.

Moreover, despite the Defendant's claim to the contrary, a part manufacturer is originally liable to a plaintiff for any injuries resulting from a component part. Conn. Gen. Stat. § 52-572m. Indeed, Defendant has been named in at least one lawsuit with Plaintiff regarding the failure of the fitments to retain the roller ball. In Plaintiff's handling of the claims and suits, Plaintiff has discharged and will discharge the joint liability of both it and Defendant. In doing so, Plaintiff has paid more than its share of liability. Accordingly, contribution under either Conn. Gen. Stat. § 52-572h or Conn. Gen. Stat. § 52-572o is appropriate.

Even if this claim was not construed as deriving from negligence, "[i]t is true, of course, that out of a contractual relationship, a tort liability, as in negligence, may arise." Gazo v. City of Stamford, 255 Conn. 245, 263 (2001) citing Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 410 (1965); see also Sheets v. Frosted Foods, Inc., 179 Conn. 471, 475 (1980) (stating that

"the argument that contract rights . . . may yet give rise to liability in tort . . . is not a novel one.").

In the context of this action, Plaintiff's contractual relationship with Defendant has given rise to a tort liability. As discussed, Plaintiff's contribution claim is premised on personal liability and product liability claims and actions that have been filed and are likely to be filed against Plaintiff as a result of the defective fitment. Specifically, the claims for which Plaintiff seeks contribution all relate to incidences involving the failure of the fitments to retain the roller balls.

Finally, Plaintiff has brought this claim in the context of this litigation consistent with principles of equity and judicial economy in order to pursue all claims in a single action.

For all these reasons, Plaintiff's request as to this claim should be granted.

II. **PLAINTIFF'S CUTPA CLAIM IS NOT BARRED BY THE STATUTE OF LIMITATIONS.**

In its objection, Defendant argues that Plaintiff CUTPA claim is barred by the three year statute of limitations under Conn. Gen. Stat. § 42-110g(f), and that such claim is not tolled by alleging

fraudulent concealment or the relation back doctrine. Very simply, Defendant misconstrues Plaintiff's CUTPA claim by arguing that the CUTPA claim began to run on February 16, 2001, the date that Plaintiff first entered into a purchase order with Defendant, and, thus, expired on February 16, 2004.

As Defendant clearly acknowledges in its objection, the operative acts by Defendant that give rise to Plaintiff's CUTPA claim are Defendant's failure to disclose to Plaintiff its knowledge that its fitments were failing after being advised by its customer, Kaufman Containers, in June/July 2001, its failure to disclose such knowledge after Plaintiff advised Defendant in August 2001 that it was experiencing an identical problem with the fitments and sought Defendant's assistance, and its failure to disclose the results of its investigation during the summer and fall 2001 that further revealed the inconsistent and defective nature of the fitments.

It is this failure to disclose that Plaintiff alleges constitutes a CUTPA claim for Defendant's immoral, unethical, oppressive and unscrupulous practice. At the earliest, PAPILLON possessed this knowledge in June 2001. Accordingly, Plaintiff's

claim for CUTPA, began to run in June 2001. Plaintiff filed its request for leave to amend its complaint on March 24, 2004, less than three years from the date of the acts giving rise to its CUTPA claim. Accordingly, Plaintiff's CUTPA claim is not time barred by the statute of limitations.

Even if the date of the first purchase order, February 16, 2001, was the operative date for purposes of the statute of limitations, Defendant's argument still fails as the statute of limitations is tolled by Defendant's continuing course of conduct.

"To support a finding of a 'continuing course of conduct' that may toll the statute of limitations, there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to the commencement of the period allowed for bringing an action for such a wrong." In re Kellogg v. Key Bank of Maine, 166 B.R. 504 (Bankr. D.Conn. 1994) (citations omitted).

Assuming arguendo that Defendant had knowledge regarding the defective fitments at the time of the first purchase order, its duty to inform Plaintiff of the nature of the problem after the commission of the original wrong was a continuing duty. At the

very least, Defendant continued to receive more information regarding the defective fitments during the summer and fall 2001 that it should have disclosed to Plaintiff. As stated, in approximately June 2001, Defendant received notification from Kaufman Container that its fitments were failing to retain the roller ball. Plaintiff notified Defendant of an identical problem approximately August 1, 2001, and sought the assistance of Defendant to rectify the problem.

Nonetheless, despite such request on the part of Plaintiff, Defendant failed to notify Plaintiff of all information it had relevant to the existing problems with the fitment. Defendant's continuous actions in failing to disclose relevant information to Plaintiff regarding the failure of the fitments, especially after Plaintiff sought the assistance of Defendant, constitutes continuous wrongful conduct sufficient to toll the statute of limitations.

Accordingly, Plaintiff's CUTPA claim is not time barred by the statute of limitations.

**WHEREFORE,** for all the foregoing reasons, Defendant's objection should be denied.

THE PLAINTIFF
PARFUMS DE COEUR, LTD.

By _____
Jonathan M. Shapiro (ct24075)
Diserio Martin O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
(203) 358-0800

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing has been mailed, postage prepaid, this 27th day of April, 2004, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (CT05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark (ct06484)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, Connecticut 06484

_____
Jonathan M. Shapiro

H:\LIT\JMS\Parfum\21090.reply to defendant's objection.doc