UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PARFUMS DE COEUR, LTD. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 3:02 cv 1454 (RNC) |
| | : | |
| LE PAPILLON, LTD. | : | |
| | : | |
| Defendant. | : | |
| | | MAY 27, 2004 |

## MOTION FOR EXTENSION OF TIME

Pursuant to Local Rule 9(b), the defendant in the captioned matter hereby respectfully moves for an extension of time to the Court's Case Management Plan Scheduling Order dated August 4, 2003, and subsequent Orders dated November 26, 2003, January 5, 2003 and February 12, 2004.  In support of this motion, the defendant represents as follows:

1. Plaintiff and defendant have worked diligently to schedule and take the depositions of the witnesses involved but have had difficulties in scheduling the depositions due to unexpected circumstances.

2. Plaintiff disclosed Jordan Rotheiser as an expert witness on April 1, 2004 and defendant promptly requested dates for Mr. Rotheiser's deposition.  Counsel were unable to schedule a deposition prior to June 3, 2004 due to Mr. Rotheiser's health and treatment he is receiving for his condition (see Exhibit 1).

3. On May 7, 2004 the defendant filed a Request for Inspection (see Exhibit 2) of the tool or molding machine (hereinafter referred to as the "mold") at issue in this case. The mold was used to manufacture the two-part roller ball fitment assemblies which plaintiff purchased from the defendant and which form the basis for plaintiff's claim.

4. On May 24, 2004 plaintiff's counsel informed the undersigned that his client objects to making the mold available for inspection due to the fact that after the events in question, the mold was purchased by the plaintiff which made subsequent modifications to the mold. Plaintiff therefore believes that the present condition of the tool is not relevant to any of the claims or defenses in the case.

5. Plaintiff will not make the mold available for inspection unless ordered to do so by the Court and therefore a ruling by the Court will be necessary after plaintiff files its objection to the inspection.

6. Plaintiff's expert report (see Exhibit 3) includes his opinions, among other things that the defendant "was derelict in not determining the quality of the mold"; "was derelict in not determining the condition of the mold"; and that the mold had "widely varying core dimensions thus resulting in parts with wide variances and ball retention strength resulting in failure of some of the fitments" (see Exhibit 3, pg. 2, ¶¶ 7, 8 & 9).

7. Plaintiff's assertion that there have been modifications to the mold since plaintiff purchased it from the defendant may be grounds for cross examination, but the extent and nature of the changes are highly relevant to its condition and quality at the time the parts in question were manufactured and may be ascertained by an inspection of the mold. In any event, plaintiff should not be the arbiter of what is and is not relevant to the claims and defenses in this case. Defendant should be entitled to conduct the inspection for whatever evidentiary value it may have and for whatever use defendant's expert may be able to make of the inspection.

8. In addition, the defendant identified and met with a proposed expert witness named George Nelson on April 30, 2004. Defendant planned to use Mr. Nelson to inspect the mold and serve as its expert witness. On May 18, 2004, the undersigned received a call from Mr. Nelson who stated he was embarrassed to say that he had forgotten that Peter Clark, plaintiff's counsel, had retained him to serve as an expert in May 2003. Mr. Nelson stated that he had not heard from Clark in some time and did not know if Clark still planned on using him as an expert.

9. Defense counsel promptly contacted Attorney Clark and explained the foregoing and asked Attorney Clark if he still intended to use Mr. Nelson as an expert witness.

10.  On May 25, 2004, the undersigned received a voice message from Attorney Clark indicating that he had sent Mr. Nelson some materials for review and had met with him or had a lengthy telephone conversation with Mr. Nelson and therefore, that it would not be appropriate for the defendant to use Mr. Nelson as an expert witness.

11.  The defendant cannot disclose an expert until it retains a new expert to replace Mr. Nelson, until Mr. Rotheiser's deposition is completed on June 3, 2003 and until the inspection of the mold takes place.

12.  In addition, defendant cannot request a pre-filing conference with respect to dispositive motions until it obtains a liability expert, completes Mr. Rotheiser's deposition and inspects the mold.

WHEREFORE, the defendant respectfully requests the following extensions:

1.  Up to and including June 3, 2004 to depose plaintiff's expert, Jordan Rotheiser;

2.  Up to and including 30 days after a ruling on plaintiff's objection to defendant's request for inspection within which to disclose its liability expert;

3.  Up to and including 30 days following a ruling on plaintiff's objection to defendant's request for an inspection within which to request a pre-filing conference with regard to dispositive motions.

Pursuant to Local Rule 9(b)3, the undersigned has inquired of opposing counsel Richard Castiglioni and plaintiff has an objection to the present motion.

This is the first motion for extension of time by the defendant with respect to the time limitations in question, with the exception of joint requests initiated by the plaintiff.

                                    THE DEFENDANT,
                                    LE PAPILLON, LTD.

By:_____
    Michael T. Ryan, Esq., (CT 05685)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

                                                    _____
                                                    Michael T. Ryan, Esq.

I:\Procases\720.123\x-time052504.wpd
720.123