UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PARFUMS DE COEUR LTD                          NO.: 3:02 cv 1454 (RNC)
         plaintiff

v.

LE PAPILLON LTD                                JULY 16, 2004
         defendant.

FEDERAL INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION

For the reasons contained herein, the Movant, Federal Insurance Company, respectfully requests that this Court reconsider its Order dated July 2, 2004 denying the Movant's Motion for Protective Order/Motion to Quash.

I.      BACKGROUND

On February 27, 2004, the Plaintiff, Parfums De Coeur, issued a Subpoena on Federal Insurance Company, from the District Court of New Jersey seeking the production of documents and the deposition of its agent most knowledgeable about said documents. (*See* Subpoena attached as Exhibit A). The Subpoena commanded a Federal Insurance Company representative to appear on March 30, 2004 at the law firm of Diserio, Martin, O'Connor & Castiglioni located at One Atlantic Street in Stamford, Connecticut to testify at a deposition. The subpoena also commanded the production of

documents in Stamford, Connecticut as set forth in an attached Schedule A to the Subpoena.[1] On March 23, 2004, Defendant, Le Papillon, Ltd., filed an objection to the subpoena of non-party Federal Insurance Company. Additionally, on March 23, 2004, the Movant, pursuant to Fed.R.Civ.Pro. 45 (c)(3)(A) and Fed.R.Civ.Pro. 26(c), filed a Motion to Quash/Motion for Protective Order regarding the deposition and production of documents by a Federal Insurance Company representative. The Plaintiff, Parfums De Coeur, filed a Response to Federal Insurance Company's Motion to Quash/Motion for Protective Order dated April 12, 2004 to which a Reply Brief, dated April 21, 2004, was filed by Federal Insurance Company. On May 11, 2004, the Honorable Donna F. Martinez heard oral argument on the Movant's Motion for Protective Order and Motion to Quash along with the Plaintiff's Response and Federal Insurance Company's Reply thereto.

On July 2, 2004, the Honorable Donna F. Martinez denied the Movant's Motion to Quash/Motion for Protective Order ordering that "[a]ny motion regarding the enforcement of a subpoena must be filed with the District Court for the District of New

---

[1] Under Federal Rule 45(a)(2), a subpoena for the attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which production or inspection is to be made. It is the Movant's position that Parfums De Coeur's subpoena is invalid as it was issued out of the District Court of New Jersey but commanded a Federal Insurance Company representative to appear for a deposition in Connecticut along with requiring the production of documents in Connecticut.

Jersey - - the court from which the subpoena was issued.  See Fed. R. Civ. P. 45 (c)(3)(A). SO ORDERED."

The Movant, Federal Insurance Company, hereby respectfully requests the Court reconsider its July 2, 2004 Order on the ground that for matters relating to a deposition Federal Rule 26(c) provides the court in the district where the deposition is to be taken to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses, including an order that the discovery or disclosure not be had. Fed.R.Civ.P. 26(c)(1).

II.     ARGUMENT

    A.     Standard for Motion for Reconsideration

Motions for reconsideration under D. Conn. L. Civ. R. 7(c) "are, as a practical matter the same thing as motions for amendment of the judgment under Fed.R.Civ.P. 59(e) and are treated under the same standard." United States of America v. Mills, 2004 WL 57282 (D. Conn. Jan. 8. 2004)(attached as Exhibit B).  A motion for reconsideration is appropriate when a court overlooks "controlling decisions or factual matters that were put before it on the underlying motion" and which, if examined, might reasonably have led to a different result. Eisenmann v. Greene, 204 F.3d 393, 395 n. 2 (2nd Cir. 2000). Additionally, a motion for reconsideration may be granted to correct a clear error, or prevent "manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956

F.2d 1245, 1255 (2nd Cir. 1992). "The standard for granting a motion for reconsideration is strict." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995).

    B.    Federal Rule Of Civil Procedure 26(c) Allows a Connecticut District Court to Rule on a Protective Order.

Pursuant to Federal Rule Civil Procedure 26(c), a Connecticut District Court has the authority to issue a ruling on a motion for protective order filed by a non-party when the deposition of the non-party is to occur in Connecticut and the action is pending in Connecticut.

Federal Rule of Civil Procedure 26(c) governing protective orders provides in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought . . . **the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken** may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1)    that the disclosure or discovery not be had;
>
>    . . .
>
> (4)    that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>    . . .

Fed. R. Civ. P. 26(c)(emphasis added).

Under the Federal Rules, when a non-party receives a subpoena to which it objects, it has several options: file a motion to quash or modify the subpoena pursuant to Fed.R.Civ.P. 45(c)(3)(A); seek a protective order pursuant to Fed.R.Civ.P. 26(c); or object to the production of documents by opposing a motion to compel under Fed.R.Civ.P. 45(c)(2)(B). Unlike Rule 45, Rule 26(c) governing protective orders, expressly permits flexibility in cases in which discovery disputes involve multiple courts. United States of America v. Star Scientific, Inc., 205 F. Supp.2d 482 (D.Maryland, June 3, 2002)(attached as Exhibit C). The rule provides that not only can the court in which the action is pending rule on a protective order, but if a deposition is involved, a protective order may be sought in the district where the deposition is to be taken. Fed.R.Civ.P. 26(c). Therefore, a non-party subpoenaed for testimony and production of documents may move for a protective order under Fed.R.Civ.P. 26(c) in the district where the deposition is to occur and production is to be made. *See* Micro Motion Inc. v. Kane Steel Co. Inc., 894 F.2d 1318, 1322-1323 (Fed.Cir. 1999).

Moreover, district courts from other jurisdictions have recognized that the court in which a particular action is pending often is better situated to resolve discovery disputes and have permitted the transfer of a matter concerning a subpoena from the court issuing the subpoena to the court where the action is pending. United States v. Star Scientific, Inc., 205 F.Supp.2d 482 9(D. Maryland 2002). In fact, courts from other jurisdictions

have held that an out of state non-party seeking intervention from a court in the district where the action is pending or where the deposition is taken must do so by seeking a protective order under Rule 26(c).  Byrnes v. Jetnet Corp., 111 F.R.D. 68 (M.D.N.C. 1986)(attached as Exhibit D).  Upon the filing of a protective order under Rule 26(c), the non-party submits itself to the jurisdiction of the district court where the action is pending or the deposition is to be taken.  These courts have found that discovery issues are often best decided by the court most familiar with the facts of the case and the posture of the parties.  United States v. Star Scientific, Inc., 205 F.Supp.2d 482 9(D. Maryland 2002).

     This action is pending in the District Court of Connecticut.  Additionally, the subpoena issued by Parfums De Coeur commands the deposition of a Federal Insurance Company representative to take place in Stamford, Connecticut.  Along with appearing for the deposition in Connecticut, the Federal Insurance Company representative is commanded to produce and permit inspection of a series of documents in Stamford, Connecticut.

     Therefore, because the current action is pending in Connecticut along with the fact that Connecticut is the district in which the deposition of the Federal Insurance Company representative is to be taken, this Court would have the authority to rule on the Movant's Motion for Protective Order under Rule 26(c).

WHEREFORE, the Movant respectfully requests that this Court reconsider its July 2, 2004 order, on the ground that for matters relating to a deposition Federal Rule 26(c) provides the court in the district where the deposition is to be taken to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses.

                    THE MOVANT
                    FEDERAL INSURANCE COMPANY


By _____
    Jennifer J. Cavalier
    Federal Bar No: ct 24646
    NUZZO & ROBERTS, L.L.C.
    One Town Center
    P.O. Box 747
    Cheshire, Connecticut 06410
    (203) 250-2000
    jcavalier@nuzzo-roberts.com

This is to certify that on July 16, 2004, a true copy of the foregoing Memorandum of Law In Support of Motion for Reconsideration was mailed via first class postage prepaid mail to:

Jonathan M. Shapiro
Diserio Martin O'Connor & Castiglioni
One Atlantic St.
Stamford, CT  06901

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY  10036-5101

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT  06484

Jeffrey Nagle, Esq.
Ryan Ryan Johnson & Deluca LLP
80 Fourth St.
P.O. Box 3057
Stamford, CT  06905-3057

                                                Jennifer J. Cavalier
                                                Federal Bar No: ct 24646
                                                NUZZO & ROBERTS, L.L.C.
                                                One Town Center
                                                P.O. Box 747
                                                Cheshire, Connecticut 06410
                                                (203) 250-2000
                                                jcavalier@nuzzo-roberts.com

\\fp\nuzzo\wp\403002\261\Memo Mot Reconsideration 07-16-04.doc