03/18/04 THU 16:06 FAX 908 903 3820    GENERAL COUNSEL    ⌐002

MAR-4-2004 04:47P FROM:    TO:19086652252    P:4/7

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF **New Jersey**

RECEIVED
MAR 0 8 2004
CORP.SECY.OFFICE

Parfums de Coeur, Ltd. v. Le Papillon, Ltd.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 302 CV 1454 (RNC)
(D.Conn.)

TO: Federal Insurance Company through its agent most knowledgable regarding the documents and matters set forth on the attached Schedule A
15 Mountain View Road, Warren, NJ 07061

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Diserio Martin et al., One Atlantic Street, Stamford, CT 06901 | 3/30/04 10:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Diserio Martin et al., One Atlantic Street, Stamford, CT 06901 | 3/30/04 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] (Attorney for Plaintiff) | 2/27/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:

Jonathan M. Shapiro, Diserio Martin O'Connor & Castiglioni, One Atlantic St., Stamford CT 06901
(203)358-0800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

I. DEFINITIONS

1. "Document" includes all writings, drawings, graphs, reports, statements, charts, letters, electronic mail, memorandum, photographs, phonorecords, videotapes, audiotapes and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or nonidentical copy is a separate document within the meaning of this term.

II. PRODUCTION REQUESTS

1. Copies of all non-privileged documents relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

2. Copies of all non-privileged documents relating in any way to any investigation conducted in connection with your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

3. Copies of any and all communications or documents relating to communications relating in any way to any investigation

MAR-23-2004 12:40AM FROM-
Case 3:02-cv-01454-RNC    Document 87-2    Filed 07/19/2004    Page 4 of 4
T-371   P.014/016   F-275

03/18/04 THU 18:08 FAX 908 803 3820        GENERAL COUNSEL                 ⌀005
MAR-4-2004  04:49P FROM:
                                            TO:19086652252        P:7/7

conducted in connection with your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

4. Copies of any and all non-privileged communications or documents relating to communications between you and any other insurers relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

5. Copies of any and all non-privileged communications or documents relating to communications relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.

6. Copies of any and all non-privileged communications or documents relating to communications between you and Le Papillon, Ltd. relating in any way to your handling of claims or potential claims noticed or filed by your insured, Le Papillon, Ltd., regarding the roller-ball fitments it produced and sold to Parfums de Coeur, Ltd.