```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT
```

PARFUMS DE COEUR, LTD.,         :
                                :
    Plaintiff,                  :
                                :
    v.                          :         CASE NO. 3:02CV1454(RNC)
                                :
LE PAPILLON, LTD.,              :
                                :
    Defendant.                  :

### RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Pending before the court is the plaintiff's motion for leave to amend the complaint. (Doc. #74.) For the reasons set forth below, the court recommends that the motion be DENIED in part and GRANTED in part.

I.   Factual Background

The plaintiff, Parfums de Coeur ("Parfums"), produces perfume that it packages for sale in glitter roll-on bottles. (Count 1, ¶3.) The plaintiff's bottles are topped with a dispensing mechanism consisting of a roller ball and collar fitment (the "mechanisms") that enables users to apply the fragrance. (Count 1, ¶5.) The defendant, Le Papillon Ltd., ("Papillon") produces and sells the mechanisms. (Count 1, ¶4.) In February 2001, Parfums agreed to purchase the mechanisms from Papillon for its glitter roll-on bottles. (Compl. ¶¶6, 8.) The purchase order provided that the mechanisms were of "merchantable quality, conform[ing] to specifications and . . . suitable for the purchaser's intended uses

and purposes in the ordinary course of business."  (Count 1, ¶7.) Pursuant to the purchase order, Papillon agreed to hold Parfums "harmless against any liability, judgment, damages, incidental or consequential, loss or expense, including reasonable counsel fees resulting from Seller's failure to meet the requirements of the [warranties]."  (Count 5, ¶8.)

Beginning in June 2001, Parfums began receiving complaints from consumers that the roller ball in the mechanism popped out when pressure was applied to the bottle, resulting in personal injuries.  (Count 1, ¶9.)  In January 2002, the defendant informed the plaintiff that the mold used to create the collar fitments of the mechanisms was defective.  (Count 1, ¶10.)  In July 2002, Parfums commenced this diversity action against Papillon alleging breach of contract (count 1), breach of express warranty (count 2), breach of implied warranty of merchantability (count 3), breach of implied warranty of fitness (count 4) and contractual indemnification (count 5).  Parfums seeks money damages and as to count 5, a declaration that the defendant has a duty to indemnify the plaintiff "against any claims and liabilities arising out of the defendant's breach of its express warranties."  The plaintiff now moves to amend the complaint to add two new claims -- a claim for contribution and a claim under the Connecticut Unfair Trade Practices Act ("CUTPA") (Doc. #74.)  The defendant objects. (Doc. #70.)

II.  Law Governing a Motion to Amend

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires."  Nonetheless, leave to amend may be denied where the proposed amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).  "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003); see also Nettis v. Levitt, 241 F.3d 186, 194 n.4 (2d Cir. 2001) ("Determinations of futility are made under the same standards that govern Rule 12(b)(6) motions to dismiss.").  An amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground."  Goldberg v. Cablevision Systems Corp., 281 F. Supp. 2d 595, 605 (E.D.N.Y. 2003).

III. Discussion

The plaintiff alleges in its proposed contribution claim that: "Papillon breached its duty to safely sell and distribute the Mechanism giving rise to the condition whereby the roller balls would come out of the fitments and consumers were injured thereby." (Count 6, ¶17.)  "As a result of such defective quality of the mechanism and Papillon's breach of its contract, numerous claims have been filed and will be filed by consumers against Parfums for personal injuries resulting from said defects . . . and will result

in Parfums having to satisfy personal injury claims arising out of injuries caused by the defective mechanisms." (Count 5, ¶19.) As of July 2, 2002, Parfums did not have insurance for such claims and as a result, Parfums itself paid the claims caused by Papillon's "placement of the defective mechanisms into the stream of commerce." (Count 6, ¶¶18, 22.) Parfums alleged that it "notified and tendered the defense of such claims to Papillon but Papillon has refused to accept the tender and defense of said claims on behalf of Parfums." (Count 6, ¶21.) Parfums further alleges that it "paid more than its share of liability of each claim" and "is entitled to contribution from Papillon for the aforementioned losses." (Count 6, ¶¶23-25.)

"The law of contribution is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury . . . ." 18 Am. Jur. 2d Contribution § 4 (2004).[1]

> Contribution is a payment made by each, or by any, of several having a common interest or liability of his share in the loss suffered, or in the money necessarily paid by one of the parties in behalf of the others. . . . The right of action for contribution, which is equitable in origin, arises when, as between multiple

---

[1] "The doctrines of indemnification and contribution are based on fundamentally different principles. Indemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 706 (1997)(citations and internal quotation marks omitted).

>   parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation.

Crotta v. Home Depot, Inc., 249 Conn. 634, 639-40 (1999) (citations and internal quotation marks omitted.)

The defendant argues that the plaintiff's proposed amendment should be denied because it fails to state a claim upon which relief can be granted. The plaintiff's claims, contends the defendant, do not afford the plaintiff a right of contribution. The defendant points out that the common law of Connecticut does not permit contribution or apportionment among joint tortfeasors. Gomeau v. Forrest, 176 Conn. 523, 524 (1979). Although there are certain exceptions for which statutory rights to contribution exist, see Conn. Gen. Stat. § 52-572h (alters the common law by permitting contribution between joint tortfeasors in negligence action); Conn. Gen. Stat. § 52-572o(e) (permitting contribution in product liability action), they are inapplicable because this is not a negligence action. Rather, the plaintiff has pled breach of contract and breach of warranty claims, contractual claims that are governed by the Uniform Commercial Code. According to the defendant, there is no common law contribution applicable to liability arising from contract.

The plaintiff concedes that the "bulk of [its] claims are primarily based on its contractual rights under the Uniform Commercial Code . . . ." (Doc. #73, Pl's Reply Br. at 2.) It

argues, however, that "the allegations in [its] contribution claim are based on negligence and product liability principles." (Id.) Accordingly, "contribution under either Conn. Gen. Stat. § 52-572h or Conn. Gen. Stat. § 52-572o is appropriate." (Id. at 3.)

The court disagrees with the plaintiff. Although the plaintiff alleges that the defendant's actions have caused "personal injuries," the plaintiff has not asserted either a negligence or product liability claim. The plaintiff cannot rely on statutes specifically permitting contribution for those particular causes of action as a basis for contribution, where it has not pleaded the predicate causes of action. Therefore, the court recommends that the plaintiff's request for leave to amend the complaint to add its proposed contribution claim be denied.

The plaintiff also seeks to add a CUTPA[2] claim. In its proposed CUTPA claim, the plaintiff alleges that in June/July 2001, the defendants received complaints from another of its customers that the roller balls were coming out of the fitments. (Count 7, ¶16.) In August 2001, the plaintiff notified the defendant that the roller balls were coming out of the fitments. (Count 7, ¶20.) Although the defendant knew that another customer had a problem with the roller balls similar to that experienced by the plaintiff,

---

[2]CUTPA provides in relevant part that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a).

6

the defendant "kept this knowledge and the extent of the problem secret from Parfums." (Count 7, ¶21.) The defendant also did not disclose that a consultant it had hired in September 2001 had concluded that the defendant's mold was defective and incapable of producing consistent parts. (Count 7, ¶¶24-25.) The plaintiff alleges that the defendant violated CUTPA because it had a duty to disclose this information but failed to do so. (Count 7, ¶¶ 27, 30.)

The defendant argues that the motion to amend should be denied because the plaintiff's proposed CUTPA claim is barred by the three year statute of limitations[3] and that the limitations period is not tolled. The defendant reasons that the statute of limitations begins on February 16, 2001, the date alleged by the plaintiff as when the plaintiff entered into a contract with the defendant to purchase the mechanisms. Therefore, according to the defendant, the plaintiff had until February 16, 2004 to allege a CUTPA claim stemming from the contract at issue. (Doc. #70, Def's Obj. at 10.)

Non-disclosure may rise to a CUTPA violation if the defendant had a duty to disclose. <u>Willow Springs Condominium Assn., Inc. v. Seventh BRT Development Corp.</u>, 245 Conn. 1, 46 (1998).[4] However, if the alleged deceptive acts that form the basis of the CUTPA

---

[3] Conn. Gen. Stat. § 42-110g(f) provides: "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."

[4] The defendant's memorandum in opposition does not argue that it did not have a duty to disclose. <u>See</u> doc. #70.

claim occurred more than three years prior to the commencement of the action, that claim is time barred. Id. at 46. Claims of fraudulent concealment do not toll the CUTPA statute of limitations. See Fichera v. Mine Hill Corp., 207 Conn. 204 (1988) (standing for the proposition that an arguably fraudulent or deceptive act that is itself claimed to be a CUTPA violation that occurred more than three years before the filing of the action cannot, by itself, toll the statute of limitations). In this case, the alleged nondisclosures which form the basis of the plaintiff's CUTPA claim occurred within the three year statute of limitations. The court recommends that the plaintiff's request for leave to amend the complaint to add the CUTPA claim be granted.

IV. Conclusion

For these reasons, the court recommends that the plaintiff's motion for leave to amend the complaint (doc. #74) be DENIED in part and GRANTED in part. The court recommends that the plaintiff's request to amend its complaint to add a contribution claim be denied and its request to add a CUTPA claim be granted.

Any party may object to this recommended ruling within ten days after being served with the report and recommendation. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut. Failure to timely object to a magistrate judge's report may operate as a waiver of any further judicial review of

the decision.  <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this 23rd day of July, 2004.

_____
Donna F. Martinez
United States Magistrate Judge