```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


PARFUMS  DE COEUR, LTD.              : CIVIL ACTION NO.
                                     : 302 CV 1454 (RNC)
     Plaintiff,                      :
                                     :
v.                                   :
                                     :
LE PAPILLON, LTD.                    :
                                     :
     Defendant,                      : AUGUST 4, 2004
```

**PLAINTIFF'S OPPOSITION TO FEDERAL INSURANCE COMPANY'S
MOTION FOR RECONSIDERATION**

Plaintiff, PARFUMS DE COEUR, LTD., ("Plaintiff" or "PARFUMS") respectfully requests this Court to enter an Order denying FEDERAL INSURANCE COMPANY'S, LLC ("FEDERAL") Motions for Reconsideration. In support thereof, Plaintiff responds as follows:

**I.   FACTS AND PROCEDURAL HISTORY**

On February 27, 2004, Plaintiff issued a subpoena to FEDERAL from the District of New Jersey pursuant to Fed. R. Civ. P. 45 seeking the production of documents and the deposition of its agent most knowledgeable about said documents.  On March 23, 2004, FEDERAL filed with this Court its Motion to Quash and Motion for

Protective Order.  On April 12, 2004, Plaintiff filed a Response to Federal Insurance Company's Motion to Quash/Motion for Protective Order to which a Reply Brief was filed by FEDERAL.  On May 11, 2004, this Court heard oral argument on said papers.  On July 2, 2004, the Honorable Donna F. Martinez denied the Movant's Motion to Quash/Motion for Protective Order ordering that "[a]ny motion regarding the enforcement of a subpoena must be filed with the District Court for the District of New Jersey – the court from which the subpoena was issued. See Fed. R. Civ. P. 45(c)(3)(A). SO ORDERED."

Thereafter, on July 16, 2004, FEDERAL moved this Court to reconsider its July 2, 2004 decision.  As illustrated below, FEDERAL'S Motion to Quash and Motion for Protective Order should be denied in their entirety.

**II.   ARGUMENT**

**A.   Standard for Motion for Reconsideration.**

"A motion for reconsideration is committed to the sound discretion of the court." Kregos v. The Latest Line, Inc., 951 F.Supp. 24 (D.Conn. 1996).  "The major grounds justifying

reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Id. citing Virgin Atlantic Airways, Ltd. v. Nat'l Medication Bd., 956 F.2d 1245, 1255 (2nd Cir. 1992). Moreover, the standard for reconsideration is strict and such a motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2nd Cir. 1995).

**B.   Federal Has Failed to Satisfy the Standard for Reconsideration.**

FEDERAL has failed to provide this Court with any evidence of the "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." In its motion, FEDERAL merely repeats the arguments it raised in its reply brief dated April 21, 2004 to Plaintiff's Response to Motion to Quash/Motion for Protective Order.

In relevant part, FEDERAL'S Memorandum of Law in Support of its Motion for Reconsideration argues that this Court has jurisdiction to hear its Motion to Quash/Motion for Protective

Order pursuant to Federal Rule 26(c) on grounds that Rule 26(c) allows a court in the district for where the deposition is to be taken to make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses, including an order that the discovery not be had. See <u>FEDERAL INSRUANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION</u> at p. 4-5.  This argument is identical to that raised in FEDERAL'S reply brief dated April 21, 2004. <u>See FEDERAL INSRUANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH/MOTION FOR PROTECTIVE ORDER</u> at p. 2-3.

FEDERAL further argues that "district courts from other jurisdictions have recognized that the court in which a particular action is pending often is better situated to resolve discovery disputes and have permitted the transfer of a matter concerning a subpoena from the court issuing the subpoena to the court where the action is pending." See <u>FEDERAL INSRUANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION</u> at p. 5.  Again, this argument is identical to FEDERAL'S argument in its reply brief. <u>See FEDERAL INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO QUASH/MOTION FOR PROTECTIVE ORDER</u> at p. 2.

Moreover, this Court heard oral argument on all issues raised

in the moving papers on May 11, 2004 including the arguments repeated in FEDERAL'S Motion for Reconsideration papers.  It is clear that this Court made an informed decision based on all law presented to it when this issue was raised the first time.  FEDERAL has simply failed to meet its burden of presenting any change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

    FEDERAL'S actions have served only to further delay the discovery of information to which Plaintiff is entitled.  It has now been over five months since Plaintiff issued its subpoena to FEDERAL.  From the outset, Plaintiff has been patient and willing to work with FEDERAL to resolve any dispute.  Since this Court issued its ruling on July 2, 2004, Plaintiff and FEDERAL have worked to resolve their differences.  As of this date, FEDERAL, through counsel, has agreed to provide all non-privileged documents and has agreed to the deposition of its representative, but it still has not provided any documentation or a privilege log. <u>See</u> Letter from Jennifer Cavalier to Jonathan Shapiro dated July 29, 2004 attached hereto as Exhibit "A."  Any further delay in this regard would only serve to prejudice Plaintiff.

    **WHEREFORE,** for all the foregoing reasons, Plaintiff

respectfully requests this Court to enter an order denying FEDERAL'S Motion for Reconsideration and ordering compliance with the subpoena as served.

```
                         THE PLAINTIFF
                         PARFUMS DE COEUR, LTD.

                            /s/JMS

                         By_____
                         Richard E. Castiglioni (ct072820)
                         Jonathan M. Shapiro (ct24075)
                         Diserio Martin O'Connor & Castiglioni
                         One Atlantic Street
                         Stamford, CT 06901
                         (203) 358-0800
```

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing has been mailed, postage prepaid, this 4th day of August, 2004, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (ct05685)
Jeffrey C. Nagle
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark (ct06484)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, Connecticut 06484

Jennifer Cavalier (ct24646)
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410

/s/JMS
_____
Jonathan M. Shapiro

H:\LIT\JMS\Parfum\21090.opposition to motion for reconsideration.doc