UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR, LTD. | : CIVIL ACTION NO. |
| | : 302 CV 1454 (RNC) |
|     Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LE PAPILLON, LTD. | : |
| | : |
|     Defendant, | : AUGUST 4, 2004 |

## MOTION TO QUASH/MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) and Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff, PARFUMS DE COEUR, LTD., hereby moves to quash the Notice of Deposition dated July 16, 2004, of JAMES R. STORAR, TRS Technical Service issued by Defendant, and further moves for a protective order that the deposition of Mr. Storar currently scheduled to occur on September 1, 2004 at the law offices of Defendant's counsel not go forward.  For the reasons stated herein, Plaintiff's motions should be granted.

Plaintiff moves for the protective order on the grounds that the proposed deponent, Mr. Storar, was previously deposed in this litigation on March 10, 2004 and that any subsequent deposition of Mr. Storar is unreasonably cumulative and duplicative and the burden and expense of the proposed discovery far outweighs any likely

benefit. Moreover, Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure requires that a party must obtain leave of the court, "if . . . without the written stipulation of the parties . . the person to be examined already has been deposed in the case."

While the Federal Rules of Civil Procedure are to be construed broadly in favor of discovery, limitations do exist. <u>See</u>, <u>e.g.</u>, <u>Yancey v. Hooten</u>, 180 F.R.D. 203 (D.Conn. 1998). In relevant part, Rule 26(b)(2) of the Federal Rules of Civil Procedure provides, that discovery

> shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

On March 8, 2004, Plaintiff issued its re-notice deposition for Mr. Storar, a paid consultant of Defendant who investigated the problems that Defendant experienced with its roller-ball fitment that is the subject of this lawsuit. A copy of the re-notice is attached hereto as Exhibit "A." The re-noticed invited Defendant and provided it the opportunity to cross-examine the witness if it so chose. Pursuant to the re-notice of deposition, Mr. Storar's deposition was taken on March 10, 2004.

2

The deposition lasted approximately six hours. During said deposition, Mr. Storar was examined extensively and exhaustively regarding his involvement with the roller-ball fitments. In particular, topics covered during the deposition included Mr. Storar's background, his work and communications with Le Papillon, Ltd., the original molder of the fitment, Optiplast, Lumelite Plastics, Kaufman Container, Bonne Bell, and Luc Duchesne as well as their respective representatives and employees, and his investigation, tests, analyzes, and remedial actions in connection with the roller-ball fitment. Following Plaintiff's direct examination, Defendant was offered ample opportunity to cross-examine the witness. However, the Defendant chose not to exercise their right stating, through counsel, that "[w]e have no questions, we're all done." See Deposition Transcript of James Storar at p. 196 attached hereto as Exhibit "B".

    Whatever information Defendant seeks, it had ample opportunity on March 10, 2004 to obtain that information. A second deposition would only serve to be unreasonably cumulative and duplicative subjecting Plaintiff to additional expenses that are outweighed by any possible benefit.

Moreover, leave of this Court is required to take a second deposition of Mr. Storar pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure when the parties do not stipulate to the second deposition of a witness. See, e.g., Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001) (finding that without leave of the court, defendant was not entitled to take a second an additional deposition of a 30(b)(6) witness); see also, Dixon v. Certainteed Corp., 164 F.R.D. 685, 690 (D.Kan. 1996) (finding that absent a showing of good cause, a court will generally not require a deponent to appear for a second deposition). The Defendant did not obtain the written stipulation of the Plaintiff in connection with its notice of deposition of Mr. Storar. As the Defendant has not requested leave of this Court pursuant to the Federal Rules, it has not shown good cause for the second deposition of Mr. Storar.

WHEREFORE, for these reasons, the movant respectfully requests that the Defendant's Notice of Deposition of James R. Storar, TRS Technical Service dated July 16, 2004, be quashed and that this Court enter a protective order that his deposition not go forward on September 1, 2004.

```
                    THE PLAINTIFF,
                    PARFUMS DE COEURS, LTD.


                    By  /s/
                       Jonathan M. Shapiro (ct24075)
                       DISERIO MARTIN O'CONNOR &
                          CASTIGLIONI LLP
                       One Atlantic Street
                       Stamford, CT 06901
                       (203) 358-0800
```

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing was mailed, certified mail, return receipt requested, on August 4, 2004, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (CT05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark, Esq. (CT06814)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484
(203) 925-9688

/s/ _____
Jonathan M. Shapiro (ct24075)

H:\LIT\JMS\Parfum\21090.motion for protective order.doc