UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR, LTD. | : CIVIL ACTION NO.<br>: 302 CV 1454 (RNC) |
| Plaintiff, | : |
| v. | : |
| LE PAPILLON, LTD. | : |
| Defendant, | : MARCH 8, 2004 |

RE-NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that the Plaintiff, PARFUMS DE COEUR, LTD., will take the deposition upon oral examination of **James Storar** in connection with the above-captioned matter, on Wednesday, March 10, 2004 at the offices of Diserio Martin O'Connor & Castiglioni, LLP, One Atlantic Street, Stamford, CT 06901 at 10:00 a.m. to be used in a trial of this action. This deposition will continue from day-to-day until completed.

The deposition will be taken pursuant to Fed.R.Civ.P. 30, and will be taken before a notary public or some other officer authorized by law to administer an oath. The examination may be recorded by video and/or stenographic means.

You are invited to attend and cross-examine if you so desire. The Deponent is further ordered to produce all documents listed on the attached Schedule "A".

                        THE PLAINTIFF,
                        PARFUMS DE COEURS, LTD.

By _____
   Jonathan M. Shapiro (ct24075)
   DISERIO MARTIN O'CONNOR &
      CASTIGLIONI LLP
   One Atlantic Street
   Stamford, CT 06901
   (203) 358-0800

CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was mailed, certified mail, return receipt requested, on March 8, 2004, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (CT05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark, Esq. (CT06814)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484
(203) 925-9688

_____
Jonathan M. Shapiro (ct24075)

H:\LIT\JMS\Parfum\21090.storer re-notice of dep7..doc

SCHEDULE "A"

The Deponent is requested to produce the following documents at his deposition:

I. DEFINITIONS AND INSTRUCTIONS

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Document" includes all writings, drawings, graphs, reports, charts, electronic mail, photographs, phonorecords, videotapes, audiotapes and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or nonidentical copy is a separate document within the meaning of this term.

3. "Identify", when referring to a person, means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this definition, only the name of that person need to be listed in response to subsequent discovery requesting the identification of that person.

4. "Identify", when referring to a document, means to provide, to the extent known, information about the (i) type of document; (ii) its general subject matter; (iii) the date of the document; (iv) author(s), addressee(s) and recipient(s).

5. "Person" means any natural person or business, legal or governmental entity or association.

6. "Concerning" means relating to, referring to, describing, evidencing or constituting.

7. As used herein, the terms "you" and "your" shall refer to you, James Storar and any of your attorneys, agents, representatives, officers, directors or employees.

8. As used herein, the term "multi-cavity mold" shall refer to the tool, including the core pins and any other device used in the molding operation, used to create the dispensing mechanism described in the Complaint.

9. As used herein, the term "collar fitment" shall refer to the mechanisms containing the fitment and rollerball as referred to in the complaint.

II. PRODUCTION REQUESTS

1. Copies of any and all documents relating to the dispensing mechanism, collar fitment, roller ball or multi-cavity

mold used to create the collar fitments that was owned by Le Papillon, Ltd.

2. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Le Papillon, Ltd. and any of its agents, representatives, officers, directors or employees regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

3. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Bonne Bell and any of its agents, representatives, officers, directors or employees regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

4. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Kaufman Container Company and any of its agents, representatives, officers, directors or employees regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

5. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Covipac and any of its agents, representatives, officers, directors or employees regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

6. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Optiplast and any of its agents, representatives, officers, directors or employees regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

7. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Lumelite Plastics and any of its agents, representatives, officers, directors or employees regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

8. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Luc Duchesne regarding the dispensing mechanism, collar fitment,

roller ball or multi-cavity mold used to create the collar fitments.

9. Copies of any and all communications or documents relating to communications by, concerning, between or among you and Guiy Mercier regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

10. All notes, memoranda and/or correspondence taken regarding the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.

11. All documents relating to any tests or analyses which were performed on the dispensing mechanism, collar fitment, roller ball or multi-cavity mold used to create the collar fitments.