UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PARFUMS DE COEUR, LTD. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 3:02 CV 1454 (RNC) |
| | : | |
| LE PAPILLON, LTD. | : | |
| | : | |
| Defendant. | : | AUGUST 11, 2004 |

**OBJECTION TO RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR
LEAVE TO AMEND THE COMPLAINT**

The undersigned Defendant, Le Papillon, Ltd. ("Papillon"), by counsel, pursuant to 28 U.S.C. §636(b)(1), Federal Rules of Civil Procedure 72(a), 6(a) and 6(e) and Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut, objects only to that portion of United States Magistrate Judge Donna F. Martinez's Recommended Ruling on Plaintiff's Motion for Leave to Amend the Complaint which granted Plaintiff's request to add a claim pursuant to the Connecticut Unfair Trade Practice Act ("CUTPA").

Papillon objects to the untimely addition of a CUTPA claim because it is prejudicial and because Papillon did not have a duty to disclose to the Plaintiff knowledge which Plaintiff alleges that Papillon concealed. Specifically, the plaintiff claims Papillon concealed:

1. Information concerning a complaint from another customer, Kaufman Container, that roller balls were coming out of fitments sold to Kaufman;

2. Knowledge that the Plaintiff's containers were not suitable for use with the roller ball fitments sold by Papillon; and

3. Information concerning the mold and molding process which Papillon allegedly learned from a consultant retained to examine the mold which produced the parts in question.

Plaintiff's CUTPA claim is based on Papillon's alleged failure to disclose the foregoing information[1] to the Plaintiff. However, because Papillon had no duty to disclose the alleged information to Plaintiff, the addition of the proposed CUTPA claim should be denied as futile.

The court has ordered that all discovery in this action must be completed <u>before</u> the September 22, 2004 settlement conference. Therefore, the addition of a CUTPA claim at this late juncture would be prejudicial to Papillon in its defense of the CUTPA claim. Papillon would not have a reasonable opportunity to conduct discovery regarding the CUTPA claim. Specifically, Papillon would not be able to serve Interrogatories, conduct depositions or file a dispositive motion addressed to the CUTPA claim.

In support of this Objection, Papillon files the attached Memorandum of Law.

---

[1] Papillon denies that it had the knowledge in question, but admits for purposes of the present objection only, that the allegation as to the extent of its knowledge is true.

THE DEFENDANT,
LE PAPILLON, LTD.


By: _____
    Michael T. Ryan, Esq.
    Jeffrey C. Nagle, Esq.
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Juris No. 52525
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484


_____
Jeffrey C. Nagle, Esq.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PARFUMS DE COEUR, LTD.

       Plaintiff,                                 CIVIL ACTION NO. 3:02 CV 1454 (RNC)

V.

LE PAPILLON, LTD.                                 AUGUST 11, 2004

       Defendant.

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO THE RECOMMENDED RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

The Defendant Le Papillon, Ltd. ("Papillon") objects to the addition of a CUTPA claim as prejudicial to Papillon and because Papillon had no duty to disclose[2] the information that Plaintiff alleges it failed to disclose concerning the defectiveness of the "mechanisms" themselves and/or the process by which the "mechanisms" were manufactured and sold to the Plaintiff.

---

[2] Papillon denies that it had the knowledge in question, but admits for purposes of the present objection only, that the allegation as to the extent of its knowledge is true.

1.   **THE AMENDMENT OF THE COMPLAINT IS UNTIMELY AND PREJUDICIAL**

The Plaintiff commenced this action by service of a Complaint on or about July 23, 2002. Nearly two years later, on March 24, 2004, Plaintiff served its Request for Leave to Amend and the proposed Amended Complaint *inter alia* seeking to add a CUTPA claim. Thereafter, on July 7, 2004, the court issued an order that all discovery must be completed before the September 22, 2004 settlement conference.

"While our courts have been liberal in permitting amendments, this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Wagner v. Clark Equipment Co., Inc., 259 Conn. 114, 128 (2002).

Forman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), requires that a district court's denial of leave to amend a pleading be based on a valid ground in order to withstand appellate review under the abuse of discretion standard. Among the various reasons held to be sufficient to deny leave to amend a pleading are prejudice, delay and futility. See, Bell v. Allstate Life Ins. Co., 160 F. 3d 452, 454 (8th Cir. 1998); Bernard v. Casino Magic Corp., 29 F. 3d 419, 426 (8th Cir. 2002); Hatch v. Department for Children, 274 F. 3d 12, 25-26 (1st Cir. 2001).

The Plaintiff's request to amend the complaint and add a CUTPA claim has not been made "seasonably" as it was not made until nearly two years after Plaintiff filed its initial complaint and slightly more than 30 days before the discovery cut off deadline. The untimely addition of a CUTPA

claim would cause irreparable harm and undue prejudice to Papillon in its defense of this matter as it would be deprived of a full and fair opportunity to conduct discovery of that claim. Papillon would be deprived of the opportunity to serve Interrogatories, conduct depositions or file a dispositive motion concerning that claim. For these reasons, Plaintiff's request to add a CUTPA claim should be denied since it was not made seasonably and the addition of that claim would be unfair and prejudicial to Papillon. Therefore, based on these facts, Defendant respectfully objects to the portion of Magistrate Judge Donna F. Martinez's Recommended Ruling which allows plaintiff to add a CUTPA claim.

**2.     DEFENDANT HAD NO DUTY TO DISCLOSE**

The factual allegations proffered by Plaintiff as the basis for its CUTPA claim are contained in paragraphs 16 through 30 of the Seventh Count of Plaintiff's Proposed Amended Complaint. The basis for the proposed CUTPA claim is that Papillon allegedly failed to disclose certain facts to the plaintiff. Specifically, the plaintiff claims Papillon concealed:

1. Information concerning a complaint from another customer, Kaufman Container, that roller balls were coming out of fitments sold to Kaufman;

2. Knowledge that the Plaintiff's containers were not suitable for use with the roller ball fitments sold by Papillon; and

3. Information concerning the mold and molding process which Papillon allegedly learned from a consultant retained to examine the mold which produced the parts in question.

-3-

Plaintiff's Proposed Amended Complaint alleges that the Defendant obtained the knowledge it allegedly concealed after its contract with Papillon was formed. Specifically, the Plaintiff claims that the contract was formed on February 16, 2001 (see Proposed Amended Complaint at Count One, paragraph 6) and that "in or about late June/early July 2001," Papillon received complaints from Kaufman Containers that roller balls were coming out of fitments. See Proposed Amended Complaint at Count Seven, paragraph 16. The Plaintiff alleges that it notified the Defendant of the problems with the "mechanisms" on August 2, 2001. (See Proposed Amended Complaint at Count Seven, paragraph 20). The Plaintiff alleges further that on that same day, August 2, 2001, it sent sample containers and test results prepared by its "filler" to Papillon concerning alleged deficiencies with the Defendant's "mechanisms". (See Proposed Amended Complaint at Count Seven, paragraph 22). Thereafter, "in late September, 2001," the Plaintiff claims Papillon retained a consultant who allegedly determined that the "mechanisms" manufactured by Papillon were defective and that there were "problems" with the molding process used by its "molder." (See Proposed Amended Complaint at Count Seven, paragraphs 24 and 26).

The Plaintiff claims that the Defendant had a duty to disclose this information[3] and that its failure to do so was deceptive and constitutes a CUTPA violation. (See Proposed Amended Complaint at Count Seven, paragraphs 27 and 30).

---

[3] See footnote one.

"The general rule is that mere non-disclosure does not ordinarily give rise to an action in fraud and misrepresentation." Kane v. Neveleff, Superior Court, judicial district of New Haven at New Haven, Docket No. CV-000439308 (July 11, 2002). A copy is annexed hereto as Exhibit "A".

"[A] failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose. Regarding the duty to disclose, the general rule is that . . . silence . . . cannot give rise to an action . . . to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to discovery upon reasonably inquiry. Macomber v. Traveler's Property and Casualty Corp., 261 Conn. 620, 635-36 (2002). (citations omitted). See also Kenney v. Healey Ford-Lincoln-Mercury, Inc., 53 Conn. App. 327, 332-33 (1999). "Whether defendants had a duty to disclose is a question of law." Miller v. Guimaraes, 78 Conn. App. 760, 776 (2003).

Papillon had no post-contract duty to disclose to the Plaintiff the knowledge and information that Plaintiff has alleged Papillon had. This action stems from the sale of goods between merchants and sounds in breach of contract and breach of warranty (express and implied) and was commenced pursuant to the Uniform Commercial Code and Title 42a of the General Statutes. As such, there is no fiduciary, agency, or any other relationship between Plaintiff and Defendant that would compel Papillon to disclose the alleged information to the Plaintiff.

"It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one who has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Macomber at 640. There is no

"unique degree" of trust and confidence between Parfums and Papillon on these facts. These facts present an ordinary sale of goods, an arms length transaction between sophisticated commercial entities, where neither party is under any duty to represent the interests of the other.

Similarly, there is no agency relationship between Parfums and Papillon. "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." Id. There is no agency relationship between Parfums and Papillon as neither had consented to have the other act on its behalf.

Moreover, the alleged non-disclosures by Papillon do not constitute fraud. "The Connecticut Supreme Court has repeatedly held that the essential elements of an action in common law fraud are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury. The Advest Group, Inc. v. Arthur Anderson, LLP, Superior Court, judicial district of Hartford - New Britain at Hartford, Docket No. CV-970571417 (July 28, 1998). (A copy is annexed hereto as Exhibit "B").

"Fraud by non-disclosure, which expands on the first three of these four elements, involves a failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak. Id. at 10.

-6-

In the case at bar, since there was no duty to speak, the non-disclosure alleged by Plaintiff does not rise to the level of actionable fraud or fraudulent non-disclosure. In fact, Restatement (Second) of Torts § 551 (1977) states:

> One who fails to disclose to another a fact that he knows may justifiably induce the other to act or refrain from acting in a business transaction is subject to the same liability to the other as though he had represented the non-existence of the matter that he failed to disclose, if, but only if, he is under a duty to the other to exercise reasonable care to disclose the matter in question.
>
> Unless he is under some of the duties of disclosure stated in subsection (2),[4] one party to a business transaction is not liable to the other for harm caused by his failure to disclose to the other facts of which he knows the other is ignorant and which he further knows the other, if he knew of them, would regard as material in determining his course of action in the transaction in question. Restatement (Second) of Torts sec. 551 comment a (1977).
>
> The rule stated in subsection (1) reflects the traditional ethics of bargaining between adversaries, in the absence of any special reason for the application of a different rule. When the facts are patent, or when the plaintiff has equal opportunity for obtaining information that he may be expected to utilize if he cares to do so, or when the defendant has reason to think that the plaintiff is acting under a misapprehension, there is no obligation to give aid to a bargaining antagonist by disclosing what the defendant has himself discovered. To a considerable extent, sanctioned by the customs and mores of the community, superior information and better business acumen are legitimate advantages which lead to no liability. The defendant may

---

[4] A party to a business transaction may be under a duty to disclose information before the transaction is consummated. Restatement (Second) of Torts § 551(2)(a)-(e). Since Parfums has alleged that Papillon failed to disclose information it acquired after the February 16, 2001 contract with Papillon, § 551(2)(a)-(e) is inapplicable to these facts.

> reasonably expect the plaintiff to make his own investigation, draw his own conclusions and protect himself; and if the plaintiff is indolent, inexperienced or ignorant, or his judgment is bad, or he does not have access to adequate information, the defendant is under no obligation to make good his deficiencies. Restatement (Second) of Torts § 551 comment k (1977).

In The Advest Group, Inc., supra, it was noted that:

> Section 551 of the Restatement of Torts has not been cited by any Appellate Court of this state and those courts have not addressed the issue of whether failure to disclose subsequently acquired information can be the basis of liability in fraud. This is not surprising because 551 has no elements in common with our law of fraudulent misrepresentation. Under our law the misrepresentation must be false. Section 551 has no such requirement and, therefore, lacks the requirement that it is known to be false at the time it is made. Our law requires the false representation to have been made for the purpose of inducing reliance. The Advest Group, at 12-13.

In the situation in question, since Papillon had no duty to disclose information it allegedly acquired after formation of its contact with Parfums, the alleged non-disclosure was not immoral, unethical, oppressive or unscrupulous as required by CUTPA. In addition, the instant sale of goods is a transaction extensively regulated by the UCC and therefore any and all of Plaintiff's remedies are found exclusively in the UCC, not CUTPA. "CUTPA reflects a policy that favors remedying wrongs that may not be actionable under other bodies of law." Willow Springs Condominium Association, Inc. v. Seventh BRT Development Corp., 254 Conn 1, 44 (1988).

"Generally, there is no duty or obligation on the part of a vendor to disclose matters concerning the subject of the sale, which matters are neither purposefully hidden from the vendee,

-8-

nor latent and incapable of being observed and inspected by the vendee." Klott v. Associates Real Estate, 41 Ohio App. 2d 118, 121 (1974). "Generally, a simply failure to disclose a fact is not equivalent to its concealment." Id. "A relation of a buyer and seller does not of itself impose the duty to speak . . . . " Id. at 121-122. See also Windram Manufacturing Co. v. Boston Blacking Co., 239 Mass. 123 (1921).

"A violation of CUTPA may be established by showing an actual deceptive practice . . . . a failure to disclose can be deceptive only if in light of all the circumstances there is a duty to disclose." Communications Systems, Inc. v. Ceruzzi, Superior Court, judicial district of Stamford - Norwalk at Stamford, Docket No. CV-960153343 (January 17, 2002). (A copy is annexed hereto as Exhibit "C"). Whether the Defendant is subject to CUTPA is a question of law, not fact. Muniz v. Kravis, 59 Conn. App. 704, 712 (2000). See also, Willow Springs at 43-44.

In the instant action the Plaintiff has alleged that Papillon breached its contract and breached warranties (express and implied) pursuant to the provisions of the UCC and Title 42a of the General Statutes. "[However] a simple breach of contract, even if intentional, does not amount to a violation of CUTPA." Gladue v. Cummins, Superior Court, judicial district of New London at New London, Docket No. CV547927 (September 27, 1999). (A copy is annexed hereto as Exhibit "D").

3. **PLAINTIFF'S CUTPA CLAIM IS FUTILE AS IT IS BARRED BY THE ECONOMIC LOSS DOCTRINE**

Moreover, Plaintiff's CUTPA claim is barred by the economic loss doctrine as there is no dispute that Plaintiff's claims arise from the sale of goods, the parties have a purely contractual relationship and the damages alleged are economic in nature.

"The economic loss doctrine is a judicially created doctrine which bars recovery in tort where the relationship between the parties is contractual and the only losses alleged are economic." Smith Craft Real Estate Corp. v. Handex of Connecticut, Inc., Superior Court, judicial district of Ansonia - Milford at Milford, Docket No. CV 03082188 (June 25, 2004). (A copy is annexed hereto as Exhibit "E").

"[T]he [Connecticut] Supreme Court recently applied principles supporting the [economic loss] doctrine in Flagg Energy Development Corp. v. General Motors Corp., 244 Conn. 126, 153 (1998). In Flagg, the plaintiff brought several causes of action against the defendant in connection with the defendant's delivery of allegedly defective gas turbine engines. In addition to a breach of contact claim, the plaintiff also brought a cause of action for breach of CUTPA and negligent misrepresentation. The Supreme Court upheld the lower court's granting of the defendant's motion to strike the latter two causes of action primarily due to its recognition of holdings in other jurisdictions that commercial losses arising out of defective performance of contracts for the sale of goods cannot be combined with negligent misrepresentation." Smith Craft at 7-8 (internal quotations omitted).

-10-

While there is a spilt of authority in Connecticut among the superior courts as to whether the Flagg ruling bars tort claims for economic loss in non-product liability cases, the application of the ruling in Flagg applies to claims arising from the sale of goods. Smith Craft at 9.

"[T]he two most frequently cited reasons for adopting the economic loss doctrine are that commercial parties are capable of negotiating the terms of their contracts and that the doctrine protects the extinction of fundamental theories of contract law because many breaches of contract are the result of tortious conduct." Miltex Properties v. Johnson, Superior Court, judicial district of New London at New London, Docket No. CV 565866 (March 15, 2004). (A copy is annexed hereto as Exhibit "F").

"[T]he holding in Flagg may fairly be read as holding that where a plaintiff claims commercial losses suffered as a result of defective performance of a contract for the sale of goods, such losses are governed by the UCC, which in turn preserves common law actions for fraud and misrepresentation only as long as such actions are consistent with the particular provisions of the UCC." Miltex at 17.

"[C]laims for recovery of commercial loss on the basis of breach of contract and sounding in misrepresentation or a violation of CUTPA are displaced and precluded by the breach of contract claims. This concept was first recognized in Flagg. While limited to actions arising out of a defective product under the Uniform Commercial Code, the reasoning set forth in Flagg was expanded . . . ." Greater New Haven Transit District v. Nafis & Young Engineers, Inc., Superior

-11-

Court, judicial district of New Haven, Docket No. 020469107 (July 1, 2003). (A copy is annexed hereto as Exhibit "G"). "To permit a party to a broken contract to proceed in tort where only economic losses are alleged would eviscerate the most cherished virtue of contract law, the power of the parties to allocate the risks of their own transactions." Id. At 12.

"The economic loss doctrine prohibits recovery in tort where the basis for the tort claim arises from violation of a contract and damages are limited to purely economic losses as opposed to personal injury or property damages. Hartford Fire Insurance Co. v. Leninski, Superior Court, judicial district of Hartford, Docket No. CV-970396097 (October 29, 2002). (A copy is annexed hereto as Exhibit "H"). "The common law duty to avoid causing purely economic loss arises only in the context of a breach of contract. The injured party is limited to contractual remedies." Id. at 9.

"[C]ommercial losses arising out of the defective performance of contracts for the sale of goods cannot be combined with negligent misrepresentation." Flagg Energy at 153. Any remedies available to the plaintiff due to fraud are available only through General Statutes §42a-2-721. "By implication, the intent of §42a-2-721 is to make actions for fraud or misrepresentation presumptively inconsistent with post acceptance claims for breach of warranty." Id. at 155.

In the situation at hand, the plaintiff is alleging economic losses from the breach of contract and breach of warranty in the context of a sale of goods. The only relationship between the plaintiff and the defendant is contractual. Therefore, the economic loss doctrine is applicable to these facts

-12-

and precludes the plaintiff's CUTPA claim. To permit the plaintiff to proceed with the CUTPA claim would be tantamount to negating the remedies fashioned by the UCC and would contribute to the extinction of the fundamental theories of contract law.

**4.      CONCLUSION**

_____In conclusion, the Plaintiff's motion to add a CUTPA claim is untimely, prejudicial and futile. Further, it is barred by the economic loss doctrine and the Connecticut Supreme Court's holding in <u>Flagg</u>. Therefore, it is respectfully submitted that the motion to add a CUTPA claim be denied and the Recommended Ruling issued by United States Magistrate Judge Donna F. Martinez be modified accordingly.

                                    THE DEFENDANT,
                                    LE PAPILLON, LTD.

By:_____
    Michael T. Ryan, Esq.
    Jeffrey C. Nagle, Esq.
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Juris No. 52525
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

  I hereby certify that on August 11, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

               _____
               Jeffrey C. Nagle, Esq.

I:\Procases\720.123\objection080904.wpd
720.123