# EXHIBIT "C"

Source: Legal > / ... / > CT State Cases, Combined
Terms: name(communications systems inc. and ceruzzi) (Edit Search)

*2002 Conn. Super. LEXIS 191, \**

**Communications Systems, Inc.** v. Louis **Ceruzzi**

CV960153343S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF STAMFORD-NORWALK, AT STAMFORD

2002 Conn. Super. LEXIS 191

January 17, 2002, Decided
January 17, 2002, Filed

**NOTICE:** [\*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff creditor filed suit to recover commercial paper debts executed by defendant debtors. The court granted the creditor's motion for a substitute plaintiff assignee. The assignee filed a revised complaint. The debtors filed an answer, special defenses, and a counterclaim alleging violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq. The creditor moved to strike the counterclaim.

**OVERVIEW:** The creditor argued that the motion to strike should be granted because the debtors' counterclaim failed to state a claim upon which relief could be granted because it was based on a vexatious litigation claim. The debtors argued that their CUTPA claim was alleged properly in that it was based on negligent misrepresentation, fraudulent nondisclosure, breach of contract, and conversion. The superior court concluded that the debtors stated a valid caused of action under CUTPA based on the creditor's negligent misrepresentation that it was the holder of the note, when in fact the note had already been assigned. As to the creditor's argument regarding the clarity of the counterclaim, the court held that the creditor should have filed a request to revise.

**OUTCOME:** The motion to strike was denied.

**CORE TERMS:** counterclaim, quotation, motion to strike, judicial district, cause of action, negligent misrepresentation, vexatious litigation, nondisclosure, unfair, fraudulent, revise, holder, aforementioned, actionable, deceptive, cigarette, duty, breach of contract, principal amount, promissory note, conversion, favorably, disclose, assigned, federal trade commission, necessarily implied, legal sufficiency, deceptive acts, public policy, common law

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Torts > Business & Employment Torts > Unfair Business Practices
**HN1** See Conn. Gen. Stat. § 42-110b.

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike

HN2⬇ A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims & Cross-Claims
HN3⬇ A counterclaim is a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
HN4⬇ The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. Conn. Gen. Prac. Book § 152. The role of the trial court is to examine the challenged pleading, construed in favor of the pleading party, to determine whether the pleading party has stated a legally sufficient cause of action. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
HN5⬇ If facts provable in the pleading would support a cause of action, the motion to strike must be denied. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Interpretation
HN6⬇ What is necessarily implied in an allegation of a complaint need not be expressly alleged. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
HN7⬇ In determining the sufficiency of a pleading challenged by an opposing party's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Interpretation
HN8⬇ Pleadings must be construed broadly and realistically, rather than narrowly and technically. More Like This Headnote

Governments > Legislation > Interpretation
HN9⬇ Because the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq., is a self-avowed remedial measure it is construed liberally in an effort to effectuate its public policy goals. More Like This Headnote

Torts > Business & Employment Torts > Unfair Business Practices
HN10⬇ The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. violations do not necessarily have to be based on an underlying actionable wrong. More Like This Headnote

Torts > Business & Employment Torts > Unfair Business Practices
HN11⬇ In determining whether a practice violates the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq., the Connecticut Supreme Court has adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness, (2) whether it is immoral, unethical, oppressive, or unscrupulous, (3) whether it causes substantial injury to consumers, competitors, or other business persons. All three criteria do not need to be

satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. More Like This Headnote

Torts > Business & Employment Torts > Unfair Business Practices

HN12± With regard to the first prong of the "cigarette rule," the Connecticut Supreme Court has long recognized liability for negligent misrepresentation. It has held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. More Like This Headnote

Torts > Business & Employment Torts > Unfair Business Practices

HN13± Under the second prong of the "cigarette rule," allegations that the plaintiff knew or should have known facts that he did not disclose, if proven, may be concluded to be unethical, immoral, oppressive, and unscrupulous. More Like This Headnote

Torts > Business & Employment Torts > Unfair Business Practices

HN14± Knowledge of falsity, either constructive or actual, need not be proven to establish a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. More Like This Headnote

Torts > Business & Employment Torts > Unfair Business Practices

HN15± A violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. may be established by showing an actual deceptive practice. A failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose. Such a duty is imposed on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak. Moreover, to be actionable for fraud, the nondisclosure must be by a person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims & Cross-Claims

HN16± The proper way to cure any confusion regarding a counterclaim is to file a motion to revise, not a motion to strike. If a party does not file a request to revise, the court must construe the somewhat general and expansive allegations of fact in a favorable manner. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form

HN17± See Conn. Gen. Prac. Book, R. Super. Ct. § 10-35.

**JUDGES:** MINTZ, J.

**OPINIONBY:** MINTZ

**OPINION:** MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 195

On July 16, 1996 Communications Systems, Inc. (CSI), filed suit to recover commercial paper debts executed by the defendants, Louis Ceruzzi (Ceruzzi) and Westport Capital Associates, L.P. (WCA) (collectively the defendants). On September 8, 1997, the court, Hickey, J., granted CSI's motion to substitute Excalibur Financial Services, L.P. (Excalibur) as a party plaintiff in lieu of CSI. See *Communications Systems Inc. v. Louis Ceruzzi*, Superior

Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153343 (September 8, 1997) (Hickey, J.). Excalibur, as the substituted plaintiff, filed a revised and sixth amended complaint on January 26, 2000. The defendants filed an answer, special defenses and counterclaim on May 16, 2001. The counterclaim is comprised of a single count, alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. n1

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 General Statutes § 42-110b provides in relevant part: HN1 "(a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. (b) It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1)), as from time to time amended."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*2]

The defendants allege the following pertinent facts in their counterclaim: On or around February 10, 1988, Ceruzzi executed a promissory note in favor of Citytrust in the principal amount of $ 355,000. On or around, March 15, 1988 Ceruzzi executed a promissory note in favor of Citytrust in the principal amount of $ 800,000. On or around August 9, 1991, the Federal Deposit Insurance Corporation (FDIC) was appointed the receiver of Citytrust and holder of the two aforementioned notes. On or around June 30, 1992, the FDIC agreed to release Ceruzzi from liability on the two aforementioned notes. In consideration for this release, Ceruzzi entered into a settlement agreement with the FDIC and executed a third promissory note for the principal amount of $ 178,500 (the note). On or around July 26, 1994, the FDIC assigned the three aforementioned notes to the plaintiff. On or around November 13, 1995, the plaintiff assigned the three aforementioned notes, among other things, to Shelton Asset Corporation (Shelton), Seaview Asset Corporation (Seaview) and Princeton Asset Corporation (Princeton) but did not disclose this assignment to Ceruzzi. On or around July 1997, the plaintiff notified [*3] Ceruzzi that it was the current holder of the note. At the same time, the plaintiff began sending Ceruzzi invoices reflecting monthly payments due and owing to the plaintiff on the note, and Ceruzzi made payments to the plaintiff.

On July 13, 2001, the plaintiff filed a motion to strike the defendants' counterclaim on the ground that it fails to state a claim upon which relief can be granted.

HN2 "A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286 (1985). HN3 A counterclaim is "a cause of action existing in favor of a defendant against a plaintiff which a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." (Internal quotation marks omitted.) Home Oil Co. v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985). HN4 "The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. See Practice Book § 152. The role of the trial court [is] to examine the [challenged [*4] pleading], construed in favor of the [pleading party], to determine whether the [pleading party has] stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Company, 242 Conn. 375, 378, 698 A.2d 859 (1997). Thus, HN5 "if facts provable in the [pleading] would support a cause of action, the motion to strike must be denied ... Moreover, we note that HN6 what is necessarily implied [in an allegation] need not be expressly alleged ... It is fundamental that HN7 in

determining the sufficiency of a [pleading] challenged by [an opposing party's] motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted . . . Indeed, HN8 pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).

The plaintiff argues, *inter alia*, that its motion to strike should be granted because the defendants' counterclaim fails to state a claim upon which relief can be granted. The plaintiff contends that the counterclaim is a CUTPA claim based [*5] on vexatious litigation and that the party asserting such a claim must allege the termination of an underlying action in that party's favor. The plaintiff, therefore, argues that it is improper to assert a vexatious litigation in a CUTPA counterclaim because the underlying cause of action has not yet terminated in the defendants' favor. The plaintiff also argues that the defendants have violated the pleading rules by not pleading their counterclaim as clearly and precisely as possible. n2 The defendants respond that the motion to strike should be denied because their CUTPA counterclaim is alleged properly in that it is based on negligent misrepresentation, fraudulent nondisclosure, breach of contract and conversion. n3

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 Additionally, the plaintiff argues that if the court allows the defendants' CUTPA counterclaim based on vexatious litigation, the court would necessarily have to bifurcate the trial. The plaintiff argues, furthermore, that to do so would be entirely unwieldy and inefficient. Because this court concludes that the defendants' counterclaim is not based on vexatious litigation, this court does not need to address this argument. [*6]

n3 This court notes that the defendants' counterclaim does not explicitly state that the CUTPA counterclaim is based on: "negligent misrepresentation," "fraudulent nondisclosure," "breach of contract" or "conversion."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -This court will first analyze whether the defendants' counterclaim sufficiently states a cause of action. "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices." (Internal quotation marks omitted.) Suarez v. Sordo, 43 Conn. App. 756, 772, 685 A.2d 1144 (1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997). HN9 "Because CUTPA is a self-avowed remedial measure . . . it is construed liberally in an effort to effectuate its public policy goals." (Internal quotation marks omitted.) Associated Investment Co. Ltd. Partnership v. Williams Associates IV, 230 Conn. 148, 158, 645 A.2d 505 (1994). Our General Assembly "deliberately chose not to define the scope of unfair or deceptive acts proscribed by CUTPA so that courts might develop a body of law [*7] responsive to the marketplace practices that actually generate such complaints." (Internal quotation marks omitted.) Id. at 157. "It is clear that CUTPA has come to embrace a much broader range of business conduct than does the common law tort action." (Internal quotation marks omitted.) Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 507, 656 A.2d 1009 (1995). In fact, HN10 "CUTPA violations do not necessarily have to be based on an underlying actionable wrong . . ." Hartford Electric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 369, 736 A.2d 824 (1999).

"It is well settled that HN11 in determining whether a practice violates CUTPA [the

Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, [*8] oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons] . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) 250 Conn. at 367-68.

The defendants argue that the allegations in their counterclaim amount to a CUTPA cause of action based on negligent misrepresentation. HN12 With regard to the first prong of the "cigarette rule," the Connecticut Supreme Court "has long recognized liability for negligent misrepresentation. [It has] held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." (Internal quotation marks omitted.) *Williams Ford, Inc. v. Hartford Courant Co.*, 232 Conn. 559, 575, 657 A.2d 212 (1995). HN13 Under the second prong of the "cigarette rule," "allegations that the [plaintiff] knew or should have known facts that he did not disclose, if proven, may be concluded to be [*9] unethical, immoral, oppressive, and unscrupulous." *Schur v. David Ogilvy and Associates, Inc.*, 2000 Conn. Super. LEXIS 1038, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175461 (April 26, 2000) (D'Andrea, J.) (27 Conn. L. Rptr. 103); see also *Christensen v. Water & Air Inc.*, 1998 Conn. Super. LEXIS 680, Superior Court, judicial district of Tolland at Rockville, Docket No. 065366 (March 16, 1998) (Sullivan, J.) (21 Conn. L. Rptr. 411). Moreover, HN14 "knowledge of falsity, either constructive or actual, need not be proven to establish a violation of CUTPA." (Internal quotation marks omitted.) *Kim v. Magnotta*, 249 Conn. 94, 108, 733 A.2d 809 (1999). For these reasons, this court concludes that a CUTPA claim can be based on a theory of negligent misrepresentation.

In this case, the defendants allege that the plaintiff held itself out to be the holder of the note when in fact the note had already been assigned to Shelton, Seaview and Princeton. These allegations imply unethical conduct on behalf of the plaintiff. Therefore, viewing the CUTPA counterclaim in a light most favorably to the defendants, this court finds that the defendants have stated a valid cause of action under CUTPA based [*10] on the plaintiff's negligent misrepresentation.

The defendants also argue in their memorandum of law that their allegations in their counterclaim amount to a CUTPA cause of action based on the plaintiff's fraudulent nondisclosure. HN15 "A violation [of CUTPA] may be established by showing . . . an actual deceptive practice . . ." (Internal quotation marks omitted.) *Muniz v. Kravis*, 59 Conn. App. 704, 713, 757 A.2d 1207 (2000). "[A] failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose." (Internal quotation marks omitted.) *Olson v. Accessory Controls & Equipment Corp.*, 254 Conn. 145, 180, 757 A.2d 14 (2000). "Such a duty is imposed on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak." (Internal quotation marks omitted.) *Duksa v. Middletown*, 173 Conn. 124, 127, 376 A.2d 1099 (1977). Moreover, to be actionable for fraud, "the nondisclosure must be by a person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce [*11] the latter to enter into or refrain from entering into a transaction." (Internal quotation marks omitted.) *Jackson v. Jackson*, 2 Conn. App. 179, 194, 478 A.2d 1026, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984).

In this case, the defendants allege that the plaintiff, despite not being the proper holder of the note, notified Ceruzzi that it was the current holder of the note. Moreover, the plaintiff

began sending Ceruzzi invoices reflecting monthly payments due and owing to the plaintiff on the note. Viewing the counterclaim in a light most favorably to the defendants, this court finds that because the plaintiff voluntarily engaged in this conduct a duty is imposed upon it to disclose the proper owner of the note to Ceruzzi. For this reason, this court finds that the defendants have stated a valid cause of action under CUTPA based on the plaintiff's fraudulent nondisclosure. n4

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n4 Because this court finds that the defendants have sufficiently stated a cause of action for CUTPA based on negligent misrepresentation and or fraudulent nondisclosure, this court does not find it necessary to analyze whether the defendants have stated a sufficient CUTPA counterclaim based on a breach of contract or conversion.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*12]

As to the plaintiff's second argument regarding the clarity of the counterclaim, "if the [plaintiff was] in doubt as to the nature of this claim or the legal theory underlying it, [it] could have sought a more particular description of the [counterclaim] by filing a request to revise." (Internal quotation marks omitted.) *D'Ulisse-Cupo v. Board of Directors of Notre Dame High School*, 202 Conn. 206, 220, 520 A.2d 217 (1987); see also Practice Book § 10-35. n5 HN16 "The proper way to cure any confusion [regarding a counterclaim] is to file a motion to revise, not a motion to strike . . ." *Rowe v. Godou*, 209 Conn. 273, 279, 550 A.2d 1073 (1988). If a party does not file a request to revise, "the court must construe the somewhat general and expansive allegations of fact in [a] favorable manner." *Robichaud v. Hewlett Packard Co.*, 2001 Conn. Super. LEXIS 1830, Superior Court, judicial district of Waterbury, Docket No. 165706 (June 29, 2001) (Hodgson, J.). In this case, the plaintiff did not file a request to revise the defendants' counterclaim. For this reason, this court will construe the counterclaim in a manner most favorably to the defendants.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n5 Practice Book § 10-35 provides: HN17 "Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [*13]

This court notes that the plaintiff relies on a line of cases that holds that a vexatious litigation claim may not be asserted as a counterclaim in the same action claimed to be vexatious. n6 However, these cases and the plaintiff's argument are misplaced because the defendants' counterclaim is not based on a vexatious litigation theory of liability. For this reason, the line of cases relied on by the plaintiff is unhelpful and cannot serve as a basis to grant the plaintiff's motion to strike.

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n6 "In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor." *Zeller v. Consolini*, 235 Conn. 417, 424, 667 A.2d 64 (1995). Most Superior Courts have agreed with this premise. See *Glazer v. Dress Barn, Inc.*, 2001 Conn. Super. LEXIS 844, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 178375 (March 30, 2001) (D'Andrea, J.) (29 Conn. L. Rptr. 596); *Gilbert v. Beaver Dam Assoc., Stratford*, 2001 Conn. Super. LEXIS 2050, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 374905 (July 24, 2001) (Rush, J.); *Sussman v. D.A.N. Joint Venture*, 1997 Conn. Super. LEXIS 325, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 562163 (February 10, 1997) (Aurigemma, J.) (19 Conn. L. Rptr. 92); *Weichert Realtors v. Zink*, 1996 Conn. Super. LEXIS 2743, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140213 (October 22, 1996) (Mintz, J.).

Not withstanding the foregoing, another line of cases holds that the concerns for judicial economy and avoidance of multiple lawsuits are compelling reasons for a vexatious litigation claim to be properly raised in a counterclaim. See *Pattrell v. Ayers*, 1994 Conn. Super. LEXIS 811, Superior Court, judicial district of Litchfield, Docket No. 049825 (March 31, 1994) (Dranginis, J.) (11 Conn. L. Rptr. 346, 9 C.S.C.R. 442); *Sonitrol Security Systems of Hartford, Inc. v. Department of Administrative Services*, 1992 Conn. Super. LEXIS 3159, Superior Court, judicial district of Hartford-New Britain, Docket No. 702181 (Nov. 10, 1992) (Schaller, J.); *Hydro Air of Connecticut, Inc. v. Versa Technologies, Inc.*, 99 F.R.D. 111, 113 (D.Conn. 1983); *Sonnichsen v. Streeter*, 4 Conn. Cir. Ct. 659, 666-67, 239 A.2d 63 (1967); *DeSarbo & Reichert v. Cardow*, 1996 Conn. Super. LEXIS 3227, Superior Court, judicial district of New Haven at New Haven, Docket No. 360368 (December 5, 1996) (Hodgson, J.) (18 Conn. L. Rptr. 301).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*14]**

Given the liberal construction of CUTPA and the standard for a motion to strike, this court finds that, the defendants, by alleging deceptive practices based upon theories of negligent misrepresentation and/or fraudulent nondisclosure, have sufficiently stated a CUTPA cause of action in their counterclaim. Accordingly, the plaintiff's motion to strike the defendants' counterclaim is denied.

MINTZ, J.

Source:  Legal > / . . . / > **CT State Cases, Combined**
 Terms:  name(communications systems inc. and ceruzzi)  (Edit Search)
  View:  Full
Date/Time:  Tuesday, August 10, 2004 - 11:16 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.