# EXHIBIT "D"

Source: Legal > / . . . / > CT State Cases, Combined
Terms: name(gladue and cummins) (Edit Search)

*1999 Conn. Super. LEXIS 2615, **

Phil **Gladue** et al. v. James **Cummins** et al.

547927

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF NEW LONDON, AT NEW LONDON

1999 Conn. Super. LEXIS 2615

September 27, 1999, Decided
September 27, 1999, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Motion to strike seventh count granted.

## CASE SUMMARY

**PROCEDURAL POSTURE:** The matter came before the court when defendant moved the court to strike plaintiffs' claim against him alleging that he violated the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq., on the grounds that the claim was not pled with sufficient legal specificity.

**OVERVIEW:** Defendant moved the court to strike plaintiffs' claim that he violated the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq., on the grounds that the claim was not pled with sufficient legal specificity. Defendant argued that plaintiffs' allegations of negligence, breach of contract, and failure to disclose arising from defendant's inspection of a septic system for plaintiffs were insufficient as a matter of law to state a claim under CUTPA. Plaintiffs argued in opposition that their allegations satisfied all three prongs of the "cigarette rule," and therefore that the motion to strike must be denied. The court granted the motion, holding that plaintiffs' allegations were devoid of facts to elevate defendant's conduct from that of contract breach or negligent performance to the type of immoral, unethical, unscrupulous, or offensive trade practices that CUTPA was designed to prevent.

**OUTCOME:** Defendant's motion to strike plaintiffs' Connecticut Unfair Trade Practices Act claim was granted since the complaint alleged mere conclusions of law that were unsupported by the facts alleged.

**CORE TERMS:** breach of contract, quotation, septic, motion to strike, unfair, failure to disclose, unethical, consumer, immoral, unscrupulous, functional, legal sufficiency, judicial district, common law, misrepresentation, unjustified, competitor, unfairness, oppressive, cigarette, pled

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
*HN1* ₊ In construing a motion to strike, the court must take as true the facts alleged in the

Get a Document - by Party Name - Gladue AND Cummins
Case 3:02-cv-01454-RNC   Document 92-5   Filed 08/12/2004   Page 3 of 6
Page 2 of 5

plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. More Like This Headnote

Antitrust & Trade Law > Trade Practices & Unfair Competition
HN2± It is well settled that in determining whether a practice violates the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq., the courts have adopted the criteria set out in the "cigarette rule" by the Federal Trade Commission for determining when a practice is unfair: (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. All three criteria do not need to be satisfied to support a finding of unfairness. More Like This Headnote

Antitrust & Trade Law > Trade Practices & Unfair Competition
HN3± A simple breach of contract, even if intentional, does not amount to a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq. A claimant must show substantial aggravating circumstances attending the breach to recover under the Act. More Like This Headnote

Antitrust & Trade Law > Trade Practices & Unfair Competition
HN4± To find a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq., grounded in negligence, the plaintiff must prove that the act violated public policy and caused substantial unjustified injury to consumers, competitors, or other business people. In order for an act or practice to have caused substantial unjustified injuries the following three factors must be found; one, the injury caused must have been substantial; two, the injury caused must not have been outweighed by any countervailing benefits to consumers or by competition that the practice produces; and three, that the injury caused must have been an injury that the consumer, competitor, or other business person could not reasonably have avoided. More Like This Headnote

Antitrust & Trade Law > Trade Practices & Unfair Competition
HN5± Although a failure to disclose can constitute a violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq., it will do so only if, in light of all the circumstances, there is a duty to disclose. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
HN6± A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged. More Like This Headnote

**JUDGES:** D. Michael Hurley, Judge Trial Referee.

**OPINIONBY:** D. MICHAEL HURLEY

**OPINION:** Memorandum of Decision Re Defendants' Motion to Strike

This action arises out of an alleged contract entered into between the plaintiffs, Phil Gladue and Ellen White, and the defendants James and Alison Cummins, whereby the plaintiffs agreed to purchase a home on property owned by the defendants. Defendant William F. Neal

d/b/a Residential Engineering Services (hereinafter "Neal") was allegedly hired by the plaintiffs to perform a septic system evaluation of the property. Neal allegedly reported to the plaintiffs that the septic system was inadequate and recommended repair and/or replacement. Approximately one month later, on May 16, 1996, Neal allegedly reinspected the system and reported that the system had been properly repaired and was functional. On September 18, 1996, the plaintiffs allegedly discovered that the septic system was inadequate and nonfunctional.

As a result of Neal's alleged conduct, [*2] the plaintiffs have allegedly suffered damages, and assert three claims against him: (1) negligence; (2) breach of contract; and (3) violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110a, et seq.

Neal now moves to strike only the CUTPA count (count seven) as it applies to him, on the ground that it is not pled with sufficient legal specificity.

"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted . . . HN1 We must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) *Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71, 709 A.2d 558 (1998).*

In support of his motion, Neal argues that the plaintiffs' allegations of negligence, breach of contract and failure to disclose are insufficient as a matter of law to state a claim under [*3] CUTPA. The plaintiffs argue in opposition that their allegations satisfy all three prongs of the "cigarette rule," and therefore, the motion to strike must be denied.

General Statutes 42-110b(a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "It HN2 is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the 'cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent [*4] it meets all three." (Internal quotation marks omitted.) *Willow Springs Condominium Association, Inc. v. 7th BRT Development Corp., 245 Conn. 1, 43, 717 A.2d 77 (1998).*

"[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." *Id.* "Whether a practice is unfair and thus violates CUTPA is an issue of fact . . . The facts found must be viewed within the context of the totality of circumstances which are uniquely available to the trial court." (Internal quotation marks omitted.) *Thames River Recycling v. Gallo, 50 Conn. App. 767, 794, 720 A.2d 242 (1998).*

"A HN3 simple breach of contract, even if intentional, does not amount to a violation of [CUTPA]; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act." (Internal quotation marks omitted.) *Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Supp. 575, 580, 595 A.2d 951*

(1991). "[A] 'misrepresentation' can constitute an **[*5]** aggravating circumstance that would allow a simple breach of contract claim to be treated as a CUTPA violation; it would in effect be a deceptive act . . ." (Citations omitted.) *Designs on Stone, Inc. v. Brennan Construction Co.*, 1998 Conn. Super. LEXIS 1006, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059997 (April 9, 1998) (Corradino, J.) (21 CONN. L. RPTR. 659).

"To HN4 find a violation of CUTPA grounded in negligence, the plaintiff must prove that the act violated public policy and caused substantial unjustified injury to consumers, competitors, or other business people." (Internal quotation marks omitted.) *Thames River Recycling v. Gallo, supra*, 50 Conn. App. 787. "In order for an act or practice to have caused substantial unjustified injuries . . . the following three factors must be found; one, the injury caused must have been substantial; two, the injury caused must not have been outweighed by any countervailing benefits to consumers or by competition that the practice produces; and three, that the injury caused must have been an injury that the consumer, competitor, or other business person could not reasonably have avoided." (Internal quotation marks **[*6]** omitted.) *Id., 785.*

"Although HN5 a failure to disclose can constitute a CUTPA violation, it will do so only if, in light of all the circumstances, there is a duty to disclose." (Internal quotation marks omitted.) *Willow Springs Condominium Association, Inc. v. 7th BRT Development Corp., supra*, 245 Conn. 43-44; *Kenney v. Healey Ford-Lincoln-Mercury, Inc.*, 53 Conn. App. 327, 330, 730 A.2d 115 (1999).

In their CUTPA count, the plaintiffs reallege the facts which comprise their counts for negligence and breach of contract. Those facts essentially state that Neal was contractually obligated to evaluate whether the plaintiffs' septic system was adequate and functional. The plaintiffs further allege that Neal assured them that the system was properly functional, when in fact, that was not true. In addition, Neal allegedly failed to perform his contractual duties on a repeated basis, and "repeatedly failed to disclose that the septic system was not in good working order." Complaint, Count Seven 7-8. As a result, the plaintiffs allege they suffered damages and incurred significant costs in replacing the septic system.

The plaintiffs, **[*7]** therefore, have pled at least three underlying theories of common law liability on the part of Neal in support of their CUTPA claim: negligence, breach of contract and failure to disclose. The court finds, however, that their allegations do not exceed that of a simple breach of contract or negligent inspection. For instance, there are allegations of Neal "failing to disclose" information when he had a contractual duty to disclose such information to the plaintiffs; however, the plaintiffs do not specify whether Neal's actions were willful, reckless, negligent or innocent. In short, the plaintiffs' allegations are devoid of facts to elevate Neal's conduct from that of contract breach or negligent performance to the type of immoral, unethical, unscrupulous or offensive trade practices which CUTPA was designed to prevent. Cf. *Phillips Industrial Service Corp. v. Connecticut Light & Power Co.*, 1999 Conn. Super. LEXIS 779, Superior Court, judicial district of New Haven at New Haven, Docket No. 409665 (March 22, 1999) (Levin, J.) (striking CUTPA claim where plaintiff merely incorporated breach of contract count and alleged misrepresentation without articulating how conduct was immoral, unethical, etc.).

The **[*8]** plaintiffs' CUTPA claim, therefore, requires elaboration of the facts to at least demonstrate how Neal's conduct was immoral, unethical, oppressive or unscrupulous. As presently pleaded, the plaintiffs allege the aforementioned acts giving rise to claims for breach of contract, negligence and failure to disclose, and conclusively state that such acts violate CUTPA. "A HN6 motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Novametrix Medical Systems, Inc. v. BOC Group, Inc.*, 224 Conn. 210, 215, 618 A.2d 25 (1992).

Accordingly, the motion to strike the seventh count is granted.

D. Michael Hurley, Judge Trial Referee

Source: Legal > / . . . / > **CT State Cases, Combined**
Terms: **name(gladue and cummins)** (Edit Search)
View: Full
Date/Time: Tuesday, August 10, 2004 - 11:29 AM EDT

\* Signal Legend:
- Warning: Negative treatment is indicated
- Caution: Possible negative treatment
- Positive treatment is indicated
- Citing Refs. With Analysis Available
- Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.