# EXHIBIT "E"

Source: Legal > / . . . / > CT State Cases, Combined [i]
Terms: name(smith craft and handex) (Edit Search)

*2004 Conn. Super. LEXIS 1649, **

**Smith Craft** Real Estate Corporation v. **Handex** of Connecticut, Inc.

CV03082188S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF ANSONIA - MILFORD, AT MILFORD

2004 Conn. Super. LEXIS 1649

June 25, 2004, Decided
June 25, 2004, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff, a property owner, sued defendant, an environmental testing company, seeking to recover monetary damages allegedly sustained as a result of a breach of contract, counts one and three, and negligence, counts two and four. The company filed a motion to strike counts two and four, as well as those portions of the complaint in which the owner sought to recover damages allegedly suffered by a third party.

**OVERVIEW:** The owner purchased the property subject to a period of inspection of the condition of the property. The owner hired the company to perform an environmental assessment of the property. The company's report mischaracterized the property and failed to identify existing contamination, which significantly and adversely impacted the property. Relying on this report, the owner became liable for the purchase of the property. In the motion to strike, the company argued that the negligence claims were barred by the economic loss doctrine. That doctrine barred recovery in tort where the relationship between the parties was contractual and the only losses alleged were economic. However, the court held that the economic loss doctrine had either not been recognized in Connecticut, or had been recognized only in actions arising from the sale of goods. There was no allegation that the alleged damages resulted from the sale of a defective product. Therefore, the court held that the tort claims for economic loss were legally sufficient. The court further held that there was no allegation in the complaint that either expressly or impliedly sought damages on behalf of a third party.

**OUTCOME:** The motion to strike was denied.

**CORE TERMS:** economic loss, motion to strike, judicial district, quotation, breach of contract, third party, environmental, cause of action, establishment, testing, negligent misrepresentation, expenses associated, legally sufficient, causes of action, applicable law, remediation, regulations, contaminated, devaluation, classified, monitoring, clean-up, stigma, contractual relationship, product liability, written agreement, sale agreement, contract claim, contractual, non-product

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
**HN1** In Connecticut, the purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief may be granted. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
**HN2** The role of a Connecticut trial court in ruling on a motion to strike is to examine the complaint, construed in favor of the plaintiff, to determine whether the pleading party has stated a legally sufficient cause of action. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. More Like This Headnote

Torts > Products Liability > Negligence
**HN3** The economic loss doctrine is a judicially created doctrine which bars recovery in tort where the relationship between the parties is contractual and the only losses alleged are economic. More Like This Headnote

Torts > Products Liability > Negligence
**HN4** A majority of Connecticut Superior Court decisions have found either that the economic loss doctrine has not been recognized in Connecticut or that the application of the Flagg ruling is limited to claims arising from the sale of goods. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
**HN5** In ruling on a motion to strike, a Connecticut court properly can consider only those facts alleged in the complaint and those necessarily implied from the allegations. More Like This Headnote

**JUDGES:** RONAN, J.T.R.

**OPINIONBY:** Ronan

**OPINION:** MEMORANDUM OF DECISION RE MOTION TO STRIKE

This matter is before the court by way of the defendant's motion to strike counts two and four of the plaintiff's complaint, as well as those portions of the complaint in which the plaintiff seeks to recover damages allegedly suffered by a third party. The relevant factual background is as follows.

On March 9, 2004, the plaintiff, Smith Craft Real Estate Corporation, filed a second revised four-count complaint against the defendant, Handex of Connecticut, Inc. This action arises out of monetary damages allegedly sustained by the plaintiff as a result of the alleged breach of contract (counts one and three) and negligence (counts two and four) on the part of the defendant.

The plaintiff alleges the following facts in its complaint. The plaintiff acquired a piece of property through a wholly-owned limited liability company as evidenced by a written purchase and sale agreement. Pursuant to said agreement, the plaintiff was given a period of time to **[*2]** inspect the physical, environmental and financial conditions of the property. The plaintiff thereafter entered into a subsequent written agreement with the defendant regarding a Phase I Environmental Site Assessment (Phase I Assessment) and a Phase II Subsurface Assessment (Phase II Assessment) of the property. The defendant was aware that the plaintiff was seeking its advice and services in connection with the investigation of

the property, and that the plaintiff would rely upon the defendant's findings in deciding whether to terminate the real estate contract within the prescribed time. The plaintiff relied on the defendant's acts, advice and opinions in connection with the environmental conditions of the property and its suitability to be used by the plaintiff for its intended purpose.

As part of the Phase I and Phase II Assessments, the defendant agreed and warranted to perform the necessary services in a manner consistent with that level of care and skill ordinarily exercised by members of its industry engaged in similar work. After both assessments were completed, the defendant prepared and issued a written report to the plaintiff that incorrectly concluded that the property [*3] in question did not qualify as an "establishment" as that term is known and used in the Connecticut Transfer Act and the Connecticut Department of Environmental Protection Remediation Standard Regulations. More specifically, the defendant failed to identify existing contamination, which significantly and adversely impacted the property. Because the plaintiff relied upon the defendant's determination, the plaintiff did not terminate the purchase and sale agreement and became obligated to purchase the property. Consequently the plaintiff claims that the allegations as to the conduct on the part of the defendant amounts to a breach of contract (counts one and three) and negligence (counts two and four), thereby entitling the plaintiff to damages for costs associated with: (1) further environmental testing and monitoring; (2) compliance with applicable law and regulations associated with the acquisition of property classified as an "establishment"; (3) remediation and clean-up of the property; and (4) the devaluation of the property due to the stigma associated with property which is contaminated. n1

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Counts one and two pertain to the Phase I Assessment, while counts three and four pertain to the Phase II Assessment.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [*4]

On April 27, 2004, the defendant filed a motion to strike counts two and four of the plaintiff's complaint, as well as those portions of the complaint in which the plaintiff seeks to recover damages allegedly suffered by a third party, supported by a memorandum of law. The plaintiff filed a memorandum of law in opposition to the defendant's motion to strike on May 11, 2004. On May 26, 2004, the defendant filed a reply.

DISCUSSION

HN1"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Fort Trumbull Conservancy, LLC v. Alves, 262 Conn. 480, 498, 815 A.2d 1188 (2002). HN2The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997) . . . "If facts provable in the complaint would support a cause of action, the motion to strike must be [*5] denied." (Internal quotation marks omitted.) Bhinder v. Sun Co., 263 Conn. 358, 366, 819 A.2d 822 (2003).

The defendant moves to strike counts two and four of the plaintiff's complaint on the ground that the plaintiff's negligence claims are barred by the economic loss doctrine. It further moves to strike all portions of the plaintiff's complaint in which the plaintiff seeks to recover damages allegedly suffered by a third party. The defendant argues that the plaintiff's negligence claims are legally insufficient because the allegations supporting these claims are

identical to those supporting the breach of contract claims. Since the parties have a purely contractual relationship and the only damages alleged in the plaintiff's complaint are economic in nature, the defendant maintains that the economic loss doctrine precludes the plaintiff from seeking any recovery in tort. Additionally, the defendant contends that the limited liability company from which the plaintiff purchased the property is the only party capable of suffering damages because it is the current owner of the property. The defendant argues that the damages alleged to have been suffered in the complaint [*6] cannot have been incurred by the plaintiff because the plaintiff does not allege any tort or contract privity between the defendant and the limited liability company that could form the basis of any tort or contract claim. As a consequence, the defendant maintains that the plaintiff's claims to recover damages allegedly sustained by the limited liability company must be stricken.

The plaintiff counters that the defendant's invocation of the economic loss doctrine is misplaced. It argues that appellate authority warrants the application of the economic loss doctrine only in those cases involving the sale of goods. While the defendant recognizes that there is a split of authority in the superior court as to whether the doctrine is applicable to all negligence claims, it emphasizes that the majority of superior court decisions have declined to extend the doctrine to non-product liability cases, thus allowing a plaintiff to bring both contract and negligence claims simultaneously. Additionally, the plaintiff contends that the defendant's argument regarding damages "is merely a red herring." It maintains that the damages alleged in the complaint were incurred subsequent to its purchase [*7] of the property and only after it entered into a contract with the defendant. Because the allegations in the complaint reflect this sequence of events, the plaintiff argues that there is no plausible basis on which to strike any of its claims.

HN3 "The economic loss doctrine is a judicially created doctrine which bars recovery in tort where the relationship between the parties is contractual and the only losses alleged are economic." (Internal quotation marks omitted.) Milltex Properties v. Johnson, Superior Court, judicial district of New London, Docket No. 0565866 (March 15, 2004, Hurley, J.T.R.) (36 Conn. L. Rptr. 780, 782-83). While not expressly holding that the economic loss doctrine has been adopted in Connecticut, the Supreme Court recently applied principles supporting the doctrine in Flagg Energy Development Corp. v. General Motors Corp., 244 Conn. 126, 153, 709 A.2d 1075 (1998). In Flagg, the plaintiff brought several causes of action against the defendant in connection with the defendant's delivery of allegedly defective gas turbine engines. Id., 129. In addition to a breach of contract claim, the plaintiff also brought a cause of action for breach [*8] of CUTPA and negligent misrepresentation. Id., 130. The Supreme Court upheld the lower court's granting of the defendant's motion to strike the latter two causes of action primarily due to its recognition of holdings in other jurisdictions that "Commercial losses arising out of the defective performance of contracts for the sale of goods cannot be combined with negligent misrepresentation." (Internal quotation marks omitted.) Id., 153, 156. The court in Flagg does not expressly hold, however, that the economic loss doctrine has been adopted in Connecticut.

Since the decision in Flagg, no appellate authority has addressed whether the economic loss doctrine is recognized in Connecticut and, if it is, whether the doctrine should be extended beyond cases involving the sale of goods. Milltex Properties v. Johnson, supra, 36 Conn. L. Rptr. 783; Reynolds, Person & Co., LLC v. Miglietta, Superior Court, judicial district of Hartford, Docket No. CV 00 0801247 (March 27, 2002, Berger, J.) (29 Conn. L. Rptr. 481, 483). Consequently, a split has emerged among the superior courts as to whether the ruling in Flagg bars tort claims for economic loss in non-product liability [*9] cases. Milltex Properties v. Johnson, supra, 783. Several superior courts have found that the holding in Flagg amounts to a recognition of the doctrine and warrants an extension of the doctrine well beyond product liability cases. See, e.g., Dobco, Inc. v. Williams Development Co., Superior Court, judicial district of Tolland, Docket No. X07 CV 99 007215 (May 17, 2002, Sferrazza, J.) (32 Conn. L. Rptr. 214, 216); Morganti National, Inc. v. Greenwich Hospital Assn., Superior Court, judicial district of Waterbury, Docket No. X06 CV 99 0160125 (September 27, 2001,

McWeeny, J.); Worldwide Preservation Services, LLC v. IVth Shea, LLC, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 98 0167154 (February 1, 2001, Tierney, J.) (29 Conn. L. Rptr. 1, 6).

*HN4* A majority of superior court decisions have found, however, either that the economic loss doctrine has not been recognized in Connecticut or that the application of the ruling in Flagg is limited to claims arising from the sale of goods. See, e.g, Milltex Properties v. Johnson, supra, 36 Conn. L. Rptr. 784; Reynolds, Person & Co., LLC v. Miglietta, supra, 29 Conn. L. Rptr. 484; Darien Asphalt Paving Inc. v. [*10] Newtown, Superior Court, judicial district of New Britain, Docket No. CV 98 04878 (December 7, 1999, Nadeau, J.) (23 Conn. L. Rptr. 495, 497); Scap Motors, Inc. v. Pevco Systems International, Inc., Superior Court, judicial district Fairfield at Bridgeport, Docket No. CV 97 0348461 (August 12, 1999, Melville, J.) (25 Conn. L. Rptr. 283, 284). The most recent decision addressing the scope of the Flagg ruling held that "no appellate court in Connecticut has held that a plaintiff may not recover for economic losses when the relationship is contractual in nature other than in actions where the claim is based on product liability and the sale of goods. Until such time when an appellate court does expand the so called economic loss doctrine, this court will limit its applicability to circumstances similar to the facts in Flagg; therefore, the court does not accept the economic loss, doctrine as a ground for striking the [tort] counts." (Emphasis added.) Milltex Properties v. Johnson, supra, 784. The undersigned agrees with this recent holding and with those cases restricting application of the doctrine to claims involving the sale of goods.

In the present matter, the plaintiff's negligence [*11] claims do not arise from the sale of goods. While the allegations underlying the plaintiff's negligence claims are similar to those supporting each contract claim, the only alleged contractual relationship is that which arose from the defendant's agreement with the plaintiff to perform environmental testing on the subject property. More specifically, the plaintiff alleges in its complaint that it entered into a written agreement with the defendant regarding the Phase I and Phase Two Assessments. There is no allegation that the plaintiff's alleged damages resulted from the sale of a defective product. Therefore, the plaintiff's tort claims for economic loss are legally sufficient.

As noted above, the defendant also moves to strike those portions of the plaintiff's complaint in which the plaintiff seeks damages allegedly suffered by a third party. However, this characterization of the plaintiff's complaint is inaccurate. Contrary to the defendant's argument, the plaintiff alleges in its complaint that the defendant's breach of contract and negligence resulted in the plaintiff's continual incurrence of "the costs of further environmental testing and monitoring, costs and expenses associated [*12] with complying with applicable law and regulations associated with the acquisition of Property classified as an 'establishment,' costs and expenses associated with remediation and clean-up of the Property and damages caused by the devaluation of the Property due to the stigma associated with property which is contaminated." There is no allegation in the plaintiff's complaint that either expressly or impliedly seeks damages on behalf of a third party. *HN5* "In ruling on a motion to strike . . . the court properly can consider only those facts alleged in the complaint and those necessarily implied from the allegations." Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). Consequently, the defendant's argument is not persuasive.

The defendant's motion to strike is denied in its entirety.

THE COURT

RONAN, J.T.R.

Source: Legal > / . . . / > CT State Cases, Combined

Terms: **name(smith craft and handex)** (Edit Search)
View: Full
Date/Time: Tuesday, August 10, 2004 - 11:31 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc  All rights reserved.