# EXHIBIT "H"

Source: Legal > / . . . / > CT State Cases, Combined [i]
Terms: name(hartford fire insurance and leninski) (Edit Search)

2002 Conn. Super. LEXIS 3481, *

**Hartford Fire Insurance** Company v. Steven **Leninski**

CV970396097S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF HARTFORD

2002 Conn. Super. LEXIS 3481

October 29, 2002, Decided
October 29, 2002, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Judgment shall enter for the defendant.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff insurer filed a subrogation action against defendant property owner after water damaged the property. The owner filed a counterclaim. The insurer's insured, the owner's tenant, filed a cross-claim against the owner alleging negligence, breach of obligations under the lease, and damages in excess of $ 100,000. The subrogation claim and counterclaim were settled.

**OVERVIEW:** In the cross-claim, the tenant alleged that she sustained losses as a result of the alleged negligence of the owner and that the owner breached his obligation under the lease in that he failed to properly maintain and repair the plumbing system of the leased premises. In entering judgment for the owner, the superior court concluded that, inter alia, the tenant had no standing, and that even if she did she failed to prove her claim by a fair preponderance of the evidence. In addition, the court noted that that the negligence claims were based entirely on the added pecuniary expenses allegedly incurred because of the alleged owner's breach of its duties owed to the tenant under the lease. Finally, the court noted that the right of recovery was defined by the terms of the lease and contract law by virtue of the economic loss doctrine, which prohibited recovery in tort where the basis for the tort claim arose from violation of a contract, and damages were limited to purely economic losses as opposed to personal injury or property damages.

**OUTCOME:** Judgment was entered for the owner on the tenant's cross-claim.

**CORE TERMS:** cross claim, lease, landlord, tenant, lessee, economic loss, demised premises, claimant, insured, repair, water, entitled to recover, fair preponderance, subrogation claim, leak, water damage, counterclaim, basement, lessor, proven, floor, breach of contract, negligence claim, personal injury, tort claim, damage to property, expenses claimed, insurance policy, property damage, maintenance man

**LexisNexis(R) Headnotes** ♦ Hide Headnotes

Torts > Negligence > Defenses

*HN1* The economic loss doctrine prohibits recovery in tort where the basis for the tort claim arises from violation of a contract and damages are limited to purely economic losses as opposed to personal injury or property damages. More Like This Headnote

Contracts Law > Remedies > Election of Remedies
Torts > Negligence > Defenses

*HN2* The common-law duty to avoid causing purely economic loss arises only in the context of a breach of contract. The injured party is limited to contractual remedies. Where the cross claimant asserts a negligence claim which is based on economic loss stemming from a violation of the terms of a contract, no separate negligence claim may stand. More Like This Headnote

**JUDGES:** Howard F. Zoarski, Judge Trial Referee.

**OPINIONBY:** Howard F. Zoarski

**OPINION:** MEMORANDUM OF DECISION

This action was commenced by Hartford Fire Insurance Company as a subrogation matter seeking to recover as the assignee of The Purple Tiger, Inc. Hartford Fire Insurance Company brought this claim against the defendant, Steven Leninski, the owner of the property where its insured, The Purple Tiger, Inc., was a tenant. It contended it provided property and business interruption insurance to its insured and that it paid $ 80,889.49 to the corporation because of water damage sustained on January 5, 1995.

The defendant filed a counterclaim in response to the subrogation claim of Hartford Fire Insurance Company a/s/o The Purple Tiger, Inc. After the counterclaim was filed a Cross Claim was filed by Marie Schlump d/b/a The Purple Tiger alleging in the First Count that she sustained losses as a result of the alleged negligence of the defendant. In the Second Count she alleged the defendant [*2] breached his obligations to her under the lease agreement dated July 28, 1993 in that he failed to properly maintain and repair the plumbing system of the leased premises. She further alleged that as a result of the defendant's negligence, she sustained losses in excess of $ 100,000.00.

When these claims were reached for trial, the court was advised that the subrogation claim of Hartford Fire Insurance Company a/s/o The Purple Tiger, Inc. was settled. That disposition resolved the subrogation claim as well as the counterclaim of the defendant. The remaining issues to be decided related to the Cross Claim of Marie Schlump.

The evidence established that on July 28, 1993 a lease was executed between Steve Leninski the landlord, and The Purple Tiger, Inc. a Connecticut corporation as the tenant. The lease related to premises located at 63 Whitfield Street, Guilford, Connecticut. The term of the lease commenced September 1, 1993 and ended August 31, 1997. The relevant portions of the lease provide as follows:

> Fifth--The tenant has examined the demised premises and accept them in their present condition . . . The Tenant shall keep the demised premises in good condition, [*3] and shall . . . keep them in repair . . .
>
> Eighth--The Landlord shall not be responsible for the loss of or damage to property . . . by reason of any existing or future condition, defect, matter or thing in said demised premises . . . The tenant agrees to indemnify and save the Landlord harmless . . . for losses of or damage to property . . .

> Tenth--The Landlord or its agents, shall have the right to enter the demised premises . . . to make such repairs . . . as it shall deem necessary for the safety, preservation or restoration of the improvements . . .

Schedule A attached to the lease adds the following relevant provision to the terms of the lease:

> 5. . . . Tenant's responsible . . . for all repairs and reasonable maintenance . . . including all such systems, during the term of the lease.
>
> 7. . . . all alterations, repairs, and work required . . . shall be performed by Tenant . . . Landlord is under no obligation to . . . perform work on services at or to the premises.
>
> 8.A Tenant shall maintain . . . insurance for the mutual benefit of the parties hereto:
>
> (i) An insurance policy insuring against content loss . . . or damage from or leakage of [*4] . . . utility systems . . . not less than $ 100,000.00.
>
> (iv) . . . policies shall name the Landlord . . . as additional insured or loss payee . . .
>
> 8.C Tenant holds Landlord harmless . . . for any loss, damages . . . arising from the premises not explicitly assumed as the responsibility of the Landlord . . . provided same is caused by the negligence of the Tenant or its employees or agents.

The Purple Tiger, Inc. took possession of the demised premises in July 1993 and then established a retail stationery and gift store operation. In accordance with a work order attached to the lease the defendant completed the renovation of the premises in August 1993. The defendant landlord employed Joe Maggi as a maintenance worker for the whole building which included other offices and retail stores.

On January 3, 1995, at 9:30 a.m. the lessee became aware of a toilet water leak in the demised premises, and a call was made by Marie Schlump advising the lessor of the problems. Joe the maintenance man came to put new parts in the toilet tank. The cause of the leak was not explained to establish whether it related to the toilet water tank within the demised bathroom, or an overflow [*5] of the toilet, or whether it related to water pipes which serviced all the tenants in the building. On January 5, 1995, at 9:30 a.m. Marie Schlump found about 3 inches of water on the floor of the premises. The water on the floor extended on the floor to all the tenants on the first floor. Joe the maintenance man accompanied by the lessor's secretary came to view the damage, and Joe allegedly apologized for not coming back on January 3, 1995 with parts from Grossman's a hardware service center. Joe was not presented as a witness to explain the cause of the water leak or what parts were referred to in his conversation with Marie Schlump. The explanation from Marie Schlump was ambiguous as to the cause of the water leak, and the repairs necessary to correct the condition.

The lessee contracted with Giordano Associates, Inc. a public adjuster on January 5, 1995 to

photograph the damage, and to then represent the lessee for its water damage claim under its insurance policy. The adjuster prepared a list of the damages and negotiated with the insurance carrier. Under the policy terms the lessee was paid $ 80,889.40 for the property damage, and $ 25,000.00 for business interruption expenses. **[*6]** The total sum received was $ 105,889.40.

The lessee The Purple Tiger, Inc. never resumed its occupancy, and vacated the premises in March 1995, and after an eviction action was commenced by the lessor. The equipment, fixtures, and office equipment not disposed of by the salvage company was moved to the home of Marie Schlump in Prospect, Connecticut. When the lessee left in April 1995, the corporate name The Purple Tiger, Inc. was discontinued, and the corporation was dissolved in November or December 1995. Marie Schlump then used the name of Parties with Pizzazz when she relocated to the basement of her home. On July 4, 1996 Parties with Pizzazz was incorporated.

Marie Schlump after relocation did business as Parties with Pizzazz which now catered to wedding and social functions, and it provided similar services to those provided by The Purple Tiger, Inc. This business was conducted in the basement of her home in Prospect, Connecticut. Marie Schlump contends that as a result of the negligence of the defendant, Steven Leninski, that she sustained property damage, continuing expenses, relocation expenses related to renovation of his home basement, and impairment of her time **[*7]** and earning capacity.

The trial brief of Marie Schlump claims she was cited into the case on January 24, 2000. This claim is without merit, and therefore a review of the pleadings would be appropriate. Hartford Fire Insurance Co. commenced this subrogation claim seeking to recover from the defendant Steven Leninski for sums paid relating to damages sustained by its insured, The Purple Tiger Inc. The defendant then filed a counter claim against The Purple Tiger, Inc. alleging it had breached the terms of the lease of the insured premises. On December 3, 1999, Hartford Fire Insurance Co. filed a motion to cite in as a party plaintiff the plaintiff's subrogor The Purple Tiger, Inc. On January 24, 2000, the motion to cite in The Purple Tiger, Inc. as a party plaintiff as the insured was granted. On February 3, 2000, Marie Schlump d/b/a The Purple Tiger, filed a cross claim alleging she sustained damages and expenses. Although she was never cited in as a party to this action, the defendant Steven Leninski filed an answer and special defenses to the cross claim. When this case was reached for trial the Hartford Fire Insurance Company and the defendant Leninski settled the subrogation **[*8]** action which was then withdrawn. The cross claim filed by Marie Schlump then proceeded to trial. During the trial on the cross claim, Marie Schlump filed a motion on July 24, 2002 to change the cross claimant's name because she was not cited in as a party and she lacked standing to maintain the cross claim. The defendant's objection was sustained to correct or to amend the cross claim. The cross claim was tried to a conclusion, and Marie Schlump was never cited into the action to have standing for her claims in the cross claim, nor was the corporate entity, The Purple Tiger, Inc., a party to the cross claim.

It is also noted that Marie Schlump d/b/a The Purple Tiger commenced an action against Hartford Fire Insurance Company in CV97-03950825. That action was withdrawn on July 18, 2000. That case was not filed against the defendant Steven Leninski and although it was consolidated with the present action CV97-0396097 it was never pursued, and it never gave Marie Schlump any standing to file a cross claim.

The claims of Marie Schlump as alleged in the Cross Claim are based upon claims of negligence against the defendant in addition to the contractual claims arising out of the **[*9]** written lease executed by The Purple Tiger, Inc. and Steven Leninski. *HN1* The economic loss doctrine prohibits recovery in tort where the basis for the tort claim arises from violation of a contract and damages are limited to purely economic losses as opposed to personal injury or property damages. *Dobco v. Williams Development Co. et al.,* 2002 Conn. Super. LEXIS

1681, 2002 CT.Sup. 6454 No. X07CV99-0072152S, 32 Conn. L. Rptr. 214. **HN2** The common-law duty to avoid causing purely economic loss arises only in the context of a breach of contract. The injured party is limited to contractual remedies. Where the cross claimant asserts a negligence claim which is based on economic loss stemming from a violation of the terms of a contract, no separate negligence claim may stand. *Flagg Energy Development Corp. v. G.M.C.*, 244 Conn. 126, 709 A.2d 1075 (1998). Allowing tort claims for what is essentially a breach of contract would cause tort law to swallow up the body of common law surrounding contracts, including the appropriate measure of damages.

In this case the cross claimants' negligence claims are based entirely on the added pecuniary expense allegedly incurred because of the alleged defendant's breach [*10] of its duties owed to the lessee The Purple Tiger, Inc. under the lease. The right of recovery in this case is defined by the terms of the lease and contract law by virtue of the economic loss doctrine. The economic loss rule is that in the absence of privity of contract between the cross claimant, Marie Schlump, and the defendant, she may not recover in tort. The fact that she was an officer or director of The Purple Tiger, inc. does not establish privity for her tort claims. Loss of profits, consequential economic loss, interruption of business and other damages to businesses are commercial or economic losses as opposed to damage and personal injury. *Smith v. Yankee Motor, Inc.*, Superior Court, judicial district of New London, 1994 Conn. Super. LEXIS 1863, Docket No. CV92-523560 (1994).

The final tax return filed by The Purple Tiger, Inc. for 1995 (Pl. Exh. 22A) states on April 3, 1995, it adopted a resolution dissolving the corporation. After the dissolution Marie Schlump created Parties with Pizzazz and it then filed a Profit and Loss statement with the IRS relating her involvement with that business. The checks introduced by the plaintiff which came from the checking account of The Purple Tiger, Inc. [*11] verify the corporation terminated its corporate business by April 3, 1995. After the water damage occurred, the corporation terminated its existence, and Marie Schlump then proceeded to incur the expenses claimed by her to create the new business of Parties with Pizzazz. The tax returns of The Purple Tiger, Inc. establish the corporation had financial problems from its inception. The expenses claimed by Marie Schlump to establish the business of Parties with Pizzazz in her home are not found to be related to the dissolution of The Purple Tiger, Inc. There are questions of credibility regarding her claims, and therefore her claims for damages have not met the standard of proving damages by a fair preponderance of the evidence.

This court concludes the cross claimant, Marie Schlump, is not entitled to recover damages for her negligence claims for the forgoing reasons. She has also never proven by a fair preponderance of the evidence that the defendant, his agents, servants or employees were negligent in causing the damage claimed.

This court concludes the cross claimant Marie Schlump is not entitled to recover on her cross claim for the following reasons: (1) She had no standing [*12] in this case and she was never individually a party as to the disputed issues; (2) even if she had standing negligence as claimed in the cross claim was never proven by a fair preponderance of the evidence; (3) she is not entitled to recover on a tort claim for economic losses arising out of the lease contracted for by The Purple Tiger, Inc. and the defendant landlord; and (4) she is not entitled to recover for the damages claimed because they have not been proven by a fair preponderance of the evidence.

For the forgoing reasons, judgment shall enter for the defendant.

Howard F. Zoarski

Judge Trial Referee

Source: Legal > / . . . / > **CT State Cases, Combined**
Terms: **name(hartford fire insurance and leninski)**  (Edit Search)
View: Full
Date/Time: Tuesday, August 10, 2004 - 11:54 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.