UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PARFUMS DE COEUR, LTD. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 3:02 CV 1454 (RNC) |
| | : | |
| LE PAPILLON, LTD. | : | |
| | : | |
| Defendant. | : | AUGUST 20, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO DEPOSE JAMES STORAR**

Pursuant to Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, the defendant in the captioned matter submits this Memorandum of Law in support of its Motion to depose James Storar, a witness who was previously deposed in this case on March 10, 2004.

The present action alleges breach of contract and breach of warranty and alleges that the plaintiff Parfums De Coeur, LTD. ("Parfums") purchased a product from the defendant which it placed on fragrance packages that it then sold to consumers. Parfums purchased the two part dispensing mechanisms, consisting of the roller ball and fitment which it applied to the top of its package prior to sale. The plaintiff alleges that the defendant breached express and implied warranties as well as its contract with the plaintiff.

On March 10, 2004, the plaintiff took the deposition of a fact witness, James Storar. Storar is a consultant who was hired by the defendant to address complaints from another customer, Kaufman Containers, concerning parts sold to Kaufman.

On March 24, 2003, after Mr. Storar's deposition, plaintiff filed a Request for Leave to Amend Complaint and an Amended Complaint, which adds a Seventh Count alleging a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Judge Martinez has issued a recommended ruling permitting the plaintiff to add the CUTPA count. Defense counsel has objected to the recommended ruling and the objection is presently pending before the Court.

In the new Seventh Count, plaintiff alleges that in or about late June or early July 2001 the defendant received complaints from another one of its customers, Kaufman Containers, indicating that the roller balls were coming out of the fitments. Plaintiff alleges that as a result, Kaufman rejected thousands of fitments. Plaintiff alleges in Paragraph 24 of the Seventh Count that in late September of 2001, after losing the business of Kaufman's customer, Bonnie Bell, the defendant engaged the services of a consultant to examine its mold and molding process. The consultant in question was James Storar. Paragraph 24 alleges that Storar "determined that the mold core pins which make the mechanism were very inconsistent cavity to cavity and two cavities were below specification. Because of the inconsistencies in the cavities of the mold Papillon could not produce consistent parts."

Rule 30(a) of the Federal Rules of Civil Procedure provides that a party may take the testimony of any person by deposition upon oral examination without leave of Court except as

provided in Paragraph (2). Rule 30(a)(2) of the Federal Rules of Civil Procedure provides that "a party must obtain leave of Court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties, . . . (B) the person to be examined has already been deposed in the case."

Since Mr. Storar has already been deposed in this case the defendant now seeks leave of Court to take his deposition. The reason for the second deposition of Mr. Storar is that at the time of his first deposition he had not examined the mold in question for a number of years. On June 17, 2004 Mr. Storar and another expert witness retained by the defendant were allowed upon request to examine the mold which is located at a plant in Pawling, New York.

In addition, following Mr. Storar's first deposition, plaintiff filed a First Amended Complaint which alleges facts which were not contained in the original Complaint. These facts relate to Mr. Storar's examination of the mold in late September, 2001. The CUTPA claims are allegedly based on Mr. Storar's findings at that time.

In <u>Collins v. International Dairy Queen</u>, 189 F.R.D. 496, 498 (N.D.Ga. 1999) the Court permitted a second deposition when an amended pleading contained additional facts and claims. In so holding, the court rejected plaintiff's claim that a second deposition would be unreasonably cumulative, unduly burdensome or expensive. Id., 498.

In the present case, due to the amended complaint and Mr. Storar's subsequent inspection, a second deposition would be consistent with the principles stated in Rule 26(b)(2) of the Federal Rules of Civil Procedures. Mr. Storar has agreed to attend the deposition in Stamford and the burden

of expense of the proposed discovery does not outweigh its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Although defense counsel was in attendance at Mr. Storar's first deposition and Mr. Storar was questioned extensively by plaintiff's attorney, there was no CUTPA claim pending at that time and Mr. Storar had not examined the mold in years. Defense counsel now requires an opportunity to ask questions about Mr. Storar's recent examination of the mold and the facts alleged in the Amended Complaint. For the foregoing reasons, the defendant respectfully requests leave to take Mr. Storar's deposition at a time to be agreed upon by counsel.

                                                THE DEFENDANT,
                                                LE PAPILLON, LTD.

By: _____
    Michael T. Ryan, Esq.
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT  06905
    Juris No. 52525
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

      I hereby certify that on August 20, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

                                                                                     _____
                                                                                         Michael T. Ryan, Esq.