```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


PARFUMS  DE COEUR, LTD.            : CIVIL ACTION NO.
                                   : 302 CV 1454 (RNC)
     Plaintiff,                    :
                                   :
v.                                 :
                                   :
LE PAPILLON, LTD.                  :
                                   :
     Defendant,                    : AUGUST 24, 2004
```

**<u>MOTION FOR CONTEMPT</u>**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of Civil Procedure, Plaintiff, PARFUMS DE COEUR, LTD., ("Plaintiff" or "PARFUMS") respectfully moves this Court for an order finding FEDERAL INSURANCE COMPANY, LLC ("FEDERAL") in contempt for failure to comply with Plaintiff's subpoena issued on February 27, 2004 requiring the production of documents and the deposition of its representative.  For the reasons stated herein and the attached affidavit (see Exhibit "A"), Plaintiff's motion should be granted.

**I.   FACTS AND PROCEDURAL HISTORY**

On February 27, 2004, Plaintiff, in connection with its

1

discovery, issued a subpoena to FEDERAL from the District of New Jersey pursuant to Fed. R. Civ. P. 45 seeking the production of documents and the deposition of its agent most knowledgeable about said documents. On March 23, 2004, FEDERAL filed a Motion to Quash and Motion for Protective Order in the Connecticut District Court claiming that the request was overly broad, unduly burdensome and invaded the attorney-client privilege and work product doctrine.

On April 12, 2004, Plaintiff filed its Response to Federal Insurance Company's Motion to Quash/Motion for Protective Order arguing that the Court did not have jurisdiction to hear FEDERAL's Motions and that FEDERAL failed to meet its burden. FEDERAL subsequently filed a Reply Brief.

On May 11, 2004, the Connecticut District Court heard oral argument on said papers. On July 2, 2004, the Honorable Donna F. Martinez denied the Movant's Motion to Quash/Motion for Protective Order. Thereafter, on July 16, 2004, FEDERAL moved the Connecticut District Court to reconsider its July 2, 2004 decision which Plaintiff opposes. A decision on FEDERAL's Motion for Reconsideration is still pending.

Plaintiff has been patient and willing to work with FEDERAL to

resolve any dispute regarding the scope of the document request and any claimed privileges.  After the Connecticut District Court's July 2, 2004 decision, Plaintiff and FEDERAL have worked to resolve their differences.  To that end, FEDERAL, through counsel, agreed to provide all "non-privileged" documents and has agreed to the deposition of its representative. <u>See</u> Letter from Jennifer Cavalier to Jonathan Shapiro dated July 29, 2004 attached hereto as Exhibit "B."

On August 6, 2004 and August 18, 2004, FEDERAL provided its "document production" to Plaintiff and its privilege log was also provided for the first time on August 18, 2004.  The vast majority of the documents provided are merely a reproduction of Plaintiff's own documents, pleadings and initial notices.  Moreover, as will be discussed more fully below, FEDERAL's privilege log fails to comply with Local Rule 37 and FEDERAL has seemingly claimed a work product privilege to virtually its entire claims file.  On August 24, 2004, counsel for Plaintiff and FEDERAL conversed to discuss their differences regarding the privilege log submitted by FEDERAL. Despite their good faith efforts, Plaintiff and FEDERAL have been unable to resolve their differences.  FEDERAL refused to provide

further details to its privilege log and refused to provide further documentation.  Plaintiff remains willing to concede, despite FEDERAL's waiver, that certain documents between Attorney Ryan and FEDERAL which contain his "work product" are privileged.  However, without further information, which FEDERAL refuses to supply without a court order, no meaningful resolution can be achieved.

**II.   LEGAL ARGUMENT**

Rule 45 of the Federal Rules of Civil Procedure provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued."  Plaintiff cannot proceed with its deposition of FEDERAL's representatives until it has received all documentation and any disputes regarding claimed privileged documents are resolved.  It has now been over five months since Plaintiff issued its subpoena to FEDERAL and FEDERAL has no adequate excuse for its failure to obey the subpoena Plaintiff served on it.

As stated above, on August 6, 2004 and August 18, 2004, FEDERAL provided its "document production" to Plaintiff and its

4

privilege log was also provided on August 18, 2004. A copy of the privilege log is attached hereto as Exhibit "C". The majority of documents FEDERAL has produced are clearly nothing more than a copy of Plaintiff's documents that FEDERAL has received in connection with the claims. They contain virtually no internal memorandum or correspondence regarding the investigation of claims relating to the fitments. Instead, FEDERAL has seemingly sought to protect all notes and documents in its claims files relating to the roller ball fitments under either the attorney-client privilege or the "work product immunity." For the most part, there is no indication that theses documents were created by an attorney. Some even contain correspondence from Defendant's employees, and memorandum and conversations with Defendant's employees.

The burden of showing that a document is entitled to protection is on the party asserting it and the party must present competent proof that the privilege should attach. See, e.g., Hildebrand v. Wal-Mart Stores, Inc., 194 F.R.D. 432, 435 (D.Conn. 2000) (citations omitted). "This burden cannot be discharged by mere conclusory or ipse dixit assertions." Id. (citations omitted).

When FEDERAL's Motion for Protective Order was first before

the court, Plaintiff raised the fact that FEDERAL failed to meet its burden of establishing privilege since it did not provide a privilege log when it first raised its claims.  FEDERAL's failure to provide its privilege log at that time constituted a waiver. See, e.g., Strougo v. Bea Associates, 199 F.R.D. 515 (S.D.N.Y. 2001); see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center of Haverstraw, Inc., 2003 U.S.Dist. LEXIS 15917 (S.D.N.Y. 2003) (citations omitted) (attached hereto as Exhibit "D").

Only now, after over five months and repeated requests, has FEDERAL finally provided a privilege log, and the privilege log that FEDERAL has provided fails to comply with Local Rule 37.  Specifically, FEDERAL's privilege log frequently fails to identify the authors and each recipient of the documents, and also fails to provide the specific dates of documents.  Among the items FEDERAL seeks to protect are undated claims notes (with no author indicated), correspondences between Defendant's counsel and an expert, and correspondence between Defendant's President and representatives of FEDERAL.

Moreover, even if the privilege log is not deemed a waiver,

documents prepared in the ordinary course of business are not protected by the work product doctrine. <u>See,</u> <u>e.g.,</u> <u>United States v. Adlman</u>, 134 F.3d 1194 (2nd Cir. 1998). Courts have found that all documents contained in an insurance company's claims file, including investigative reports, are not subject to the work product doctrine. <u>See</u> <u>Westhemco Ltd. v. New Hampshire Insurance Co.</u>, 82 F.R.D. 702, 708 (S.D.N.Y. 1979) *modified on other grounds*, <u>Commercial Union Insurance Co. v. Albert Pipe & Supply Co.</u>, 484 F.Supp. 1153 (S.D.N.Y. 1980) (finding that a report investigating a claim was kept in the ordinary course of business and not prepared in anticipation of litigation).

However, given FEDERAL's failure to provide a privilege log that complied with the Local Rules, it is difficult, if not impossible for Plaintiff to ascertain which documents may be appropriately protected by the asserted privileges. The burden remains with FEDERAL to establish by competent proof that the privilege should attach.

FEDERAL'S actions have served only to delay the discovery of information to which Plaintiff is entitled. Any further delay in this regard would only serve to prejudice Plaintiff. FEDERAL has

no adequate excuse at this time for its failure to comply with Plaintiff's subpoena.

**WHEREFORE,** for all the foregoing reasons, Plaintiff respectfully requests this Court to enter an order finding FEDERAL in contempt of Plaintiff's subpoena dated February 27, 2004 and an order awarding Plaintiff its attorneys' fees in connection with the enforcement of the subpoena in accordance with Local Rule 37(4).

```
                              THE PLAINTIFF
                              PARFUMS DE COEUR, LTD.


                                      /s/JMS


                              By_____
                              Richard E. Castiglioni (ct07280)
                              Jonathan M. Shapiro (ct24075)
                              Diserio Martin O'Connor & Castiglioni
                              One Atlantic Street
                              Stamford, CT 06901
                              (203) 358-0800
```

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing has been mailed, postage prepaid, this 24th day of August, 2004, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (ct05685)
Jeffrey C. Nagle
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark (ct06484)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, Connecticut 06484

Jennifer Cavalier (ct24646)
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, Connecticut 06410

/s/JMS

_____
Jonathan M. Shapiro

H:\LIT\JMS\Parfum\21090.motion for contempt.doc