UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS  DE COEUR, LTD. | : CIVIL ACTION NO. |
| | : 302 CV 1454 (RNC) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LE PAPILLON, LTD. | : |
| | : |
| Defendant, | : AUGUST 24, 2004 |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO JUDGE MAGISTRATE
MARTINEZ' RECOMMENDED RULING**

Plaintiff, Parfums De Coeur, Ltd, pursuant to Fed. R. Civ. P.
72(b), 6(a), 6(e), and 15(a) and Rule 72.2 of the Local Rules for
United States Magistrates, respectfully replies to Defendant's
Objection to Recommended Ruling on Plaintiff's Motion for Leave to
Amend the Complaint dated August 11, 2004 in which Defendant
objected on grounds that that the addition of the CUTPA claim is
untimely and that Defendant did not have a duty to disclose to
Plaintiff the knowledge which Plaintiff alleges Defendant
concealed.  Plaintiff responds as follows:

**I.   PLAINTIFF'S REQUEST WAS TIMELY AND DOES NOT UNDULY PREJUDICE
DEFENDANT**

Defendant's objection to Magistrate Martinez' Recommended

1

Ruling raises for the first time that Plaintiff's Request for Leave was not timely made.  While Plaintiff maintains that such arguments are not properly raised at this time, Plaintiff's request for leave was timely and does not prejudice Defendant.

Fed. R. Civ. P. 15(a) clearly states that leave to amend "shall be freely given when justice so requires."  Moreover, "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc. – then leave sought should, as the rules require, be freely given." Forman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff seeks to add a claim under the Connecticut Unfair Trade Practice Act ("CUTPA").  As the CUTPA claims relate to Defendant's conduct and concealment of similar occurrences it should not be allowed to hide behind a claim of untimeliness as it concealed these relevant facts from Plaintiff which were only discovered through third parties.  Moreover, Plaintiff's claim under CUTPA was revealed as a direct result of discovery in this case and relates closely to the original claims. Wells v. Harris,

2

et al., 185 F.R.D. 128, 132 (D.Conn. 1999) (stating that "Leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading.").  The granting of this request will not cause any undue delay nor will it prejudice any parties involved in this action.  Discovery is not complete and Defendant is fully aware of the facts it concealed.  Accordingly, Plaintiff's Request for Leave to Amend its Complaint should be granted.

## II.  DEFENDANT HAD A DUTY TO DISCLOSE ITS KNOWLEDGE

Defendant's objection to Magistrate Martinez' Recommended Ruling also raises for the first time various arguments regarding Defendant's duty to disclose its knowledge.  While Plaintiff maintains that such arguments are not properly raised at this time, Defendant had a duty to disclose knowledge regarding the fitment to Plaintiff.

Defendant argues that it had no duty to disclose its knowledge regarding similar complaints from other customers, its knowledge of the suitability of Plaintiff's containers and information Defendant had obtained from its consultant.  Defendant ignores the fact that Plaintiff requested information in solving the problem and Defendant responded with either silence or ineffective, half-

hearted assistance.

CUTPA reflects a public policy that favors remedying wrongs that may not be actionable under other bodies of law. Associated Investment Co. Ltd. Partnership v. Williams Associates IV, 230 Conn. 148, 159 (1994).  A violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy.  Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." Normand Josef Enterprises, Inc. v. Connecticut National Bank, 230 Conn. 486, 522-23 (1994).

Defendant states that "[A] failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose."  Defendant further argues that "[r]egarding the duty to disclose, the general rule is that . . . silence . . . cannot give rise to an action . . . to set aside the transaction as fraudulent.  Certainly this is true as to all facts which are open to discovery as upon reasonable inquiry." See Defendant's Objection citing Macomber v. Traveler's Property and Casualty Corp., 261 Conn. 620, 635-36 (2002).  Moreover, Defendant states that it is a question of law of whether defendants have a duty to disclose. Id. citing Miller v. Guimaraes, 78 Conn. App. 760, 776 (2003).

Despite Defendant's arguments to the contrary, Defendant had a duty to speak. "A duty to disclose will be imposed . . . on a party insofar as he voluntarily makes disclosure. A party who assumes to speak must make a full and fair disclosure as to the matters about which he assumes to speak." Macomber v. Traveler's Property and Casualty Corp., 261 Conn. at 636 (citations omitted).

Plaintiff expressly sought Defendant's assistance to solve the problem Plaintiff was experiencing with Defendant's fitments. Defendant did not remain silent as it would suggest, but affirmatively took steps, albeit half-hearted, to work with Plaintiff. In so acting, Defendant had a duty to make a full and fair disclosure as to the condition of its product and its knowledge rather than conceal it as Defendant did.

Moreover, Defendant, via the purchase orders, expressly warranted that the fitments were "of merchantable quality, conforms to specifications and is suitable for the Purchaser's intended uses and purposes in the ordinary course of business." In providing this warranty for its product, Defendant did not remain silent as its Objection suggests, but affirmatively spoke as to its product. By makings such a warranty, Defendant had a continuing duty not to conceal information within its knowledge. See, e.g., Willow Springs

5

Condominium Assoc., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 45 (1998); see also United States Fidelity & Guaranty Co. v. Black, 412 Mich. 99, 127 (1981) (finding that a vendor has a duty to disclose "substantially acquired information which he recognizes as rendering untrue, or misleading, previous representations which, when made, were true or believed to be true.")

Finally, while Defendant makes a lengthy argument regarding the elements to prove a claim for fraudulent concealment, Defendant seems to neglect that the standard under CUTPA is substantially lower than for fraud and requires no showing of an intent to deceive. Normand Josef Enterprises, Inc., 230 Conn. at 523 (1994).

As already discussed, despite Defendant's arguments to the contrary, Defendant's conduct constituted more than mere nondisclosure of information it possessed. Defendant, by responding to Plaintiff's inquires regarding the fitment, affirmatively spoke about its product yet withheld material information about it. In light of all these circumstances, Defendant had a duty to disclose knowledge within its possession that Plaintiff had no ability to obtain. Such action by Defendant was immoral, unethical, oppressive and unscrupulous in violation of

public policy and Plaintiff's Request for Leave to Amend its Complaint should be granted.

## III. THE ECONOMIC LOSS DOCTRINE IS NOT APPLICABLE

Finally, while Defendant's argument that Plaintiff's CUPTA claim is futile due to the economic loss arguments are not proper arguments to raise in an objection to a recommended ruling regarding a request for leave, Defendant's arguments fail since the economic loss doctrine is not applicable.

Defendant's argument largely focuses on the Connecticut Supreme Court's decision in Flagg Energy Development Corp. v. General Motors Corp., 244 Conn. 126 (1998). Defendant's reliance on Flagg is misplaced. First, the court's decision was not expressly premised on the economic loss doctrine. In Flagg, the court affirmed the trial court's decision that granted the defendant's motion to strike the plaintiff's misrepresentation and CUTPA claims. The plaintiff's misrepresentation and CUTPA claims were based on the same allegations of fact asserted in their other claims—that the defendant misrepresented the performance of the product being sold to the plaintiff and that the plaintiff detrimentally relied upon those representations.

The Flagg court found the misrepresentation and CUTPA claims

incompatible with the UCC since the UCC made actions for fraud or misrepresentation inconsistent with post-acceptance claims for breach of warranty. Flagg Energy Development Corp. v. General Motors Corp., 244 Conn. at 153-55.

The Flagg court did not universally adopt the economic loss doctrine to preclude claims such as Plaintiff's. In fact, the Connecticut courts are split regarding the applicability of the economic loss doctrine and no appellate court has conclusively adopted it to preclude all tort claims. See, e.g., Reynolds, Pearson & Co., LLC v. Miglietta, 2001 Conn.Super. LEXIS 952 (Conn. Super. 2001) (A copy is attached hereto as Exhibit "A".) (discussing the contrasting lines of authority that either accept or reject the economic loss doctrine).

In the present action, Plaintiff's CUTPA claim is not based on any alleged misrepresentation that occurred prior to the initial sale of goods as in Flagg nor does the CUTPA claim stem from a violation of the purchase orders. Rather, Plaintiff's claim arises out of actions by Defendant that occurred after the sale of goods to Plaintiff. The CUTPA claim is based on Defendant's failure to disclose information it possessed regarding newly discovered defects in its product after Plaintiff informed Defendant of its

8

problems and sought the assistance of Defendant.

Moreover, numerous courts have refused to acknowledge the economic loss doctrine as a bar to tort actions where the relationships between the parties is purely contractual and the only losses alleged are economic. See, e.g., Reynolds, 2001 Conn.Super. LEXIS 952; Scap Motors, Inc. v. Pevco Systems International, Inc., 1999 Conn.Super. LEXIS 2230 (Conn. Super. 1999) (attached hereto as Exhibit "B"); Eremita v. Stein, 1995 Conn. Super. LEXIS 3096 (Conn.Super. 1995) (attached hereto as Exhibit "C"). Thus, the contractual relationship between Plaintiff and Defendant does not automatically trigger the economic loss doctrine as Defendant suggests.

Even if the economic loss doctrine was generally adopted in Connecticut (which it is not), the Connecticut Supreme Court has stated that where the tort alleged is intentional, the economic loss doctrine would not bar the claim. See Reynolds, 2001 Conn.Super. LEXIS 952 citing Connecticut Mutual Life Ins. Co. v. New York & New Haven R. Co., 25 Conn. 265, 276 (1856). Similarly, the Connecticut Supreme Court has also rejected the economic loss doctrine as a bar to a claim for negligent misrepresentation. Id. citing Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559,

579 (1995).

CUTPA is a remedial statute that reflects a public policy that favors remedying wrongs that may not be actionable under other bodies of law. Willow Springs Condominium Assoc., Inc. v. Seventh BRT Development Corp., 245 Conn. at 42-43. Plaintiff's CUTPA claim seeks recovery based on Defendant's intentional conduct after the sale of goods. Under the present circumstances, just as the economic loss doctrine does not bar intentional torts and negligent misrepresentation claims, the economic loss doctrine should likewise not bar a CUTPA claim based on nondisclosure.

This matter will be tried to the Court and it can determine, after all of the evidence, whether a violation of CUTPA has occurred.

**WHEREFORE,** for all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's objection to and accept the recommended ruling of Magistrate Judge Martinez.

THE PLAINTIFF
PARFUMS DE COEUR, LTD.

/s/JMS


By _____
Richard E. Castiglioni (ct07280)
Jonathan M. Shapiro (ct24075)
Diserio Martin O'Connor &
Castiglioni, LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been mailed, postage prepaid, this 24th day of August 2004, to the following counsel and parties of record:

Robert N. Chan
Robson Ferber Frost Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036
(212) 944-2000

Michael T. Ryan (CT05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905-3057
(203) 357-9200

Peter D. Clark (ct06484)
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, Connecticut 06484

/s/JMS

_____
Jonathan M. Shapiro

H:\LIT\JMS\Parfum\21090.reply to defendant's objection to recommended ruling.doc