LEXSEE 1999 CONN.SUPER. LEXIS 2230

Scap Motors, Inc. v. Pevco Systems International, Inc.

CV 970348461S

SUPERIOR COURT OF CONNECTICUT, JUDICIAL DISTRICT OF
FAIRFIELD, AT BRIDGEPORT

1999 Conn. Super. LEXIS 2230

August 12, 1999, Decided
August 12, 1999, Filed

**NOTICE:** [*1] THIS DECISION IS UNREPORTED AND MAY BE SUBJECT TO FURTHER APPELLATE REVIEW. COUNSEL IS CAUTIONED TO MAKE AN INDEPENDENT DETERMINATION OF THE STATUS OF THIS CASE.

**DISPOSITION:** Defendant's motions to strike DENIED.

**LexisNexis(R) Headnotes**

**JUDGES:** MELVILLE, J.

**OPINIONBY:** MELVILLE

**OPINION:** MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 109)

On February 17, 1998, the plaintiff, Scap Motors, Inc., filed a four-count revised complaint against the defendant, Pevco Systems International, Inc. Count one alleges a breach of the settlement agreement, count two alleges a breach of the implied covenant of good faith and fair dealing, count three alleges fraud and count four alleges a CUTPA violation. The plaintiff alleges the following facts. In 1994, the plaintiff filed a suit against the defendant due to a dispute concerning the sale and installation of a pneumatic tube transport system. Subsequently, in June 1995, the parties signed a settlement agreement whereby the defendant promised to provide the plaintiff with a fully-functional, fully-installed pneumatic tube transport system in exchange for the plaintiff withdrawing its pending 1994 action against the defendant. Despite the defendant's purported completion of [*2] the system, the plaintiff began experiencing problems with the system. After experiencing numerous malfunctions with the system in 1995 and 1996, the plaintiff, based upon the defendant's suggestions, authorized the defendant to upgrade the system at an additional cost of $ 13,500. The plaintiff has yet to be given possession of a fully-functional, fully-installed system and therefore has brought the present lawsuit against the defendant for breach of the aforementioned settlement agreement.

The defendant moves to strike counts two, three and four and the corresponding claims for punitive damages and attorneys fees on the ground that the common-law economic loss doctrine and the Connecticut Product Liability Act; *General Statutes 52-572n(c)*; bar the plaintiff from asserting claims for tortuous breach of contract, common-law fraud, and violation of CUTPA in a dispute between commercial parties where only economic losses are at issue. Specifically, the defendant moves to strike on the ground that, because the plaintiff only alleges commercial loss, it is limited to the remedies available under the Uniform Commercial Code (UCC). The defendant further argues that count two for "tortious [*3] breach of contract" is not a distinct cause of action in Connecticut.

The plaintiff first claims that the defendant's motion to strike is untimely filed. Secondly, the plaintiff contends that the claims raised in counts two, three and four are not simple warranty claims covered by the UCC and Connecticut Product Liability Act. Thirdly, the plaintiff contends that the claims raised in counts two, three and four do not arise from the sale of goods but from the defendant's actions in entering into a settlement

agreement, having no intention of fulfilling its obligations pursuant to the agreement. Lastly, the plaintiff contends that count two is a claim for the recognized cause of action of breach of the implied covenant of good faith and fair dealing.

The plaintiff's argument that the defendant's motion to strike is untimely should be addressed first. The plaintiff argues that, in response to the defendant's request to revise, the plaintiff filed a revised complaint on February 11, 1998. The plaintiff further alleges that it was not until September 23, 1998 that the defendant filed its motion to strike. It should, however, be noted that the court, *Nadeau, J.*, sustained plaintiff's [*4] objection to the defendant's motion for order of compliance on August 24, 1998.

Pursuant to Practice Book 10-8, "any subsequent pleadings, motions and requests shall advance at least one step within each successive period of fifteen days . . ." Therefore, pursuant to Practice Book 10-8, the defendant should have filed the motion to strike by September 8, 1998, fifteen days after the court sustained the plaintiff's objection to the defendant's motion for order of compliance. However, although a motion to strike may appear untimely on its face, the court has discretion to permit a late pleading where the parties have both submitted arguments on the matter. See *People's Bank v. Scarpetti, 1998 Conn. Super. LEXIS 351*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345123 (February 5, 1998) (*Skolnick, J.*) (21 CONN. L. RPTR. 357); see also *Margolis v. Sweet Life Foods, Inc., 1993 Conn. Super. LEXIS 2876*, Superior Court, judicial district of New Haven at New Haven, Docket No. 345004 (October 29, 1993) (*Meadow, S.T.R.*) (court overlooked forty day lapse between filing of pleading and motion to strike where parties fully briefed merits of motion).

Based on the foregoing analysis and because both parties [*5] have submitted arguments, this court will exercise its discretion to allow the defendant's motion to strike to be filed approximately fifteen days late. Accordingly, the plaintiff's objection to the untimely filing of the instant motion to strike is overruled, and the court will now determine the present motion to strike on its merits.

The defendant's first theory for striking counts two, three and four of the plaintiff's complaint is the economic loss doctrine. It therefore must be determined whether the Connecticut courts recognize this doctrine. The economic loss doctrine is a judicially created doctrine which bars recovery in tort where the relationship between the parties is contractual and the only losses alleged are economic. *Darien Asphalt Paving, Inc. v. Town of Newtown, 1998 Conn. Super. LEXIS 3496*, Superior Court, judicial district of New Britain, Docket No. 04878 (December 7, 1998) (*Nadeau, J.*) (23 CONN. L. RPTR. 495, 495, 497). The appellate courts have not seen fit to recognize the doctrine. *Id.*, 497. Additionally, in *Darien Asphalt Paving, Inc. v. Town of Newtown, id.*, the court declined to find that the Connecticut courts recognize the economic loss doctrine as a bar to tort [*6] actions where the relationship between the parties is contractual and the only losses alleged are economic.

Based upon the foregoing, this court likewise declines to recognize the economic loss doctrine as a bar to the plaintiff's tort causes of actions in counts *two, three* and *four* where the relationship between the plaintiff and the defendant is contractual and the only losses alleged by the plaintiff are economic.

The defendant's second theory for striking counts two, three and four of the plaintiff's complaint is the Connecticut Product Liability Act, 52-572n(c); which precludes recovery under the act of a commercial loss caused by a product by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code. Section 52-572n(a) and (c) of the General Statutes discuss product liability claims. Pursuant to 52-572m(b), a "Product liability claim" includes "all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, [*7] instructions, marketing, packaging or labeling of any product. Here, the plaintiff has not brought any claims or actions for personal injury, death or property damage. Rather, the plaintiff has brought a claim for economic damages caused by the defendant's breach of its part of a settlement agreement to provide the plaintiff with a fully-functional, fully-installed pneumatic tube transport.

*General Statutes 52-572n* is titled "Product liability claims." Based on the definition of "product liability claim" and the foregoing analysis, the present lawsuit does not concern a product liability claim and therefore 52-572n is inapplicable. Accordingly, defendant's motion to strike counts two, three and four on this theory is also *denied.*

The defendant's third theory for striking these three counts of the plaintiff's complaint is that where a mere commercial loss is alleged, the only remedies available are pursuant to the UCC. Article 2 of the UCC applies to transactions involving the *sale of goods.* See *General Statutes 42a-2-102*; see also *Sun Hill Industries, Inc. v.*

*Kraftsman Group, Inc.*, 27 Conn. App. 688, 693, 610 A.2d 684, cert. denied, 223 Conn. 913, 614 A.2d 831 (1992) [*8] (where case involves sale of goods, it is governed by Article 2 of the UCC); *Roy v. Stephen Pontiac-Cadillac, Inc.*, 15 Conn. App. 101, 104, 543 A.2d 775 (1988) (same); *Franklin Quilting Co., Inc. v. Orfaly*, 1 Conn. App. 249, 251, 470 A.2d 1228 (1984) (same).

Here, although the initial agreement between the parties was for the sale and installation of a pneumatic transport tube, which would be considered merchandise under the UCC, the present lawsuit does not deal with a transaction in the sale of goods. Rather, the present lawsuit, as already pointed out, deals with the breach of a settlement agreement. Consequently, the UCC is not applicable to this case. n1 Accordingly, defendant's motion to strike counts two, three and four on this theory is also *denied*.

> n1 Although in *Flagg Energy Development v. General Motors Corp.*, 244 Conn. 126, 709 A.2d 1075 (1998), the Supreme Court considered a settlement agreement resulting from a dispute over a contract for the sale of goods, the Supreme Court there concluded that the settlement agreement "modified and incorporated, but [did] not extinguish the terms of the [original] purchase agreement." *Id.*, 146. Here, the settlement agreement, by the following express terms, extinguished the original contract: "This agreement constitutes the full and complete understanding and agreement of the parties and shall supersede all prior understandings and agreements relating to the subject matter of the action entitled Scap Motors, Inc. v. Pevco Systems International, Inc. between the parties to this Agreement, except for the releases to be executed pursuant to the terms of this Agreement." (Plaintiff's Exhibit B, p. 4-5, 11.) Consequently, this agreement is independent of the original contract for the sale of goods.

[*9]

The defendant's final argument involves only count two. The defendant argues that count two is a claim for tortious breach of the settlement agreement which is not a distinct cause of action in Connecticut. In Connecticut, there is no cause of action for tortious breach of contract. *Connecticut Environmental Associates, Inc. v. Connecticut Resources Recovery Act*, 1997 Conn. Super. LEXIS 2050, Superior Court, judicial district of New Haven, Docket No. 393991 (July 23, 1997) (*Zoarski, J.*) (20 CONN. L. RPTR. 174, 174). However, the plaintiff has not brought a cause of action for tortious breach of contract. Count two, paragraph fourteen of the plaintiff's complaint states that "the defendant Pevco has engaged in conduct constituting a bad faith, tortuous breach of the Settlement Agreement existing between Pevco and Scap Motors, Inc." (Complaint, Count two, 14.) Furthermore, the concluding paragraph of count two states that "as a direct and proximate result of the defendant's breach of its implied covenant of good faith and fair dealing, the plaintiff has sustained, and will continue to sustain, substantial monetary damages and losses." (Complaint, Count two, 15.) Count two is a claim for breach of the [*10] implied covenant of good faith and fair dealing. Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. *Gupta v. New Britain General Hospital*, 239 Conn. 574, 598, 687 A.2d 111 (1996).

Based on the foregoing analysis, the defendant's motion to strike counts two of the plaintiff's complaint is denied as well.

As to the plaintiff's demands for punitive damages and attorneys fees, the defendant argues they should be stricken because they correspond to the causes of action outlined above in counts two, three and four. Because the court has declined to strike counts two, three and four, the plaintiff's demands for punitive damages and attorneys fees should remain. Accordingly, the defendant's motion to strike these demands is also *denied*.

In summary, for the reasons hereinbefore stated, all of defendant's motions to strike are hereby DENIED.

MELVILLE, J.