UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR, LTD. | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : CIVIL ACTION NO. 3:02 cv 1454 (RNC) |
| | : |
| LE PAPILLON, LTD. | : |
| | : |
| Defendant. | : |
| | SEPTEMBER 13, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH AND/OR
MOTION FOR PROTECTIVE ORDER**

**BACKGROUND**:

The present discovery dispute arises out of a Notice of Deposition and Subpoena originally served on non-party Federal Insurance Company ("Federal") on February 27, 2004. The Subpoena was issued from the United States District Court for the District of New Jersey. On July 2, 2004 this Court issued a ruling that "[A]ny motion regarding the enforcement of a subpoena must be filed with the District Court for the District of New Jersey – the court from which the subpoena was issued. *See* Fed. R. Civ. P. 45(c)(3)(A)."

During a telephonic conference on September 3, 2004 the Court and counsel agreed to resolve the current discovery dispute by having the plaintiff re-issue the Subpoena from the District of Connecticut and re-serving the Notice of Deposition. It was agreed that Federal and

the defendant would then file motions and briefs setting forth their respective positions by September 13, 2004.

Subsequently, on September 27, 2004, the plaintiff issued upon Federal a Subpoena from the District of Connecticut, commanding Federal to appear at a deposition on September 27, 2004 and to bring a number of documents to the deposition (See Subpoena, dated September 7, 2004 attached hereto as Exhibit 1). The following is the defendant's Memorandum of Law, which is being filed as agreed during the conference on September 3, 2004.

In response to Federal's original subpoena, it produced certain non-privileged documents and on August 18, 2004 provided the plaintiff with a Privilege Log identifying the documents it claimed were non-discoverable.  (See Federal's Privilege Log attached hereto as Exhibit 2). Federal, upon information and belief, has also agreed to produce a representative to testify concerning non-privileged matters.

The present dispute concerns the discoverability of certain documents requested in the plaintiff's Subpoena. The specific documents are listed in Federal's Privilege Log.  The documents in question are located in Federal's claims files for the plaintiff's lawsuit and in Federal's claims files for other claims against the defendant, which allegedly also arise out of the use of roller ball fitments sold by the defendant.

–2–

**LAW**:

Fed. R. Civ. P. 45(3)(A)(iii) states that on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies.

Fed. R. Civ. P. 26(c) states in pertinent part:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(1) that the disclosure or discovery not be had . . .
(4) that certain matters not be inquired into or that the scope of the disclosure or discovery be limited to certain matters.

A party such as the defendant has standing to move for a protective order or to quash a subpoena directed at a non-party calling for the production of documents that the party believes to be immune from discovery as part of its work product. *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 201 U.S. Dist. LEXIS 16961,*10 (N.D. Ga. 2001); *Norris Mfg. Co. v. R.E. Darling Co.*, 29 F.R.D. 1 (D. Md. 1961).

Plaintiff's attorney has conceded in his Motion for Contempt, dated August 24, 2004 (which is now moot) and in discussions with counsel and the Court that all correspondence between the undersigned and Federal (or Chubb) are work product and need not be produced by Federal. The balance of the documents the plaintiff seeks can be summarized as (i) communications between the defendant (and/or its attorney) and Chubb, or (ii) the internal claims notes of Chubb and internal communications between Chubb employees concerning claims against the defendant by the plaintiff and claims made by other consumers of the plaintiff's product.

As set forth below, these documents are clearly non-discoverable work product, as they were prepared in anticipation of litigation or for trial by the defendant or by the defendant's attorney or insurer, Fed. R. Civ. P. 26(b)(3), and the plaintiff cannot make the showing required by Fed. R. Civ. P. 26(b)(3). In addition, the communications between the defendant's attorneys and Chubb are protected by the attorney client privilege. The defendant seeks to quash the plaintiff's Subpoena to the extent that it seeks the production of such non-discoverable documents and seeks an order that the plaintiff not be allowed to question any Chubb representative concerning the same.

**WORK PRODUCT:**

The work product privilege is more broad than the attorney-client privilege. *In re Grand Jury Proceedings,* 219 F.3d 175, 190 (2d Cir. 2000). This privilege exists to protect attorneys' mental impressions, opinions, or legal theories concerning litigation. *Horn & Hardart Co. v. Pillsbury Co.,* 888 F.2d 8, 12 (2d Cir. 1989). Indeed, the work product privilege is designed to protect an adversary system of justice and has been analyzed in that context by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 510-11, 91 L.Ed. 451, 67 S. Ct. 385 (1947). This doctrine establishes a "zone of privacy" in which a lawyer can prepare and develop theories and strategies with an eye towards litigation free from unnecessary intrusion by his or her adversaries. *United States v. Adlman*, 68 F.3d 1495, 1501 (2d Cir. 1995) (citing *Hickman v. Taylor*, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947); *see also In re Minebea Co. Ltd.*, 143 F.R.D. 494, 499 (S.D.N.Y. 1992). Of course the burden, albeit not a heavy one, of establishing that the work product doctrine applies rests with that party's attorney. The doctrine is invoked as soon as the attorney, in responding to a request for production of documents, serves upon the requesting party a privilege log asserting this and any other relevant privileges or provides notification that it will not be disclosed for this reason. Fed. R. Civ. P. 26(b)(5).

The scope of the work product doctrine is defined in Fed. R. Civ. P. 26(b)(3) which provides, in pertinent part, that:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

It is important to note that the work product doctrine classifies documents into two categories: "non-opinion" work product, and "opinion" work product.  A party may obtain discovery of "non-opinion" work product by demonstrating substantial need and the inability to obtain the substantial equivalent of the materials without undue hardship. Fed. R. Civ. P. 26(b)(3).  By contrast, "opinion work product enjoys a near absolute immunity and can be discovered only in very rare and extraordinary cases . . . where weighty consideration of public policy and proper administration of justice would militate against nondiscovery." *Minebea*, 143 F.R.D. at 11 (internal quotations and citations omitted). Accordingly, Rule 26 (b)(3) states that in ordering discovery of work product materials when the required showing has been made, "the

court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

Plaintiff's attorney is under the mistaken impression that in order for documents in Federal's claims files to be protected by the work product doctrine, they must have been prepared by an attorney or at the request of an attorney. By the express language of the Rule, the work product privilege is not dependent upon an attorney's involvement, but instead only requires that the materials be prepared by or for another party or by or for that other party's "representative" in anticipation of litigation. The Rule specifically includes another party's "attorney" and his or her "insurer" within the definition of a "representative" for purposes of the work product doctrine. Thus, statements such as those made in *Hamed v General Accident Insurance Co.*, 112 F.R.D. 213, 215 (N.D. Ind. 1986), that "the work product privilege does not apply to an investigation conducted by an insurance company unless the investigation has been conducted under the direction of an attorney" are not supported by the text of the Rule.

Insurance "claim files" may present difficult issues regarding where the line should be drawn between documents prepared in the ordinary course of the insurer's business (which, by its nature, involves claim investigation and analysis) and documents prepared "in anticipation of litigation." *See, e.g., Stephenson Equity Co. v. Credit Bancorp, Ltd.,* No. 99 Civ. 11395(RWS),

–7–

2002 WL 59418, at *2 (S.D.N.Y. Jan. 16, 2002) ("As many courts have noted, it often is difficult to determine whether documents prepared by an insurance company or its representatives are entitled to work-product protection because insurers are in the business of investigating and adjusting claims.")

A minority of federal courts have held that all materials located in an insurance claims adjuster's files must be deemed to have been collected or created in anticipation of litigation because it is in the nature of the insurance business to always be preparing for litigation. *See, e.g., Fontaine v. Sunflower Beef Carrier, Inc.*, 87 F.R.D. 89, 92 (E.D. Mo. 1980); *Almaguer v. Chicago, R.I. & P.R. Co.*, 55 F.R.D. 147, 149 (D. Neb. 1972).

The overwhelming majority of federal courts that have addressed the issue have chosen not to accord insurance companies special treatment during discovery and have maintained a fact specific approach in this context.[1]

---

[1] *See, e.g., Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996); *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 632 (N.D. Iowa 2000); *Lyvan v. Harleysville Ins. Co.*, 1994 U.S. Dist. LEXIS 13981, (E.D. Pa. 1994); *Henderson v. Zurn Indus.*, 131 F.R.D. 560, 571 (S.D. Ind. 1990); *Schmidt v. California State Auto. Assoc.*, 127 F.R.D. 182, 184 (D. Nev. 1984); *Airheart v. Chicago & North Western Transp. Co.*, 128 F.R.D. 669, 671 (D.S.D. 1989); *Pasteris v. Robillard*, 121 F.R.D. 18, 20 (D. Mass. 1988); *Rinaldi's Fast Foods, Inc. v. Great American Ins. Cos.*, 123 F.R.D. 198, 202 (M.D. N.C. 1988); *McFadden*, 118 F.R.D. at 629 (D. Neb. 1988); *Mision Nat. Ins. Co. v. Lilly*, 112 F.R.D. 160, 164 (D. Minn. 1986); *Mision Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 164 (D. Minn. 1986); *State Farm Fire &*

The Second Circuit has adopted a "causation" test for determining whether a document was prepared in anticipation of litigation. *See United States v. Adlman*, 134 F.3d 1194, 1202-1203 (2d Cir. 1998). Thus, the party seeking to withhold a document must demonstrate that the document it seeks to withhold was created "because of" the anticipation of litigation. *See id.*

Where documents are generated after the insurer has referred the matter to counsel, it can generally be said that the insurer is fairly anticipating litigation, and thus work product immunity will typically attach. *See American Nat'l Fire Ins. Co. v. Mirasco, Inc.*, Nos. 99 Civ. 12405 (RWS), 00 Civ. 5098 (RWS), 2001 WL 876816, at *2 (S.D.N.Y. Aug. 2, 2001).

Courts have found that documents created after litigation has already commenced, when the claims handlers' work has plainly shifted from investigating the initial claim to assisting in the defense of the pending litigation and evaluating litigation exposure, are covered by the work product doctrine. *See, e.g., Magee v. Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 640 (E.D.N.Y. 1997) (document created after litigation commenced, and that related to legal advice in

---

*Cas. Co. v. Perrigan*, 102 F.R.D. 235, 238 (W.D. Va. 1984); *Carver v. Allstate Ins. Co.*, 94 F.R.D. 131, 134 (S.D. Ga. 1982); *Fine v. Bellefonte Underwriters Ins. Co.*, 91 F.R.D. 420, 422 (S.D. N.Y. 1981); *APL Corp. v. Aetna Cas, & Sur. Co.*, 91 F.R.D. 10, 18 (D. Md. 1980); *Spaulding v. Denton*, 68 F.R.D. 342, 344-46 (D. Del. 1975); *Miles v. Bell Helicopter Co.*, 385 F.Supp. 1029 (N.D. Ga. 1974); *Atlanta Coca-Cola Bottling Co. v. Transamerica Insurance Co.*, 61 F.R.D. 115 (N.D. Ga. 1972).

connection with the ongoing litigation, was work product). Similarly, correspondence between an insured and its liability insurer, written "as a consequence of pending litigation for the purpose of mounting a defense to the claim" is entitled to work product protection. *R.R. Salvage of Conn. Inc. v. Japan Freight Consol. (U.S.A.) Inc.,* 97 F.R.D. 37, 41 (E.D.N.Y. 1983); *see also Chaiken v. VV Publ'g Corp.*, No. 91 Civ. 2102(DLC), 1994 WL 652492, at *2 (S.D.N.Y. Nov. 18, 1994) (documents written by insured's attorney and sent to insurer were work product, where the documents concerned ongoing cases and included assessments by the attorney of the merits, legal strategy, and anticipated outcome of the cases), *aff'd*, 119 F.3d 1018 (2d Cir. 1997).

In this case, the undersigned was retained as counsel on September 11, 2002. (See Affidavit of Michael T. Ryan attached hereto as Exhibit 3). Unquestionably, under the cases cited above, all documents prepared after that date were prepared in anticipation of litigation. The other documents plaintiff seeks were prepared after Federal was notified of claims by injured consumers. In the context of such third party claims against an insurer's insured, Federal anticipated litigation when it was notified of a claim against its insured. All of the documents plaintiff seeks were created after Federal was notified of claims and are clearly work product, as they were prepared "because of" the prospect of litigation.

Moreover, the plaintiff is not able to demonstrate any need for the documents or an inability to obtain their substantial equivalent by other means. Accordingly, the documents are non-discoverable work product. Fed. R. Civ. P. 26(b)(3).

**<u>ATTORNEY CLIENT PRIVILEGE</u>**:

Connecticut law governs the issues of the attorney-client privilege. *See Loftis v. Amica Mutual Insurance Co.*, 175 F.R.D. 5 (D. Conn. 1997) citing *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975). Under Connecticut law, "[w]here legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser, except the protection may be waived." <u>Id</u>. citing *Rienzo v. Santangelo*, 160 Conn. 391, 395 (1971). The party asserting the privilege must establish all of the elements of the privilege. *State v. Hanna*, 150 Conn. 457, 466 (1963).

In addition, courts have held that counsel retained by an insurer may act as an attorney for that insurer as well as for the insured. *Bovis Lend Lease LMB, Inc. et al v. Seasons Contracting Corp.*, 2002 WL 31729693 (S.D.N.Y. 2002)(applying New York law). Accordingly, "communications between the retained attorney and the insurer should be considered privileged, to the extent such communications request or provide legal advice or analysis." <u>Id</u>. at *3. "It is

generally accepted that, regardless of whether the retained attorney and the insurer can be said to have a distinct attorney-client relationship, their 'communications . . . concerning such matters as progress reports, case evaluations, and settlement should be regarded as privileged and otherwise immune from discovery by the claimant or another party to the proceedings." Id.

In this case therefore, communications between Robert Kaplan, the insured's personal attorney and Chubb are not only non-discoverable work product, but they are also protected by the attorney client privilege.

WHEREFORE, the defendant respectfully requests that its Motion to Quash and/or for Protective Order be granted.

        THE DEFENDANT,
        LE PAPILLON, LTD.


By:_____
    Michael T. Ryan, Esq., (CT 05685)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Phone No. 203-357-9200

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 13, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Jennifer J. Cavalier, Esq.
Frederick L. Murolo, Esq.
Anthony Nuzzo, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410
Attorney for Movant, Federal Insurance Company

                                                                                      _____
                                                                                         Michael T. Ryan, Esq.

I:\Procases\720.123\memoreconsider.wpd
720.123