Exhibit A

# NUZZO & ROBERTS, L.L.C.
LAW OFFICES

ANTHONY NUZZO, JR.
RICHARD A. ROBERTS
FREDERICK L. MUROLO
DAVID J. WEIL
KAREN T. GERBER
JANE S. BIETZ
ROBERT J. CHOMIAK, JR.
NICOLE C. DABEKIS CHOMIAK
JANE M. CARLOZZI
JENNIFER J. CAVALIER
ROBERT J. JOHNSON
AMBER J. BRANCIFORTE
NADINE M. PARE
SEAN D. MURPHY
JASON K. MATTHEWS
JAMES R. FIORE
JILL M. PERNO
SARA M. CONOPASK
JESSICA B. RAJOTTE

July 29, 2004

<u>VIA FACSIMILE AND REGULAR MAIL</u>
Jonathan M. Shapiro, Esq.
DISERIO, MARTIN, O'CONNOR & CASTIGLIONI
One Atlantic Street
Stamford, CT 06901

Re: <u>Parfums de Coeur v. Le Papillon, Ltd.</u>

Dear Attorney Shapiro:

This letter will acknowledge receipt of your letter dated July 28, 2004. As we discussed on Monday July 26, 2004, I have received the majority of the documents from my client and I am currently in the process of preparing a Privilege Log for the claim files. As you may be aware, all of the files received from my client did not come from a centralized location. Rather, the files had to be located and gathered from claim offices around the United States. Additionally, several of the files were no longer open and had to be retrieved prior to production. I have been actively working with my client to obtain the files since the issuance of your subpoena.

Additionally, as we previously discussed, due to the amount of information contained in the files, it will not be feasible to have the Privilege Log completed and a conference call with all parties before the deposition on Tuesday, August 3, 2004. Therefore, we will not be able to proceed with the deposition on that date. As I discussed with you, upon completion, I will produce all non-privileged documents along with the Privilege Log so that any issues surrounding discovery can be addressed in a conference call with all parties prior to the deposition. As you are aware, I addressed my concern with you about this date upon your issuance of the notice. I have and will continue to obtain the information and complete the Privilege Log as soon as possible.

ONE TOWN CENTER
P.O. BOX 747
CHESHIRE, CONNECTICUT 06410
TELEPHONE (203) 250-2000
FAX (203) 250-3131
help@nuzzo-roberts.com

**NUZZO & ROBERTS, L.L.C.**

Jonathan M. Shapiro, Esq.            - 2 -           July 29, 2004

I am fully aware of the discovery deadlines you are up against in this case and will make every effort to coordinate a mutually convenient date for the deposition of my client to occur along with forwarding to you the Privilege Log and non-privileged documents as soon as complete. Please contact me at your convenience with any questions you may have.

Very truly yours,

NUZZO & ROBERTS, L.L.C.

*[signature]*

Jennifer J. Cavalier

JJC/jjc

cc:    Robert Chan, Esq.
       Michael Ryan, Esq.
       Peter Clark, Esq.

\\fp\nuzzo\wp\403002\261\Let Shapiro 07-29-04.doc

Exhibit B

GO MEDICAL INDUSTRIES PTY, LTD., A.C.N. 009 018 339, GO MEDICAL USA, INC., and ALEXANDER G. B. O'NEIL, Plaintiffs, v. C. R. BARD, INC., Defendant.

MISC DOCKET NO. 3:95 MC 522 (DJS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1998 U.S. Dist. LEXIS 22919

August 14, 1998, Decided
August 14, 1998, Filed

**PRIOR HISTORY:** [*1] United States District Court, Northern District of Georgia. Pendent Case No. 1:95-CV-2307-HTW.

**DISPOSITION:** Go Medical's motion for protective order (doc. # 1) granted in part and denied in part and C.R. Bard's cross-motion for order compelling discovery (doc. # 4) granted in part and denied in part.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff patent holder brought a patent infringement action against defendant patent infringer in the United States District Court, Northern District of Georgia. Patent holder sought a protective order prohibiting disclosure of certain documents in the possession of patent holder's insurer after patent infringer served a subpoena duces tecum on patent holder's insurer. Patent infringer sought to compel the disclosure of those documents.

**OVERVIEW:** Patient holder argued that the documents patent infringer had requested, documents patent holder had provided to its insurer regarding insurance coverage for patent holder's patent infringement action, were protected by the attorney-client privilege and the work product doctrine. The court found that the common interest rule of the attorney-client privilege was not applicable because patent holder's interest was in protecting its patent while patent holder's insurer's had no interest in the patent. The court found that the documents that had been prepared in anticipation of litigation were protected by the work product doctrine, but that those that had not been prepared in anticipation of litigation, were not protected. The court determined that the documents protected by the work product doctrine were opinion work product and therefore deserved the highest degree of protection. The court found that with respect to those documents, the patent infringer did not established the highly persuasive showing required for disclosure of attorney opinion work product, and, therefore, disclosure was not compelled.

**OUTCOME:** The court granted patent holder's motion for protective order in part and denied it in part and granted patent infringer's cross-motion for an order compelling discovery in part and denied it in part.

**CORE TERMS:** work product, disclosure, work product doctrine, common interest, patent, attorney-client, log, insurer, discovery, insurance policy, infringement, insured, waived, responsive, subpoena, authorization, coverage, patent infringement, impressions, lawsuit, claim of privilege, protective order, anticipation of litigation, legal advice, cross-motion, work product privilege, protection afforded, litigation expense, insurance claim, undue hardship

**LexisNexis(TM) Headnotes**

*Evidence > Privileges > Attorney-Client Privilege*

[HN1]The commonly accepted definition of the attorney-client privilege under federal common law is that the privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Evidence > Privileges > Attorney-Client Privilege*

[HN2]The attorney-client privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client. The privilege is intended to encourage clients to be forthcoming and candid with their attorneys so that the attorney is sufficiently well-informed to provide sound legal advice. Legal advice, however, is protected only when

Page 1

disclosure would reveal the confidential information given to the lawyer by the client. Unless the legal advice reveals what the client has said, no legitimate interest of the client is impaired by disclosing the advice.

*Evidence > Privileges > Attorney-Client Privilege*

[HN3]The party asserting the attorney-client privilege has the burden to demonstrate that the privilege applies to the information in question.

*Evidence > Privileges > Attorney-Client Privilege*

[HN4]The common interest rule extends the application of the attorney-client privilege in circumstances where the parties are represented by separate counsel but join in a legal defense or enterprise. Under the common interest rule, parties and counsel involved in a joint defense or enterprise may disclose privileged information to each other without destroying the privileged nature of those communications. The rule protects only those communications made in the course of an ongoing common enterprise and intended to further the enterprise. In addition, the parties claiming protection under the common interest rule must show that they had a common legal, as opposed to commercial, interest, and that they cooperated in formulating a common legal strategy.

*Evidence > Privileges > Attorney-Client Privilege*

[HN5]An insurer's contractual obligation to pay its insured's litigation expenses does not, by itself, create a common interest between the insurer and the insured that is sufficient to warrant application of the common interest rule of the attorney client privilege.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN6]Federal law governs the protection afforded under the work product doctrine in federal courts. Fed. R. Civ. P. 26(b)(3) provides, in pertinent part: a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative, including the other party's attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN7]According to the Second Circuit documents should be deemed prepared in anticipation of litigation, and thus within the scope of Fed. R. Civ. P. 26(b)(3), if in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN8]The degree of protection afforded under the work product doctrine is dependent upon whether the work product is ordinary or opinion work product. A party can obtain discovery of ordinary work product materials by demonstrating substantial need and the inability to obtain the substantial equivalent of the materials without undue hardship. Fed. R. Civ. P. 26(b)(3). Opinion work product, which reflects the mental impressions, conclusions or opinions of an attorney, receives greater protection. Disclosure of opinion work product is particularly disfavored by the courts and requires a far stronger showing of necessity and unavailability by other means.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN9]The party invoking the protection of the work product doctrine has the burden of establishing that the documents at issue were prepared in anticipation of litigation. The burden of proving that the need for the documents overrides the protection of the work product doctrine rests with the party seeking disclosure.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN10]The work product privilege attaches to documents that are prepared because of the prospect of litigation. Conversely, documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the prospect of litigation are not work product.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN11]The work product privilege is not automatically waived by any disclosure to third persons. Instead, courts generally find waiver of work product protection only when the disclosure substantially increases the opportunity for potential adversaries to obtain information.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN12]Opinion work product is to be protected unless, at a minimum, a highly persuasive showing is made. Id. Indeed, there is some authority that the protection afforded opinion work product may be absolute.

**COUNSEL:** For GO MEDICAL INDUSTRIES PTY. LTD., A.C.N. 009 018 339, GO MED USA, INC, ALEXANDER G.B. O'NEIL, Plaintiffs: James E. Alix, L. James Ristas, Alix, Yale & Ristas, Hartford, CT.

For GO MEDICAL INDUSTRIES PTY. LTD., A.C.N. 009 018 339, GO MED USA, INC, ALEXANDER G.B. O'NEIL, plaintiffs: B.J. Powell, Law Offices of B.J. Powell, Atlanta, GA.

For C.R. BARD, INC, defendant: Ian E. Bjorkman, Wiggin & Dana, New Haven, CT.

For C.R. BARD, INC, defendant: Thomas L. Casagrande, Arnold, White & Durkee, Houston, TX.

For C.R. BARD, INC, defendant: Steven F. Meyer, Morgan & Finnegan, New York, NY.

**JUDGES:** DONNA F. MARTINEZ, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** DONNA F. MARTINEZ

**OPINION:** RULING ON MOTION FOR PROTECTIVE ORDER AND CROSS-MOTION FOR ORDER COMPELLING DISCOVERY

This discovery dispute concerns the attorney-client privilege and the work product doctrine in the context of insurance coverage [*2] for patent enforcement litigation expenses. Currently pending before the court is the plaintiffs' motion for protective order and the defendant's cross-motion for order compelling discovery. For the reasons stated below, the motion for protective order (doc. # 1) is granted in part and denied in part and the cross-motion for order compelling discovery (doc. # 4) is granted in part and denied in part.

I. Background

This case is ancillary to a patent infringement action pending in the district court for the Northern District of Georgia. The plaintiffs in the Georgia action, Go Medical Industries Pty., Ltd., Go Medical USA, Inc., and Alexander G. B. O'Neil (collectively "Go Medical"), are insured by Connecticut Indemnity Company ("CIC") under a patent enforcement litigation expense insurance policy. The insurance policy provides that CIC will reimburse Go Medical for legal expenses Go Medical incurs in lawsuits to prevent or recover for infringement on Go Medical's patent, U.S. Patent No. 4,652,259 ("the '259 patent").

On April 1, 1992 Go Medical submitted a claim to CIC for authorization to pursue a patent infringement action against C.R. Bard, Inc. Under the terms of the [*3] policy, CIC is entitled to investigate the merits of Go Medical's infringement claim before authorizing coverage of litigation expenses. Accordingly, CIC retained patent counsel, Attorney John C. Linderman, to review the insured's patent and to provide a recommendation as to the merits of the proposed lawsuit against C.R. Bard to enforce Go Medical's patent. As part of this investigation, Attorney Linderman communicated with Go Medical's in-house counsel regarding the merits of the proposed lawsuit. After completing its investigation, CIC authorized Go Medical's claim for litigation expenses related to a patent infringement action against C.R. Bard. Go Medical thereafter commenced the underlying litigation.

In the course of the litigation, C.R. Bard served a third-party subpoena duces tecum on CIC. The subpoena commanded production of all documents and things relating to:

1. Any request by Go Medical for authorization to litigate pursuant to the insurance policy;

2. CIC's granting, withholding, delaying or denying authorization to litigate pursuant to the insurance policy;

3. CIC's reasons for withholding, delaying or denying authorization to litigate pursuant to [*4] the insurance policy;

4. Any beliefs stated by CIC that the '259 patent is invalid or not infringed by the Bard Touchless Plus (R) assemblies;

5. Any facts or circumstances adversely affecting the validity of the '259 patent; and

6. Any notification by CIC to Go Medical made pursuant to Section III(A)(2) of the insurance policy. n1

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - -

n1 This description of the requested documents paraphrases the description contained in the subpoena.

- - - - - - - - - - - - End Footnotes- - - - - - - -

Go Medical has moved for a protective order prohibiting disclosure of certain documents, or portions thereof, and other information in the possession of CIC which are responsive to the subpoena and which Go Medical claims are protected under the attorney-client or work product privileges. C.R. Bard has filed a cross-motion to compel the disclosure of the documents which Go Medical has withheld as protected. Go Medical and CIC have both opposed C.R. Bard's motion to compel.

II. Discussion

A. The Attorney-Client Privilege

Both Go Medical and CIC contend [*5] that many of the documents which are responsive to the subpoena served on CIC are protected from disclosure under the common interest rule of the attorney-client privilege. In addition, CIC contends that the attorney-client privilege protects certain documents which contain confidential communications between it and its attorney.

The court begins its analysis with a review of [HN1]the definition of the attorney-client privilege under federal common law. n2 The commonly accepted definition of the privilege was articulated by Judge Wyzanski in United States v. United Shoe Machinery Corp., 89 F. Supp. 357 (D. Mass 1950):The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and [*6] not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.Id. at 358-59.

---------------Footnotes----------
------

n2 Questions of privilege that arise in the adjudication of federal rights, as in this case, are governed by federal common law. Fed. R. Evid. 501, United States v. Zolin, 491 U.S. 554, 562, 105 L. Ed. 2d 469, 109 S. Ct. 2619 (1989); von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir.), cert. denied, 481 U.S. 1015, 95 L. Ed. 2d 498, 107 S. Ct. 1891 (1987).

------------End Footnotes--------
------

The oldest rule of privilege known to the common law, [HN2]the attorney-client privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989) (quoting Upjohn Co. v. United States, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)). [*7] "The privilege is intended to encourage clients to be forthcoming and candid with their attorneys so that the attorney is sufficiently well-informed to provide sound legal advice." United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995). Legal advice, however, is protected only when disclosure would reveal the confidential information given to the lawyer by the client. Walsh v. Northrop Grumman Corp., 165 F.R.D. 16, 18 (E.D.N.Y. 1996). "Unless the legal advice reveals what the client has said, no legitimate interest of the client is impaired by disclosing the advice." SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 522 (D. Conn.) (Newman, J.), appeal dismissed, 534 F.2d 1031 (2d Cir. 1976).

[HN3]The party asserting the privilege has the burden to demonstrate that the privilege applies to the information in question. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

1. Go Medical and CIC's Claim of Privilege Under the Common Interest Rule

Go Medical and CIC contend that documents which Go Medical provided to CIC as part of Go Medical's claim for coverage of its litigation [*8] expenses are protected from disclosure under the common interest rule of the attorney-client privilege. The court disagrees.

[HN4]The common interest rule extends the application of the attorney-client privilege in circumstances where the parties are represented by separate counsel but join in a legal defense or enterprise. United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989). Under the common interest rule, parties and counsel involved in a joint defense or enterprise may disclose privileged information to each other without destroying the privileged nature of those communications. Griffith v. Davis, 161 F.R.D. 687, 692 (C.D. Cal. 1995). The rule protects only "those communications made in the course of an ongoing common enterprise and intended to further the enterprise . . . ." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989). In addition, the parties

Page 4

claiming protection under the common interest rule "must show that they had a common legal, as opposed to commercial, interest, and that they cooperated in formulating a common legal strategy." Walsh v. Northrop Grumman Corp., 165 F.R.D. 16, 18 (E.D.N.Y. 1996). [*9]

At issue in this litigation are documents containing communications between Go Medical and CIC or CIC's attorneys and documents that Go Medical provided to CIC which contain privileged communications between Go Medical and Go Medical's attorneys. Go Medical and CIC assert that all of these documents were provided to CIC in confidence and in furtherance of Go Medical and CIC's common interest in an effective and efficient lawsuit to stop infringement of Go Medical's patent. C.R. Bard responds that the interest of Go Medical and CIC are not sufficiently compatible to fall within the common interest rule because CIC's interest is limited to insuring coverage of Go Medical's litigation expenses. C.R. Bard goes on to argue that the common interest rule is not available to Go Medical and CIC because CIC is not a party to this action. Finally, C.R. Bard argues that a prior decision in this case by Georgia District Court, in which that court found that the requisite common interest does not exist between Go Medical and CIC, collaterally estops Go Medical and CIC from reasserting their claim that documents are protected from disclosure under the common interest rule of the attorney-client privilege.

This court holds that the interests of Go Medical and CIC are not sufficiently compatible for the common interest rule to apply. The documents at issue were provided by Go Medical to CIC in connection with Go Medical's claim under the litigation expense insurance policy. Go Medical's purpose in providing these documents to CIC was to try to obtain coverage from CIC for expenses Go Medical would incur in litigation to stop the alleged infringement of its patent. However, whereas Go Medical's interest is in protecting its patent, CIC has no interest in the '259 patent. CIC's interest in Go Medical's infringement claim is limited to CIC's coverage of Go Medical's litigation expenses. [HN5]An insurer's contractual obligation to pay its insured's litigation expenses does not, by itself, create a common interest between the insurer and the insured that is sufficient to warrant application of the common interest rule of the attorney client privilege. In re Pfizer Inc. Securities Litigation, 1993 U.S. Dist. LEXIS 18215, No. 90 Civ. 1260(SS), 1993 WL 561125 at *8 (S.D.N.Y., Dec. 23, 1993) (rejecting argument that an insured and its insurer share common interest about a legal matter and holding that disclosure by insured to insurer waived the attorney-client privilege); In re Imperial Corp. of America, 167 F.R.D. 447, 451-53 (S.D. Ca. 1995) [*10] (joint defense privilege generally does not protect communications between insured party to litigation and non-party insurer).

This court holds that the documents which Go Medical submitted to CIC as part of its claim for insurance coverage are not protected under the common interest rule of the attorney-client privilege. n3 The court does not reach the other arguments raised by C.R. Bard on this issue.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - -

n3 This court's holding is in accord with the decision by the Georgia District Court in a prior action between the same parties. See Go Medical Industries Pty., Ltd. v. C.R. Bard, Inc., 1995 U.S. Dist. LEXIS 22248, No. 1:93 CV1538-HTW, 1995 WL 605802 (N.D. Ga., July 6, 1995). In that case, court held that the common interest rule did not apply to communications between Go Medical and CIC because both Go Medical and CIC had their own counsel and CIC did not control Go Medical's relationship with its attorneys.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - -

2. CIC's Claim of Privilege

In addition to the documents which Go Medical and CIC seek to protect from disclosure, [*11] CIC also opposes C.R. Bard's motion to compel with respect to documents that CIC claims contain privileged communications between CIC and its attorneys. Because the burden of proving the privilege rests on the person or entity claiming the privilege, United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), it is incumbent on CIC to establish that these documents reveal communications made by CIC to its attorney in confidence for the purpose of securing legal advice. See SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 522 (D. Conn.) (Newman, J.), appeal dismissed, 534 F.2d 1031 (2d Cir. 1976).

CIC has submitted a privilege log that lists thirty-three documents. See CIC's Submission of Corrected Exhibit 3 dated February 8, 1996 (doc. # 15), Exhibit 3A. Based on a review of this privilege log, the court determines that CIC has sustained its burden of showing that the elements of the privilege are satisfied with respect to the document listed at number 1 on the log. Based on the log, the court further determines that the attorney-client privilege does not protect

documents listed at numbers 2, 6, 9, 10, 21 [*12] and 23.

The record before the court is insufficient to permit the court to determine whether the remaining documents listed on the log contain client confidences so as to fall within the scope of the privilege. In order for the court to reach the merits of the privilege claim, CIC shall first reevaluate its claims of privilege in light of this ruling with respect to the documents listed at numbers 3, 4, 5, 7, 8, 11 through 20, 22, and 24 through 33 on CIC's log. After this reevaluation, CIC shall produce all documents as to which CIC does not maintain its claim of privilege. To the extent that CIC maintains a claim of privilege as to any of these documents, CIC shall submit such documents to the chambers of the undersigned within ten days of the date of this ruling for in camera inspection.

B. The Work Product Doctrine

Go Medical and CIC also claim that several documents responsive to C.R. Bard's subpoena are protected from disclosure under the work product doctrine. C.R. Bard argues that the documents at issue do not constitute work product and, in the alternative, that any work product protection that may be applicable either has been waived by Go Medical's actions or [*13] is subordinated to C.R. Bard's need for the documents. Before addressing the specific arguments of the parties, the court reviews the work product doctrine.

[HN6]Federal law governs the protection afforded under the work product doctrine in federal courts. EDO Corp. v. Newark Insurance Co., 145 F.R.D. 18, 21 (D. Conn. 1992). First articulated by the United States Supreme Court more than 50 years ago in Hickman v. Taylor, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947), the work product doctrine since has been substantially incorporated into Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides, in pertinent part:a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other [*14] means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.Fed. R. Civ. P. 26(b)(3).

[HN7]The Second Circuit has adopted the formulation of the work product rule set forth in the Wright & Miller treatise:Documents should be deemed prepared 'in anticipation of litigation,' and thus within the scope of [Rule 26(b)(3)], if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation.'United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Federal Practice and Procedure § 2024, at 343 (1994)). Although materials assembled in the ordinary course of business are not protected under the work product doctrine, the fact that a document is business-related is irrelevant to the question of whether it should be protected under [*15] Rule 26(b)(3). Id. at 1200. "Where a document is created because of the prospect of litigation, analyzing the likely outcome of that litigation, it does not lose protection under [the work product doctrine] merely because it is created in order to assist with a business decision." Id. at 1202.

The work product doctrine shields from disclosure documents and other materials prepared in anticipation of litigation or trial by a party or a party's representative, absent a showing of substantial need and the inability to obtain the substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3); see also In re Grand Jury Subpoenas Dated Oct. 22, 1991 and Nov. 1, 1991, 959 F.2d 1158, 1166 (2d Cir. 1992). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975). By establishing a zone of privacy for strategic litigation planning, the work product doctrine prevents one party from piggybacking on the adversary's preparation. [*16] United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995).

[HN8]The degree of protection afforded under the work product doctrine is dependent upon whether the work product is *ordinary* or *opinion* work png tct. A party can obtain discovery of ordinary work product materials by demonstrating substantial need and the inability to obtain the substantial equivalent of the materials without undue hardship. Fed. R. Civ. P. 26(b)(3); Upjohn Co. v. United States, 449 U.S. 383, 400, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981). Opinion work product, which reflects the mental impressions, conclusions or opinions of an attorney, receives greater protection. Id. at 401-02. Disclosure of opinion work product is particularly disfavored by the courts and requires a far stronger showing of necessity and unavailability by other means. Id. See also United

Page 6

Case 3:02-cv-01454-RNC   Document 110-2   Filed 09/20/2004   Page 11 of 13
1998 U.S. Dist. LEXIS 22919

States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998) ("highly persuasive" showing required for opinion work product); S.N. Phelps & Co. v. Circle K. Corp., 1997 U.S. Dist. LEXIS 713, No. 96 CV 5801 (JFK), 1CV 5WL 31197, at *7 (S.D.N.Y., Jan. 28, 1997) (party seeking discovery of opinion work [*17] product must demonstrate "extraordinary justification" (citation omitted)).

[HN9]The party invoking the protection of the work product doctrine has the burden of establishing that the documents at issue were prepared in anticipation of litigation. Helt v. Metropolitan District Commission, 113 F.R.D. 7, 12 (D. Conn. 1986). The burden of proving that the need for the documents overrides the protection of the work product doctrine rests with the party seeking disclosure. Id.

Both Go Medical and CIC assert claims that documents responsive to C.R. Bard's subpoena are protected under the work product doctrine. The court addresses Go Medical and CIC's claims separately.

1. CIC's Claims of Work Product

CIC contends that its activities with respect to the Go Medical insurance claim were conducted in anticipation of trial and are therefore entitled to work product protection. This court has already determined, in the context of a prior discovery dispute between these C.R. Bard and CIC, that CIC "is not in a sound position to resist discovery . . . under Rule 26(b)(3)" because it is not a party to the patent infringement lawsuit. Go Medical Industries Pty, Ltd. v. C. [*18] R. Bard, Inc., No. 3:94MC383 (TPS), Discovery Ruling and Order at 9 (December 7, 1994) (citing Gomez v. City of Nashua, 126 F.R.D. 432, 434 n.1 (D. N.H. 1989)). In Gomez, the court held that the State of New Hampshire, which was not a party to the litigation, could not resist discovery under Rule 26(b)(3). See also In re California Public Utilities Commission, 892 F.2d 778, 781 (9th Cir. 1989) (work product doctrine does not protect documents prepared for one who is not a party to the litigation). Accordingly, CIC cannot prevail on its claims of work product because it is not a party to the patent infringement litigation. n4

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n4 The fact that CIC cannot press a claim of work product does not mean that the documents in CIC's possession are not work product. The work product doctrine applies to documents prepared by or for a party's insurer. Fed. R. Civ. P. 26(b)(3). Because CIC insures Go Medical's patent, Go Medical has standing to seek protection of work product documents in CIC's possession.

- - - - - - - - - - - - End Footnotes - - - - - - - - - - - -

[*19]

2. Go Medical's Claims of Work Product

Go Medical contends that several documents responsive to C.R. Bard's subpoena are protected from disclosure under the work product doctrine. The documents are identified in Go Medical's privilege log and are further described in the papers submitted by Go Medical in connection with its motion for protective order. The documents include (1) communications from Go Medical attorneys to CIC attorneys, (2) communications from CIC attorneys to Go Medical attorneys, (3) Go Medical attorney notes, and (4) communications between Go Medical employees. All the documents are in the possession of CIC.

a. Whether the Documents Constitute Work Product

[HN10]The work product privilege attaches to documents that are prepared because of the prospect of litigation. United States v. Adlman, 134 F.3d 1194, 1202-03 (2d Cir. 1998). Conversely, documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the prospect of litigation are not work product. Id. at 1202.

C.R. Bard argues that responsive documents in CIC's possession do not constitute protected [*20] work product because they were prepared by or for CIC in the regular course of CIC's business. The court disagrees. Unlike the majority of cases where the regular course of business may be distinguished from circumstances involving the prospect of litigation, the facts of this case present the unusual situation where the regular course of CIC's business--at least insofar as it pertains to the evaluation of litigation expense policy claims--is conducted precisely because of the prospect of litigation.

The responsive documents are described by Go Medical as containing either legal impressions of Go Medical's counsel, material developed by Go Medical's counsel alone or with CIC's counsel in connection with possible issues in the anticipated litigation, legal opinions and impressions of counsel regarding issues based on information supplied by Go Medical, and counsel's strategies for the manner in which to bring suit. These documents were created as part of or as a result of Go Medical's claim for coverage of litigation expenses that Go Medical expected to incur in bringing

Page 7

suit against C.R. Bard. These documents were therefore created because of anticipated litigation, and would not [*21] have been prepared but for the prospect of that litigation.

Based on the information provided, the court finds that the documents identified by Bates Nos. 400363-400368, 400356-400362A, 400332, 400333-400335, 400335A, 400336, 400337-400341A, 400342-400344A, 400345-400346 and 400347-400355 were prepared because of the prospect of litigation by either Go Medical or its insurer and therefore constitute work product. Moreover, because the documents contain the mental impressions, conclusions, opinions or legal theories of counsel, the court further determines that the work product at issue is not simply ordinary work product but is opinion work product and therefore deserving the highest degree of protection. See United States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998).

b. Whether Work Product Protection Was Waived

C.R. Bard contends that Go Medical waived any work product protection applicable to these documents by submitting them to CIC. The court disagrees. Unlike the attorney-client privilege, [HN11]"the work product privilege is not automatically waived by any disclosure to third persons." In re Pfizer Inc. Securities Litigation, 1993 U.S. Dist. LEXIS 18215, No. 90 Civ. 1260 (SS), 1993 WL 561125 [*22] at *6 (S.D.N.Y., Dec. 23, 1993). Instead, courts generally find waiver of work product protection only when "the disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.'" Id. (quoting In re Grand Jury Subpoenas Dated Dec. 18, 1981 and Jan. 4, 1982, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982)). See also In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) ("voluntary disclosure of work product to an adversary waives the privilege as to other parties"); Stix Products, Inc. v. United Merchants & Mfrs., Inc., 47 F.R.D. 334, 338 (S.D.N.Y. 1969)("The work-product privilege should not be deemed waived unless the disclosure is inconsistent with maintaining secrecy from possible adversaries."). Go Medical submitted its work product to CIC for the purpose of obtaining insurance coverage to pursue its claims against C.R. Bard. This disclosure did not substantially increase the opportunity for C.R. Bard to obtain its work product. The court therefore holds that Go Medical did not waive the work product protection available to the documents at issue by sharing them with its insurer.

C.R. [*23] Bard next argues that Go Medical waived its claim of work product by relying on the fact that CIC authorized payment of Go Medical's litigation expenses as a defense to C.R. Bard's counterclaim that Go Medical filed the infringement suit with knowledge that it was baseless. In support of its contention that Go Medical is affirmatively relying on CIC's authorization of the insurance claim, C.R. Bard cites to a portion of Go Medical's argument and to a request for admission which Go Medical served on C.R. Bard.

The court agrees that Go Medical cannot rely on CIC's approval of the insurance claim as a defense to the counterclaim and simultaneously withhold documents on which that approval is based. However, the excerpt from Go Medical's argument and a single discovery request are insufficient to permit the court to find that Go Medical is relying on CIC's authorization as a defense to C.R. Bard's counterclaim. Accordingly, the court finds no waiver based on the record before it.

c. Whether C.R. Bard's Need for Documents Overrides Work Product Protection

C.R. Bard argues that it is entitled to the documents even if they are work product because it has substantial need for them. The [*24] court disagrees.

The documents at issue contain opinion work product. Rule 26(b)(3) of the Federal Rules of Civil Procedure makes clear that a showing of "substantial need" sufficient to compel disclosure of ordinary work product is not sufficient to compel disclosure of opinion work product. United States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998). [HN12]Opinion work product is to be protected unless, at a minimum, a highly persuasive showing is made. Id. Indeed, there is some authority that the protection afforded opinion work product may be absolute. ECDC Environmental, L.C. v. New York Marine and General Ins. Co., 1998 U.S. Dist. LEXIS 8808 at *34, No. 96CIV6033 (BSJ)(HBP) (S.D.N.Y. 1998) (citing cases).

C.R. Bard contends that it needs the documents to show that Go Medical commenced the patent litigation with knowledge that the '259 patent is invalid or not infringed and that Go Medical knew the infringement suit was baseless as a result of communications with CIC. Because CIC and Go Medical are the only sources of this information, C.R. Bard contends that it has established substantial need.

The court is not persuaded that C.R. Bard's need [*25] for the documents should override the work product privilege. The defendant cannot gain access to the plaintiff's work product simply by claiming that the litigation was commenced with knowledge that the suit was baseless. C.R. Bard has not established the highly persuasive showing required for disclosure of attorney opinion work product, and, therefore, disclosure of these documents is not compelled.

**Conclusion**

Go Medical's motion for protective order (doc. # 1) is granted in part and denied in part and C.R. Bard's cross-motion for order compelling discovery (doc. # 4) is granted in part and denied in part as stated herein.

1. As to the documents listed on Go Medical's privilege log, it is hereby ordered that:(a) documents that are identified by Bates Nos. 400363-400368, 400356-400362A, 400332, 400333-400335, 400335A, 400336, 400337-400341A, 400342-400344A, 400345-400346 and 400347-400355 are protected from disclosure;

(b) all other documents listed on the privilege log shall be produced within ten days of the date of this ruling.

2. As to the documents listed on CIC's privilege log (Exhibit 3A), it is hereby ordered that:(a) document number [*26] 1 is protected from disclosure; (b) documents numbers 2, 6, 9, 10, 21 and 23 shall be produced; and

(c) all non-privileged documents listed at numbers 3, 4, 5, 7, 8, 11 through 20, 22, and 24 through 33 shall be produced. To the extent that CIC maintains its claim of privilege as to any of these documents in light of this ruling, CIC shall submit such documents to the chambers of the undersigned within ten days of the date of this ruling for in camera inspection.

SO ORDERED this 14th day of August, 1998 at New Haven, Connecticut.

DONNA F. MARTINEZ

UNITED STATES MAGISTRATE JUDGE