Exhibit
C

OMEGA ENGINEERING, INC., Plaintiff, v. OMEGA, S.A., Defendant.

Civil No. 3:98cv2464(AVC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2001 U.S. Dist. LEXIS 2016

February 6, 2001, Decided

**DISPOSITION:** [*1] OEI's motion to compel (document no. 39) GRANTED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff in an action for damages and injunctive relief for breach an agreement for the use of trademarks, moved to compel discovery responses from defendant, asserting that the responses defendant had filed were incomplete and deficient, some were unsigned, and that objections raised were unjustified.

**OVERVIEW:** The agreement between the parties governed the worldwide use of any trademark consisting of or containing the word OMEGA or the Greek letter U. Because the agreement was effective worldwide, a wide scope for discovery was necessary. In general, defendant had failed to comply with the rules concerning objections and assertions of privilege and had submitted responses without verified signatures. The court determined an award of fees and costs to plaintiff was appropriate.

**OUTCOME:** Plaintiff's motion to compel was granted to the extent defendant had not already complied with discovery. Defendant's objections for privilege required a specific log as set forth by local rule. Defendant's objections for overbreadth, vagueness or on relevance grounds were largely unjustified, and it was obligated to respond promptly to interrogatories it had previously ignored.

**CORE TERMS:** interrogatory, trademark, discovery, overly broad, attorney-client, discovery of admissible evidence, reasonably calculated to lead, work-product, burdensome, apparatus, anywhere, privileged, discovery request, subject matter, preparation, revealing, unduly, motion to compel, registration, propounded, measuring, sufficient information, affirmative defense, objecting party, applicability, consisting, incomplete, world-wide, inspection, responsive

**LexisNexis(TM) Headnotes**

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN1]See Fed. R. Civ. P. 37(a)(2)(B).

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN2]See Fed. R. Civ. P. 37(a)(3).

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN3]See Fed. R. Civ. P. 26(b)(1).

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN4]Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. The term "reasonably calculated" as used in Fed. R. Civ. P. 26 means any possibility that the information sought may be relevant to the subject matter of the action. A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action.

*Civil Procedure > Disclosure & Discovery > Undue Burden*

[HN5]A party may object to a discovery request if it is overly broad or unduly burdensome. To assert a proper objection on this basis, however, one must do more than simply intone the familiar litany that the interrogatories are burdensome, oppressive or overly broad. Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. The objecting party may not leave it to the court to sift each interrogatory to determine the usefulness of the answer sought. To the contrary, the detail in the complaint defines the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to

clarify and explain its objections and to provide support for those objections.

### Civil Procedure > Disclosure & Discovery > Privileged Matters

[HN6]A party may also object to a discovery request where the information sought is subject to the attorney-client privilege or the work-product doctrine. Fed. R. Civ. P. 26(b)(5). The party asserting the privilege and resisting discovery has the burden of establishing that privilege. Blanket assertions of privilege have been held insufficient to satisfy this burden. Instead, a party must supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected.

### Civil Procedure > Disclosure & Discovery > Privileged Matters

[HN7]Pursuant to U.S. Dist. Ct., D. Conn., R. 9(d)(1), a party claiming privilege in response to a document request shall, for each document to which the privilege applies, provide a log indicating: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; and (5) each recipient of the document.

### Civil Procedure > Discovery Methods > Interrogatories

[HN8]See Fed. R. Civ. P. 33(b)(2).

### Civil Procedure > Discovery Methods > Interrogatories

[HN9]Answers to interrogatories not signed by the party making them constitutes a violation of the discovery rules.

### Civil Procedure > Sanctions > Discovery Misconduct

### Civil Procedure > Discovery Methods > Interrogatories

[HN10]Interrogatories should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under Fed. R. Civ. P. 37(a).

### Civil Procedure > Disclosure & Discovery > Relevance

[HN11]Where an agreement is worldwide in scope, a party's world-wide activities which are allegedly in violation of the agreement, are reasonably calculated to lead to the discovery of admissible evidence within the liberal meaning of the Federal Rules of Civil Procedure.

### Civil Procedure > Sanctions > Discovery Misconduct

[HN12]See Fed. R. Civ. P. 37(a)(4)(A).

### Civil Procedure > Sanctions > Discovery Misconduct

[HN13]Fed. R. Civ. P. 37(a)(4)(A) does not require a court to find bad faith before awarding reasonable attorney's fees. Instead, the court may order the losing party to pay reasonable expenses so long as such an award complies with the requirements of Rule 37(a).

**COUNSEL:** For OMEGA ENGINEERING, INC., plaintiff: Peter W. Peterson, Robert Curcio, DeLio & Peterson, New Haven, CT.

For OMEGA, SA, defendant: Arthur T. Fattibene, Paul A. Fattibene, Southport, CT.

For OMEGA, SA, defendant: Jess M. Collen, Collen Law Associates, Ossining, NY.

**JUDGES:** Alfred V. Covello, Chief, U.S.D.J.

**OPINIONBY:** Alfred V. Covello

**OPINION: RULING AND ORDER ON THE PLAINTIFF'S MOTION TO COMPEL**

This is an action for damages and injunctive relief brought by the plaintiff, Omega Engineering, Inc. ("OEI") pursuant to common law tenets concerning breach of contract. OEI's complaint alleges that the defendant, Omega, S.A. ("OSA"), breached an agreement entered into by the parties with respect to the use of "any trademark consisting of or containing the word OMEGA or the Greek letter U . . . ." OEI brings the within motion, pursuant to Fed. R. Civ. P. 37, n1 requesting the court to compel OSA to "provide full and complete answers to [OEI's] interrogatories" and to produce all materials sought in connection with its document requests. In addition, OEI asks the court to award it costs incurred in the preparation of the instant [*2] motion. As set 2forth in more detail below, OEI's motion (document no. 39) is GRANTED.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 [HN1]Rule 37(a)(2)(B) provides, in pertinent part, that: "if . . . a party fails to answer an interrogatory submitted under Rule 33, or . . . in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested . . . , the discovering party may move for an order compelling an answer, or . . . an order compelling

inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). [HN2]Rule 37(a)(3) provides that: "for the purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## FACTS

In 1994, OEI entered into an agreement with OSA, which, at the outset, states thatboth parties . . . are desirous of coming to an arrangement for the avoidance of future interference worldwide between their respective fields of commercial operation under their [*3] rights in respect of trademarks consisting of or including the word OMEGA an/or the Greek letter U or containing elements colourably resembling either of thos [sic] two elements. n2Under the contract, "[OEI] agreed to withdraw certain [trademark] oppositions against [OSA,]" and both parties agreed to amend certain definitions of goods in their respective trademark applications.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - -

n2 For the sake of convenience, the court refers the agreement's description of these marks as the "OMEGA marks."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Among other things, the agreement prohibits OEI from using, registering, or applying to register any trademark containing the OMEGA marks with respect to "computer controlled measuring, timing and display apparatus, unless intended for science or industry." Similarly, the agreement prohibits OSA from using, registering, or applying to register any trademark containing the OMEGA marks with respect to "apparatus industrially and/or scientifically employed for measuring or controlling variable parameters such [*4] as temperature, pressure, force, load, vibration, electrical conductivity, liquid level, acidity, humidity, strain and flow." The agreement also requires OSA not to object to OEI's use or registration of any trademark containing the OMEGA marks with respect to these same apparatus. By its terms, the agreement is effective in all countries of the world.

On December 17, 1998, OEI filed this action in federal court alleging that OSA had breached the 1994 agreement by:1) objecting "to the use or registration by

[OEI] of [OEI's] trademarks consisting of the [OMEGA marks]" with respect to "apparatus industrially and/or scientifically employed for measuring or controlling variable parameters[;]" and

2) "filing, prosecuting and maintaining . . . opposition and cancellation actions against [OEI's] trademark application and registrations[.]"

On September 27, 1999, OSA answered the complaint, asserting some fourteen affirmative defenses.

On July 10, 2000, the court granted in part and denied in part OEI's motion to strike OSA's affirmative defenses; eleven of the fourteen affirmative defenses survived the court's ruling.

Between August 10, 1999 and February 14, 2000, OEI [*5] propounded on OSA three sets of interrogatories and three sets of document requests.

On July 7, 2000, OEI filed the within motion, pursuant to Fed. R. Civ. P. 37, seeking an order compelling OSA to: 1) provide full and complete answers to OEI's interrogatories, and 2) produce all materials requested in OEI's requests for production of documents.

## DISCUSSION

OEI argues, in general, that OSA's responses to its discovery requests are incomplete and deficient. OSA, on the other hand, contends that its responses are complete, and that OEI's requests are irrelevant, overly broad, or protected by a privilege.

[HN3]Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b)(1). [HN4]Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir.1991). The term "reasonably calculated" as used in Rule 26 means "any possibility that the [*6] information sought may be relevant to the subject matter of the action." Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action. See id.

[HN5]A party may object to a request if it is "overly broad" or "unduly burdensome." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2174, at 297 (2d ed.

1994). To assert a proper objection on this basis, however, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting [*7] affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted). The objecting party may not leave it to the court to "sift each interrogatory to determine the usefulness of the answer sought." Id. To the contrary, the detail in the complaint defines the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections. Id.

[HN6]A party may also object to a discovery request where the information sought is subject to the attorney-client privilege or the work-product doctrine. See Fed. R. Civ. P. 26(b)(5). "The party asserting the privilege and resisting discovery has the burden of establishing that privilege." Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). "Blanket assertions" of privilege have been held insufficient to satisfy this burden. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). Instead, a party "must supply opposing counsel with sufficient information to assess the applicability [*8] of the privilege or protection, without revealing information which is privileged or protected." Id. Finally, [HN7]pursuant to D. Conn. L. Civ. R. 9(d)(1), a party claiming privilege in response to a document request shall, for each document to which the privilege applies, provide a log indicating: 1) the type of document; 2) the general subject matter of the document; 3) the date of the document; 4) the author of the document; and 5) each recipient of the document. See D. Conn. L. Civ. R. 9(d)(1).

## A. Verification of Interrogatories

OEI first argues that OSA has failed to have one of its officers or agents verify its responses to OEI's interrogatories. OSA responds that "verification was never reasonably in dispute[.]" The court is unclear how this could be so given the motion before it. In addition, the court notes that over four months after OEI filed this motion complaining about the lack of verification, OSA still had not produced signatures for two out of three sets of interrogatories. [HN8]Rule 33

explicitly states that "answers [to interrogatories] are to be signed by the person making them[.]" Fed. R. Civ. P. 33(b)(2); see Nagler v. Admiral Corp., 167 F. Supp. 413, 415 (S.D.N.Y. 1958) [*9] (noting that [HN9]answers to interrogatories not signed by the party making them constitutes a violation of the discovery rules). Accordingly, the court orders OSA to sign its responses to OEI's interrogatories in compliance with Rule 33(b)(2) within 21 days of this order.

## B. Interrogatories Nos. 4-6

As indicated by OEI's reply brief, since the filing of the within motion, OSA has provided more complete answers to these interrogatories. Accordingly, the court does not address OEI's arguments relating to these requests.

## C. Interrogatories Nos. 7 and 8

These interrogatories ask OSA to: 1) identify each person who participated in the preparation of the answers to any interrogatory that has been propounded on it by OEI; and 2) identify the "custodian and location of each of the documents from which the answers to these interrogatories have been obtained or which have been requested in [OEI's] current or future" document requests. OSA has objected on the ground that these interrogatories are "overly broad, vague and ambiguous." In its opposition, OSA states that its complaint with respect to these interrogatories stems from the fact that they seek the requested information [*10] as related to "current or future requests."

The court notes, at the outset, that OSA's objections are not properly supported. See Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Also, rather than answer these interrogatories insofar as they relate to sets of interrogatories and document requests that had already been propounded on OSA, OSA inappropriately chose not to respond at all. See Fed. R. Civ. P. 33(b)(2) (noting that objecting party "shall answer to the extent the interrogatory is not objectionable."). Further, the court notes that the Federal Rules Advisory Committee has expressly disapproved of employing such gamesmanship in discovery requests:[HN10]

Interrogatories . . . should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under [Rule 37(a)].8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2177, at 317 (2d ed.

1994) (quoting Advisory Committee Notes). Interrogatories [*11] Nos. 7 and 8 represent the most standard of discovery requests in that they simply seek: 1) the names of individuals who participated in the preparation of the interrogatory answers; and 2) the identity of any document used for that same purpose. In light of the above, the court hereby orders OSA to respond to these interrogatories to the extent they relate to discovery requests that have been propounded on OSA by OEI. Also, the court orders OSA to supplement its response to these interrogatories, in compliance with Fed. R. Civ. P. 26(e), to the extent that answers to future discovery requests make its response to Interrogatories Nos. 7 and 8 incomplete. See Fed. R. Civ. P. 26(e).

**D. Interrogatory No. 9**

This interrogatory seeks the identity, description and location of documents "in the possession or control of [OSA] that are relevant to any statements in [OEI's] complaint that are disputed by the [OSA]." OSA objects, on the grounds that the interrogatory is "overly broad and unduly burdensome, vague and ambiguous, and/or seeks information which is protected by the attorney-client privilege and/or work product doctrine[.]" The mere incantation of these words [*12] is insufficient to carry OSA's burden with regard to this objection. See Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Accordingly, OSA is ordered to respond. In the event that the information sought through this interrogatory is protected by the attorney-client privilege or the work-product doctrine, OSA is ordered to supply OEI with "sufficient information to assess the applicability of [that] privilege or protection, without revealing information which is privileged or protected." Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593-94 (W.D.N.Y. 1996).

**E. Interrogatory No. 10.**

This interrogatory asks OSA to explain "for each affirmative defense . . . the basis of the defense, including facts supporting the defense, . . . the reasons such facts . . . support such defense, and the person(s) most knowledgeable about the facts and reasons supporting such defense." OSA objects on the grounds that the interrogatory is "vague and over broad, particularly to the extent that it refers to 'the defense', while the question is prefaced by a request for 'each affirmative [*13] defense' and seeks . . . the basis of 'the defense.'" Subject to this objection, OSA provided a limited response that improperly incorporated unspecified answers to earlier interrogatories. See

Trabon Eng'g Corp. v. Eaton Mfg. Co., 37 F.R.D. 51, 60 (N.D. Ohio 1964) (observing that answers to interrogatories that refer to other answers are insufficient).

Again, the court disapproves of OSA's overly strict interpretation of this very basic discovery request. In addition, it concludes that OSA's limited response is inadequate and hereby orders OSA to provide the factual basis (as opposed to the legal basis) for each affirmative defense it has asserted. See Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 64 F.R.D. 459, 461-62 (S.D.N.Y. 1974) (noting that parties are entitled to know the factual content of opponent's claims with a reasonable degree of precision). The court further concludes that OEI's privilege objection is not properly supported. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). To the extent OSA contends that any of the information sought by this interrogatory is protected [*14] by the attorney-client privilege or the work-product doctrine, OSA is ordered to supply OEI with "sufficient information to assess the applicability of [that] privilege or protection, without revealing information which is privileged or protected." See id. at 593-94.

**F. Interrogatories Nos. 11-14**

These interrogatories seek: 1) the identity of "all apparatus industrially or scientifically employed for measuring . . . variable parameters" which contain the OMEGA marks and which have been "sold by [OSA], anywhere in the world," since the agreement between the parties was signed in 1994; 2) the identity of all pending applications and registrations for any trademarks containing the OMEGA marks, that are "owned by, filed by, issued to, obtained by or renewed by [OSA] since [OSA] signed the 1994 agreement, anywhere in the world;" and 3) the identity of all industrial and/or scientific timers under any trademark containing the OMEGA marks "sold by [OSA,] anywhere in the world," since OSA signed the 1994 agreement. OSA objects to all four requests, contending that they are "irrelevant [and] overly broad . . . insofar as they relate to 'anywhere in the [*15] world.'"

The court notes, however, that the 1994 agreement, which is the basis of this action, explicitly states that its terms are effective "in all countries of the world." [HN11]Because the agreement is worldwide in scope, OSA's world-wide activities, which are allegedly in violation of the agreement, are reasonably calculated to lead to the discovery of admissible evidence within the liberal meaning of the federal rules. See Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449

(S.D.N.Y. 1988) (noting that "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant to the subject matter of the action"). Further, these interrogatories, far from being irrelevant, ask for information directly bearing on OSA's alleged breach of the 1994 agreement. Indeed, the language of the interrogatories is taken almost verbatim from the 1994 agreement, which serves as the basis of this action. The court struggles to think of a request more "reasonably calculated to lead to the discovery of admissible evidence." Accordingly, OSA shall respond to Interrogatories Nos. 11-14 in their current form, without any further narrowing [*16] of their scope.

### G. Document Request No. 28

Through this request, OEI seeks all documents and things identified in OSA's response to Interrogatory No. 10. OSA responds to this request by referring to its objection to Interrogatory No. 10, which states that the request is unduly burdensome or that the information sought is protected by the existence of a privilege. See Section E, supra.

As with OSA's objection to Interrogatory No. 10, the court concludes that OSA has not carried its burden of demonstrating that this document request is unduly burdensome or overly broad. Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). The court also concludes that OSA has not properly supported its privilege objection. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996). To the extent any material responsive to this or other document requests is protected by the attorney-client privilege or the work-product doctrine, OSA shall provide OEI with a log indicating: (1) the type of document; (2) the general subject matter of the document; (3) the date of the [*17] document; (4) the author of the document; and (5) each recipient of the document. See D. Conn. L. Civ. R. 9(d)(1); see also Fed. R. Civ. P. 26(b)(5). Accordingly, OSA is ordered to produce all documents, not otherwise privileged, that are responsive to this request.

### H. Document Requests Nos. 29-38

OSA offers the exact same objection to each of these requests. It argues that they are "irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence" because they refer to apparatus sold by OSA, or trademark applications owned/filed by OSA "anywhere in the world." Again, the 1994 agreement that serves as the basis for this

action is world-wide in scope. Consequently, OSA's world-wide activities allegedly in violation of that agreement are "reasonably calculated to lead to the discovery of admissible evidence." See Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). Aside from its problem with the geographic scope, OSA has provided no other basis for its objection. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593-94 (W.D.N.Y. 1996). Accordingly, the court [*18] orders OSA to produce documents responsive to Document Requests Nos. 29-38 in their current form, without any further narrowing of their scope.

### I. Document Requests 1-5, 10-12, 13-15, 17-19, 21, 24-27

As indicated by OEI's reply brief, since the filing of the within motion, OSA has provided more complete responses to these requests. Accordingly, the court does not address OEI's arguments relating to these requests.

### J. Expenses and Costs

OEI also argues that the court should award it costs incurred in connection with the preparation of the within motion because OSA's objections were not justified.

[HN12]Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure states that:if [a motion to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party whose conduct . . . necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.Fed. R. Civ. P. 37(a)(4)(A). [HN13] [*19] This rule does not require the court to find bad faith before awarding reasonable attorney's fees. See Messier v. Southbury Training Sch., 1998 U.S. Dist. LEXIS 20315, No. 3:94-CV-1706, 1998 WL 841641, at *5 (Dec. 2, 1998.). Instead, the Court may order the losing party to pay reasonable expenses so long as such an award complies with the requirements of Rule 37(a). See id.

An award of expenses is warranted in this case as the court concludes that OSA's objections were largely unjustified. For instance, in response to a majority of OEI's requests, OSA merely recited the same "form" objection stating that the requests were either: 1) "irrelevant," "overly broad," or "not reasonably calculated to lead to the discovery of admissible evidence;" or 2) subject to the attorney-client privilege

or work-product doctrine. When asserting either of these objections, OSA failed to provide any evidentiary basis for its response. See Resps. to Interrogs. Nos. 7-9 and 11-14; Resps. to Reqs. for Docs. Nos. 1-5, 10-12, 17-19, 21, 24, 26, 30-38. n3 Also, as noted earlier, many of OEI's requests objected to on relevance grounds were directly related to OSA's alleged breach of the 1994 agreement, which is [*20] at the heart of this dispute. Finally, the court concludes that OSA's use of strained and overly technical interpretations of OEI's interrogatories to avoid its obligation under the broad discovery rules resulted in OEI's incurring unnecessary expense. See, e.g., Resps. to Interrogs. Nos. 7, 8, and 10. Accordingly, the court will make an award of fees and costs following the parties' submission on this issue as detailed immediately below.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n3 While in some cases, OSA cited the requests' allegedly broad scope -- "anywhere in the world" -- as the reason for its objection, the court concludes that this basis was not justified given the breadth of the 1994 agreement at issue in this case. See Sections F and H, supra.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

## CONCLUSION

Based on the foregoing, OEI's motion to compel (document no. 39) is GRANTED. The court orders that:1) OSA shall provide full and complete responses to interrogatories nos. 7-14 and document requests nos. 28-38 within 21 days of this order;

2) OSA shall provide [*21] OEI with a privilege log, in compliance with D. Conn. L. Civ. R. 9(d)(1), for all documents that it contends are subject to the attorney-client privilege or the work-product doctrine within 21 days of this order;

3) OSA shall sign its responses to OEI's interrogatories in compliance with Rule 33(b)(2) within 21 days of this order;

4) OEI shall serve a copy of this Ruling and Order on OSA forthwith; and

5) OEI shall serve and file by, February 21, 2001, affidavits which set forth with specificity the expenses it incurred in preparing its motion to compel. OSA shall have 21 days from the date of service of OEI's affidavits to file any opposition.

It is so ordered this 6th day of February, 2001 at Hartford, Connecticut.

Alfred V. Covello, Chief U.S.D.J.

Exhibit

D

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PARFUMS DE COEUR LTD                    NO.: 3:02 cv 1454 (RNC)
                plaintiff

        v.

LE PAPILLON LTD
            defendant                   AUGUST 18, 2004

<u>FEDERAL INSURANCE COMPANY'S</u>
<u>SUPPLEMENTAL PRIVILEGE LOG</u>

| Date | Source | Description | Bate | Nature of Privilege |
|------|--------|-------------|------|---------------------|
|  | Chubb | Claim notes from 5/16/2002 to 6/21/2004 relating to claim of Ciara Beers prepared in anticipation of litigation and includes internal defense strategies, investigation and evaluations. (Prepared by Chubb employees) | 000674-000700 | Work Product Immunity |
|  | Chubb | 2 pages of handwritten notes regarding pending claims and prepared in anticipation of litigation. (author unknown) | 000577-000578 | Work Product Immunity |
|  | Chubb | Claim notes dated 2/13/2003 to 7/19/2004 regarding Bessie Mays claim prepared in anticipation of litigation and includes internal defense strategies, investigation and evaluations. (Prepared by Chubb employees) | 000766-000773 | Work Product Immunity |
|  | Chubb | Claim notes dated 3/17/2003 through 7/19/2004 regarding Kayla Hahn claim prepared in anticipation of litigation and includes internal defense strategies, investigation and evaluations. (Prepared by Chubb employees) | 000657-000668 | Work Product Immunity |
|  | Chubb | Email from Attorney Ryan to expert prepared in anticipation of litigation. | 000248 | Work Product Immunity |

Note:  Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|------|--------|-------------|------|---------------------|
| | Chubb | Claim History file notes regarding investigation and internal strategies prepared in anticipation of litigation. (author unknown) (Prepared by Chubb employees) | 000570 | Work Product Immunity |
| | Chubb | Claim notes dated 2/13/2003 to July 19, 2004 regarding Jeffrey Lovell claim prepared in anticipation of litigation and includes internal defense strategies, investigation and evaluations. (Prepared by Chubb employees) | 000759-000765 | Work Product Immunity |
| | Chubb | Claim notes dated 5/16/2002 through 6/2/2004 regarding Moorehous claim prepared in anticipation of litigation and includes internal defense strategies and evaluations. (Prepared by Chubb employees) | 000701-000747 | Work Product Immunity |
| | Chubb | Letter dated February 2003 (day illegible) from Attorney Kaplan to Theresa Nehez regarding settlement of claim. (cc: Watson Warriner) | 000781 | Attorney Client Privilege / Work Product Immunity |
| | Chubb | Claim notes dated 8/16/2002 to 7/12/2004 regarding Parfums v. LePapillon lawsuit prepared in anticipation of litigation and includes internal defense strategies, investigation and evaluations. (Prepared by Chubb employees) | 000748-000758 000784-000883 | Work Product Immunity |
| 5/16/2002 | Chubb | Claim Notification System regarding claim strategy, evaluation and investigation prepared in anticipation of litigation. (Prepared by Chubb employees) | 000641-000651 | Work Product Immunity |
| 5/16/2002 | Chubb | Claim note by Melanie Fortune regarding Casualty Exposure Evaluation and Investigation and prepared in anticipation of litigation. | 000742-000745 | Work Product Immunity |

ote: Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|------|--------|-------------|------|---------------------|
| 5/20/2002 | Chubb | File Notes from M. Fortune at Chubb regarding investigation of Kayla Moorehous claim created in anticipation of litigation and containing internal defense strategies and investigation. | 000571-000572 | Work Product Immunity |
| 5/20/2002 | Chubb | Casualty Exposure Evaluation/Claim Strategy for Claimant Kayla Moorehous prepared in anticipation of litigation and including internal strategies, defense action plans and evaluations. | 000523-000528 | Work Product Immunity |
| 5/23/2002 | Chubb | Letter from Patricia Smith Branch at Chubb to Watson Warriner at Le Papillon regarding Ciara Beers claim and prepared in anticipation of litigation. | 000590 000623 000100 | Work Product Immunity |
| 7/15/2002 | Chubb | Letter from Watson Warriner at Le Papillon to Judith Manganelli at The Atlantic Mutual Companies regarding investigation, defense strategies and prepared in anticipation of and in connection with litigation. | 000533-000565 | Work Product Immunity |
| 7/29/2002 | Claims | Letter from Watson Warriner at Le Papillon to Denise Keleman at Chubb regarding investigation, defense strategies and prepared in anticipation of and in connection with litigation. | 000581-000585 000591-000617 | Work Product Immunity |
| 7/29/2002 | Chubb | Fax Cover Sheet from Watson Warriner at Le Papillon to Denise Keleman at Chubb regarding claims and prepared in anticipation of litigation. | 000618 | Work Product Immunity |
| 8/6/2002 | Chubb | Letter from Attorney Kaplan to Patricia Smith-Branch at Chubb regarding complaint and prepared in anticipation of ligitation. | 000009 000449 | Attorney Client Privilege/Work Product Immunity |
| 9/11/2002 | Chubb | Letter from Theresa Nehez, Sr. Litigation Examiner at Chubb, to Watson Warriner at Le Papillon regarding complaint and prepared in anticipation of litigation. | 000050-000051 | Work Product Immunity |

Note: Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|---|---|---|---|---|
| 9/11/2002 | Chubb | Facsimile Transmittal Sheet from Theresa Nehez at Chubb to Attorney Michael Ryan regarding complaint and prepared in anticipation of litigation. | 000037 | Attorney Client Privilege / Work Product Immunity |
| 9/11/2002 | Chubb | Letter from Theresa Nehez, Sr. Litigation Examiner at Chubb, to Watson Warriner at Le Papillon regarding complaint and prepared in anticipation of litigation. (cc to Attorney Mike Ryan and Attorney Robert Kaplan). | 000038-000049 | Work Product Immunity |
| 9/12/2002 | Chubb | Letter from Attorney Ryan to Ms. Theresa Nehez, Sr. Litigation Examiner at Chubb, regarding pleadings and pending litigation and prepared in anticipation of litigation. | 000052 | Attorney Client Privilege / Work Product Immunity |
| 9/25/2002 | Chubb | Letter from Attorney Ryan to Theresa Nehez at Chubb regarding client meeting and contains counsel mental impressions and defense strategies and prepared in anticipation of litigation. | 000119-000140 | Attorney Client Privilege / Work Product Immunity |
| 9/27/2002 | Chubb | Letter from Attorney Mike Ryan to Theresa Nehez, Sr. Litigation Examiner at Chubb, regarding counterclaim and prepared in anticipation of litigation. | 000118 | Attorney Client Privilege / Work Product Immunity |
| 10/21/2002 | Chubb | Letter from Attorney Robert Hickey to Theresa Nehez, Sr. Litigation Examiner at Chubb, regarding court orders and discovery and prepared in anticipation of litigation. | 000110-000117 | Attorney Client Privilege / Work Product Immunity |
| 10/28/2002 | Chubb | Claim History / File Notes re: conversation with insured and prepared in anticipation of litigation. | 000575 | Work Product Immunity |
| 10/31/2002 | Chubb | Letter from Attorney Kaplan to Judith Manganelli at The Atlantic Mutual Co. and Theresa Nehez at Chubb regarding lawsuit and prepared in anticipation of litigation. | 000492 | Attorney Client Privilege / Work Product Immunity |

Note:  Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|---|---|---|---|---|
| 11/5/2002 | Chubb | Facsimile Transmittal Sheet from Theresa Nehez at Chubb to Attorney Ryan regarding lawsuit and prepared in anticipation of litigation. | 000491-000513 | Attorney Client Privilege / Work Product Immunity |
| 11/8/2002 | Chubb | Letter from Attorney Mike Ryan to Attorney Robert Chan regarding discovery issues, mental impressions of counsel and defense strategies. (cc to Watson Warriner, Theresa Nehez and Attorney Robert Warner). | 000107-000109 | Attorney Client Privilege / Work Product Immunity |
| 11/11/2002 | Chubb | Casualty Exposure Evaluation and Claim Strategy prepared by Theresa Nehez, Sr. Litigation Examiner at Chubb including claim strategies, defense tactics and investigation and prepared in anticipation of litigation. | 000105-000106 | Work Product Immunity |
| 11/13/2002 | Chubb | Claim notes from Lois Stevens at Chubb to Janet Hansmeier at Chubb regarding first loss notice and prepared in anticipation of litigation. | 000573-000574 | Work Product Immunity |
| 11/13/2002 | Chubb | Letter from Attorney Robert Kaplan to Theresa Nehez, Sr. Litigation Examiner at Chubb, regarding defense and prepared in anticipation of litigation. | 000103-000104 000098 | Attorney Client Privilege / Work Product Immunity |
| 11/14/2002 | Chubb | Claim notes from Janet Hansmeier at Chubb to Lois Stevens at Chubb regarding first loss notice and prepared in anticipation of litigation. | 000573 | Work Product Immunity |
| 11/21/2002 | Chubb | Letter from Attorney Robert Kaplan to Ms. Manganelli at Atlantic Mutual Co and Theresa Nehez regarding defense and prepared in anticipation of litigation. | 000096 | Attorney Client Privilege / Work Product Immunity |
| 11/25/2002 | Chubb | Letter from Naomi Speroni at Chubb to Watson Warriner at Le Papillon regarding lawsuit and prepared in anticipation of litigation. | 000568-000569 | Work Product Immunity |

Note:  Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|---|---|---|---|---|
| 12/19/2002 | Chubb | Letter from Attorney Kaplan to Naomi Speroni at Chubb regarding pending claims, defense strategies and counsel's mental impressions and prepared in anticipation of litigation. | 000531-000532 | Attorney Client Privilege / Work Product Immunity |
| 1/16/2003 | Chubb | Letter from Attorney Mike Ryan to Theresa Nehez, Sr. Litigation Examiner at Chubb regarding depositions, mental impressions of counsel and defense strategies.  (cc Watson Warriner and Attorney Chan) | 000101-000102 | Attorney Client Privilege / Work Product Immunity |
| 1/17/2003 | Chubb | Letter from Naomi Speroni at Chubb to Attorney Kaplan regarding pending claims and defense strategies and prepared in anticipation of litigation. | 000530 | Attorney Client Privilege / Work Product Immunity |
| 2/6/2003 | Chubb | Memo to file from Attorney Ryan regarding deposition of Watson Warriner, mental impressions of counsel and defense strategies. | 000302-000311 | Attorney Client Privilege / Work Product Immunity |
| 2/12/2003 | Chubb | Email from Theresa Nehez at Chubb to Mattie at Chubb regarding losses and prepared in anticipation of litigation. | 000487 000780 | Work Product Immunity |
| 2/19/2003 | Chubb | Initial Receipt of Claim/Suit for claimant Bessie Mays prepared in anticipation of litigation and containing internal strategies and defense information. | 000774-000775 | Work Product Immunity |
| 3/12/2003 | Chubb | Letter from Attorney Kaplan to Theresa Nehez at Chubb regarding pending claims and prepared in anticipation of litigation.  (cc Watson Warriner) | 000141 | Attorney Client Privilege / Work Product Immunity |
| 3/18/2003 | Chubb | Letter from Theresa Nehez, Sr. Litigation Examiner at Chubb, to Attorney Kaplan regarding pending claims and prepared in anticipation of litigation. | 000142 | Attorney Client Privilege / Work Product Immunity |

Note:  Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|------|--------|-------------|------|---------------------|
| 3/19/2003 | Chubb | Letter from Attorney Mike Ryan to Watson Warriner regarding pending claims, litigation, mental impressions of counsel and defense strategies and prepared in anticipation of litigation. | 000089-000093 | Attorney Client Privilege / Work Product Immunity |
| 3/26/2003 | Chubb | Letter from Attorney Ryan to Theresa Nehez, Sr. Litigation Examiner at Chubb regarding litigation and preliminary evaluation, containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. (cc Watson Warriner, Attorney Chan; Cliff Hall) | 000068-00088 | Attorney Client Privilege / Work Product Immunity |
| 4/15/2003 | Chubb | Letter from Attorney Hickey at Ryan Ryan Johnson and DeLuca to Theresa Nehez at Chubb regarding Robert Russo and Mike Shepard's depositions and including counsel's mental impressions, future defense strategies and prepared in anticipation of litigation. | 000066-000067 | Attorney Client Privilege / Work Product Immunity |
| 5/27/2003 | Chubb | Letter from Attorney Mike Ryan to Theresa Nehez, Sr. Litigation Examiner at Chubb, (cc to Attorney Robert Chan and Watson Warriner) regarding deposition testimony of Mark Laracy and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000057-000065 | Attorney Client Privilege / Work Product Immunity |
| 6/16/2003 | Chubb | Letter from Attorney Ryan to Theresa Nehez, Sr. Litigation Examiner at Chubb, regarding settlement conference, defense strategies and prepared in anticipation of litigation. | 000146 | Attorney Client Privilege / Work Product Immunity |
| 6/17/2003 | Chubb | Letter from Attorney Ryan to Theresa Nehez, Sr. Litigation Examiner at Chubb, regarding experts and containing counsel's mental impressions and defense strategies and prepared in anticipation of litigation. | 000145 | Attorney Client Privilege / Work Product Immunity |

Note: Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|------|--------|-------------|------|---------------------|
| 6/18/2003 | Chubb | Memo to file from Attorney Ryan regarding deposition of Edward Kaminski and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000152-000155 | Attorney Client Privilege / Work Product Immunity |
| 7/2/2003 | Chubb | Letter from Attorney Ryan to Theresa Nehez, Sr. Litigation Examiner at Chubb, regarding telephonic status conference and prepared in anticipation of litigation. (cc Watson Warriner; Attorney Chan) | 000144 | Attorney Client Privilege / Work Product Immunity |
| 8/5/2003 | Chubb | Memo to file from Attorney Ryan regarding deposition of Barry Dyball, mental impressions of counsel and defense strategies and prepared in anticipation of litigation. | 000266-000270 000286-000291 | Attorney Client Privilege / Work Product Immunity |
| 8/14/2003 | Chubb | Memo to file from Attorney Ryan regarding Deposition of Ray Severa and containing mental impressions of counsel and defense strategies and prepared in anticipation of litigation. | 000254-000262 000277-000285 | Attorney Client Privilege / Work Product Immunity |
| 10/7/2003 | Chubb | Letter from Attorney Kaplan to Judith Manganelli at The Atlantic Mutual Companies regarding claimant Kayla Lemieux and prepared in anticipation of litigation. | 000148 | Attorney Client Privilege / Work Product Immunity |
| 12/18/2003 | Chubb | Memo to file from Attorney Ryan regarding deposition of Edward Kaminski and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000187-000190 | Attorney Client Privilege / Work Product Immunity |
| 1/6/2004 | Chubb | Memo to file from Attorney Ryan regarding deposition of Patricia Hill and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000192-000196 000239-000243 | Attorney Client Privilege / Work Product Immunity |

Note:  Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|---|---|---|---|---|
| 1/26/2004 | Chubb | Letter from Attorney Mike Ryan to Cliff Hall at Chubb regarding deposition of Edward Kaminski and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000151-000190 | Attorney Client Privilege / Work Product Immunity |
| 1/29/2004 | Chubb | Letter from Attorney Ryan to Cliff Hall at Chubb regarding deposition summary of Patricia Hill and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000238-000247 | Attorney Client Privilege / Work Product Immunity |
| 1/29/2004 | Chubb | Letter from Attorney Mike Ryan to Cliff Hall at Chubb regarding summary of the deposition of Patricia Hill and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000191-000196 | Attorney Client Privilege / Work Product Immunity |
| 2/4/2004 | Chubb | Letter from Attorney Ryan to Cliff Hall at Chubb regarding depositions of Ray Severa and Barry Dyball and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000253-000275 000276-000291 | Attorney Client Privilege / Work Product Immunity |
| 2/15/2004 | Chubb | Memo to file by Attorney Ryan regarding deposition of Luc Duchesne and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000225-000237 | Attorney Client Privilege / Work Product Immunity |
| 2/17/2004 | Chubb | Letter from Attorney Ryan to Cliff Hall at Chubb regarding deposition summary of Luc Duchesne and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000224-000237 000437-000441 | Attorney Client Privilege / Work Product Immunity |

Note:  Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|---|---|---|---|---|
| 3/2/2004 | Chubb | Letter from Attorney Ryan to Cliff Hall at Chubb regarding lawsuit in Charter Oak v. Le Papillon action containing defense strategies and prepared in anticipation of litigation. | 000209-000210 | Attorney Client Privilege / Work Product Immunity |
| 3/2/2004 | Chubb | Letter from Attorney Kaplan to Judith Manganelli at The Atlantic Mutual Companies and Theresa Nehez at Chubb regarding Charter Oak Ins. Co. v. Le Papillon lawsuit. (cc Watson Warriner and Attorney Ryan) Prepared in anticipation of litigation. | 000223 | Attorney Client Privilege / Work Product Immunity |
| 3/2/2004 | Chubb | Fax Cover sheet from Attorney Ryan to Cliff Hall at Chubb regarding lawsuit and prepared in anticipation of litigation. | 000208 | Attorney Client Privilege / Work Product Immunity |
| 3/10/2004 | Chubb | Memo to file from Attorney Ryan regarding deposition of James Storar and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000346-000354 | Attorney Client Privilege / Work Product Immunity |
| 3/12/2004 | Chubb | Fax Transmittal Sheet from Cliff Hall to Attorney Chan with confirmation sheet prepared in anticipation of litigation. | 000003-000004 | Attorney Client Privilege / Work Product Immunity |
| 3/12/2004 | Chubb | Email with attachment from Attorney Ryan to Cliff Hall regarding summary of deposition of Watson Warriner and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000301-000315 | Attorney Client Privilege / Work Product Immunity |
| 3/12/2004 | Chubb | Fax Transmittal Sheet from Cliff Hall to Attorney Ryan with confirmation sheet prepared in anticipation of litigation. | 000001-000002 | Attorney Client Privilege / Work Product Immunity |
| 3/12/2004 | Chubb | Letter from Cliff Hall to Watson Warriner regarding defense and prepared in anticipation of litigation. (cc: Attorney Ryan, Attorney Chan and William Redmond & Associates). | 000297-000298 | Work Product Immunity |

Note:  Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|---|---|---|---|---|
| 3/12/2004 | Chubb | Letter from Attorney Ryan to expert prepared in anticipation of litigation. (cc: Cliff Hall). | 000299-000300 | Attorney Client Privilege / Work Product Immunity |
| 3/12/2004 | Chubb | Letter and email from Attorney Ryan to Cliff Hall at Chubb regarding settlement conference prepared in anticipation of litigation and containing defense strategies and mental impression of counsel. | 000292-000293 | Attorney Client Privilege / Work Product Immunity |
| 3/15/2004 | Chubb | Claim note regarding file from Cynthia Sheward at Chubb to Dewan Smothers at Chubb and prepared in anticipation of litigation. | 000479 | Work Product Immunity |
| 3/16/2004 | Chubb | Claim note from Dewan Smothers at Chubb to Olga Andino at Chubb regarding file and prepared in anticipation of litigation. | 000479 | Work Product Immunity |
| 3/22/2004 | Chubb | Letter from Attorney Ryan to Cliff Hall at Chubb regarding appearance and prepared in anticipation of litigation. | 000344 | Attorney Client Privilege / Work Product Immunity |
| 3/22/2004 | Chubb | Fax Cover Sheet from Attorney Ryan to Cliff Hall at Chubb regarding Kayla Lemieux and prepared in anticipation of litigation. | 000316 000330 | Attorney Client Privilege / Work Product Immunity |
| 3/23/2004 | Chubb | Letter from Attorney Ryan to Cliff Hall at Chubb regarding deposition of James Storar and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000345-000357 | Attorney Client Privilege / Work Product Immunity |
| 3/24/2004 | Chubb | Letter from Attorney Kaplan to Judith Manganelli at the Atlantic Mutual Companies and Theresa Nehez at Chubb regarding Lemieux v. Parfum de Coeur and prepared in anticipation of litigation. | 000358-000371 | Attorney Client Privilege / Work Product Immunity |

Note: Documents without dates were not dated

| Date | Source | Description | Bate | Nature of Privilege |
|---|---|---|---|---|
| 3/30/2004 | Chubb | Letter from Mike Ryan to Cliff Hall at Chubb regarding pleadings and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000372 | Attorney Client Privilege / Work Product Immunity |
| 4/5/2004 | Chubb | Letter from Attorney Mike Ryan to Cliff Hall at Chubb regarding expert disclosures and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000402 | Attorney Client Privilege / Work Product Immunity |
| 4/15/2004 | Chubb | Letter from Attorney Mike Ryan to Cliff Hall at Chubb regarding damages and containing mental impressions of counsel, defense strategies and prepared in anticipation of litigation. | 000426-000436 | Attorney Client Privilege / Work Product Immunity |
| 5/24/2004 | Chubb | Claim note by Andrea Williams at Chubb regarding update on lawsuit. | 000755 | Work Product Immunity |
| 7/19/2004 | Chubb | Letter from Ted Coppola at Chubb to Cliff Hall at Chubb regarding Jeffrey Lovell file and prepared in anticipation of litigation. | 000514 | Work Product Immunity |

Note: Documents without dates were not dated