UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR, LTD. : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | CIVIL ACTION NO. 3:02 cv 1454 (RNC) |
| : | |
| LE PAPILLON, LTD. : | |
| : | |
| Defendant. : | |
| | SEPTEMBER 22, 2004 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION
TO FEDERAL INSURANCE AND DEFENDANTS'
RESPECTIVE MOTIONS FOR PROTECTIVE ORDER/MOTIONS TO QUASH**

The defendant in the captioned matter hereby responds to Plaintiff's Objection to Federal Insurance and Defendants' Respective Motions for Protective Order/Motions to Quash, dated September 17, 2004 as follows:

I.    **The Protection of the Work Product Doctrine Is Not Limited to Materials Prepared by or at the Direction of an Attorney.**

In its objection, plaintiff claims that entries in Federal's privilege log[1] ". . . do not indicate that any of the documents were prepared at the direction of Attorney Ryan." (Plaintiff's Objection, page 9). Again, on page 14 of its Objection, the plaintiff states "There is no indication

---

[1] When defendant filed its Motion to Quash and/or Motion for Protective Order, it was relying on Federal's Initial Privilege Log. Federal has subsequently filed a Supplemental Privilege Log (Exhibit N to Federal's Motion), which is incorporated herein by reference.

that this correspondence [between Federal and the defendant] was written by or at the direction of the attorney. . . ." These statements indicate that the plaintiff continues to misread Fed. R. Civ. P. 26(b)(3). As noted in Defendant's Memorandum of Law in Support of Motion to Quash and/or Motion for Protective Order, dated September 13, 2004, materials protected by the work product doctrine need not have been prepared by or at the direction of an attorney. The Rule specifically states that documents prepared by or for another party or by or for that other party's representative (including the other party's attorney and insurer) are work product.

II.     **The Plaintiff has Not Made the Showing Required by Fed. R. Civ. P. 26(b)(3).**

In its Objection, the plaintiff states that if Federal investigated a possible recall by the defendant of its product, this information would be discoverable (Plaintiff's Objection, page 12). Even if there were such an investigation, the plaintiff could easily have obtained this information from Interrogatories and Request for Production served pursuant to Fed. R. Civ. P. 33 & 34 and by way of depositions of the plaintiff's officers pursuant to Fed. R. Civ. P. 30. The plaintiff has availed itself of all of these methods of discovery and to the best of the defendant's knowledge has not even asked any of the defendant's representatives whether or not the defendant issued a recall of its product. This seems to belie plaintiff's assertion that the issue of whether or not there was a "possible recall by the defendant of its product" is relevant or discoverable.

Furthermore, the plaintiff has started but not yet completed the deposition of Watson C. Warriner, Jr., the President of the defendant, Le Papillon, Ltd. At the completion of Mr. Warriner's deposition, the plaintiff will have ample opportunity to ask him whether or not there was a recall by the defendant of its product and to explore this issue fully. In any event, the plaintiff has not made the showing required by Fed. R. Civ. P. 26(b)(3) that it has substantial need of the materials in the preparation of its case and that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Plaintiff suggests that it has a substantial need for the information because its action "includes a count under the Connecticut Unfair Trade Practices Act." (Plaintiff's Objection, page 15-16). While a recommended ruling was issued granting the plaintiff leave to add a CUTPA count to the Complaint, the defendant has objected to the ruling and the objection is currently pending before the Court. Thus, at the present time, the CUTPA count is not included in the Complaint and cannot serve as the basis for the plaintiff's claim of need.

Furthermore, even if the CUTPA claim were presently part of the case, the plaintiff has failed to articulate why such a claim would create a need for plaintiff to invade the defendant's insurer's claim file. The plaintiff has traveled around North America deposing three witnesses in Cleveland, three witnesses in Canada and numerous witnesses in the United States. The plaintiff

has deposed all of the individuals at Kaufman Container and Bonne Bell with knowledge of the facts and circumstances of the Kaufman Container/Bonne Bell issue, which is advanced in support of plaintiff's CUTPA claim. Plaintiff has also deposed the "consultant" referred to on page 16 of its Objection, Mr. James Storar, and has obtained extensive documents by way of Interrogatories and Requests for Production of the defendant and of Mr. Storar. The plaintiff has all information it requires concerning the issues which allegedly form the basis of its proposed CUTPA claim. Again, plaintiff cannot establish the showing required by Fed. R. Civ. P. 26(b)(3) and for this reason, the plaintiff's Objection should be overruled.

For the foregoing reasons, the defendant respectfully requests the Court to enter an Order granting Federal's Motion for Protective Order and granting the defendant's Motion to Quash and/or Motion for Protective Order, dated September 13, 2004.

                                    THE DEFENDANT,
                                    LE PAPILLON, LTD.

By:_____
    Michael T. Ryan, Esq., (CT 05685)
    Ryan, Ryan, Johnson & Deluca, LLP
    80 Fourth Street, P.O. Box 3057
    Stamford, CT   06905
    Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

Jennifer J. Cavalier, Esq.
Frederick L. Murolo, Esq.
Anthony Nuzzo, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410
Attorney for Movant, Federal Insurance Company

                                                                      _____
                                                                      Michael T. Ryan, Esq.

I:\Procases\720.123\responseobjection0904.wpd
720.123