UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PARFUMS DE COEUR LTD                          NO.:  3:02 cv 1454 (RNC)
          plaintiff

v.

LE PAPILLON LTD
          defendant.                          September 22, 2004

<u>FEDERAL INSURANCE COMPANY'S REPLY TO PLAINTIFF'S
OBJECTION TO MOTION FOR PROTECTIVE ORDER/
MOTION TO QUASH</u>

Pursuant to D. Conn. L. Civ. R. 7(d), FEDERAL INSURANCE
COMPANY ("Federal") submits the following brief in reply to plaintiff's
Objection to Federal Insurance and Defendants' Respective Motions for Protective
Order/Motions to Quash dated September 17, 2004.

In its objection, the plaintiff argues Federal's privilege log lacks the
requisite specificity and claims Federal has "failed to satisfy its burden and
establish that all documents identified in [Federal's] privilege log are protected
under the attorney client privilege or work product doctrine." (Pl.'s Objection at p.
7).  Specifically, the plaintiff takes issue with certain entries on Federal's privilege
log including: 1) an e-mail and letter from Attorney Ryan to an unnamed expert;
2) documents without identified authors and dates; and 3) documents identified as
"prepared by Chubb employees."  (Pl.'s Objection at pp. 8-9).

Pursuant to Rule 37 of the Local Rules of Civil Procedure, a privilege log
must indicate: 1) the type of document; 2) the general subject matter of the

document; 3) the date of the document; 4) the author of the document; and 5) each recipient of the document.  "A party must supply opposing counsel with sufficient information to assess the applicability of the privilege or protection *without revealing information which is privileged or protected*." (Emphasis added). Omega Engineering, Inc. v. Omega, S.A., 2001 WL 173765 (D.Conn. 2001).

The Federal's privilege log fully complies with Local Rule 37 and supplies the plaintiff and this Court with sufficient information to assess the privileges and protections claimed.  First, the plaintiff takes issue with an entry regarding an e-mail and letter from Attorney Ryan to an expert. (See Supplemental Privilege Log, Exhibit N to Motion for Protective Order/Motion to Quash; page 1, item 5; page 11, item 1).  The plaintiff argues that Federal is not in compliance with the Local Rules because it does not specifically identify by name the expert to whom the email and letter were addressed.  However, despite the plaintiff's misplaced belief that Federal is required to specifically identify the name of experts consulted in connection with the defense of this case in order to comply with the Local Rules, all that is required under Local Rule 37 is that Federal provide the plaintiff the general subject matter of the document without revealing protected or privileged information.  To require Federal to disclose the identity of an expert that may have been consulted in connection with the defense of this case is the type of information which remains protected by Rule 37.

Moreover, the plaintiff argues that certain documents withheld by Federal are undated and/or the author is not identified.  On the face of these documents,

Federal is unable to determine the dates and/or authors of these specific documents. Federal cannot provide more information than it has or reasonably can determine. To the extent the information required by Rule 37 was available to Federal, this information is contained in the privilege log.

Finally, with regard to those entries listing the author of documents as "Chubb employees," Federal has adequately complied with Local Rule 37 and provided the plaintiff with all necessary information to assess Federal's claim of privilege or protection. While the plaintiff would apparently like the name of the specific claims representative who authored the documents, these individual's identities is irrelevant and is not required to be provided under our Local Rule. The specific identity of the claims representative authoring the document has no bearing on whether the attorney-client privilege and/or work product doctrine will apply to prevent discovery of these documents.

Also, in its objection, the plaintiff takes issue with entries in Federal's privilege log grouping numerous documents over a range of dates into one entry as "investigations or evaluations" of claims made against the defendant. (Pl's Objection at p. 9). These documents are identified in Federal's privilege log as the claim/files notes relating to the claims of Ciara Beers, Bessie Mays, Kayla Hahn, Jeffrey Lovell and Kayla Moorehous. According to the plaintiff, Federal has failed to provide sufficient information to assess the applicability of the asserted privileges and protections. (Pl's Objection at p. 9)

However, contrary to any assertion by the plaintiff, Federal has provided sufficient information to the plaintiff to determine the asserted privileges and protections as they relate to these documents. As set forth more fully in Federal's Motion for Protective Order/Motion to Quash and the accompanying affidavit, these documents are entitled to work product protection because, as more fully set forth below, the documents were prepared "because of" the prospect of litigation.

Again, it is well settled that "[i]n determining whether claims files qualify for work product protection, it is necessary to distinguish between documents prepared in the ordinary course of the insurer's business … and documents prepared in anticipation of litigation." Tudor Ins. Co. v. McKenna Associates, 2003 WL 21488058 (S.D.N.Y. 2003)(attached as Exhibit A). The Second Circuit adopted a "causation" test for determining whether a document was prepared in anticipation of litigation. See United States v. Adlman, 134 F.3d 1194, 1202-1203 (1998). The party seeking to withhold a document must demonstrate, in light of the nature of the document and the factual situation in the particular case, that the document it seeks to withhold was created "because of" the prospect of litigation. Id. Moreover, where a document is created because of the prospect of litigation and analyzes the likely outcome of that litigation, it does not lose protection because it is created in order to assist with a business decision. Id. Rather, it is only those documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of litigation that do not qualify for the protection. Id.

Here, the claim/file notes and internal evaluations for each the above-mentioned claimants which the plaintiff takes issue with in its Objection were only prepared **after** Federal was notified by Travelers Insurance Company, the plaintiff's insurer, of pending claims by these claimants against Parfums. (See Exhibit O and P of Federal's Motion for Protective Order/Motion to Quash dated 9/13/04. As early as April 2002, Travelers placed the insured on notification that it was Travelers' position Le Papillion may be liable for the claimants' injuries' and that The Travelers would be seeking indemnification from Le Papillion for any monies paid on these claims/actions. Accordingly Federal's involvement in these actions clearly began **after** the **prospect of litigation** had already ensued and thus the claim notes associated with each of these claims are protected by the work product doctrine. Despite the plaintiff's argument that the subject lawsuit was only commenced on July 23, 2002, the prospect of litigation on the other claimants began as far back as April 2002 when the insured first received notice from The Travelers for the claims brought by Ciara Beers and Kayla Moorhous. (See April 19, 2002 letter from The Travelers attached as Exhibit O to Motion to Quash/Motion for Protective Order.) After that date, on May 9, 2002; October 24, 2002 and January 30, 2003, The Travelers put the insured on notice of claims by three additional claimants. Id. Accordingly, although the current action was only filed on July 23, 2002, Federal had knowledge of the prospect of litigation concerning other claimants dating as far back as April 2002. Federal's privilege log, and the affidavits attached to Federal's Motion for Protective/Motion to

Quash, clearly establishes the applicability of this privilege and that such documents were produced "because of" the prospect of litigation.

In their objection, the plaintiff also argues that communications between Federal and its insured (specifically from or to Watson Warriner, President of the defendant) can not be protected by the work-product doctrine because "there is no indication that [these] correspondence [were] written by or at the direction of an attorney or [contain] the mental impressions of counsel." (Pl's Objection at p. 14). Plaintiff's contention ignores the clear language of Fed.R.Civ.P. 26(b)(3). Fed.R.Civ.P. 26(b)(3) provides in relevant part that: "… a party may obtain discovery of documents and tangible things otherwise discoverable … and prepared in anticipation of litigation or for trial **by** or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) … only upon a showing that the party seeking discovery has substantial need … ." (Emphasis added). Fed.R.Civ.P. 26(b)(3) clearly establishes that the work product doctrine protects documents prepared in anticipation of litigation by a party, in this case Le Papillion or its representatives. Despite any claim by the plaintiff to the contrary, there is no requirement that the document be prepared at the direction of counsel or that it contain the mental impressions of counsel. As demonstrated in Federal's privilege log, the communications by and between Mr. Warriner and Federal were prepared by either a party (Mr. Warriner as principal of Le Papillion) or that party's representative (Federal, its insurer) and these documents were prepared in

anticipation of litigation. Thus, the plaintiff's contention that the work production doctrine does not apply to prevent disclosure of these documents is simply without merit.

The same is true for the plaintiff's contention that communications between Federal's employees and defendant's independently retained counsel, Attorney Kaplan, are not protected by the attorney-client privilege or the work product doctrine. As stated above, the work product doctrine protects documents prepared in anticipation of litigation **by or for a party's representative**, which, as specifically set forth in Fed.R.Civ.P. 26(b)(3), includes a party's attorney. As Federal's privilege log clearly establishes, these documents were prepared by a party's attorney and were done so in anticipation of or because of litigation. Thus, they are entitled to protection under the work product doctrine.

Likewise, the plaintiff's contention that correspondence between Mr. Warriner or the defendant's attorney, Mr. Kaplan, and representatives of the Atlantic Mutual Companies is not protected by the work product doctrine again ignores Fed.R.Civ.P. 26(b)(3). (Pl's Objection at p. 16). As Federal's privilege log demonstrates, these communications were made by or for a party or its representative and were made in anticipation of litigation. Thus, according to Fed.R.Civ.P. 26(b)(3), these documents are entitled to work product protection. Furthermore, the plaintiff's claim that any work product protection that may have attached to these documents was waived by their disclosure to Federal is also without merit. Unlike the attorney-client privilege, "the work product privilege is

not automatically waived by any disclosure to third persons." <u>Go Medical</u> <u>Industries, Pty, Ltd. v. C.R. Bard, Inc.</u>, 1998 WL 1632525, *7 (D.Conn. 1998). "Instead, courts generally find waiver of work product protection only when the disclosure substantially increases the opportunity for potential adversaries to obtain the information." <u>Id.</u> In the present case, the above referenced documents were created by a party or his attorney and were turned over the party's insurer to assist in the defense of claims against the defendant. Clearly, this disclosure did not substantially increase the opportunity for the plaintiff, or any other adversary, to obtain work product. Therefore, the defendant did not waive the work product protection available to these documents by disclosing them to their insurer.

Moreover, the plaintiff, in its Objection, has not made an adequate showing of substantial need for the documents **and** an inability to obtain its contents elsewhere without undue hardship. Despite making a broad sweeping assertion that the plaintiff has substantial need for the materials contained in Federal claim files, the plaintiff has not provided any proof that the information it is seeking in its production request could not be obtained by other means. It is inconceivable why the plaintiff could not question or serve discovery on the defendant in this action to determine what investigation, if any, was performed in connection with the roller ball fitments.

Again, this is not a bad faith action brought against the insurer where the insurer's conduct is a central issue in the case and the information contained in the claims file, concerning the internal strategies, evaluations, analyses and

investigations are of central importance to a plaintiff's claim. Instead, this case is one based on claims of breach of contract, CUTPA, and indemnity against Le Papillon. Federal's actions in connection with the plaintiff's claim were done in furtherance of the defense of the current lawsuit and of claims of other potential claimants. The plaintiff should not be permitted to circumvent the standard discovery process, whereby it is granted a full opportunity to inquire from Le Papillon directly about its alleged knowledge of prior claims and investigations into those claims, by simply obtaining the insurer's claim file. As such, the plaintiff has failed to meet its burden of "substantial need" and inability to obtain the information elsewhere and should not be entitled to obtain these privileged documents.

Finally, it must be noted that the plaintiff's claim for attorney's fees in its Objection is without merit. (Pl's Objection at p. 17). According to Local Rule 37(4), attorney's fees may be awarded to a party only when a "party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law … ." As set forth in Federal's Motion for Protective Order/Motion to Quash, Federal has already produced all non-privileged documents responsive to the plaintiff's subpoena. The only dispute that remains is the scope of the attorney-client privilege and/or work product doctrine. As demonstrated above and in Federal's Motion for Protective Order/Motion to Quash, Federal's claim of privilege and protection is warranted under exiting law. Accordingly, there is no basis for this Court to

award the plaintiff attorney's fees in connection with the enforcement of its subpoena.

WHEREFORE, for all the foregoing reasons, as well as those reasons set forth more fully in Federal's Motion for Protective Order/Motion to Quash, Federal respectfully requests that this Court grant its Motion to Quash the subpoena to the extent the subpoena requires disclosure of documents set forth in Federal's Privilege Log and protected by the attorney client privilege and work product doctrine. Additionally, Federal respectfully requests this Court grant its Motion for Protective Order and issue an order that at the deposition of a Federal representative, the plaintiff not be allowed to orally inquire into matters contained in the withheld documents which likewise would be protected by the attorney client privilege and/or work product doctrine. Lastly, should this Court request, Federal would provide to this Court a copy of the documents withheld so that an in camera review of the documents withheld can be made.

THE MOVANT
FEDERAL INSURANCE COMPANY


By _____
      Jennifer J. Cavalier
      Federal Bar No: ct 24646
      NUZZO & ROBERTS, L.L.C.
      One Town Center
      P.O. Box 747
      Cheshire, Connecticut 06410
      (203) 250-2000
      jcavalier@nuzzo-roberts.com

This is to certify that on September 22, 2004, a true copy of the foregoing Reply to Plaintiff's Objection to Motion for Protective Order/Motion to Quash was mailed via first class postage prepaid mail to:

Michael Ryan, Esq.
RYAN, RYAN, JOHNSON & DELUCA
80 Fourth Street
Stamford, CT 06905

Jonathan M. Shapiro, Esq.
Richard Castiglioni, Esq.
DISERIO, MARTIN, O'CONNOR & CASTIGLIONI
One Atlantic Street
Stamford, CT 06901

Robert Chan, Esq.
ROBSON, FERBER, FROST, CHAN & ESSNER
530 Fifth Avenue
New York, New York 10036-5101

Peter Clark, Esq.
LAW OFFICES OF PETER CLARK
525 Bridgeport Avenue
Shelton, CT 06484

_____
Jennifer J. Cavalier

\\fp\nuzzo\wp\403002\261\Reply Obj Mot Quash 9 21 04.doc