```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PARFUMS DE COUER, LTD,          :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO.  3:02CV1454(RNC)
                                :
LE PAPILLON, LTD,               :
                                :
     Defendant.                 :
```

RULING ON DISCOVERY MOTIONS

Pending before the court are motions to quash and for a protective order filed by the defendant (doc. #106) and the defendant's insurance company, Federal Insurance Company ("Federal"), a non-party (doc. #108). The movants argue that the documents are protected by the work product doctrine and/or the attorney-client privilege. In addition to seeking an order quashing the subpoena, they seek a protective order prohibiting the plaintiff from inquiring as to the withheld documents at the deposition of its claims representative. The motions are granted in part and denied in part as follows.

I.   Procedural Background

In 2002, the plaintiff commenced this diversity action against the defendant, asserting breach of contract, breach of warranty, contractual indemnification and a violation of the Connecticut Unfair Trade Practices Act. On September 7, 2004, the plaintiff issued a subpoena on Federal seeking to depose a claims representative and commanding production of documents in Federal's

claim files. Federal produced non-privileged documents and provided a privilege log dated August 18, 2004. Federal has agreed to produce a representative to testify concerning non-privileged matters.

II. Discussion

The attorney-client privilege in Connecticut protects "both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." Metropolitan Life Ins. Co. v. Aetna Casualty & Surety Co., 249 Conn. 36, 52 (1999). "Not every communication between attorney and client falls within the privilege. A communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Ullmann v. State, 230 Conn. 698, 713 (1994). See First Aviation Services, Inc. v. Gulf Ins. Co., 205 F.R.D. 65, 68 (D. Conn. 2001).

The work product doctrine is broader than the attorney-client privilege. United States v. Nobles, 422 U.S. 225, 238 n.11 (1975). It "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998). See also Nobles, 422 U.S. at 238 ("At its core, the work product

doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.")  Under Rule 26(b)(3), to establish work product protection the material in question must: (1) be a document or tangible thing, (2) which was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for its representative.  <u>Compagnie Francaise d'Assurance Pour le Commerce Exteriuer v. Phillips Petroleum Co.</u>, 105 F.R.D. 16, 41 (S.D.N.Y. 1984).  Rule 26(b)(3) expressly provides that a party's "representative" may include an "attorney, consultant, surety, indemnitor, insurer, or agent."  The party asserting the protection of the work-product doctrine bears the burden of proof.  <u>In re Grand Jury Subpoena Dated December 19, 1978</u>, 599 F.2d 504, 510 (2d Cir. 1979).  The party seeking to withhold a document must demonstrate, in light of the nature of the document and the factual situation in the particular case, that the document can fairly be said to have been prepared or obtained because of the prospect of litigation.  <u>United States v. Adlman</u>, 134 F.3d 1194, 1202 (2d Cir. 1998).  In determining whether claims files qualify for work product protection, it is necessary to distinguish between "documents prepared in the ordinary course of the insurer's business (which by its nature, involves claim investigation and analysis) and documents prepared 'in anticipation of litigation."' <u>Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp</u>., No. 00 CIV. 9212 (DF), 2002 WL 31729693, at *4 (S.D.N.Y. Dec. 5, 2002).

The documents in question have been submitted to the court for <u>in camera</u> review. Based on the court's <u>in camera</u> review, the court finds that the following documents are protected from disclosure either because they are work product for which the plaintiff has not demonstrated substantial need and/or because they are protected by the attorney-client privilege: Bates ##37-49, 52, 57-88, 101-102, 105-109, 119-122, 151-196, 224-248, 253-291, 297-311, 345-357, 426-437, 487, 533-565, 581-585, 591-617, 660 as to the e-mail from Theresa Nehez, 702, 707 as to April 21, 2003 file note from Naomi Speroni, 710 as to the e-mail from Naomi Speroni, 748-758, 764-765, 768 as to the first two paragraphs, 770 as to the paragraph beginning with "I spoke with Robert Kaplan" and the paragraph beginning with "I spoke with Theresa Nehez," 771-775, 780, 786-797, 801-804, 807, 809-811, 813-818, 820-829, 831-856 and 861-883.

SO ORDERED at Hartford, Connecticut this 12th day of October 2004.

_____/s_____
Donna F. Martinez
United States Magistrate Judge