UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PARFUMS DE COEUR LTD                                NO.: 3:02 cv 1454 (RNC)
      plaintiff

v.

LE PAPILLON LTD
      defendant.                                          OCTOBER 22, 2004

FEDERAL INSURANCE COMPANY'S
OBJECTION TO MAGISTRATE JUDGE'S
DISCOVERY ORDER DATED OCTOBER 12, 2004

      Pursuant to Fed. R. Civ. Pro. 72(a), D. Conn. L. Mag. R. 77.2(a) and 28 U.S.C. § 636(b), the undersigned movant, Federal Insurance Company, L.L.C. ("Federal"), hereby objects to the Honorable Donna F. Martinez's Ruling on Discovery Motions dated October 12, 2004 regarding Federal's Motion for Protective Order/Motion to Quash the plaintiff's subpoena, dated September 7, 2004, seeking to depose a claims representative and commanding production of documents in Federal's claims files.  Federal objects to Judge Martinez's Ruling on the following grounds: 1) the Court's ruling orders production of documents not sought by the plaintiff and protected by the attorney-client privilege; 2) the Court's ruling orders production of documents that were prepared in anticipation of litigation by Federal, its insured, and/or the insured's attorneys and are therefore protected from discovery disclosure under the work product doctrine; and 3) the

Court's ruling is inconsistent regarding the disclosure and nondisclosure of certain documents.

I.  PROCEDURAL BACKGROUND

The plaintiff has brought this action against the defendant, Le Papillon, Ltd., alleging that certain roller ball fitments sold by the defendant, to the plaintiff for use in perfume roll-on containers were defective. The plaintiff alleges claims of breach of contract, breach of warranty, contractual indemnification and a violation of the Connecticut Unfair Trade Practices Act.

On September 7, 2004, the plaintiff issued a subpoena on the defendant's insurer, Federal, seeking to depose a claims representative and commanding production of documents in Federal's claim files. On September 13, 2004, Federal filed a Motion for Protective Order/Motion to Quash the plaintiff's subpoena on the basis that it required the disclosure of documents protected by the attorney client privilege and work product doctrine[1]. Additionally, Federal requested the Court order that at the deposition of a Federal representative, the plaintiff not be allowed to orally inquire into matters contained within the withheld documents which would likewise be protected by the attorney client privilege and/or the work product doctrine. On September 14, 2004, the

---

[1] Prior to filing the Motion for Protective Order and Motion to Quash, Federal provided the plaintiff with all non-privileged documents responsive to the plaintiff's subpoena along with a Privilege Log dated August 18, 2004 complying with D. Conn. L. Civ. R. 37(a), and outlining the documents withheld and the privileges asserted.

defendant also filed a Motion to Quash and Motion for Protective Order directed at the same subpoena.

Thereafter, on September 17, 2004, the plaintiff objected to Federal and the defendant's respective Motions for Protective Order and Motions to Quash.  On September 22, 2004, Federal and the defendant filed their respective responses to the plaintiff's objection.

After an *in camera* review of the documents withheld by Federal, the court (Martinez, J.) issued its Ruling on Discovery Motions on October 12, 2004.  In its' Ruling, the Court did find that certain documents withheld by Federal were protected from disclosure either because they were work product for which the plaintiff has not demonstrated substantial need and/or because they are protected by the attorney-client privilege.  However, the court failed to protect from disclosure documents not sought by the plaintiff and certain other documents that were clearly prepared in anticipation of litigation by Federal, its insured and/or the insured's attorneys and are therefore protected from discovery disclosure under the work product doctrine and the attorney-client privilege.  Additionally, the Court's ruling is inconsistent with regard to the disclosure and nondisclosure of certain documents.  For these reasons, Federal objects to the Court's Ruling on Discovery Motions dated October 12, 2004.

II.     LEGAL ARGUMENT

    A.     <u>Applicable Law</u>

District courts may refer nondispositive, pretrial matters to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) for a final decision. A magistrate's pretrial order on a nondispositive matter, such as a discovery motion, must be reviewed by district courts under a clearly erroneous or contrary to law standard. *See* 28 U.S.C. 636(b)(1)(A); Fed.R.Civ.P. 72(a); D. Conn. L. Mag. R. 77.2(a); <u>Thomas F. Hoar, Inc. v. Sara Lee Corp.</u>, 900 F.2d 522, 525 (2nd Cir. 1990). "A decision is clearly erroneous when, based on the evidence, the reviewing court is left with definite and firm conviction that a mistake has been made." <u>Young v. Liberty Mutual Ins. Co.</u>, 1999 WL 301688, at *2 (D.Conn. 1999)(internal citation omitted)(attached as Exhibit A). When it is found that a Magistrate has abused his or her broad discretion in resolving a discovery dispute, a Magistrate's order is properly overruled. See <u>Nova Biomedical Corp v. i-Stat Corp.</u>, 182 F.R.D. 419, 422 (S.D.N.Y. 1998); <u>Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.</u>, 125 F.R.D. 51, 53 (S.D.N.Y. 1989).

    B.     <u>The Court Has Ordered the Production of Documents Not Sought by the Plaintiff and Protected by the Attorney-Client Privilege.</u>

The Court's Ruling on Discovery Motions dated October 12, 2004 is clearly erroneous and contrary to law in that it orders the production of certain correspondence

between Attorney Ryan, counsel for the defendant, and Federal which were not sought by the plaintiff and which are protected by the attorney-client privilege.

Throughout the course of this discovery dispute, the plaintiff has repeatedly represented that it was not seeking the production of correspondence between counsel for the defendant, Attorney Michael Ryan, and Federal. See Plaintiff's Objection to Federal and Defendant's Motion for Protective Order/Motion to Quash dated 9/17/04, p. 7 ("As stated previously, Plaintiff does not seek correspondence between counsel for Defendant, Attorney Michael Ryan, retained by FEDERAL on behalf of its insured and FEDERAL nor does it seek Attorney Ryan's mental impressions."); Plaintiff's Motion for Contempt dated 8/24/04, p. 4). The movant, in its Motion for Protective Order/Motion to Quash, reiterated this concession to the Court. See Federal's Motion for Protective Order/Motion to Quash dated 9/13/04, at p. 2, 9.

However, despite the plaintiff's concession, the Court, in its' Ruling, ordered Federal to produce certain correspondence between Attorney Ryan and Federal. These documents are listed as Bates numbers 1-2, 110-117, 118, 144-146, 209-210, 292-293, 312-316, 330, 344, 372, 402, 438-441, 491 and 857-860 on Federal's Privilege Log.

Moreover, these correspondence between Attorney Ryan and Federal are protected from disclosure by the attorney-client privilege. "[C]ommunications between the retained attorney and the insurer should be considered privileged, to the extent such communications request or provide legal advice or analysis." See Bovis Lend Lease

LMB, Inc. v. Seasons Contracting Corp., 2002 WL 31729693 (S.D.N.Y. 2002)(attached as Exhibit B).  "It is generally accepted that, regardless of whether the retained attorney and the insurer can be said to have a distinct attorney-client relationship, their 'communications … concerning such matters as progress reports, case evaluations, and settlement should be regarded as privileged and otherwise immune from discovery by the claimant or another party to the proceedings."  Id.

Because the Court failed to recognize the plaintiff's concession narrowing the scope of requested documents and thereby ordering Federal to produce certain correspondence between Attorney Ryan and Federal which are protected by the attorney-client privilege, the Court's Ruling on Discovery Motions dated October 12, 2004 is clearly erroneous and contrary to law.  As such, the Court should sustain Federal's Objection to the Magistrate's Ruling on Discovery Motions dated October 12, 2004.

    C.    <u>The Court's Ruling Orders Production of Documents That Were Prepared in Anticipation of Litigation and are Therefore Protected From Disclosure Under the Work Product Doctrine.</u>

Additionally, the Court's Ruling on Discovery Motions dated October 12, 2004 is clearly erroneous and contrary to law in that it orders the production of certain claim notes and correspondence in Federal's claim files that were prepared in anticipation of litigation and are therefore protected from disclosure under the work product doctrine.

The work-product doctrine codified in Fed.R.Civ.P. 26(b)(3) provides in relevant part that:

> … a party may obtain discovery of documents and tangible things otherwise discoverable … and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need for the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.  In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

In order to qualify for work product protection, the materials sought to be withheld must be: (1) documents or tangible things; (2) prepared in anticipation of litigation or for trial; and (3) prepared by or for a party or by or a party's representative (including a party's insurer).  In defining the scope of the term "prepared in anticipation of litigation" courts have held that documents which " in light of the nature of the document and the factual situation in the particular case … can fairly be said to have been prepared or obtained *because of* the prospect of litigation" are "prepared in anticipation of litigation" under Fed.R.Civ.P. 26(b)(c).  United States v. Adlman, 134 F.3d 1194, 1202 (2nd Cir. 1998)(emphasis added).

By their very nature, insurer's "claims files" contain documents "prepared in anticipation of litigation."  Courts are often faced with the obligation of determining exactly which documents are entitled to protection under the work product doctrine.  In assisting in this determination, courts have often looked to when the matter was referred

to defense counsel as a measure of when the work product doctrine should attach. "When documents are generated after the insurer has referred the matter to counsel, the insurer is fairly anticipating litigation and thus work product immunity will typically attach." See Bovis Lend Lease LMB, Inc. v. Seasons Contracting Corp., 2002 WL 31729693 (S.D.N.Y. 2002)(attached as Exhibit B).

Moreover, courts have reasoned that "documents created after litigation has commenced, when the claims handlers' work had plainly shifted from investigating the initial claim to assisting in the defense of the pending litigation and evaluating litigation exposure, are likely to be covered by the work product doctrine." Id.; see also Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 640 (E.D.N.Y. 1997)(documents created after litigation commenced and related to legal advice in connection with the ongoing litigation was work product).

The Second Circuit adopted a "causation" test for determining whether a document was prepared in anticipation of litigation. See Adlman, 134 F.3d at 1202-03. The party seeking to withhold a document must demonstrate, in light of the nature of the document and the factual situation in the particular case, that the document it seeks to withhold was created "because of" the prospect of litigation. Id. Moreover, where a document is created because of the prospect of litigation and analyzes the likely outcome of that litigation, it does not lose protection because it was created in order to assist with a business decision. Id. Rather, it is only those documents that are prepared in the

ordinary course of business or that would have been created in essentially similar form irrespective of the litigation that do not qualify for the protection.  Id.

In its decision, the Court cites the case Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp., 2002 WL 31729693 (S.D.N.Y. 2002)(attached as Exhibit B), although it appears the analysis therein was not applied by the Court.  In Bovis, the plaintiffs sought a declaratory judgment action seeking contribution for defense and settlement of an underlying personal injury action.  In discovery, the defendant sought from the plaintiff insurer its claims file for the underlying litigation.  Id. at *3.  The plaintiff withheld disclosure of certain documents in its claims file on the basis that they were protected by the attorney-client privilege and/or work product doctrine.  Id.  Thereafter, the defendant moved to compel production.  Id.

The court, in analyzing whether documents in the insurer's claims file, including case analysis and email notes between claims handlers regarding potential strategy and evaluations of liability exposure, were protected from disclosure by the work product doctrine, looked to whether these documents were prepared because of pending or anticipated litigation.

For example, in Bovis, the defendant sought production of a case analysis of the underlying personal injury action prepared by a claims handler of the plaintiff.  Id. at *6. In finding that the document was prepared by a party to existing litigation and contained an evaluation of the allegations made and the issues to be resolved in that litigation, as

well as a specific plan as to litigation strategy, the court held the document was protected from disclosure by the work product doctrine. Id.  Similarly, the defendant sought production of an email note described as "memorializing internal discussions among the plaintiff's claims handler." Id. at *6. In finding that the note related to potential strategy by the plaintiff of settling the underlying litigation and that it further anticipated litigation strategy going forward in the event the underlying case was not settled, the court held the note was protected from production by the work product doctrine. Id. Additionally, the court found that although the note referred to possible business decisions by the plaintiff, because the document would not have been created "but for the litigation," the mere fact that it may have been business- related did not mean that document lost work product protection. Id.

Likewise, the defendant sought production of a series of emails between employees of the plaintiff, some containing litigation plans, written while the underlying action was pending. Id. at *7. In finding that the emails were written in the course of the ongoing action and in anticipation of further litigation which had yet to commence, the court held that the emails were protected from disclosure by the work product doctrine.

In the present case, the documents contained in Federal's Privilege Log and withheld from production are properly described as claim/file notes relating to the claims of Ciara Beers, Bessie Mays, Kayla Hahn, Jeffrey Lovell and Kayla Moorehous. These claim/file notes contain internal evaluations, strategies and analyses of these claims and

litigation as well as Federal's internal communication between claims handlers regarding these claims.

As set forth in Federal's Motion for Protective Order/Motion to Quash, these abovementioned documents were all prepared "because of" the prospect of litigation. The claim/file notes and internal evaluations on each of these claimants were only prepared **after** Federal was notified by Travelers Insurance Company, the plaintiff's insurer, of pending claims and litigation by these claimants against the plaintiff. (See Affidavit of Cliff Hall, ¶s 4-13, attached as Exhibit P to Federal's Motion for Protective Order/Motion to Quash dated September 13, 2004). At such time, Travelers placed Federal on notice that it would be seeking indemnification from Federal for any monies paid on these claims/actions. Accordingly, Federal's involvement in these actions clearly began **after** the prospect of litigation had already ensued.

Additionally, the claim/file notes prepared in connection with the subject lawsuit, Parfums De Coeur v. Le Paillon, began on August 16, 2002 upon receipt of the Complaint, which was received by Federal on August 6, 2002. (See Affidavit of Cliff Hall, ¶s 14-15, attached as Exhibit P to Federal's Motion for Protective Order/Motion to Quash dated September 13, 2004). Therefore, it was only after notification of the present lawsuit that the claims notes in the Parfums De Coeur v. Le Paillon action were generated.

Despite the fact that each of the abovementioned documents were prepared **after** the prospect of litigation had already ensued, the Court, in it's Ruling, ordered Federal to produce certain claims/file notes and correspondence which were clearly protected from disclosure by the work product doctrine. These documents are listed as Bates numbers 100, 142, 479, 523-528, 530-532, 568-575, 577-578, 590, 623, 641-51, 657-668, 674-722, 724-747, 759-763, 766-770, 781, 784-785, 798-99, 805-806, 808, 812, 819, 830, and 857-860 on Federal's Privilege Log.

Additionally, the Court in its ruling ordered Federal to produce certain correspondence between Federal, its insured, and/or the insured's attorney which were prepared in anticipation of litigation and clearly protected from disclosure by the work product doctrine. These documents are listed as Bates numbers 3-4, 9, 50-51, 89-93, 96, 98, 103-104, 141, 148, 223, 358-371, 449, 492-514, and 618.

The Court's Ruling on Discovery Motions dated October 12, 2004 ordering the production of the abovementioned documents is clearly erroneous in that the Court has misapplied the law regarding the work product doctrine. Because these documents were prepared after the prospect of litigation had ensued, these documents in Federal's claims files were protected from disclosure.

In the present case, as in <u>Bovis</u>, the documents in Federal's claims file withheld from production were prepared after the prospect of litigation had ensued and should have been protected from disclosure by the work product doctrine. Because the Court

has ordered that Federal produce these documents which are clearly protected from disclosure in its Ruling on Discovery Motions dated October 12, 2004, the Court's Ruling is clearly erroneous and contrary to law.

As such, the Court should sustain Federal's Objection to the Magistrate's Ruling on Discovery Motions dated October 12, 2004.

    D.    <u>The Court's Ruling is Inconsistent with the Disclosure and Non-Disclosure of Certain Documents.</u>

The Court's Ruling on Discovery Motions dated October 12, 2004 is clearly erroneous and contrary to law in that although the Court found that a certain email note was protected from disclosure, the Court failed to protect the same note from disclosure when it appeared elsewhere in the claims' file.

In its Ruling, the Court ordered that an "email from Theresa Nehez" on the document listed as Bates number 660 was protected from disclosure. However, this same email appears in identical form on the document listed as Bates number 676 and according to the Court's Ruling, it must be disclosed.

Therefore, because the Court's Ruling is inconsistent with the disclosure and non-disclosure of a certain email from Theresa Nehez, the Court should sustain Federal's Objection to the Magistrate's Ruling on Discovery Motions dated October 12, 2004.


III.　CONCLUSION

　　　WHEREFORE, for all the foregoing reasons, Federal respectfully requests this Court sustain its Objection to the Honorable Donna F. Martinez's Ruling on Discovery Motions dated October 12, 2004 regarding Federal's Motion for Protective Order/Motion to Quash the plaintiff's subpoena, dated September 7, 2004, seeking to depose a claims representative and commanding production of documents in Federal's claims files. Should this Court request, Federal would resubmit to this Court a copy of the documents ordered to be produced by the Court pursuant to its ruling so that an in camera review of the documents withheld can be made.

　　　　　　　　　　THE MOVANT
　　　　　　　　　　FEDERAL INSURANCE COMPANY


　　　　　　　　　　By _____
　　　　　　　　　　　　Jennifer J. Cavalier
　　　　　　　　　　　　Federal Bar No: ct 24646
　　　　　　　　　　　　NUZZO & ROBERTS, L.L.C.
　　　　　　　　　　　　One Town Center
　　　　　　　　　　　　P.O. Box 747
　　　　　　　　　　　　Cheshire, Connecticut 06410
　　　　　　　　　　　　(203) 250-2000
　　　　　　　　　　　　jcavalier@nuzzo-roberts.com

   This is to certify that on October 22, 2004, a true copy of the foregoing Objection to Magistrate Judge's Discovery Order was mailed via first class postage prepaid mail to:

Michael Ryan, Esq.
RYAN, RYAN, JOHNSON & DELUCA
80 Fourth Street
Stamford, CT 06905

Jonathan M. Shapiro, Esq.
DISERIO, MARTIN, O'CONNOR & CASTIGLIONI
One Atlantic Street
Stamford, CT 06901

Robert Chan, Esq.
ROBSON, FERBER, FROST, CHAN & ESSNER
530 Fifth Avenue
New York, New York 10036-5101

Peter Clark, Esq.
LAW OFFICES OF PETER CLARK
525 Bridgeport Avenue
Shelton, CT 06484

              Jennifer J. Cavalier
              Federal Bar No: ct 24646
              NUZZO & ROBERTS, L.L.C.
              One Town Center
              P.O. Box 747
              Cheshire, Connecticut 06410
              (203) 250-2000
              jcavalier@nuzzo-roberts.com