# EXHIBIT B

1998 U.S. Dist. LEXIS 22919

GO MEDICAL INDUSTRIES PTY, LTD., A.C.N. 009 018 339, GO MEDICAL USA, INC., and ALEXANDER G. B. O'NEIL, Plaintiffs, v. C. R. BARD, INC., Defendant.

MISC DOCKET NO. 3:95 MC 522 (DJS)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1998 U.S. Dist. LEXIS 22919

August 14, 1998, Decided
August 14, 1998, Filed

**PRIOR HISTORY:** [*1] United States District Court, Northern District of Georgia. Pendent Case No. 1:95-CV-2307-HTW.

**DISPOSITION:** Go Medical's motion for protective order (doc. # 1) granted in part and denied in part and C.R. Bard's cross-motion for order compelling discovery (doc. # 4) granted in part and denied in part.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff patent holder brought a patent infringement action against defendant patent infringer in the United States District Court, Northern District of Georgia. Patent holder sought a protective order prohibiting disclosure of certain documents in the possession of patent holder's insurer after patent infringer served a subpoena duces tecum on patent holder's insurer. Patent infringer sought to compel the disclosure of those documents.

**OVERVIEW:** Patient holder argued that the documents patent infringer had requested, documents patent holder had provided to its insurer regarding insurance coverage for patent holder's patent infringement action, were protected by the attorney-client privilege and the work product doctrine. The court found that the common interest rule of the attorney-client privilege was not applicable because patent holder's interest was in protecting its patent while patent holder's insurer's had no interest in the patent. The court found that the documents that had been prepared in anticipation of litigation were protected by the work product doctrine, but that those that had not been prepared in anticipation of litigation, were not protected. The court determined that the documents protected by the work product doctrine were opinion work product and therefore deserved the highest degree of protection. The court found that with respect to those documents, the patent infringer did not established the highly persuasive showing required for disclosure of attorney opinion work product, and, therefore, disclosure was not compelled.

**OUTCOME:** The court granted patent holder's motion for protective order in part and denied it in part and granted patent infringer's cross-motion for an order compelling discovery in part and denied it in part.

**CORE TERMS:** work product, disclosure, work product doctrine, common interest, patent, attorney-client, log, insurer, discovery, insurance policy, infringement, insured, waived, responsive, subpoena, authorization, coverage, patent infringement, impressions, lawsuit, claim of privilege, protective order, anticipation of litigation, legal advice, cross-motion, work product privilege, protection afforded, litigation expense, insurance claim, undue hardship

**LexisNexis(TM) Headnotes**

*Evidence > Privileges > Attorney-Client Privilege*

[HN1]The commonly accepted definition of the attorney-client privilege under federal common law is that the privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Evidence > Privileges > Attorney-Client Privilege*

[HN2]The attorney-client privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client. The privilege is intended to encourage clients to be forthcoming and candid with their attorneys so that the attorney is sufficiently well-informed to provide sound legal advice. Legal advice, however, is protected only when

Page 1

disclosure would reveal the confidential information given to the lawyer by the client. Unless the legal advice reveals what the client has said, no legitimate interest of the client is impaired by disclosing the advice.

*Evidence > Privileges > Attorney-Client Privilege*

[HN3]The party asserting the attorney-client privilege has the burden to demonstrate that the privilege applies to the information in question.

*Evidence > Privileges > Attorney-Client Privilege*

[HN4]The common interest rule extends the application of the attorney-client privilege in circumstances where the parties are represented by separate counsel but join in a legal defense or enterprise. Under the common interest rule, parties and counsel involved in a joint defense or enterprise may disclose privileged information to each other without destroying the privileged nature of those communications. The rule protects only those communications made in the course of an ongoing common enterprise and intended to further the enterprise. In addition, the parties claiming protection under the common interest rule must show that they had a common legal, as opposed to commercial, interest, and that they cooperated in formulating a common legal strategy.

*Evidence > Privileges > Attorney-Client Privilege*

[HN5]An insurer's contractual obligation to pay its insured's litigation expenses does not, by itself, create a common interest between the insurer and the insured that is sufficient to warrant application of the common interest rule of the attorney client privilege.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN6]Federal law governs the protection afforded under the work product doctrine in federal courts. Fed. R. Civ. P. 26(b)(3) provides, in pertinent part: a party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative, including the other party's attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN7]According to the Second Circuit documents should be deemed prepared in anticipation of litigation, and thus within the scope of Fed. R. Civ. P. 26(b)(3), if in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN8]The degree of protection afforded under the work product doctrine is dependent upon whether the work product is ordinary or opinion work product. A party can obtain discovery of ordinary work product materials by demonstrating substantial need and the inability to obtain the substantial equivalent of the materials without undue hardship. Fed. R. Civ. P. 26(b)(3). Opinion work product, which reflects the mental impressions, conclusions or opinions of an attorney, receives greater protection. Disclosure of opinion work product is particularly disfavored by the courts and requires a far stronger showing of necessity and unavailability by other means.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN9]The party invoking the protection of the work product doctrine has the burden of establishing that the documents at issue were prepared in anticipation of litigation. The burden of proving that the need for the documents overrides the protection of the work product doctrine rests with the party seeking disclosure.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN10]The work product privilege attaches to documents that are prepared because of the prospect of litigation. Conversely, documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the prospect of litigation are not work product.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN11]The work product privilege is not automatically waived by any disclosure to third persons. Instead, courts generally find waiver of work product protection only when the disclosure substantially increases the opportunity for potential adversaries to obtain information.

*Civil Procedure > Disclosure & Discovery > Work Product*

1998 U.S. Dist. LEXIS 22919

[HN12]Opinion work product is to be protected unless, at a minimum, a highly persuasive showing is made. Id. Indeed, there is some authority that the protection afforded opinion work product may be absolute.

**COUNSEL:** For GO MEDICAL INDUSTRIES PTY. LTD., A.C.N. 009 018 339, GO MED USA, INC, ALEXANDER G.B. O'NEIL, Plaintiffs: James E. Alix, L. James Ristas, Alix, Yale & Ristas, Hartford, CT.

For GO MEDICAL INDUSTRIES PTY. LTD., A.C.N. 009 018 339, GO MED USA, INC, ALEXANDER G.B. O'NEIL, plaintiffs: B.J. Powell, Law Offices of B.J. Powell, Atlanta, GA.

For C.R. BARD, INC, defendant: Ian E. Bjorkman, Wiggin & Dana, New Haven, CT.

For C.R. BARD, INC, defendant: Thomas L. Casagrande, Arnold, White & Durkee, Houston, TX.

For C.R. BARD, INC, defendant: Steven F. Meyer, Morgan & Finnegan, New York, NY.

**JUDGES:** DONNA F. MARTINEZ, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** DONNA F. MARTINEZ

**OPINION:** RULING ON MOTION FOR PROTECTIVE ORDER AND CROSS-MOTION FOR ORDER COMPELLING DISCOVERY

This discovery dispute concerns the attorney-client privilege and the work product doctrine in the context of insurance coverage [*2] for patent enforcement litigation expenses. Currently pending before the court is the plaintiffs' motion for protective order and the defendant's cross-motion for order compelling discovery. For the reasons stated below, the motion for protective order (doc. # 1) is granted in part and denied in part and the cross-motion for order compelling discovery (doc. # 4) is granted in part and denied in part.

I. Background

This case is ancillary to a patent infringement action pending in the district court for the Northern District of Georgia. The plaintiffs in the Georgia action, Go Medical Industries Pty., Ltd., Go Medical USA, Inc., and Alexander G. B. O'Neil (collectively "Go Medical"), are insured by Connecticut Indemnity Company ("CIC") under a patent enforcement litigation expense insurance policy. The insurance policy provides that CIC will reimburse Go Medical for legal expenses Go Medical incurs in lawsuits to prevent or recover for infringement on Go Medical's patent, U.S. Patent No. 4,652,259 ("the '259 patent").

On April 1, 1992 Go Medical submitted a claim to CIC for authorization to pursue a patent infringement action against C.R. Bard, Inc. Under the terms of the [*3] policy, CIC is entitled to investigate the merits of Go Medical's infringement claim before authorizing coverage of litigation expenses. Accordingly, CIC retained patent counsel, Attorney John C. Linderman, to review the insured's patent and to provide a recommendation as to the merits of the proposed lawsuit against C.R. Bard to enforce Go Medical's patent. As part of this investigation, Attorney Linderman communicated with Go Medical's in-house counsel regarding the merits of the proposed lawsuit. After completing its investigation, CIC authorized Go Medical's claim for litigation expenses related to a patent infringement action against C.R. Bard. Go Medical thereafter commenced the underlying litigation.

In the course of the litigation, C.R. Bard served a third-party subpoena duces tecum on CIC. The subpoena commanded production of all documents and things relating to:

1. Any request by Go Medical for authorization to litigate pursuant to the insurance policy;

2. CIC's granting, withholding, delaying or denying authorization to litigate pursuant to the insurance policy;

3. CIC's reasons for withholding, delaying or denying authorization to litigate pursuant to [*4] the insurance policy;

4. Any beliefs stated by CIC that the '259 patent is invalid or not infringed by the Bard Touchless Plus (R) assemblies;

5. Any facts or circumstances adversely affecting the validity of the '259 patent; and

6. Any notification by CIC to Go Medical made pursuant to Section III(A)(2) of the insurance policy. n1

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 This description of the requested documents paraphrases the description contained in the subpoena.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Page 3

1998 U.S. Dist. LEXIS 22919

Go Medical has moved for a protective order prohibiting disclosure of certain documents, or portions thereof, and other information in the possession of CIC which are responsive to the subpoena and which Go Medical claims are protected under the attorney-client or work product privileges. C.R. Bard has filed a cross-motion to compel the disclosure of the documents which Go Medical has withheld as protected. Go Medical and CIC have both opposed C.R. Bard's motion to compel.

II. Discussion

A. The Attorney-Client Privilege

Both Go Medical and CIC contend [*5] that many of the documents which are responsive to the subpoena served on CIC are protected from disclosure under the common interest rule of the attorney-client privilege. In addition, CIC contends that the attorney-client privilege protects certain documents which contain confidential communications between it and its attorney.

The court begins its analysis with a review of [HN1]the definition of the attorney-client privilege under federal common law. n2 The commonly accepted definition of the privilege was articulated by Judge Wyzanski in United States v. United Shoe Machinery Corp., 89 F. Supp. 357 (D. Mass 1950):The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and [*6] not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.Id. at 358-59.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - -

n2 Questions of privilege that arise in the adjudication of federal rights, as in this case, are governed by federal common law. Fed. R. Evid. 501, United States v. Zolin, 491 U.S. 554, 562, 105 L. Ed. 2d 469, 109 S. Ct. 2619 (1989); von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir.), cert. denied, 481 U.S. 1015, 95 L. Ed. 2d 498, 107 S. Ct. 1891 (1987).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - -

The oldest rule of privilege known to the common law, [HN2]the attorney-client privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989) (quoting Upjohn Co. v. United States, 449 U.S. 383, 389, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981)). [*7] "The privilege is intended to encourage clients to be forthcoming and candid with their attorneys so that the attorney is sufficiently well-informed to provide sound legal advice." United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995). Legal advice, however, is protected only when disclosure would reveal the confidential information given to the lawyer by the client. Walsh v. Northrop Grumman Corp., 165 F.R.D. 16, 18 (E.D.N.Y. 1996). "Unless the legal advice reveals what the client has said, no legitimate interest of the client is impaired by disclosing the advice." SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 522 (D. Conn.) (Newman, J.), appeal dismissed, 534 F.2d 1031 (2d Cir. 1976).

[HN3]The party asserting the privilege has the burden to demonstrate that the privilege applies to the information in question. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

1. Go Medical and CIC's Claim of Privilege Under the Common Interest Rule

Go Medical and CIC contend that documents which Go Medical provided to CIC as part of Go Medical's claim for coverage of its litigation [*8] expenses are protected from disclosure under the common interest rule of the attorney-client privilege. The court disagrees.

[HN4]The common interest rule extends the application of the attorney-client privilege in circumstances where the parties are represented by separate counsel but join in a legal defense or enterprise. United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989). Under the common interest rule, parties and counsel involved in a joint defense or enterprise may disclose privileged information to each other without destroying the privileged nature of those communications. Griffith v. Davis, 161 F.R.D. 687, 692 (C.D. Cal. 1995). The rule protects only "those communications made in the course of an ongoing common enterprise and intended to further the enterprise . . . ." United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989). In addition, the parties

Page 4

claiming protection under the common interest rule "must show that they had a common legal, as opposed to commercial, interest, and that they cooperated in formulating a common legal strategy." Walsh v. Northrop Grumman Corp., 165 F.R.D. 16, 18 (E.D.N.Y. 1996). [*9]

At issue in this litigation are documents containing communications between Go Medical and CIC or CIC's attorneys and documents that Go Medical provided to CIC which contain privileged communications between Go Medical and Go Medical's attorneys. Go Medical and CIC assert that all of these documents were provided to CIC in confidence and in furtherance of Go Medical and CIC's common interest in an effective and efficient lawsuit to stop infringement of Go Medical's patent. C.R. Bard responds that the interest of Go Medical and CIC are not sufficiently compatible to fall within the common interest rule because CIC's interest is limited to insuring coverage of Go Medical's litigation expenses. C.R. Bard goes on to argue that the common interest rule is not available to Go Medical and CIC because CIC is not a party to this action. Finally, C.R. Bard argues that a prior decision in this case by Georgia District Court, in which that court found that the requisite common interest does not exist between Go Medical and CIC, collaterally estops Go Medical and CIC from reasserting their claim that documents are protected from disclosure under the common interest rule of the attorney-client privilege.

This court holds that the interests of Go Medical and CIC are not sufficiently compatible for the common interest rule to apply. The documents at issue were provided by Go Medical to CIC in connection with Go Medical's claim under the litigation expense insurance policy. Go Medical's purpose in providing these documents to CIC was to try to obtain coverage from CIC for expenses Go Medical would incur in litigation to stop the alleged infringement of its patent. However, whereas Go Medical's interest is in protecting its patent, CIC has no interest in the '259 patent. CIC's interest in Go Medical's infringement claim is limited to CIC's coverage of Go Medical's litigation expenses. [HN5]An insurer's contractual obligation to pay its insured's litigation expenses does not, by itself, create a common interest between the insurer and the insured that is sufficient to warrant application of the common interest rule of the attorney client privilege. In re Pfizer Inc. Securities Litigation, 1993 U.S. Dist. LEXIS 18215, No. 90 Civ. 1260(SS), 1993 WL 561125 at *8 (S.D.N.Y., Dec. 23, 1993) (rejecting argument that an insured and its insurer share common interest about a legal matter and holding that disclosure by insured to insurer waived the attorney-client privilege); In re Imperial Corp. of America, 167 F.R.D. 447, 451-53 (S.D. Ca. 1995) [*10] (joint defense privilege generally does not protect communications between insured party to litigation and non-party insurer).

This court holds that the documents which Go Medical submitted to CIC as part of its claim for insurance coverage are not protected under the common interest rule of the attorney-client privilege. n3 The court does not reach the other arguments raised by C.R. Bard on this issue.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - -

n3 This court's holding is in accord with the decision by the Georgia District Court in a prior action between the same parties. See Go Medical Industries Pty., Ltd. v. C.R. Bard, Inc., 1995 U.S. Dist. LEXIS 22248, No. 1:93 CV1538-HTW, 1995 WL 605802 (N.D. Ga., July 6, 1995). In that case, court held that the common interest rule did not apply to communications between Go Medical and CIC because both Go Medical and CIC had their own counsel and CIC did not control Go Medical's relationship with its attorneys.

- - - - - - - - - - - - End Footnotes- - - - - - - - -

2. CIC's Claim of Privilege

In addition to the documents which Go Medical and CIC seek to protect from disclosure, [*11] CIC also opposes C.R. Bard's motion to compel with respect to documents that CIC claims contain privileged communications between CIC and its attorneys. Because the burden of proving the privilege rests on the person or entity claiming the privilege, United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), it is incumbent on CIC to establish that these documents reveal communications made by CIC to its attorney in confidence for the purpose of securing legal advice. See SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 522 (D. Conn.) (Newman, J.), appeal dismissed, 534 F.2d 1031 (2d Cir. 1976).

CIC has submitted a privilege log that lists thirty-three documents. See CIC's Submission of Corrected Exhibit 3 dated February 8, 1996 (doc. # 15), Exhibit 3A. Based on a review of this privilege log, the court determines that CIC has sustained its burden of showing that the elements of the privilege are satisfied with respect to the document listed at number 1 on the log. Based on the log, the court further determines that the attorney-client privilege does not protect