documents listed at numbers 2, 6, 9, 10, 21 [*12] and 23.

The record before the court is insufficient to permit the court to determine whether the remaining documents listed on the log contain client confidences so as to fall within the scope of the privilege. In order for the court to reach the merits of the privilege claim, CIC shall first reevaluate its claims of privilege in light of this ruling with respect to the documents listed at numbers 3, 4, 5, 7, 8, 11 through 20, 22, and 24 through 33 on CIC's log. After this reevaluation, CIC shall produce all documents as to which CIC does not maintain its claim of privilege. To the extent that CIC maintains a claim of privilege as to any of these documents, CIC shall submit such documents to the chambers of the undersigned within ten days of the date of this ruling for in camera inspection.

B. The Work Product Doctrine

Go Medical and CIC also claim that several documents responsive to C.R. Bard's subpoena are protected from disclosure under the work product doctrine. C.R. Bard argues that the documents at issue do not constitute work product and, in the alternative, that any work product protection that may be applicable either has been waived by Go Medical's actions or [*13] is subordinated to C.R. Bard's need for the documents. Before addressing the specific arguments of the parties, the court reviews the work product doctrine.

[HN6]Federal law governs the protection afforded under the work product doctrine in federal courts. EDO Corp. v. Newark Insurance Co., 145 F.R.D. 18, 21 (D. Conn. 1992). First articulated by the United States Supreme Court more than 50 years ago in Hickman v. Taylor, 329 U.S. 495, 91 L. Ed. 451, 67 S. Ct. 385 (1947), the work product doctrine since has been substantially incorporated into Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides, in pertinent part:a party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other [*14] means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.Fed. R. Civ. P. 26(b)(3).

[HN7]The Second Circuit has adopted the formulation of the work product rule set forth in the Wright & Miller treatise:Documents should be deemed prepared 'in anticipation of litigation,' and thus within the scope of [Rule 26(b)(3)], if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation.'United States v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998) (quoting Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 Federal Practice and Procedure § 2024, at 343 (1994)). Although materials assembled in the ordinary course of business are not protected under the work product doctrine, the fact that a document is business-related is irrelevant to the question of whether it should be protected under [*15] Rule 26(b)(3). Id. at 1200. "Where a document is created because of the prospect of litigation, analyzing the likely outcome of that litigation, it does not lose protection under [the work product doctrine] merely because it is created in order to assist with a business decision." Id. at 1202.

The work product doctrine shields from disclosure documents and other materials prepared in anticipation of litigation or trial by a party or a party's representative, absent a showing of substantial need and the inability to obtain the substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3); see also In re Grand Jury Subpoenas Dated Oct. 22, 1991 and Nov. 1, 1991, 959 F.2d 1158, 1166 (2d Cir. 1992). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238, 45 L. Ed. 2d 141, 95 S. Ct. 2160 (1975). By establishing a zone of privacy for strategic litigation planning, the work product doctrine prevents one party from piggybacking on the adversary's preparation. [*16] United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995).

[HN8]The degree of protection afforded under the work product doctrine is dependent upon whether the work product is *ordinary* or *opinion* work png tct. A party can obtain discovery of ordinary work product materials by demonstrating substantial need and the inability to obtain the substantial equivalent of the materials without undue hardship. Fed. R. Civ. P. 26(b)(3); Upjohn Co. v. United States, 449 U.S. 383, 400, 66 L. Ed. 2d 584, 101 S. Ct. 677 (1981). Opinion work product, which reflects the mental impressions, conclusions or opinions of an attorney, receives greater protection. Id. at 401-02. Disclosure of opinion work product is particularly disfavored by the courts and requires a far stronger showing of necessity and unavailability by other means. Id. See also United

States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998) ("highly persuasive" showing required for opinion work product); S.N. Phelps & Co. v. Circle K. Corp., 1997 U.S. Dist. LEXIS 713, No. 96 CV 5801 (JFK), 1CV 5WL 31197, at *7 (S.D.N.Y., Jan. 28, 1997) (party seeking discovery of opinion work [*17] product must demonstrate "extraordinary justification" (citation omitted)).

[HN9]The party invoking the protection of the work product doctrine has the burden of establishing that the documents at issue were prepared in anticipation of litigation. Helt v. Metropolitan District Commission, 113 F.R.D. 7, 12 (D. Conn. 1986). The burden of proving that the need for the documents overrides the protection of the work product doctrine rests with the party seeking disclosure. Id.

Both Go Medical and CIC assert claims that documents responsive to C.R. Bard's subpoena are protected under the work product doctrine. The court addresses Go Medical and CIC's claims separately.

1. CIC's Claims of Work Product

CIC contends that its activities with respect to the Go Medical insurance claim were conducted in anticipation of trial and are therefore entitled to work product protection. This court has already determined, in the context of a prior discovery dispute between these C.R. Bard and CIC, that CIC "is not in a sound position to resist discovery . . . under Rule 26(b)(3)" because it is not a party to the patent infringement lawsuit. Go Medical Industries Pty, Ltd. v. C. [*18] R. Bard, Inc., No. 3:94MC383 (TPS), Discovery Ruling and Order at 9 (December 7, 1994) (citing Gomez v. City of Nashua, 126 F.R.D. 432, 434 n.1 (D. N.H. 1989)). In Gomez, the court held that the State of New Hampshire, which was not a party to the litigation, could not resist discovery under Rule 26(b)(3). See also In re California Public Utilities Commission, 892 F.2d 778, 781 (9th Cir. 1989) (work product doctrine does not protect documents prepared for one who is not a party to the litigation). Accordingly, CIC cannot prevail on its claims of work product because it is not a party to the patent infringement litigation. n4

-------------- Footnotes ---------------

n4 The fact that CIC cannot press a claim of work product does not mean that the documents in CIC's possession are not work product. The work product doctrine applies to documents prepared by or for a party's insurer. Fed. R. Civ. P. 26(b)(3). Because CIC insures Go Medical's patent, Go Medical has standing to seek protection of work product documents in CIC's possession.

------------ End Footnotes---------

[*19]

2. Go Medical's Claims of Work Product

Go Medical contends that several documents responsive to C.R. Bard's subpoena are protected from disclosure under the work product doctrine. The documents are identified in Go Medical's privilege log and are further described in the papers submitted by Go Medical in connection with its motion for protective order. The documents include (1) communications from Go Medical attorneys to CIC attorneys, (2) communications from CIC attorneys to Go Medical attorneys, (3) Go Medical attorney notes, and (4) communications between Go Medical employees. All the documents are in the possession of CIC.

a. Whether the Documents Constitute Work Product

[HN10]The work product privilege attaches to documents that are prepared because of the prospect of litigation. United States v. Adlman, 134 F.3d 1194, 1202-03 (2d Cir. 1998). Conversely, documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the prospect of litigation are not work product. Id. at 1202.

C.R. Bard argues that responsive documents in CIC's possession do not constitute protected [*20] work product because they were prepared by or for CIC in the regular course of CIC's business. The court disagrees. Unlike the majority of cases where the regular course of business may be distinguished from circumstances involving the prospect of litigation, the facts of this case present the unusual situation where the regular course of CIC's business--at least insofar as it pertains to the evaluation of litigation expense policy claims--is conducted precisely because of the prospect of litigation.

The responsive documents are described by Go Medical as containing either legal impressions of Go Medical's counsel, material developed by Go Medical's counsel alone or with CIC's counsel in connection with possible issues in the anticipated litigation, legal opinions and impressions of counsel regarding issues based on information supplied by Go Medical, and counsel's strategies for the manner in which to bring suit. These documents were created as part of or as a result of Go Medical's claim for coverage of litigation expenses that Go Medical expected to incur in bringing

suit against C.R. Bard. These documents were therefore created because of anticipated litigation, and would not [*21] have been prepared but for the prospect of that litigation.

Based on the information provided, the court finds that the documents identified by Bates Nos. 400363-400368, 400356-400362A, 400332, 400333-400335, 400335A, 400336, 400337-400341A, 400342-400344A, 400345-400346 and 400347-400355 were prepared because of the prospect of litigation by either Go Medical or its insurer and therefore constitute work product. Moreover, because the documents contain the mental impressions, conclusions, opinions or legal theories of counsel, the court further determines that the work product at issue is not simply ordinary work product but is opinion work product and therefore deserving the highest degree of protection. See United States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998).

b. Whether Work Product Protection Was Waived

C.R. Bard contends that Go Medical waived any work product protection applicable to these documents by submitting them to CIC. The court disagrees. Unlike the attorney-client privilege, [HN11]"the work product privilege is not automatically waived by any disclosure to third persons." In re Pfizer Inc. Securities Litigation, 1993 U.S. Dist. LEXIS 18215, No. 90 Civ. 1260 (SS), 1993 WL 561125 [*22] at *6 (S.D.N.Y., Dec. 23, 1993). Instead, courts generally find waiver of work product protection only when "the disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.'" Id. (quoting In re Grand Jury Subpoenas Dated Dec. 18, 1981 and Jan. 4, 1982, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982)). See also In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2d Cir. 1993) ("voluntary disclosure of work product to an adversary waives the privilege as to other parties"); Stix Products, Inc. v. United Merchants & Mfrs., Inc., 47 F.R.D. 334, 338 (S.D.N.Y. 1969)("The work-product privilege should not be deemed waived unless the disclosure is inconsistent with maintaining secrecy from possible adversaries."). Go Medical submitted its work product to CIC for the purpose of obtaining insurance coverage to pursue its claims against C.R. Bard. This disclosure did not substantially increase the opportunity for C.R. Bard to obtain its work product. The court therefore holds that Go Medical did not waive the work product protection available to the documents at issue by sharing them with its insurer.

C.R. [*23] Bard next argues that Go Medical waived its claim of work product by relying on the fact that CIC authorized payment of Go Medical's litigation expenses as a defense to C.R. Bard's counterclaim that Go Medical filed the infringement suit with knowledge that it was baseless. In support of its contention that Go Medical is affirmatively relying on CIC's authorization of the insurance claim, C.R. Bard cites to a portion of Go Medical's argument and to a request for admission which Go Medical served on C.R. Bard.

The court agrees that Go Medical cannot rely on CIC's approval of the insurance claim as a defense to the counterclaim and simultaneously withhold documents on which that approval is based. However, the excerpt from Go Medical's argument and a single discovery request are insufficient to permit the court to find that Go Medical is relying on CIC's authorization as a defense to C.R. Bard's counterclaim. Accordingly, the court finds no waiver based on the record before it.

c. Whether C.R. Bard's Need for Documents Overrides Work Product Protection

C.R. Bard argues that it is entitled to the documents even if they are work product because it has substantial need for them. The [*24] court disagrees.

The documents at issue contain opinion work product. Rule 26(b)(3) of the Federal Rules of Civil Procedure makes clear that a showing of "substantial need" sufficient to compel disclosure of ordinary work product is not sufficient to compel disclosure of opinion work product. United States v. Adlman, 134 F.3d 1194, 1204 (2d Cir. 1998). [HN12]Opinion work product is to be protected unless, at a minimum, a highly persuasive showing is made. Id. Indeed, there is some authority that the protection afforded opinion work product may be absolute. ECDC Environmental, L.C. v. New York Marine and General Ins. Co., 1998 U.S. Dist. LEXIS 8808 at *34, No. 96CIV6033 (BSJ)(HBP) (S.D.N.Y. 1998) (citing cases).

C.R. Bard contends that it needs the documents to show that Go Medical commenced the patent litigation with knowledge that the '259 patent is invalid or not infringed and that Go Medical knew the infringement suit was baseless as a result of communications with CIC. Because CIC and Go Medical are the only sources of this information, C.R. Bard contends that it has established substantial need.

The court is not persuaded that C.R. Bard's need [*25] for the documents should override the work product privilege. The defendant cannot gain access to the plaintiff's work product simply by claiming that the litigation was commenced with knowledge that the suit was baseless. C.R. Bard has not established the highly persuasive showing required for disclosure of attorney opinion work product, and, therefore, disclosure of these documents is not compelled.

**Conclusion**

Go Medical's motion for protective order (doc. # 1) is granted in part and denied in part and C.R. Bard's cross-motion for order compelling discovery (doc. # 4) is granted in part and denied in part as stated herein.

1. As to the documents listed on Go Medical's privilege log, it is hereby ordered that:(a) documents that are identified by Bates Nos. 400363-400368, 400356-400362A, 400332, 400333-400335, 400335A, 400336, 400337-400341A, 400342-400344A, 400345-400346 and 400347-400355 are protected from disclosure;

(b) all other documents listed on the privilege log shall be produced within ten days of the date of this ruling.

2. As to the documents listed on CIC's privilege log (Exhibit 3A), it is hereby ordered that:(a) document number [*26] 1 is protected from disclosure; (b) documents numbers 2, 6, 9, 10, 21 and 23 shall be produced; and

(c) all non-privileged documents listed at numbers 3, 4, 5, 7, 8, 11 through 20, 22, and 24 through 33 shall be produced. To the extent that CIC maintains its claim of privilege as to any of these documents in light of this ruling, CIC shall submit such documents to the chambers of the undersigned within ten days of the date of this ruling for in camera inspection.

SO ORDERED this 14th day of August, 1998 at New Haven, Connecticut.

DONNA F. MARTINEZ

UNITED STATES MAGISTRATE JUDGE