# EXHIBIT C

2001 U.S. Dist. LEXIS 2016

OMEGA ENGINEERING, INC., Plaintiff, v. OMEGA, S.A., Defendant.

Civil No. 3:98cv2464(AVC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2001 U.S. Dist. LEXIS 2016

February 6, 2001, Decided

**DISPOSITION:** [*1] OEI's motion to compel (document no. 39) GRANTED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff in an action for damages and injunctive relief for breach an agreement for the use of trademarks, moved to compel discovery responses from defendant, asserting that the responses defendant had filed were incomplete and deficient, some were unsigned, and that objections raised were unjustified.

**OVERVIEW:** The agreement between the parties governed the worldwide use of any trademark consisting of or containing the word OMEGA or the Greek letter U. Because the agreement was effective worldwide, a wide scope for discovery was necessary. In general, defendant had failed to comply with the rules concerning objections and assertions of privilege and had submitted responses without verified signatures. The court determined an award of fees and costs to plaintiff was appropriate.

**OUTCOME:** Plaintiff's motion to compel was granted to the extent defendant had not already complied with discovery. Defendant's objections for privilege required a specific log as set forth by local rule. Defendant's objections for overbreadth, vagueness or on relevance grounds were largely unjustified, and it was obligated to respond promptly to interrogatories it had previously ignored.

**CORE TERMS:** interrogatory, trademark, discovery, overly broad, attorney-client, discovery of admissible evidence, reasonably calculated to lead, work-product, burdensome, apparatus, anywhere, privileged, discovery request, subject matter, preparation, revealing, unduly, motion to compel, registration, propounded, measuring, sufficient information, affirmative defense, objecting party, applicability, consisting, incomplete, world-wide, inspection, responsive

**LexisNexis(TM) Headnotes**

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN1]See Fed. R. Civ. P. 37(a)(2)(B).

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN2]See Fed. R. Civ. P. 37(a)(3).

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN3]See Fed. R. Civ. P. 26(b)(1).

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN4]Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. The term "reasonably calculated" as used in Fed. R. Civ. P. 26 means any possibility that the information sought may be relevant to the subject matter of the action. A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action.

*Civil Procedure > Disclosure & Discovery > Undue Burden*

[HN5]A party may object to a discovery request if it is overly broad or unduly burdensome. To assert a proper objection on this basis, however, one must do more than simply intone the familiar litany that the interrogatories are burdensome, oppressive or overly broad. Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. The objecting party may not leave it to the court to sift each interrogatory to determine the usefulness of the answer sought. To the contrary, the detail in the complaint defines the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to

clarify and explain its objections and to provide support for those objections.

*Civil Procedure > Disclosure & Discovery > Privileged Matters*

[HN6]A party may also object to a discovery request where the information sought is subject to the attorney-client privilege or the work-product doctrine. Fed. R. Civ. P. 26(b)(5). The party asserting the privilege and resisting discovery has the burden of establishing that privilege. Blanket assertions of privilege have been held insufficient to satisfy this burden. Instead, a party must supply opposing counsel with sufficient information to assess the applicability of the privilege or protection, without revealing information which is privileged or protected.

*Civil Procedure > Disclosure & Discovery > Privileged Matters*

[HN7]Pursuant to U.S. Dist. Ct., D. Conn., R. 9(d)(1), a party claiming privilege in response to a document request shall, for each document to which the privilege applies, provide a log indicating: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; and (5) each recipient of the document.

*Civil Procedure > Discovery Methods > Interrogatories*

[HN8]See Fed. R. Civ. P. 33(b)(2).

*Civil Procedure > Discovery Methods > Interrogatories*

[HN9]Answers to interrogatories not signed by the party making them constitutes a violation of the discovery rules.

*Civil Procedure > Sanctions > Discovery Misconduct*

*Civil Procedure > Discovery Methods > Interrogatories*

[HN10]Interrogatories should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under Fed. R. Civ. P. 37(a).

*Civil Procedure > Disclosure & Discovery > Relevance*

[HN11]Where an agreement is worldwide in scope, a party's world-wide activities which are allegedly in violation of the agreement, are reasonably calculated to lead to the discovery of admissible evidence within the liberal meaning of the Federal Rules of Civil Procedure.

*Civil Procedure > Sanctions > Discovery Misconduct*

[HN12]See Fed. R. Civ. P. 37(a)(4)(A).

*Civil Procedure > Sanctions > Discovery Misconduct*

[HN13]Fed. R. Civ. P. 37(a)(4)(A) does not require a court to find bad faith before awarding reasonable attorney's fees. Instead, the court may order the losing party to pay reasonable expenses so long as such an award complies with the requirements of Rule 37(a).

**COUNSEL:** For OMEGA ENGINEERING, INC., plaintiff: Peter W. Peterson, Robert Curcio, DeLio & Peterson, New Haven, CT.

For OMEGA, SA, defendant: Arthur T. Fattibene, Paul A. Fattibene, Southport, CT.

For OMEGA, SA, defendant: Jess M. Collen, Collen Law Associates, Ossining, NY.

**JUDGES:** Alfred V. Covello, Chief, U.S.D.J.

**OPINIONBY:** Alfred V. Covello

**OPINION: RULING AND ORDER ON THE PLAINTIFF'S MOTION TO COMPEL**

This is an action for damages and injunctive relief brought by the plaintiff, Omega Engineering, Inc. ("OEI") pursuant to common law tenets concerning breach of contract. OEI's complaint alleges that the defendant, Omega, S.A. ("OSA"), breached an agreement entered into by the parties with respect to the use of "any trademark consisting of or containing the word OMEGA or the Greek letter U . . . ." OEI brings the within motion, pursuant to Fed. R. Civ. P. 37, n1 requesting the court to compel OSA to "provide full and complete answers to [OEI's] interrogatories" and to produce all materials sought in connection with its document requests. In addition, OEI asks the court to award it costs incurred in the preparation of the instant [*2] motion. As set 2forth in more detail below, OEI's motion (document no. 39) is GRANTED.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 [HN1]Rule 37(a)(2)(B) provides, in pertinent part, that: "if . . . a party fails to answer an interrogatory submitted under Rule 33, or . . . in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested . . . , the discovering party may move for an order compelling an answer, or . . . an order compelling

inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). [HN2]Rule 37(a)(3) provides that: "for the purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - -

## FACTS

In 1994, OEI entered into an agreement with OSA, which, at the outset, states that both parties . . . are desirous of coming to an arrangement for the avoidance of future interference worldwide between their respective fields of commercial operation under their [*3] rights in respect of trademarks consisting of or including the word OMEGA an/or the Greek letter U or containing elements colourably resembling either of thos [sic] two elements. n2 Under the contract, "[OEI] agreed to withdraw certain [trademark] oppositions against [OSA,]" and both parties agreed to amend certain definitions of goods in their respective trademark applications.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - -

n2 For the sake of convenience, the court refers the agreement's description of these marks as the "OMEGA marks."

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - -

Among other things, the agreement prohibits OEI from using, registering, or applying to register any trademark containing the OMEGA marks with respect to "computer controlled measuring, timing and display apparatus, unless intended for science or industry." Similarly, the agreement prohibits OSA from using, registering, or applying to register any trademark containing the OMEGA marks with respect to "apparatus industrially and/or scientifically employed for measuring or controlling variable parameters such [*4] as temperature, pressure, force, load, vibration, electrical conductivity, liquid level, acidity, humidity, strain and flow." The agreement also requires OSA not to object to OEI's use or registration of any trademark containing the OMEGA marks with respect to these same apparatus. By its terms, the agreement is effective in all countries of the world.

On December 17, 1998, OEI filed this action in federal court alleging that OSA had breached the 1994 agreement by: 1) objecting "to the use or registration by [OEI] of [OEI's] trademarks consisting of the [OMEGA marks]" with respect to "apparatus industrially and/or scientifically employed for measuring or controlling variable parameters[;]" and

2) "filing, prosecuting and maintaining . . . opposition and cancellation actions against [OEI's] trademark application and registrations[.]"

On September 27, 1999, OSA answered the complaint, asserting some fourteen affirmative defenses.

On July 10, 2000, the court granted in part and denied in part OEI's motion to strike OSA's affirmative defenses; eleven of the fourteen affirmative defenses survived the court's ruling.

Between August 10, 1999 and February 14, 2000, OEI [*5] propounded on OSA three sets of interrogatories and three sets of document requests.

On July 7, 2000, OEI filed the within motion, pursuant to Fed. R. Civ. P. 37, seeking an order compelling OSA to: 1) provide full and complete answers to OEI's interrogatories, and 2) produce all materials requested in OEI's requests for production of documents.

## DISCUSSION

OEI argues, in general, that OSA's responses to its discovery requests are incomplete and deficient. OSA, on the other hand, contends that its responses are complete, and that OEI's requests are irrelevant, overly broad, or protected by a privilege.

[HN3]Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b)(1). [HN4]Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir.1991). The term "reasonably calculated" as used in Rule 26 means "any possibility that the [*6] information sought may be relevant to the subject matter of the action." Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action. See id.

[HN5]A party may object to a request if it is "overly broad" or "unduly burdensome." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2174, at 297 (2d ed.