1994). To assert a proper objection on this basis, however, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting [*7] affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted). The objecting party may not leave it to the court to "sift each interrogatory to determine the usefulness of the answer sought." Id. To the contrary, the detail in the complaint defines the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections. Id.

[HN6]A party may also object to a discovery request where the information sought is subject to the attorney-client privilege or the work-product doctrine. See Fed. R. Civ. P. 26(b)(5). "The party asserting the privilege and resisting discovery has the burden of establishing that privilege." Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). "Blanket assertions" of privilege have been held insufficient to satisfy this burden. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). Instead, a party "must supply opposing counsel with sufficient information to assess the applicability [*8] of the privilege or protection, without revealing information which is privileged or protected." Id. Finally, [HN7]pursuant to D. Conn. L. Civ. R. 9(d)(1), a party claiming privilege in response to a document request shall, for each document to which the privilege applies, provide a log indicating: 1) the type of document; 2) the general subject matter of the document; 3) the date of the document; 4) the author of the document; and 5) each recipient of the document. See D. Conn. L. Civ. R. 9(d)(1).

A. Verification of Interrogatories

OEI first argues that OSA has failed to have one of its officers or agents verify its responses to OEI's interrogatories. OSA responds that "verification was never reasonably in dispute[.]" The court is unclear how this could be so given the motion before it. In addition, the court notes that over four months after OEI filed this motion complaining about the lack of verification, OSA still had not produced signatures for two out of three sets of interrogatories. [HN8]Rule 33 explicitly states that "answers [to interrogatories] are to be signed by the person making them[.]" Fed. R. Civ. P. 33(b)(2); see Nagler v. Admiral Corp., 167 F. Supp. 413, 415 (S.D.N.Y. 1958) [*9] (noting that [HN9]answers to interrogatories not signed by the party making them constitutes a violation of the discovery rules). Accordingly, the court orders OSA to sign its responses to OEI's interrogatories in compliance with Rule 33(b)(2) within 21 days of this order.

B. Interrogatories Nos. 4-6

As indicated by OEI's reply brief, since the filing of the within motion, OSA has provided more complete answers to these interrogatories. Accordingly, the court does not address OEI's arguments relating to these requests.

C. Interrogatories Nos. 7 and 8

These interrogatories ask OSA to: 1) identify each person who participated in the preparation of the answers to any interrogatory that has been propounded on it by OEI; and 2) identify the "custodian and location of each of the documents from which the answers to these interrogatories have been obtained or which have been requested in [OEI's] current or future" document requests. OSA has objected on the ground that these interrogatories are "overly broad, vague and ambiguous." In its opposition, OSA states that its complaint with respect to these interrogatories stems from the fact that they seek the requested information [*10] as related to "current or future requests."

The court notes, at the outset, that OSA's objections are not properly supported. See Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Also, rather than answer these interrogatories insofar as they relate to sets of interrogatories and document requests that had already been propounded on OSA, OSA inappropriately chose not to respond at all. See Fed. R. Civ. P. 33(b)(2) (noting that objecting party "shall answer to the extent the interrogatory is not objectionable."). Further, the court notes that the Federal Rules Advisory Committee has expressly disapproved of employing such gamesmanship in discovery requests:[HN10]

Interrogatories . . . should not be read or interpreted in an artificially restrictive or hypertechnical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under [Rule 37(a)].8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2177, at 317 (2d ed.

1994) (quoting Advisory Committee Notes). Interrogatories [*11] Nos. 7 and 8 represent the most standard of discovery requests in that they simply seek: 1) the names of individuals who participated in the preparation of the interrogatory answers; and 2) the identity of any document used for that same purpose. In light of the above, the court hereby orders OSA to respond to these interrogatories to the extent they relate to discovery requests that have been propounded on OSA by OEI. Also, the court orders OSA to supplement its response to these interrogatories, in compliance with Fed. R. Civ. P. 26(e), to the extent that answers to future discovery requests make its response to Interrogatories Nos. 7 and 8 incomplete. See Fed. R. Civ. P. 26(e).

### D. Interrogatory No. 9

This interrogatory seeks the identity, description and location of documents "in the possession or control of [OSA] that are relevant to any statements in [OEI's] complaint that are disputed by the [OSA]." OSA objects, on the grounds that the interrogatory is "overly broad and unduly burdensome, vague and ambiguous, and/or seeks information which is protected by the attorney-client privilege and/or work product doctrine[.]" The mere incantation of these words [*12] is insufficient to carry OSA's burden with regard to this objection. See Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Accordingly, OSA is ordered to respond. In the event that the information sought through this interrogatory is protected by the attorney-client privilege or the work-product doctrine, OSA is ordered to supply OEI with "sufficient information to assess the applicability of [that] privilege or protection, without revealing information which is privileged or protected." Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593-94 (W.D.N.Y. 1996).

### E. Interrogatory No. 10.

This interrogatory asks OSA to explain "for each affirmative defense . . . the basis of the defense, including facts supporting the defense, . . . the reasons such facts . . . support such defense, and the person(s) most knowledgeable about the facts and reasons supporting such defense." OSA objects on the grounds that the interrogatory is "vague and over broad, particularly to the extent that it refers to 'the defense', while the question is prefaced by a request for 'each affirmative [*13] defense' and seeks . . . the basis of 'the defense.'" Subject to this objection, OSA provided a limited response that improperly incorporated unspecified answers to earlier interrogatories. See Trabon Eng'g Corp. v. Eaton Mfg. Co., 37 F.R.D. 51, 60 (N.D. Ohio 1964) (observing that answers to interrogatories that refer to other answers are insufficient).

Again, the court disapproves of OSA's overly strict interpretation of this very basic discovery request. In addition, it concludes that OSA's limited response is inadequate and hereby orders OSA to provide the factual basis (as opposed to the legal basis) for each affirmative defense it has asserted. See Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 64 F.R.D. 459, 461-62 (S.D.N.Y. 1974) (noting that parties are entitled to know the factual content of opponent's claims with a reasonable degree of precision). The court further concludes that OEI's privilege objection is not properly supported. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). To the extent OSA contends that any of the information sought by this interrogatory is protected [*14] by the attorney-client privilege or the work-product doctrine, OSA is ordered to supply OEI with "sufficient information to assess the applicability of [that] privilege or protection, without revealing information which is privileged or protected." See id. at 593-94.

### F. Interrogatories Nos. 11-14

These interrogatories seek: 1) the identity of "all apparatus industrially or scientifically employed for measuring . . . variable parameters" which contain the OMEGA marks and which have been "sold by [OSA], anywhere in the world," since the agreement between the parties was signed in 1994; 2) the identity of all pending applications and registrations for any trademarks containing the OMEGA marks, that are "owned by, filed by, issued to, obtained by or renewed by [OSA] since [OSA] signed the 1994 agreement, anywhere in the world;" and 3) the identity of all industrial and/or scientific timers under any trademark containing the OMEGA marks "sold by [OSA,] anywhere in the world," since OSA signed the 1994 agreement. OSA objects to all four requests, contending that they are "irrelevant [and] overly broad . . . insofar as they relate to 'anywhere in the [*15] world.'"

The court notes, however, that the 1994 agreement, which is the basis of this action, explicitly states that its terms are effective "in all countries of the world." [HN11]Because the agreement is worldwide in scope, OSA's world-wide activities, which are allegedly in violation of the agreement, are reasonably calculated to lead to the discovery of admissible evidence within the liberal meaning of the federal rules. See Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449

(S.D.N.Y. 1988) (noting that "reasonably calculated" in Rule 26(b)(1) means "any possibility that the information sought may be relevant to the subject matter of the action"). Further, these interrogatories, far from being irrelevant, ask for information directly bearing on OSA's alleged breach of the 1994 agreement. Indeed, the language of the interrogatories is taken almost verbatim from the 1994 agreement, which serves as the basis of this action. The court struggles to think of a request more "reasonably calculated to lead to the discovery of admissible evidence." Accordingly, OSA shall respond to Interrogatories Nos. 11-14 in their current form, without any further narrowing [*16] of their scope.

### G. Document Request No. 28

Through this request, OEI seeks all documents and things identified in OSA's response to Interrogatory No. 10. OSA responds to this request by referring to its objection to Interrogatory No. 10, which states that the request is unduly burdensome or that the information sought is protected by the existence of a privilege. See Section E, supra.

As with OSA's objection to Interrogatory No. 10, the court concludes that OSA has not carried its burden of demonstrating that this document request is unduly burdensome or overly broad. Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). The court also concludes that OSA has not properly supported its privilege objection. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 594 (W.D.N.Y. 1996). To the extent any material responsive to this or other document requests is protected by the attorney-client privilege or the work-product doctrine, OSA shall provide OEI with a log indicating: (1) the type of document; (2) the general subject matter of the document; (3) the date of the [*17] document; (4) the author of the document; and (5) each recipient of the document. See D. Conn. L. Civ. R. 9(d)(1); see also Fed. R. Civ. P. 26(b)(5). Accordingly, OSA is ordered to produce all documents, not otherwise privileged, that are responsive to this request.

### H. Document Requests Nos. 29-38

OSA offers the exact same objection to each of these requests. It argues that they are "irrelevant, overly broad and not reasonably calculated to lead to the discovery of admissible evidence" because they refer to apparatus sold by OSA, or trademark applications owned/filed by OSA "anywhere in the world." Again, the 1994 agreement that serves as the basis for this action is world-wide in scope. Consequently, OSA's world-wide activities allegedly in violation of that agreement are "reasonably calculated to lead to the discovery of admissible evidence." See Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). Aside from its problem with the geographic scope, OSA has provided no other basis for its objection. See Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593-94 (W.D.N.Y. 1996). Accordingly, the court [*18] orders OSA to produce documents responsive to Document Requests Nos. 29-38 in their current form, without any further narrowing of their scope.

### I. Document Requests 1-5, 10-12, 13-15, 17-19, 21, 24-27

As indicated by OEI's reply brief, since the filing of the within motion, OSA has provided more complete responses to these requests. Accordingly, the court does not address OEI's arguments relating to these requests.

### J. Expenses and Costs

OEI also argues that the court should award it costs incurred in connection with the preparation of the within motion because OSA's objections were not justified.

[HN12]Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure states that:if [a motion to compel] is granted . . . the court shall, after affording an opportunity to be heard, require the party whose conduct . . . necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.Fed. R. Civ. P. 37(a)(4)(A). [HN13] [*19] This rule does not require the court to find bad faith before awarding reasonable attorney's fees. See Messier v. Southbury Training Sch., 1998 U.S. Dist. LEXIS 20315, No. 3:94- CV-1706, 1998 WL 841641, at *5 (Dec. 2, 1998.). Instead, the Court may order the losing party to pay reasonable expenses so long as such an award complies with the requirements of Rule 37(a). See id.

An award of expenses is warranted in this case as the court concludes that OSA's objections were largely unjustified. For instance, in response to a majority of OEI's requests, OSA merely recited the same "form" objection stating that the requests were either: 1) "irrelevant," "overly broad," or "not reasonably calculated to lead to the discovery of admissible evidence;" or 2) subject to the attorney-client privilege

2001 U.S. Dist. LEXIS 2016

or work-product doctrine. When asserting either of these objections, OSA failed to provide any evidentiary basis for its response. See Resps. to Interrogs. Nos. 7-9 and 11-14; Resps. to Reqs. for Docs. Nos. 1-5, 10-12, 17-19, 21, 24, 26, 30-38. n3 Also, as noted earlier, many of OEI's requests objected to on relevance grounds were directly related to OSA's alleged breach of the 1994 agreement, which is [*20] at the heart of this dispute. Finally, the court concludes that OSA's use of strained and overly technical interpretations of OEI's interrogatories to avoid its obligation under the broad discovery rules resulted in OEI's incurring unnecessary expense. See, e.g., Resps. to Interrogs. Nos. 7, 8, and 10. Accordingly, the court will make an award of fees and costs following the parties' submission on this issue as detailed immediately below.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n3 While in some cases, OSA cited the requests' allegedly broad scope -- "anywhere in the world" -- as the reason for its objection, the court concludes that this basis was not justified given the breadth of the 1994 agreement at issue in this case. See Sections F and H, supra.

- - - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

## CONCLUSION

Based on the foregoing, OEI's motion to compel (document no. 39) is GRANTED. The court orders that: 1) OSA shall provide full and complete responses to interrogatories nos. 7-14 and document requests nos. 28-38 within 21 days of this order;

2) OSA shall provide [*21] OEI with a privilege log, in compliance with D. Conn. L. Civ. R. 9(d)(1), for all documents that it contends are subject to the attorney-client privilege or the work-product doctrine within 21 days of this order;

3) OSA shall sign its responses to OEI's interrogatories in compliance with Rule 33(b)(2) within 21 days of this order;

4) OEI shall serve a copy of this Ruling and Order on OSA forthwith; and

5) OEI shall serve and file by, February 21, 2001, affidavits which set forth with specificity the expenses it incurred in preparing its motion to compel. OSA shall have 21 days from the date of service of OEI's affidavits to file any opposition.

It is so ordered this 6th day of February, 2001 at Hartford, Connecticut.

Alfred V. Covello, Chief U.S.D.J.