# EXHIBIT E

2003 U.S. Dist. LEXIS 15917

GOODYEAR TIRE & RUBBER CO., Plaintiff, - against - KIRK'S TIRE & AUTO SERVICENTER OF HAVERSTRAW, INC., Defendant.

02 Civ. 0504 (RCC)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2003 U.S. Dist. LEXIS 15917

September 10, 2003, Decided
September 10, 2003, Filed

**PRIOR HISTORY:** Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc., 211 F.R.D. 658, 2003 U.S. Dist. LEXIS 1137 (D. Kan., 2003)

**DISPOSITION:** [*1] Defendant's motion to quash subpoena and request for expenses denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** In an action for indemnification and negligence by plaintiff tire company for damages from a fire in a building subleased to defendant auto center, the tire company served a subpoena on the investigator hired by defendant, the auto center's insurer, to investigate the center's claim and the tire company's third-party claim. The auto center moved to quash the subpoena under Fed. R. Civ. P. 45(c)(3).

**OVERVIEW:** The center moved to quash the subpoena on privilege, work-product, and relevance grounds. The documents that related to the purchase of insurance on the premises were ordered produced as there was no doubt that insurance agreements were discoverable. The center failed to demonstrate that New York law conferred a privileged status to documents created during investigations of third-party claims. The center failed to provide a privilege log of documents in its possession that it claimed were protected by work-product, and thus the claim was waived. As for those documents not in its possession, the center failed to establish that the documents were created in anticipation of litigation. Because the documents related to the underlying event in the action, the court concluded that they were relevant and discoverable. Finally, since another district court previously quashed portions of the subpoena that would require travel more than 100 miles from a witness's residence or place of business, the center's motion for expenses was denied as moot.

**OUTCOME:** The court denied the auto center's motion to quash the subpoena and request for expenses.

**CORE TERMS:** work-product, third-party, privileged, insurer, anticipation of litigation, motion to quash, subpoena, subpoenaed, discovery, course of business, adjuster, state law, documents relating, work product, discoverable, first-party, preparation, log, deposition, federal law, preparing, subleased, confidential, reflecting, burden of establishing, privileged material, liability insurer, quash a subpoena, investigate, benchmarks

**LexisNexis(TM) Headnotes**

*Civil Procedure > Disclosure & Discovery > Mandatory Disclosures*

[HN1]There can be no doubt that insurance agreements are discoverable.

*Civil Procedure > State & Federal Interrelationships > Choice of Law*

*Civil Procedure > Disclosure & Discovery > Privileged Matters*

[HN2]In cases based on federal question jurisdiction, issues of privilege are governed by federal law. Fed. R. Evid. 501. However, where federal jurisdiction rests on diversity, privilege shall be determined in accordance with State law.

*Civil Procedure > State & Federal Interrelationships > Choice of Law*

*Civil Procedure > Disclosure & Discovery > Work Product*

*Civil Procedure > Disclosure & Discovery > Privileged Matters*

[HN3]While state law applies to the question of whether subpoenaed documents are privileged, the protection of documents under the work-product doctrine is a question of federal law. In federal cases, work-product is governed by Fed. R. Civ. P. 26(b)(3). Like the work-product doctrine, relevancy is governed by federal law. Fed. R. Civ. P. 26(b)(1).

*Civil Procedure > Disclosure & Discovery > Privileged Matters*

[HN4]The law governing discovery in New York can be found in the New York Civil Practice Law and Rules (CPLR). Privileged material is protected from discovery under N.Y. C.P.L.R. 3101(b), which states that upon objection by a party privileged material shall not be obtainable.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN5]For documents to be protected under the work-product doctrine, a party must establish that the documents were prepared in anticipation of litigation by it or its representative. Fed. R. Civ. P. 26(b)(3).

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN6]Determining whether documents may be protected under the work-product doctrine requires a fact-based inquiry into the creation of the documents withheld. Under Fed. R. Civ. P. 26(b)(5), parties withholding documents as work-product are required to make the claim expressly and to describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5). Accordingly, allegations of privilege are to be compiled into a privilege log, which identifies the date of the documents, who drafted the documents, the nature of the substance of the documents and each person who has been given access to or a copy of the documents, and the date on which any such access or copy was provided.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN7]Parties waive their rights to claim work-product protection for any documents that have been in their control and for which a privilege log has not been presented.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN8]When seeking to quash a subpoena, the burden is on the party claiming work-product protection to establish that the documents were prepared in anticipation of litigation by a party or its representative and not in the ordinary course of business. Fed. Civ. P. 26(b)(3).

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN9]See Fed. R. Civ. P. 26(b)(3).

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN10]In the Second Circuit, parties must show that alleged work-product documents were created because of anticipated litigation, and would not have been prepared in substantially similar form but for the prospect of litigation.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN11]Work-product protection may be extended to reports generated by insurers and adjusters because they are party representatives. However, application of the work-product doctrine to documents prepared by insurance companies has been particularly troublesome because it is the routine business of insurance companies to investigate and evaluate claims and to defend their insureds against third-party claims. The question of whether insurer and adjuster reports were created "because of" impending litigation depends on whether the moving party can point to a definite shift made by the insurer or adjuster from acting in its ordinary course of business to acting in anticipation of litigation.

*Civil Procedure > Disclosure & Discovery > Work Product*

[HN12]Without benchmarks illustrating the "shift" from preparing documents in the insurer's and insurance adjuster's ordinary course of business to preparing documents in anticipation of litigation, courts cannot extend work-product protection to insurer and adjuster reports.

*Civil Procedure > Disclosure & Discovery > Relevance*

[HN13]Documents that are reasonably calculated to lead to the discovery of admissible evidence are relevant under the federal discovery rules. Fed. R. Civ. P. 26(b)(1). Discovery should be relevant where there is any possibility that the information sought may be relevant to the subject matter of the action.

**COUNSEL:** For The Goodyear Tire & Rubber Company, PLAINTIFF: Joy Harmon Sperling, Pitney Hardiu, Etal, Morristown, NJ USA.

For The Goodyear Tire & Rubber Company, PLAINTIFF: Bryon L Friedman, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY USA.

**JUDGES:** RICHARD CONWAY CASEY, United States District Court Judge.

2003 U.S. Dist. LEXIS 15917

**OPINIONBY:** RICHARD CONWAY CASEY

**OPINION: OPINION & ORDER**

**RICHARD CONWAY CASEY, United States District Court Judge:**

In this action Goodyear Tire & Rubber Company ("Plaintiff") seeks damages from a fire in a building subleased to Kirk's Tire & Auto Servicenter of Haverstraw ("Defendant"). Plaintiff served a subpoena on Bruce D. Guttenplan of Compass Investigators & Adjustors, Inc. ("Compass"), the company hired by Defendant's insurer to investigate Defendant's first-party claim and Plaintiff's third-party claim. Defendant now moves to quash the subpoena under Federal Rule of Civil Procedure 45(c)(3). For the reasons set forth below, the Court concludes that the documents are: (1) not privileged; (2) not entitled to work-product protection; and [*2] (3) relevant. Defendant's motion to quash is therefore **DENIED.**

**I. Background**

On July 29, 1994, Plaintiff subleased 11 Route 9W, West Haverstraw, New York, 10993 (the "premises") to Defendant. Under this sublease, Defendant was required to pay all of Plaintiff's costs under the basic lease. Defendant agreed to pay one-twelfth of the estimated annual cost of fire and extended coverage insurance each month. On March 28, 1995, Plaintiff leased the premises from Alan Frost and the Estate of Seymour Frost. Pursuant to the lease, Plaintiff was required to carry fire and extended coverage insurance for the full replacement value of the premises. Plaintiff obtained an insurance policy with Allianz Insurance Company with a "nil" deductible and issued insurance certificates of this policy to the Frosts.

On January 23, 1999, Defendant's employee was draining a vehicle's fuel tank when the fuel ignited. As a result, a fire ensued and the premises was destroyed. To repay lessors for the damage, Plaintiff submitted an insurance claim on a different insurance policy with a $ 250,000 deductible. After reaching a settlement agreement with the Frosts for $ 485,576.05, Plaintiff filed this action [*3] in January 2002 alleging that Defendant is liable for damages to the premises under an indemnification clause in the sublease and for negligence. Plaintiff also filed a third-party claim against Defendant's insurer, Universal Underwriter's Insurance Company ("Universal"). At the time, Universal was processing a first-party claim submitted by Defendant for losses to its stock, equipment, improvements and betterments, and loss of income. Universal hired Compass to assist in the investigation and adjustment of the first and third-party claims.

On August 12, 2002, Plaintiff served a subpoena on Bruce D. Guttenplan of Compass (the "Guttenplan subpoena"), commanding him to appear for a deposition and to produce documents related to the premises. n1 Defendant then filed this motion to quash the Guttenplan subpoena on the grounds that the documents are privileged, work-product, and irrelevant.

- - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - -

n1 Plaintiffs subpoenaed all documents: (1) that reflect, refer, or relate to the relationship between or among Kirk's, Kirk's Management Company (KMC), Universal, and Compass with regard to the Premises; (2) reflecting, referring, or relating to any and all communications, whether oral or written, between Kirk's or KMC and Compass with regard to the Premises; (3) reflecting, referring or relating to the purchase of any kind of insurance on the Premises; (4) reflecting, referring, or relating to any and all communications, whether oral or written, between Compass and Universal with regard to the Premises; (5) or materials supplied to, reviewed by, or relied upon by Compass with regard to assessing the damage to the Premises, (6) provided by Kirk's or KMC to Compass or Universal with respect to the fire or the Premises; (7) that reflect, refer, or relate to the fire at the Premises including, but not limited to, police reports, fire reports, the cause of the fire and/or repairs to the Premises; and (8) that reflect, refer, or relate to Kirk's claims or defenses in this matter. (See Sperling Aff., Ex. C.)

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

[*4]

Plaintiff is willing to "narrow the scope of the subpoenaed documents to categories two, three, four, five, six, and seven as they are related to the fire at the premises, and the ensuing investigation undertaken by Mr. Guttenplan (Compass)." (Pl.'s Opp'n at 6-7.) Therefore, the Court will consider the motion to quash those documents within these categories. Because the documents in category three are related to the purchase of insurance on the premises, Defendant is ordered to produce these documents under Rule 26(a)(1)(D). See Twentieth Century Fox Film Corp. v. Marvel Entm't Group, 2002 U.S. Dist. LEXIS 19359, at *2 (S.D.N.Y.