UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PARFUMS DE COEUR, LTD. | : |
| Plaintiff, | : |
| V. | : CIVIL ACTION NO. 3:02 cv 1454 (RNC) |
| LE PAPILLON, LTD. | : |
| Defendant. | : |
| | OCTOBER 27, 2004 |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

### FIRST COUNT

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the first count of the First Amended Complaint.

2. Admits the allegations in paragraph 2 of the first count of the First Amended Complaint.

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the first count of the First Amended Complaint.

4. Denies the allegations in paragraph 4 of the first count of the First Amended Complaint except admits that defendant has sold assembled ball and collar fitments for use with bottles.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the first count of the First Amended Complaint.

6. Denies the allegations in paragraph 6 of the first count of the First Amended Complaint except admits receipt of purchase order no. 110330 from plaintiff concerning certain roller ball assemblies and admits that defendant delivered the roller ball assemblies in accordance with the purchase order's instructions.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the first count of the First Amended Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the first count of the First Amended Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the first count of the First Amended Complaint.

10. Denies the allegations in paragraph 10 of the first count of the First Amended Complaint.

11. Denies the allegations in paragraph 11 of the first count of the First Amended Complaint.

12. Denies the allegations in paragraph 12 of the first count of the First Amended Complaint.

**SECOND COUNT**

1-6. Repeats its responses to the paragraphs incorporated by reference to paragraphs 1 through 6 of the second count of the First Amended Complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the second count of the First Amended Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the second count of the First Amended Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the second count of the First Amended Complaint.

10. Denies the allegations in paragraph 10 of the second count of the First Amended Complaint.

11. Denies the allegations in paragraph 11 of the second count of the First Amended Complaint.

12. Denies the allegations in paragraph 12 of the second count of the First Amended Complaint.

**THIRD COUNT**

1-6. Repeats its responses to the paragraphs incorporated by reference in paragraphs 1 through 6 of the third count of the First Amended Complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the third count of the First Amended Complaint except

        admits Conn. Gen. Stat. §42a-2-314 and respectfully refers this Court to the text thereof for a true and accurate description of its contents.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the third count of the First Amended Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the third count of the First Amended Complaint.

10. Denies the allegations in paragraph 10 of the third count of the First Amended Complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the third count of the First Amended Complaint except admits Conn. Gen. Stat. §42a-2-314 and respectfully refers this Court to the text thereof for a true and accurate description of its contents.

12. Denies the allegations in paragraph 12 of the third count of the First Amended Complaint.

13. Denies the allegations in paragraph 13 of the third count of the First Amended Complaint.

**FOURTH COUNT**

1-6. Repeats its responses to the paragraphs incorporated by reference in paragraphs 1 through 6 of the fourth count of the First Amended Complaint.

7. Denies the allegations in paragraph 7 of the fourth count of the First Amended Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the fourth count of the First Amended Complaint except admits Conn. Gen. Stat. § 42a-2-315 and respectfully refers this Court to the text thereof for a true and accurate description of its contents.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the fourth count of the First Amended Complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the fourth count of the First Amended Complaint.

11. Denies the allegations in paragraph 11 of the fourth count of the First Amended Complaint.

12. Denies the allegations in paragraph 12 of the fourth count of the First Amended Complaint.

13. Denies the allegations in paragraph 13 of the fourth count of the First Amended Complaint.

## **FIFTH COUNT**

1-6. Repeats its responses to the paragraphs incorporated by reference in paragraphs 1 through 6 of the fifth count of the First Amended Complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the fifth count of the First Amended Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the fifth count of the First Amended Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the fifth count of the First Amended Complaint.

10. Denies knowledge and information sufficient to forma belief as to the truth of the allegations in paragraph 10 of the fifth count of the First Amended Complaint.

11. Denies the allegations in paragraph 11 of the fifth count of the First Amended Complaint.

12. Denies the allegations in paragraph 12 of the fifth count of the First Amended Complaint.

13. Denies the allegations in paragraph 13 of the fifth count of the First Amended Complaint.

## SIXTH COUNT

The defendant does not respond to the Sixth Count as its objection to the same was sustained by Magistrate Judge Martinez.

## SEVENTH COUNT (CUTPA)

1-14. Repeats its responses to the paragraphs incorporated by reference in paragraphs 1 through 14 of the First Amended Complaint.

15. Denies the allegations in paragraph 15 of the seventh count of the First Amended Complaint.

16. Denies the allegations in paragraph 16 of the seventh count of the First Amended Complaint.

17. Denies the allegations in paragraph 17 of the seventh count of the First Amended Complaint.

18. Admits the allegations in paragraph 18 of the seventh count of the First Amended Complaint.

19. Denies the allegations in paragraph 19 of the seventh count of the First Amended Complaint.

20. Denies the allegations in paragraph 20 of the seventh count of the First Amended Complaint.

21. Denies the allegations in paragraph 21 of the seventh count of the First Amended Complaint.

22. Admits that on or about August 2, 2001 Parfums sent Papillon samples of the containers it was using with the mechanisms and the results of testing done by its fitter. The balance of the allegations contained in paragraph 22 are denied.

23. Denies the allegations in paragraph 23 of the seventh count of the First Amended Complaint.

24. Denies the allegations in paragraph 24 of the seventh count of the First Amended Complaint.

25. Denies the allegations in paragraph 25 of the seventh count of the First Amended Complaint.

26. Denies the allegations in paragraph 26 of the seventh count of the First Amended Complaint.

27. Denies the allegations in paragraph 27 of the seventh count of the First Amended Complaint.

28. Denies the allegations in paragraph 28 of the seventh count of the First Amended Complaint.

29. Denies the allegations in paragraph 29 of the seventh count of the First Amended Complaint.

30. Denies the allegations in paragraph 30 of the seventh count of the First Amended Complaint.

31. Denies the allegations in paragraph 31 of the seventh count of the First Amended Complaint.

32.  Denies the allegations in paragraph 32 of the seventh count of the First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff never informed defendant, prior to defendant's delivery of roller ball assemblies to plaintiff, that plaintiff intended to use these assemblies in a flexible container.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff, prior to ordering roller ball assemblies from defendant, failed to investigate whether these assemblies could function properly in a flexible container.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

The allegations contained in the Seventh Count are barred by the provisions of Connecticut General Statutes § 42-110g(f), as the plaintiff's CUTPA cause of action was brought more than three years after the alleged occurrence of the CUTPA violation.

## COUNTERCLAIM

1. This Court has jurisdiction of this counterclaim pursuant to 28 U.S.C. § 1332(a)(2), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states and pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that plaintiff resides in this judicial district.

3. At all relevant times, defendant was and is a New Jersey corporation with its principal place of business located in New Jersey.

4. At all relevant times, upon information and belief, plaintiff was and is a Connecticut corporation with its principal place of business located in Connecticut.

5. In or about November, 2000, defendant purchased the assets of a corporation called Covipak, Inc. ("Covipak") and among those assets was a tool used to manufacture a collar for a roller ball assembly. This tool was located at a molder names Optiplast, Inc. ("Optiplast") which molded the collar and assembled the ball into the collar as a subcontractor for Covipak.

6. Prior to defendant's purchase of Covipak's assets, Covipak had sold roller ball assemblies to plaintiff which had used these assemblies in a rigid cylindrical plastic bottle which dispensed gel perfume; plaintiff marketed these gel perfume bottles to young children.

−10−

7.  After Le Papillon's purchase of Covipak's assets, it received purchase order no. 110330 from plaintiff to produce and deliver additional assemblies; these assemblies were subcontracted to Optiplast and delivered to plaintiff in accordance with the purchase order's instructions.

8.  The assemblies delivered to plaintiff were in accordance with the specifications supplied by plaintiff.

9.  At no time prior to the delivery of these assemblies to plaintiff did plaintiff disclose to defendant that it intended to use these assemblies in a flexible container. Upon information and belief, plaintiff marketed its gel perfume to young children in these flexible containers.

10. Plaintiff had complete control of the design, manufacturing, distribution and marketing of these flexible containers, while defendant played no role in their design, manufacture, distribution or marketing.

11. Upon information and belief, plaintiff, prior to ordering the roller ball assemblies from defendant, made no effort to determine whether these assembles would function properly in a flexible container.

12. Upon information and belief, plaintiff was negligent in failing to determine whether the roller ball assemblies were suitable for use in flexible containers.

13. Defendant, at the time it delivered the roller ball assemblies to plaintiff, did not know of plaintiff's negligence in failing to determine whether the roller ball assemblies were suitable for use in flexible containers, had no reason to anticipate this negligence and could reasonably rely on plaintiff not to be negligent.

14. Upon information and belief, some purchasers of plaintiff's gel perfume have been injured when the roller ball popped out of the flexible container when pressure was applied to that container.

15. Upon information and belief, plaintiff, even after being informed of these injuries, made no effort to withdraw its flexible containers from the market or warn consumers of the risks of the flexible containers.

16. Any such injuries to users of plaintiff's products are entirely attributable to plaintiff's negligent failure to determine whether the roller ball assemblies were suitable for use in flexible containers.

17. Defendant is entitled to a declaration that plaintiff must indemnify it for any costs and expenses that it will incur as a result of these injuries, including, but not limited to, indemnification for any damages and/or legal fees which it may incur in any lawsuits stemming from these injuries and any consequential damages, including any increased insurance costs.

WHEREFORE, defendant demands judgment as follows:

1. Dismissing the complaint;

2. Declaring that plaintiff must indemnify it for any costs and expenses that it will incur as a result of these injuries, including, but not limited to, indemnification for any damages and/or legal fees which it may incur in any lawsuits stemming from these injuries and any consequential damages, including any increased insurance costs; and

3. Such other and further relief as to this Court appears just and proper together with the costs and disbursement of this action.

THE DEFENDANT,
LE PAPILLON, LTD.

By:_____
Michael T. Ryan, Esq., (CT 05685)
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street, P.O. Box 3057
Stamford, CT  06905
Phone No. 203-357-9200

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2004, a copy of the above was mailed to the following counsel and pro se parties of record:

Richard E. Castiglioni, Esq.
Diserio, Martin, O'Connor & Castiglioni
One Atlantic Street
Stamford, CT 06901
Attorney for Plaintiff, Parfums de Coeur, Ltd.

Robert N. Chan, Esq.
Robson, Ferber, Frost, Chan & Essner, LLP
530 Fifth Avenue
New York, NY 10036-5101
Attorney for Defendant, Le Papillon, Ltd.

Peter D. Clark, Esq.
Law Offices of Peter D. Clark
525 Bridgeport Avenue
Shelton, CT 06484

_____
Michael T. Ryan, Esq.

J:\Procases\720 123\answeradcounterclaim.wpd
720 123